## United States District Court
### for the
## District of Alaska



RECEIVED
NOV 1 3 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

**Petition for Warrant or Summons for Offender Under Supervised Release**

| | |
|---|---|
| Name of Offender: Donald L. Hymes | Case Number: 4:02-CR-0019 (RRB) |
| Sentencing Judicial Officer: | Ralph R. Beistline, U.S. District Court Judge |
| Date of Original Sentence: | July 24, 2003 |
| Original Offense: | Mail Fraud (12 counts); Receiving Mail Addressed to False Name (12 counts); Conversion of Money of the United States (13 counts); Money Laundering (7 counts); and Criminal Contempt of Court (1 count)- 45 counts total |
| Original Sentence: | 28 months imprisonment; three years supervised release, $3,450 special assessment, $6,000 fine and $78,005 in restitution. |
| Date Supervision Commenced: | April 20, 2005 |
| Asst. U.S. Attorney: Stephen Cooper | Defense Attorney: Pro-Se<br>Richard Wright, Standby Counsel |

### PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated Special Condition of Supervision number one, "the defendant shall cooperate with the reasonable requests of Internal Revenue officers in a good faith, best efforts attempt to pay <u>in full</u> any outstanding tax liability, including penalty and interest, or enter into an installment payment plan with the Collection Division of the Internal Revenue Service (IRS) within sixty (60) days from the final assessment (First Notice and Demand)", in that the defendant at all times since entry of judgment, July 24, 2003 and since final assessment as of October 25, 2004 and since his release from prison on April 20, 2005, and since his judgment and sentence were reaffirmed on appeal on May 24, 2006, up to present, (1) has not cooperated with reasonable requests of IRS officers in a good faith, best efforts attempt to pay <u>in full</u> his outstanding tax liability, and (2) has not entered into an installment plan with the Collection Division of the IRS.  This is a Grade C violation. |

2        The defendant has violated the Special Condition of Supervision number three, "the defendant shall file accurate income tax returns for the applicable years assessed by the IRS, within 9 months from the date of release on to supervised release", in that the defendant has not filed income tax returns for the applicable years assessed by the IRS - 1989 - 1993, 1997, 1999, 2000, and 2002 - within 9 months of his date of release onto supervised release or at any time from his release to the present. This is a Grade C violation.

3        The defendant has violated the Special Condition of Supervision number four, "the defendant shall timely file accurate future income tax returns as required by law during the supervised release period unless an extension of time is granted by the IRS, in which event the return(s) shall be filed within the period of extension", in that the defendant has not filed future income tax returns, that is, tax returns that became due after the date of judgment, July 24, 2003, namely, tax returns for the years 2003, 2004, 2005 and 2006. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Toni M. Ostanik
U.S. Probation/Pretrial Services Officer
Date: October 29, 2007

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

Ralph R. Beistline
U.S. District Court Judge

11/12/07
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: 4:02-CR-0019 (RRB) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| DONALD L. HYMES ) | |

I, Toni M. Ostanik, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Donald L. Hymes, and in that capacity declare as follows:

Following a jury trial, on July 24, 2003, the defendant was sentenced for his convictions of Mail Fraud (12 counts); Receiving Mail Addressed to False Name (12 counts); Conversion of Money of the United States (13 counts); Money Laundering (7 counts); and one-count of Criminal Contempt of Court. The Court ordered the defendant imprisoned for a total term of 28 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of three years. Mandatory, standard and special conditions were imposed, along with $3,450 special assessment, a $6,000 fine and $78,005 were ordered by the Court.

On April 20, 2005, the defendant was released from the custody of the Bureau of Prisons and reported to the U.S. Probation Office in Fairbanks, Alaska. Conditions of supervised release were read, and explained to the defendant by this officer. The defendant indicated that he understood the conditions and signed and dated the judgment; a copy of which was given to the defendant.

The defendant filed an appeal, and on July 27, 2005, the Honorable Ralph R. Beistline, U.S. District Court Judge, concluded that the defendant's sentence imposed on July 24, 2003, was fair and just. The defendant's request to be re-sentenced was denied and the sentence imposed on July 24, 2003, stands unchanged.

After requesting information from the Internal Revenue Service (IRS), it appears as though the defendant has not cooperated in a good faith effort with IRS or the conditions imposed by the Court.

On December 13, 2006, the following information was obtained from Mr. Stephen P. Baker, Attorney, Department of the Treasury, Internal Revenue Service, Office of Chief Counsel, Small Business/Self-Employed Division Counsel, in Anchorage, Alaska, with regard to the

defendant's conduct as it relates to the conditions of supervised release.

Special Condition one, "the defendant shall cooperate with reasonable requests of IRS officers, in good faith, best efforts attempt to pay in full any outstanding tax liability, including penalty and interest, or enter into an installment payment plan with the Collection Division of the IRS within sixty (60) days from the final assessment (First Notice and Demand)." According to Mr. Baker, Attorney, "Mr Hymes has made no effort whatsoever to pay any of his duly assessed tax debts. Consequently, on June 3, 2005, the U.S. filed suit for judgment and foreclosure in the District Court, District of Alaska. Case No.: A05-0123-CR (RRB). The defendant has neglected, failed or refused to fully pay these assessments and there remains due and owing, as of June 1, 2005, a balance of $199,456.76 plus interest, penalties and other additions."

Special condition two, "The defendant shall provide the U.S. Probation Office a copy of any written and approved agreement with the IRS for the payment of any outstanding tax liability." According to Mr. Baker, "Mr. Hymes has never attempted to enter into a payment agreement or to provide accurate financial information needed to evaluate his ability to make such payments. Because of his refusal to even acknowledge the legality of his federal tax debts, the U.S. has no alternative but to sue him for judgment and foreclosure."

Special condition three, "The defendant shall file accurate income tax returns for the applicable years assessed by the IRS". According to Mr. Baker, "Mr. Hymes has not filed any voluntary returns to amend those prepared for him by the IRS. Mr. Hymes has never filed tax returns for the years 1998; 2001, 2003, 2004, and 2005, and the IRS has not prepared substitute returns for those years. Mr. Hymes' voluntary compliance and cooperation are necessary to establish the correct amounts of his liability, if any, for those missing years. It is evident that Mr. Hymes has made no attempt to comply with either the letter or spirit of the Judge's order concerning the defendant's special conditions of probation."

Executed this 29th day of October, 2007, at Fairbanks, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Toni M. Ostanik
U.S. Probation Officer