M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DONALD LOUIS HYMES,<br><br>                    Defendant. | Case No. 4:02-cr-0019-RRB-TWH<br><br>**MOTION FOR RECUSAL<br>OF DISTRICT COURT JUDGE** |

Defendant, Donald Louis Hymes respectfully requests that the Honorable Ralph R. Beistline be recused from the revocation proceedings in the above-styled case. In order to avoid at least the appearance of bias, the case must be reassigned.  This motion is based on 18 U.S.C. § 455(a), the Fifth Amendment Right to Due Process, D. Alaska Loc. R. 7.1, and is supported by the following memorandum of law.

I.      Statement of Facts

On May 2, 2003, following a jury trial, Mr. Hymes was convicted of twelve counts of mail fraud, eleven counts of receiving mail addressed to a false name, thirteen counts of conversion of money belonging to the United States, seven counts of money

laundering, and one count of criminal contempt. He was sentenced to 28 months imprisonment, followed by three years of supervision, by the Honorable Ralph R. Beistline on July 24, 2003. On April 20, 1995, Mr. Hymes began his term of supervised release. Mr. Hymes is now before the court on a petition to revoke his supervision. The revocation petition alleges the following:

> 1.     The defendant has violated Special Condition of Supervision number one, "the defendant shall cooperate with the reasonable requests of Internal Revenue officers in a good faith, best efforts attempt to pay in full any outstanding tax liability, including penalty and interest, or enter into an installment payment plan with the collection Division of the Internal Revenue Service (IRS) within sixty (60) days from the final assessment (First Notice and Demand)", in that the defendant at all times since entry of judgment, July 24, 2003 and since final assessment as of October 25, 2004 and since his release from prison on April 20, 2005, and since his judgment and sentence were reaffirmed on appeal on May 24, 2006, up to present, (1) has not cooperated with reasonable requests of IRS officers in a good faith, best efforts attempt to pay in full his outstanding tax liability, and (2) has not entered into an installment plan with the Collection Division of the IRS. This is a Grade C violation.
>
> 2.     The defendant has violated the Special Condition of Supervision number three, "the defendant shall file accurate income tax returns for the applicable years assessed by the IRS, within 9 months from the date of release on to supervised release", in that the defendant has not filed income tax returns for the applicable years assessed by the IRS - 1989 - 1993, 1997, 1999, 2000, and 2002 - within 9 months of his date of release onto supervised release or at any time from his release to the present. This is a Grade C violation.
>
> 3.     The defendant has violated the Special Condition of Supervision number four, "the defendant shall timely file accurate future income tax returns as required by law during the supervised release period unless an extension of time is granted by the IRS, in which event the return(s) shall be filed within the period of extension", in that the defendant has not filed future income tax returns, that is, tax returns that became due after the date of judgment, July 24, 2003, namely, tax returns for the years 2003, 2004, 2005 and 2006. This violation is a Grade C violation.

Mr. Hymes is concern that the court's impartiality as to the facts and issues at hand may be swayed by previous litigation involving the court and Mr. Hymes. For example, following his criminal conviction, Mr. Hymes filed a civil complaint naming the Honorable Ralph R. Beistline as a defendant, alleging that the court was "misusing their power and authority" and "denying [defendants] the Equal Protection of the laws." See Complaint in F03-0009 CIV. In his pleadings, Mr. Hymes requested that a federal grand jury be convened to "investigate the criminal actions of the defendants," thus alleging that the court had committed a federal criminal offense. Id.

Furthermore, the Honorable Ralph R. Beistline recently presided over another civil matter involving Mr. Hymes in which the United States sought to reduce his federal tax assessments to judgment and foreclose on federal tax liens lodged against Mr. Hymes. See A05-0123 CV (RRB). This litigation resulted in a summary judgment for the government. As the nature of the petition to revoke in the case at hand involves alleged non-compliance with outstanding tax liabilities, Mr. Hymes is concerned that there may be an appearance of impropriety and that evidence submitted before the court in the foreclosure matter might, however inadvertently, cause the court to have a predisposed position as to the allegations charged in the petition.

The governing statue in this situation is 28 U.S.C. § 455(a), which says that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The judge does not have to be subjectively biased or prejudiced, so long as he appears to be so." Liteky v United States, 510 U.S. 540, 553 n.2 (1994). "The standard does not depend on a

showing of actual bias. It requires instead that there be no reasonable question, in any informed person's mind, as to the impartiality of the judge." In Re U.S., 441 F.3d 44, 68 (1st Cir. 2006). Also see United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980), cert. denied, 449 U.S. 1012 (1980). Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance," and "[q]uite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.'" Liteky at 548. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 485 U.S. 847, 865 (1988). "[J]ustice must satisfy the appearance of justice." Id. at 864.

Thus, in order to avoid any appearance of impropriety and preserve the integrity of the judicial process, Mr. Hymes respectfully requests that his case be reassigned to another district court judge for the remainder of the proceedings.

DATED this 8th day of February, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on February 8, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Stephen Cooper, Esq.

/s/ M. J. Haden