IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DONALD LOUIS HYMES,

        Defendant.

Case No. 4:02-cr-0019-RRB

**ORDER DENYING MOTION**
**FOR RECUSAL OF**
**DISTRICT COURT JUDGE**

Before the Court at Docket 208 is a Motion for Recusal of District Court Judge filed by Defendant pursuant to 28 U.S.C. § 455(a). Defendant is concerned that the impartiality of the Court may be swayed by previous litigation involving the Court and Defendant. In particular, Defendant notes that the undersigned presided over Defendant's criminal trial, was sued by Defendant as a result thereof, and is the judge in a pending civil suit that involves issues somewhat related to those in the criminal trial. Defendant suggests that, at a minimum, this creates an appearance of impropriety.

28 U.S.C. § 455(a) provides that a judge shall disqualify himself in any proceedings "in which his impartiality might be reasonably questioned." Emphasis must be place on the word "reasonably" which must, in turn, be evaluated considering the totality of circumstances. There must be "no reasonable question, in any informed person's mind, as to the impartiality of the judge." In Re U.S., 441 F.3d 44, 68 (1st Cir. 2006)(emphasis added).

In the instant case, while Defendant sets forth some of his history with the undersigned, he leaves out a great deal and certainly fails to set forth his history with the court system in general. Defendant, for instance, fails to note that he has sued almost every judicial officer with whom he has had contact over the last 18 years and has even sued some with whom he has had virtually no contact. In addition to the undersigned, Defendant has sued Judges Sedwick, Singleton, Holland, Fitzgerald, and von der Heydt. He has sued Magistrate Judges Fenton and Miller. He has sued United States Attorney Burgess and Assistant United States Attorney Cooper. He has sued the Alaska State Troopers and the U.S. Marshal's Office, as well as various State of Alaska Commissioners and Department of Correction officials.[1] And in every instance, Defendant's litigation and the allegations contained therein have proven to be without merit. Defendant has

---

[1] 4:03-cv-0009; 4:99-cv-0035; 4:88-cv-0028; 4:99-cv-0033

lost all of his claims, both at the trial level and on appeal. The fact, therefore, that the undersigned has been sued by Defendant, or been the subject of disparaging comments, does not set the undersigned apart from other judicial officers in the district and does not, therefore, in itself, reasonably create an appearance of partiality. It would certainly be unreasonable if Defendant were permitted to shield himself from criminal or civil process simply by filing unfounded lawsuits against all of the judicial officers in the district.

Furthermore, Defendant is not entitled to a different judge for every case he has. It is not uncommon for a single judge to have more than one case involving a particular party, especially in smaller venues.

Lastly, a review of the undersigned's treatment of Defendant in the past has demonstrated the Court's impartiality. Note, in particular, the manner in which Defendant was treated at his trial in this case, in which he was permitted to represent himself. No reasonable person, upon studying the transcript of these proceedings, could find fault with the respect and patience extended toward Defendant by the Court. Defendant was treated politely throughout and was provided every reasonable accommodation, including standby counsel. And this treatment continued through sentencing. After having been convicted by a jury of his peers of Mail Fraud, Receiving Mail Addressed to False

Name, Conversion of Money of the United States, Money Laundering, and Criminal Contempt of Court, and despite the lack of any remorse whatsoever, Defendant was sentenced to 28 months in prison. This sentence was considerably less then the Government had requested and was well within the guideline range established by the United States Sentencing Commission. And the Court specifically provided that Defendant be evaluated at a hospital prison to ensure that his medical condition was considered in his institutional placement.

Moreover, a review of the pending civil litigation, 3:05-cv-123, in which the Court has recently entered summary judgment against Mr. Hymes, suggests no partiality whatsoever. Certainly, the fact that Defendant loses an argument does not indicate partiality. And, "prior judicial rulings alone almost never constitute a valid reason for a bias or partiality motion." Litekey, 510 U.S. at 555, 114 S. Ct. at 1157 (citing United States v. Grinnell Corp., 384 U.S. 563, 86 S. Ct. 1698, 1710 (1966)). In the civil case, the Court granted Mr. Hymes several continuances, but ultimately ruled against him on the merits of the litigation. This is subject to appeal, although a review of the pleadings will clearly illustrate why the Court ruled as it did. Any reasonable judicial officer would have likely ruled in a similar fashion.

Defendant assumes that because the Court may rule against Defendant on a given issue, it is because the Court is partial. This is simply not true. The Court enters rulings based upon the

law and the evidence. The Court holds no animosity toward Mr. Hymes and would gladly rule in his favor if he were right on the merits of any given issue.  On the other hand, the Court will not hesitate to rule against the Defendant, or order imprisonment, if called for by the law and the facts.  Under these circumstances, and given the history of this matter, no reasonable, informed person could question the Court's impartiality with regard to Defendant. The Motion to Recuse District Court Judge is therefore **DENIED.**

ENTERED this 22nd day of February, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE