NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>            Plaintiff,        )<br>                              )<br>  vs.                         )<br>                              )<br>DONALD L. HYMES              )<br>                              )<br>            Defendant.        )<br>_____) | Case No. 4:02-cr-00019-RRB-TWH<br><br>**PLAINTIFF'S EVIDENTIARY<br>HEARING BRIEF RE PETITION<br>TO REVOKE SUPERVISED<br>RELEASE** |

COMES NOW Plaintiff, the United States of America, and in response to the Court's request at the Evidentiary Hearing on April 3, 2008, presents this brief regarding the facts and issues before the Court at the hearing now set for May 8, 2008, at 1:30 p.m.

The Court also requested at the April 3 hearing that plaintiff make its witness, Internal Revenue Counsel Stephen Baker, available to defense counsel before the May 8th hearing to answer any questions defense counsel may have regarding the matters in issue at that hearing.  Plaintiff had already done this several months before the Court requested it, so as to compensate for Mr. Baker's testifying on April 3 by his Declaration rather than through live testimony.  After April 3, plaintiff contacted defense counsel again and advised that the pre-existing arrangement remains in effect should she wish to question Mr. Baker further.  Thus far, there is no indication that she has done so at any time after the April 3 hearing.

The arrangement for defense counsel to question Mr. Baker was in place as early as January 2008, and defense counsel apparently did question him more than once, before April 3.  However, as it turned out, defense counsel did not present to the undersigned or to Mr. Baker the questions which the defense raised for the first time at the April 3 hearing when no witness was present to address them.  Mr. Baker could have answered those questions had they been asked.  Defendant then asserted at the hearing plaintiff's burden of proving the allegations.

It is true that the United States bears the burden of proving the allegations. But the purpose for affording defendant unfettered pre-hearing access to the principal

witness was to make live testimony unnecessary. This would promote judicial economy, but only if the potential issues were thereby resolved in advance, not if issues were withheld which could have been resolved in advance had they been raised. Because defendant did not utilize the opportunity to raise all potential issues, the result was a continuance to May 8 to complete the task which the April 3 hearing was designed to complete.

For this reason, in addition to addressing here the issues which defendant raised for the first time on April 3, plaintiff has also arranged for Mr. Baker to attend and testify at the May 8th hearing to answer anything that may be brought up for the first time at that hearing, as well as to provide any other needed explanations.

The issues raised on April 3 are these:

(1) whether the defendant's income met the minimum income requirement that legally obligated him to file tax returns for the years 2003 - 2006 for which the Court ordered him to file returns (Violations nos. 2 and 3 of Petition to Revoke Supervised Release), and

(2) whether there is evidence before the Court that defendant's taxes were legally assessed by being entered on a Form 23C as required by law, so as to require

him to both pay the taxes so assessed and to file returns for the assessed years (Violations nos. 1 and 2 of Petition to Revoke Supervised Release).

**The second issue** above is quickly answered by the documents already before the Court. Exhibit C of Mr. Baker's Declaration, now in evidence, is the Declaration of Jennifer Auchterlonie. Attached to said Exhibit C are a series of Forms 4340, Certificates of Assessments, Payments and Other Specified Matters for defendant Hymes. Each 4340 has several columns. The last column is titled "Assessment Date (23C, RAC 006)". Each such 4340 therefore expressly states the date the assessment was entered on the required Form 23C, while RAC 006 refers to an internal report that documents that fact. The case law cited by defendant at the last hearing was inapplicable. It was Huff v. United States, 10 F.3d 1440 (9th Cir. 1993), which dealt with an edition of the Form 4340 that did not state that the assessment date was also the date the assessment was entered on Form 23C. Here, however, the 23C date is expressly shown on the Form 4340, and Huff therefore does not apply here. See Hughes v. United States, 953 F.2d 531 (9th Cir. 1992). Entry of the assessment on Form 23C is immediately followed by statutory notice to the taxpayer on the same day. Hence, every 4340 contains an entry "Statutory Notice of Balance Due" which bears the same date as the 23C date. Form 4340 creates a presumption of valid

assessment and proper notice. The defendant bears the burden of producing evidence of specific facts that overcome this presumption. Palmer v. IRS, 116 F.3d 1309, 1311-1312 (9th Cir. 1997). Furthermore, defendant is estopped from challenging these assessments because the same parties, he and the United States, litigated that same issue in United States v. Hymes, et al., 3:05-cv-123-RRB, and Judgment was entered validating all the assessed taxes defendant now seeks to challenge, and entering an order of foreclosure based thereon. Doc. #171, March 5, 2008. The first paragraph thereof reads,

> Donald Hymes is indebted to the United States for the unpaid assessed balance of federal income taxes for his tax years 1989-1993, 1997, 1999, 2000 and 2002 . . . .

