IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           PLAINTIFF,<br><br>vs.<br><br><br>DONALD HYMES,<br>           DEFENDANT. | CASE NO. 4:02-CR-00019-RRB-TWH<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**PETITION TO REVOKE SUPERVISED RELEASE** (Docket 193) |

This court took testimony and reviewed exhibits on April 3, 2008 and on May 8, 2008 in the above entitled case. Based upon that testimony and exhibits, the court now submits its Report and Recommendation.

FACTS

On May 8th, 2008 the evidentiary hearing in the above entitled matter resumed, having been continued from April 3, 2008. Defendant asked to be allowed to proceed Pro Se and this court granted his motion but appointed Ms. Haden as co-counsel. During the hearing on May 8th, the Government presented its case, at which time the defense presented its case.

Defendant elected to testify on his own behalf at the evidentiary hearing, and was accordingly sworn in. At the conclusion of a lengthy statement by Defendant wherein he

questioned the authority of the United States to impose and collect an income tax, he was cross examined by the Government. This court also questioned the Defendant.

During questioning by the Court Defendant was asked if he knew there was a money judgment against him. Defendant answered "yes". Defendant was asked if he knew he was ordered by the court to pay the judgment or to enter into an installment payment plan to do so. Defendant stated "Yes". When asked if he had paid money judgment, or entered into an installment payment plan to do so, he answered "No".

When asked by the court if he understood he had been ordered to file income tax returns for the years 1989-1993, 1997, 1999, 2000, and 2002 as a condition of his supervised release, the Defendant said "Yes". When asked if he had filed the required tax returns, the Defendant said "No".

Finally Defendant was asked if he knew he had been ordered by the Court to file income tax returns for the years 2003, 2004, 2005, 2006, as a condition of his supervised release. The Defendant said "Yes". When asked if he had filed the required tax returns, Defendant said "No".

## DISCUSSION

The Defendant admitted to this court under oath, that he knew of this court's orders setting forth his conditions of release and that he had violated this court's orders. Defendant was admonished

by this court before he testified that he would be subject to cross examination by the Government and questioning by this court. Defendant understood the consequences of testifying on his own behalf, and being subject to cross examination by the Government and questioning by the court.  The Defendant has acknowledged that he had violated the conditions of release as set forth in the Petition to Revoke Supervised Release.

## RECOMMENDATION

Defendant has admitted the violations as set forth in the Petition to Revoke Supervised release, and therefore this court respectfully recommends that the Petition to Revoke Supervised Release be GRANTED.

Objections, if any, to the recommendation shall be filed on or before    **June 13, 2008**  , unless otherwise directed by the court. Objections, if any, shall not exceed 5 pages in length, and shall be **directed to the assigned district judge** for final consideration. No reply/response to objection(s) will be accepted unless requested by the court.

DATED at Fairbanks, Alaska, this 30th day of May, 2008.

/s/TERRANCE W. HALL
TERRANCE W. HALL
U.S. Magistrate Judge