A copy of this Judgment has been provided to defendant, and is available to the public.

**The first issue**, above, whether defendant had a filing requirement in the years 2003 through 2006, is answered by evidence already produced to defendant and to be presented at the hearing, consisting of Information Reporting Program (IRP) data kept by the IRS for each of those years. The IRP data program compiles evidence of defendant's income as shown by documents from third-party payors such W-2's,

1099's and the like. Being limited to reported third-party payments, the IRP may not show all the income he had. The IRP data already produced to defendant and the information provided here establish defendant's filing requirement for all four of the above years or for three of the four years depending on how it is reckoned. A filing requirement in any one of those years would be sufficient to ground a violation of supervised release for not filing a tax return as to that year.

The filing requirement arises when defendant's income exceeds the amount of his personal exemption if married filing separately (26 U.S.C. § 6012(a)(1)(A)), or when the combined income of defendant and his wife exceeds their personal exemptions and the standard deduction if filing jointly (26 U.S.C. § 6012(a)(1)(A)(iv)), as those amounts are stated in Publication 17 (Your Federal Income Tax, relevant portions of which have been provided to the defense). Publication 17 is available on the IRS' Forms & Publications website (http://www.irs.ustreas.gov/formspubs). The filing requirement amount also varies depending on the defendant's age (here, over 65).

In short, if filing separately, the filing requirement arose at a minimum income of $3,050 to $3,300 in the years 2003 - 2006, and defendant's IRP-reported income was well over the filing requirement for all four of those years. If filing jointly, the

filing requirement arose at a minimum joint income of $16,550 to $17,900 in the years 2003 - 2006, and the IRP-reported income for defendant alone in 2003 and 2006, and the combination of his and his wife's income for 2005, were well over the filing requirement for those years. The data are summarized in chart form as follows:

| **Filing Status (Over 65 & Married)** | **Tax Year** | **Filing Requirement Amount** | **IRP Income (Donald Hymes)** | **Required To File** |
|---|---|---|---|---|
| Separate Return | 2003 | $3,050 | $17,272 | YES |
| " " | 2004 | 3,100 | 6,941 | YES |
| " " | 2005 | 3,200 | 15,775 | YES |
| " " | 2006 | 3,300 | 21,227 | YES |

| **Filing Status (One Over 65 & Married)** | **Tax Year** | **Filing Requirement Amount** | **IRP Income (Donald/Rita)[1]** | **Required To File** |
|---|---|---|---|---|
| Joint Return | 2003 | $16,550 | $17,272 (D) [Not Authorized] (R) | YES |
| " " | 2004 | 16,850 | 6,941 (D) [Not Authorized] (R) | NO |
| " " | 2005 | 17,400 | 15,775 (D) [Not Authorized] (R) | YES |
| " " | 2006 | 17,900 | 21,227 (D) [Not Authorized] (R) | YES |

---

[1] As of the time of this writing, the defendant's spouse, Rita M. Hymes, has not authorized the disclosure of her confidential tax information to either the court or the parties in this case. Her certified IRP information was included in determining the defendant's requirements to file for 2004 and 2005. Mrs. Hymes' income did not affect the defendant's requirements to file for 2003 or 2006 because his income alone exceeded the minimum legal filing amount for both 'married filing separate' and 'married filing joint.'

This does not prove defendant had no joint filing requirement in 2004, only that not enough income was reported in IRP to show that the requirement arose. Whether defendant had additional income in any years is not yet known but is immaterial to his failure to file returns for one or more of the years 2003 - 2006 as required.

Attached hereto as Exhibit A is the latest IRS Certification of Lack of Record (original to be offered at the hearing if received by then), showing that as of May 1, 2008, defendant has not filed any tax returns as required for the years 2003 - 2006.

RESPECTFULLY SUBMITTED this  6th  day of May, 2008, in Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

s/ Stephen Cooper
STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
stephen.cooper@usdoj.gov

**CERTIFICATE**
I certify that a true and correct copy of the foregoing **PLAINTIFF'S EVIDENTIARY HEARING BRIEF RE PETITION TO REVOKE SUPERVISED RELEASE** is being sent to the following counsel of record on the filing date hereof, via court's electronic filing notice:
M. J. Haden, Anchorage, Alaska

 /s/ Stephen Cooper
Office of the United States Attorney