Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**

*Plaintiff*

**v.**

**Donald Louis Hymes**

*Defendant*

**4:02-cr-00019**

**Motion to Vacate Under 2255**

Comes now Donald Louis Hymes ("Hymes") with this Motion to Vacate Under 2255

with Evidence on Purported Parole Violation.

**United States District Court is a bastardized territorial court and unconstitutional in the
several States.**

Hymes did not waive his right to have a Trial by Jury of his Peers *being citizens of Alaska*

in the Venue of Alaska arising under the 6th Amendment in the Bill of Rights. This United States

District Court does not arise under the Federal Constitution of Article III exercising the judicial

Power of the United States under the Authority of the United States.

While it is true, Congress can create jurisdiction for courts under Article I, Article III and

under Article IV, which includes the Administrative State, but the current Circuit Courts of

Appeal and the USDCs exercise no "judicial Power of the United States under the Authority of the United States" ("judicial Power of the United States") arising under Article III in all Cases in Law and Equity of the Constitution of the United States amended by the qualified Electors of the several States. There is conclusive and legal evidence under the public records of the Judicial Code of 1911 that all the judicial Power of the United States for the "Circuit Courts of the United States" was transferred into the District Court of the United States in 16 Stat. 1167 (Sec. 289) - 1169 (repealing only the *prima facie* Revised Statutes 1878) leaving intact the original Judicial Act of 1789 as amended that vested the judicial Power of the United States in the District Courts of the United States, the Circuit Courts of the United States and the Supreme Court of the United States with all Cases in Law and Equity arising under Article III of the Constitution of the United States. A *new court, i.e.,* a "Circuit Court of Appeals" (no "United States" in the title, not being a Court of the United States arising under Article III without the judicial Power of the United States) was constituted in 16 Stat. 1131-1135. The Writ of Error was abolished in 1928 in 45 Stat. 54 in unknown courts remembering that Congress is not empowered to legislative out of existence the judicial Power of the United States as the *only* source of the "judicial Power" is from the Constitution of the United States arising under Article III §§1, 2.

Public Law 80-773, section 132 consolidated two inherently opposed court jurisdictions and renamed the result the *United States District Court*. This newly renamed court no longer exercised the judicial Power of the United States from the Constitution arising under Article III thereby removing it as an independent court of the judicial branch. Attempts to clothe the USDC, a legislative Article IV court, with Article III powers has been adjudicated by this Court on numerous occasions.

A territorial, i.e. legislative, court *is not* one of those mentioned in Article III of the constitution declaring that the judicial power of the United States shall be vested in one supreme court, and in such inferior courts as congress may from time to time establish, see *McAllister v. U.S.*, 141 U.S. 174(1891). The court said that "Congress must not only ordain and establish *inferior courts within a state*, and prescribe their jurisdiction" * * * "before they can be invested with any portion of the judicial power of the Union" and that "[t]hese [territorial] courts, then, are not constitutional courts, in which the judicial power conferred by the constitution on the general government can be deposited. *They are incapable of receiving it.* They are legislative courts . . .," *ibid* at 181 (emphasis added). "There is no exception to this rule in the constitution", *ibid* at 182.

The jurisdiction in the territorial courts exercises no part of the judicial Power of the United States conferred by the constitution. "The courts are the legislative courts of the territory, created in virtue of the clause which authorizes congress to make all needful rules and regulations respecting the territories belonging to the United States,' *ibid at* 183. It is "settled that courts in the territories, created under the plenary municipal authority that congress possesses over the territories of the United States, are not courts of the United States created under the authority conferred by that article [3]", *ibid,* at 184.

The courts created under the constitution and existing in the states are distinguished from those created by congress and existing in the territories. The courts in the territories are not 'constitutional courts,' but are 'legislative courts,' created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause which enables congress to make all needful rules and regulations, respecting the territory belonging to the United States', *American Insurance Co. v. Canter,* 26 U.S. 511(1828).

Courts established for territories and insular possessions under Article IV, section 3 *cannot* be combined with courts established under Article III, section 2 and still exercise the judicial Power of the United States.

In *O'Donoghue at 532*, the often cited statement of Chief Justice Marshal is the core issue of the bright line that the founders of our constitutional Republic understood that if Congress was able to commingle its administrative issues of either Article I or Article IV courts wherein they have plenary municipal authority with the constitutional courts specifically and unequivocally secured in Article III, the people of the United States would have surrendered their independent judiciary, to wit:

> "'The Judicial Department comes home in its effects to every man's fireside; it passes on his property, his reputation, his life, his all. Is it not, to the last degree important, that he should be rendered perfectly and completely independent, with nothing to influence or control him but God and his conscience? * * * I have always thought, from my earliest youth till now, that the greatest scourge an angry Heaven ever inflicted upon an ungrateful and a sinning people, was an ignorant, a corrupt, or a dependent Judiciary.'
> In a very early period of our history, it was said, in words as true to-day as they were then, that 'if they (the people) value and wish to preserve their Constitution, they ought never to surrender the independence of their judges.'"

It is *well settled* that legislative or administrative courts are incapable of receiving Article III judicial Power of the United States *either directly or by appeal* in the several States and therefore they cannot be constitutional courts. *Keller v. Potomac Electric Co.*, 261 U.S. 428, 444 (1923) citing *Hayburn's Case* 2 Dall 410 (1792), *United States v. Ferreira*, 13 How. 40, 52 (1851); *Muskrat V. United States*, 219 U.S. 346, 360, 361 (1911); *Buckley v. Valeo*, 424 U.S. 1, 123 (1976); *Glidden Co. v. Zdanok*, 370 U.S. 530, 579-83 (1962); *Postum Cereal v. California Fig Nut*, 272 U.S. 693, 700 (1927); *Federal Radio Commission v. G.E. Co.*, 281 U.S. 464, 469 (1930); *American Insurance, supra at* 546 and *O'Donoghue, supra. at 536.*

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) it was *held* that "*Congress does not have the same power to create adjuncts to adjudicate*

*constitutionally recognized rights* and state-created rights as it does to adjudicate rights that it creates." *Ibid at 60* "In sum, our Constitution unambiguously enunciates a fundamental principle--that the "judicial Power of the United States" must be reposed in an independent Judiciary."

*Ibid at 62*, the Court identified "Referring to our precedents upholding the validity of "legislative courts," . . . suggest that "the plenary grants of power in Article I permit Congress to establish non-Article III tribunals in 'specialized areas having particularized needs and warranting distinctive treatment'" citing *Palmore, supra. at 408. Ibid in Northern Pipeline at 75* "Thus our reference in Palmore to *"specialized areas having particularized needs"* referred *only to geographic areas*, such as the *District of Columbia or territories outside the States of the Federal Union*.   In light of the clear commands of Art. III, nothing held or said in Palmore can be *taken to mean that in every area in which Congress may legislate, it may also create non-Art. III courts* with Art. III powers." (emphasis added)

*Ibid in Northern Pipeline at 80-81* "Together these cases establish two principles that aid us in determining the extent to which Congress may constitutionally vest traditionally judicial functions in non-Art. III officers.    First, it is clear that when *Congress creates a substantive federal right*, it possesses substantial discretion to prescribe the manner in which that right may be adjudicated--including the assignment to an adjunct of some functions historically performed by judges.   Thus Crowell recognized that Art. III does not require "all determinations of fact [to] be made by judges," 285 U.S., at 51, 52 S.Ct., at 292;  with respect to congressionally created rights, some factual determinations may be made by a specialized fact-finding tribunal designed by Congress, without constitutional bar, id., at 54, 52 S.Ct., at 293.   Second, the functions of the

adjunct must be limited in such a way that "the essential attributes" of judicial power are retained in the Art. III court." (emphasis added) See also *ibid at 82-83.*

Hymes does not disagree with *Northern Pipeline at 80, supra.*, when Congress creates a federal right, all access to any remedy can be denied as held in *U.S. v. Babcock*, 250 U.S. 328, 331(1918), 'The United States, when it creates right in individuals against itself, is under no obligation to provide a remedy through the courts." It may also limit the individual to administrative remedies, see *Tutan v. U.S.*, 270 U.S. 568, 576(1925).

But within the several States the creation of a "federal right" does not and should not support the demise of all Article III courts exercising the judicial Power of the United States in the several States.

In *Northern Pipeline, supra. at 82* "Indeed, the validity of this proposition was expressly denied in *Crowell*, when the Court rejected "the untenable assumption that the constitutional courts may be deprived in all cases of the determination of facts upon evidence even though a constitutional right may be involved."" *Ibid at 84 "No comparable justification exists, however, when the right being adjudicated is not of congressional creation."* (emphasis added)

In *Crowell v. Benson,* 285 U.S. 22 (1932) the Court pronounced "In *cases brought to enforce constitutional rights*, the judicial power of the United States *necessarily extends to the independent determination of all questions, both of fact and law*, necessary to the performance of that supreme function. The case of confiscation is illustrative, the ultimate conclusion almost invariably depending upon the decisions of questions of fact. This court has held the owner to be entitled to 'a fair opportunity for submitting that issue to a judicial tribunal for determination upon its own independent judgment as to both law and facts."' *Ibid at 64* "We think that the essential independence of the exercise of the judicial power of the United States, in the

enforcement of *constitutional rights requires* that the federal court should determine such an issue upon its *own record and the facts elicited before it*." See also *United States v. Raddatz*, 447 U.S. 667, 682 (1980).

Hymes has *never*, after extreme due diligence, been allowed to present or dispute one fact or issue under the Laws of the United States in any court of the United States arising under Article III to date.    As stated in *Raddatz, supra.,* "Generally, the ultimate factfinder in administrative proceedings is a commission or board, and *such trier has not heard the witnesses testify*." (Emphasis added)  Hymes agrees that in an administrative proceedings a witnesses may not be required to testify, but this has no application to cases under Article III which the Petitioner is entitled to.

"Congress may not give away Article III "judicial" power to any Article I judge" *Clinton v. City of New York*, 524 U.S. 417, 482 (1998)

When constitutional courts are consolidated with administrative courts, the results are legislative courts exercising the plenary municipal authority of Congress.  This action violates the authority inherent in Article III, because the judicial power of the United States was established within independent courts, then extinguished by section 132 for the District Courts and displaced with courts of limited legislative municipal authority, i.e., USDC.

In *Martin v. Hunter's Lessee*, 14 U.S. 304, 339(1816)  and *The Moses Taylor*, 71 U.S. 411, 428-30(1866), it was adjudicated by this Court that *all* of the Article III judicial Power *must be vested in some court* by Congress and to withhold any judicial Power would defeat the Constitution and the separation of powers doctrine.  See also *Eisentrager v. Forrestal*, 175 F.2d 961, 966(1949) and *Veith v. Jubelirer*, 541 U.S. 267, 277-78(2004). *A fortiori* the result of the H.R. 3214 consolidation in Section 132 created a tribunal known as the United States District

Court that precluded the existence of the District Court of the United States. The Article III judicial power independent of Congress was legislated to be nonexistent or dormant and inaccessible to the *People of the United States* within the several States.

The historical significance of the term 'District Courts of the United States' "describes the constitutional courts created under Article III of the Constitution," *Mookini v. U.S.*, 303 U.S. 201, 205(1938). And this Court has "often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.'" *Id.*, (cites omitted).

This doctrine was statutorily established in the August 24, 1937 act of 50 Stat. 752, ch. 754, s. 5 and describes the term "court of the United States." None of the references in that act, or as currently defined in 28 U.S.C. § 451, include the exact term of "District Court of the United States." There is reference to the "District Court of the United States for the District of Columbia", which is obviously a court established under Article I. Instead references are to "courts of appeals, district courts constituted by chapter 5 of this title" and "[t]he terms "district court" and "district court of the United States" mean the courts constituted by chapter 5 of this title."

It is important to note the lack of capital letters for proper nouns establishes that the "district court of the United States" is not the same term as 'District Courts of the United States.' Only the latter is created under Article III, section 2, Cf. *Mookini*, *supra*. The former is a legislative or administrative court exercising Article IV, section 4 legislative powers. *A fortiori* the term "court of the United States" as defined today represents courts that do not exercise the judicial Power of the United States by authority of the United States under Article III.

Congress has not been delegated authority to remove the Article III judicial Power from the judiciary. In *Alden v. Maine*, 527 U.S. 706, 739 (1999) citing *Martin* at 326, "The Federal Government, by contrast, can claim no powers which are not granted to it by the constitution, and the powers actually granted must be as such as are expressly given, or given by necessary implication." Congress has impugned the separation of powers doctrine under the Constitution and violated Article III by removing the independent judiciary from Government.

*Congress did not abolish the District Courts of the United States exercising the judicial Power of the United States in 1948 or even attempt same*; and, in the public record of **Attachment CC**, 1948 in Title 28 United States Code Congressional Service Pages 1487-2174 ("Congressional Service") which is conclusive and legal evidence of "law", i.e., "laws of Congress" and not "Laws of the United States" arising under Article VI.

And further with the Cover of the Congressional Service, being **Attachment CC**, and within the following 38 pages of preface including the facsimile signature to H.R. 3214 of the Speaker of the House of Representatives, which was approved on June 25, 1948 of the Congressional Service; then, on page 1521 of the "Judicial Code and Judiciary", being **Attachment CC**, Congress did create a "*United States District Court*"(s) ("USDC") in 28 U.S.C. § 132 to wit:

> **§ 132. Creation and composition of district courts**
> (a) There shall be in each judicial district a district court which shall be a court of record known as the *United States District Court* for the district.
> (b) Each district court shall consist of the district judge or judges for the district in active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.
> (c) Except as otherwise provided *by law, or rule or order of court,* the *judicial power* of a district court with respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges. *[Emphasis added]*

And further in 28 U.S.C. § 132, Congress did by conclusive and legal evidence provide that the "judicial power of a district court" would be posited in any "single judge" . . . or "other

judges." The judicial Power of the United States is not derived or controlled "by law or rule or order of court," but under the separation of Powers by the limited delegation of Powers granted by the people of the several States in the Constitution of the United States *source of the "judicial Power" is from the Constitution* with Congress creating a court by statute capable of accepting same with limits of the jurisdiction as desired on the amount of "judicial Power of the United States" vested in said Court.

In the adjudged decision it is long ago been well settled that the "The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it....* " [emphasis in original] as pronounced in *Finley v. United States*, 490 U.S. 545, 547, 548 (1989), to wit:

> It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it....* To the extent that such action is not taken, the power lies dormant." *The Mayor v. Cooper*, 6 Wall. 247, 252, 18 L.Ed. 851 (1868) (emphasis added); accord, *Christianson v. Colt Industries Operating Co.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.*, 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies*, 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill*, 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis*, 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood*, 7 Cranch 504, 506, 3 L.Ed. 420 (1813 *[Emphasis added]*

"Their concurrence is necessary to vest it. It is the duty of Congress to act for that purpose up to the limits of the granted power" as pronounced in *The Mayor v. Cooper*, 73 U.S. 247, 252 (1867).

Therefore it is conclusive and legal evidence that the USDC can not exercise the judicial Power of the United States arising Article III of the Federal Constitution.

*And further*, as conclusive and legal evidence in the public record of the "Congressional Service" on page 1732, being **Attachment CC**, are the Revisor's Notes for 28 U.S.C. § 132 of

the 1948 act wherein Congress did combine "territorial courts," being Article IV courts of the

Constitution, with the purportedly "Article III" judicial Power of the United States, to wit:

**Section 132-Section Revised**
   Based on title 28, U.S.C., 1940 ed., § 1, and *section 641 of title 48, U.S.C., 1940 ed.,*
*Territories and Insular Possessions (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch.*
*269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat.*
*580; July 19, 1921, ch. 42, § 313,42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13,*
*1926, ch. 6, § 1,44 Stat. 19).*
   Section consolidates section 1 of title 28, U.S.C., 1940 ed., and *section 641 of title 48,*
*U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation. Subsection*
*(c) is derived from section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of*
*Hawaii.* The revised section, by extending it to *all districts,* merely recognizes established
practice.
   Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133
and 134 of this title. The *remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in*
*sections 91 and 133 of this title. [Emphasis added]*

Again, it has been well settled that the territorial courts, being legislative courts, and, are

incapable of receiving Article III judicial Power of the United States, and derive their power

from Article IV as pronounced in *The American Insurance Company v. 356 Bales of Cotton*, 26

U.S. 511, 546 (1828), to wit:

   **These Courts** [territorial courts], then, *are not constitutional Courts, in which the judicial power*
*conferred by the Constitution on the general government, can be deposited. They are incapable*
*of receiving it.* They are **legislative Courts,** created in virtue of the general right of sovereignty
which exists in the government, or in virtue of that clause which enables Congress to make all
**needful rules and regulations,** respecting the territory belonging to the United States. The
**jurisdiction with which they are invested, is not a part of that judicial power which is defined**
**in the 3d article of the Constitution,** but is conferred by Congress, in the execution of those
general powers which that body possesses over the territories of the United States.   * * * In
legislating for them, Congress exercises the combined powers of the *general, and of a state*
*government. [Emphasis added]*

It is been held in *O'Donoghue v. United States*, 289 U.S. 516, 531- 550 (1933) that

Congress can vest the courts in the "District" with both non-judicial functions and Article III

judicial Power of the United States citing *Keller v. Potomac Electric Power Co.*, 261 U.S. 428,

442 (1923), "but adds that this may not be done with any federal court **_established_** under Article

III of the Constitution" *O'Donoghue at 551. **[Emphasis added]*** This is in accord with *Postum*

*Cereal Co. v. California Fig Nut Co.*, 272 U.S. 693 (1927) *at* 700 "Such legislative or

administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal" for federal courts ***established*** and exercising the judicial Power of the United States arising under Article III §§ 1,2. *Postum ibid* is in accord with *Palmore v. United States*, 411 U.S. 389 (1973) as this Case was within the boundaries of the District and not in the several States holding that not every "Act of Congress or a law", not "Laws of the United States" must be presided over by a judge arising under Article III.    An essential element of *Palmore* is the "federal question" where Congress in 18 Stat. 470 in 1875 purportedly amended the Judiciary Act of 1789 Section 11 by replacing "***an alien is a party***" with "***foreign states, citizens or subjects***" in 18 Stat. 470.  As to whether this change is completely arising under Article III judicial Power of the United States has not been determined, i.e. pendent jurisdiction, but it did allow "corporations" and fictional "citizens of the United States" which Congress established by statute in 1866 amending same as found today in 42 U.S.C. §1981; and, 42 U.S.C. §1982; and, 42 U.S.C. § 1988 with the Revised Statutes of 1878 Title XXIV included in 42 U.S.C. § 1988 giving the appearance of standing in the federal courts exercising the judicial Power of the United States.

It is also settled, that even if the USDC which is inextricably intertwined with a Article IV territorial court was a true "District Court of the United States", this does not make it a constitutional court arising under Article III, as pronounced in *Mookini v. United States*, 303 U.S. 201, (1938), to wit:

> The term **'District Courts of the United States,'** as used in the rules, without an addition expressing a wider connotation, has its historic significance.  **It describes the constitutional courts created under article 3 of the Constitution.  *Courts of the Territories are legislative courts*, properly speaking, and are not District Courts of the United States.  We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.'** (important case cites omitted due to space limitations) *[Emphasis added]*

In *Martin v. Hunter's Lessee*, 14 U.S. 304 (1816), an on point case on judicial Power, pronounced firmly that the "judicial Power" shall be vested in courts of the United States as our constitutional Republic exists only if the there exists courts of the United States exercising the judicial Power of the United States, otherwise the people of the several States will be bound under the executive Power of the United States and the legislative Power of the United States, with no means to "expound and enforce them" *ibid at 329* and it follows that Article VI, the supreme Law of the Land becomes a nullity.   Is the "shall be vested" not absolutely of mandatory equal importance to the "shall be vested" in the executive and legislative departments? The answer is yes. See *Martin ibid at 324 et seq.*   In the adjudged Case of *Alden v. Maine*, 527 U.S. 706, 739 (1999) citing *Martin at 326*  "The Federal Government, by contrast," can claim no powers which are not granted to it by the constitution, and the powers actually granted must be as such as are expressly given, or given by necessary implication."

Including but not limited to the holding and pronouncements in *Hayburn's Case*, 2 U.S. 408 (1792), *United States v. Ferreira*, 54 U.S. 40, 52-53, *Muskrat v. United States*, 219 U.S. 346, 353 (1902) and *Buckley v. Valeo*, 424 U.S. 1, 123  (1976) that the IRS acts as a court of errors on the USDC concerning "taxpayer status" in 26 CFR § 601.201, that no federal court arising under Article III in the several States can be assigned administrative or non-judicial duties, that the USDC established in 1948 is irrevocably conflated with the jurisdiction of Article IV legislative courts, that the judicial power in the 1948 Title 28 U.S.C. § 132 is only a Congress created statutory perceived judicial power instead of the judicial Power of the United States arising under Article III of the Constitution, that Title 28 U.S.C. § 2201 prohibits the determination of the "taxpayer status", that there can be no "legal duty" without two parties of which the USDC is prohibited from "taxpayer status" flows *a fortiori* that the USDC lacks

"cognizance of the all crimes and offenses that shall be cognizable under the authority of the United States" arising under Article III in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States.

In the adjudged decision of *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 575 (1999) it was **held** that without personal jurisdiction the court is powerless to proceed to adjudication, to wit:

> (a) . . . Although the character of the two jurisdictional bedrocks unquestionably differs, the distinctions do not mean that subject-matter jurisdiction is ever and always the more "fundamental." Personal jurisdiction, too, is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication. *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382.

*Ibid at 584,* Personal jurisdiction, on the other hand, "represents a restriction on judicial power . . . as a matter of individual liberty." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

*Ibid at 584 in Ruhrgas,* Personal jurisdiction, too, is "an essential element of the jurisdiction of a district . . . court, " without which the court is "powerless to proceed to an adjudication." *Employers Reinsurance Corp. v. Briant*, 299 U.S. 374, 382 (1937).

*Ibid at 583 in Ruhrgas,* "According, subject-matter delineations must be policed by the courts on their own initiative even at the highest level. See *Steel Co. [Citizens for a Better Environment*, 523 U.S. 83 (1998)] 523 U.S., at 94095 ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the actions.")"

*Ibid at 577 in Ruhrgas,* to wit:

> *Id.,* at 93. Recalling "a long and venerable line of our cases," *id.,* at 94, *Steel Co.* reiterated: **"The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception,' "** *id.,* at 94-95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)); for **"[j]urisdiction is power to declare the law," and " '[w]ithout jurisdiction the court cannot proceed at all in any cause,'** " 523 U.S., at 94, 118 S.Ct. 1003 (quoting *Ex parte McCardle,* 7 Wall. 506, 514 (1868)).

## 1. Reviser's Notes are Authoritative in Interpreting the Code

It is well settled in **Attachment CC** that the reviser's notes are authoritative in interpreting the Code of 28 U.S.C. § 132, but limited to same, *supra*. See *United States v. National City Lines*, 337 U.S. 78, 81 (1949); *Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949); *Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289, 309 (1975); *Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953); *Pope v. Atlantic Coast Line R. Co.*, 345 U.S. 379, 384 (1953); *Tivoli Realty v. Paramount Pictures*, 80 F.Supp. 278, 280 (D. Del. 1950); *United States v. Thompson*, 319 F.2d 665, 669 (1963) (2nd Cir. 1963); *United States ex rel. Almeida*, 195 F.2d 815 (3rd Cir. 1952); *Adamowski v. Bard*, 193 F.2d 578, 581 (3rd Cir. 1952); *United States ex rel. Auld v. Warden of New Jersey State Penitentiary*, 187 F.2d 615 n. 1 (3rd Cir. 1951); *Lake v. New York Life Ins. Co.*, 218 F.2d 394, 398 (4th Cir. 1955); *Government Nat. Mortg. Ass/n v. Terry*, 608 F.2d 614, 618 n. 5 (5th Cir. 1979); *Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir. 1966); *Ragsdale v. Price*, 185 F.Supp. 263, 265 (M.D. Tenn. 1960); *Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 (9th Cir. 1964); *Stauffer et al. v. Exley*, 184 F.2d 962, 964 (9th Cir. 1950); *King v. United States*, 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02]; *Matter of Contest of General election on Nov. 8, 1977*, 264 N.W.2d 401, 405-405 (Sup. Ct. Minn. 1978); *United States v. Klock*, 100 F.Supp. 230, 233 (N.D. N.Y. 1951); *State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949); *Glenn v. United States*, 129 F.Supp. 914, 917 (S.D. Cal. 1955).

## 27. Political Status, Citizen Status and Allegiance.

Hymes has filed into the Fairbanks Recording District his Political Status, citizen Status and Allegiance being

This *citizen of the United States* was memorialized in the Fourteenth Amendment so as to establish this *fictional status* as a *political question* and beyond the reach of the Courts of the United States arising under Article III and to *preclude a subsequent Congress from repealing 14 Stat. 27 Civil Rights Act of 1866* and *it progeny*. This 14 Stat. 27 is found at 42 U.S.C. §§§ 1981, 1982 and 1988 (Revised Statutes of 1878 Title XXIV). This is pronounced in the adjudged decision of *United States v. Wong Kim Ark.*, 169 U.S. 649, 675, 676 (1898), to wit:

> *At 675* – Act April 9, 1866, c. 31, ß 1 (14 Stat. 27).
> The same congress, shortly afterwards, evidently thinking it unwise, and perhaps unsafe, to leave so important a *declaration of rights to depend upon an ordinary act of legislation*, which *might be repealed by any subsequent congress, framed the fourteenth amendment of the constitution*, and on June 16, 1866, by joint resolution, proposed it to the legislatures of the several states; and on July 28, 1868, the secretary of state issued a proclamation showing it to have been ratified by the legislatures of the requisite number of states. 14 Stat. 358; 15 Stat. 708.
> * * *
> *At 676* – It is declaratory in form, and enabling and extending in effect. Ins main purpose doubtless was, as has been often recognized by this court, *to establish citizenship of free negroes* . . . *[Emphasis added]*

Congress was not granted the legislative Power arising under the Federal Constitution to *issue a declaratory status establishing a citizen standing for a particular class or race of people "as enjoyed by white citizens."* Congress was granted the legislative Power arising under the Federal Constitution Article I Section 8 Clause 4 "To establish a uniform Rule of Naturalization." Naturalization Certificates issued under the legislative Power of Congress identify this status as a "citizen of the United States of America."

There is filed into the public record in the Fairbanks Recording District in Fairbanks, Alaska the "*Certificate of Political Status, Citizen Status and Allegiance*" *of Donald Louis Hymes*, being **Attachment DD**, which precludes the fictional declaratory status for negroes as a "citizen of the United States" to have the same rights as "enjoyed by white citizens" remembering that Donald Louis Hymes is a *white citizen*.

Hymes was not charged with a violation of any Law of the United States concerning an Issue with the Department of Treasury of the United States concerning issues with the Internal Revenue or Internal Revenue Service. Judge Beistline is attempting to force Hymes to commit a crime by filing a Form 1040 with OMB number 1545-0045 under the penalties of perjury, which is a violation of his 5th Amendment right to not give evidence against himself. Hymes submits the following as evidence and as an Offer of Proof of that Hymes is not a "citizen of the United States", that the duty to file is in 26 U.S.C. § 6012, 26 CFR § 1.6012-1 and the published documents in the Federal Register which is binding upon Judge Beistline and the IRS that have *general applicability and legal effect, general applicability and substantive regulations published that have the force and effect of law.*

And further, with the attachments it is conclusive that the Notice of Federal Tax Lien is only for Federal Employee and Agencies or State employee and agencies. And further it is conclusive that the filing of the OMB 1545-0074 is mandatory only if certain other forms must be filed and that there is no OMB 1545-0074 assigned except as provided with the Offers of Proof, *supra.* There is no statutory or regulator authority for the jurat of 26 U.S.C. § 6065, Wages at 26 U.S.C. § 3401 or sources of Income at 26 U.S.C. § 861 as evidence by the Offers of Proof, *supra.*

## 1. Federal Register Act.

In 1935 at 49 Stat. 500 there was enacted an Act of Congress known as the "Federal Register Act" and as to the contents therein of 49 Stat. 500 *et seq.*, the Hymes provides as an Offer of Proof, being **Attachment A** – 49 Stat. 500 – Federal Register Act of 1935. This excerpt is required to expose the unlawful and illegal *ipse dixit* pontifications of UNITED STATES OF AMERICA to wit:

SEC. 4. As used in this Act, unless the context otherwise requires, the term "document" means any Presidential proclamation or Executive order and any order, regulation, rule, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or promulgated by a Federal agency; the terms "Federal agency" or "agency" mean the President of the United States, or any executive department, independent board, establishment, bureau, agency, institution, commission, or separate office of the administrative branch of the Government of the United States but not the legislative or judicial branches of the Government; and the term" person" means any individual, partnership, association, or corporation.

SEC. 5. (a) *There shall be published in the Federal Register* (1) *all Presidential proclamations and Executive orders, except such as have no general applicability and legal effect or are effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof* (2) such documents or classes of *documents as the President shall determine from time to time have general applicability and legal effect*; and (3) *such documents or classes of documents as may be required so to be published by Act of the Congress*: Provided, That for the purposes of this Act *every document or order which shall prescribe a penalty shall be deemed to have general applicability and legal effect*.

   (b) In addition to the foregoing there shall also be published in the Federal Register *such other documents or classes of documents as may be authorized to be published pursuant hereto by regulations prescribed hereunder with the approval of the President*, but in no case shall comments or news items of any character whatsoever be authorized to be published in the Federal Register.

SEC. 6. There is established a permanent Administrative Committee of three members consisting of the Archivist or Acting Archivist, who shall be chairman, *an officer of the Department of Justice designated by the Attorney General*, and the Public Printer or Acting Public Printer. The Director of the Division shall act as secretary of the committee. *The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act*. Such regulations shall provide, among other things: (a) The manner of certification of copies required to be certified under section 2, which certification may be permitted to be based upon confirmed communications from outside of the District *of* Columbia; (b) the documents which shall be authorized pursuant to section 5 (b) to be published in the Federal Register; (c) the manner and form in which the Federal Register shall be printed, reprinted, compiled, indexed, bound, and distributed; (d) the number of copies of the Federal Register, which shall be printed, reprinted, and compiled, the number which shall be distributed without charge to Members of Congress, officers and employees of the United States, or any Federal agency for their official use, and the number which shall be available for distribution to the public; and (e) the prices to be charged for individual copies of, and subscriptions to, the Federal Register and reprints and bound volumes thereof. *[Emphasis added]*

   This excerpt is exceptional important being "There *shall be published in the Federal Register* . . . *all Presidential proclamations and Executive orders* . . . *such documents or classes of documents as may be required so to be published by Act of the Congress* . . . every document or order *which shall prescribe a penalty shall be deemed to have general applicability and legal effect*."

   In an Act of Congress "To amend certain titles of the United States Code, and for other purposes" starting at 65 Stat. 710 of October 31, 1951, the Petitioner provides as an Offer of Proof of the delegation authority of the President of the United States any function which is vested in the President by law, or function which such officer is required or authorized by to perform with such designation and authorization shall be published in the Federal Register evidenced by the excerpt of 65 Stat. 710-713 and 730, being **Attachment B**.

   The relevant parts referenced in Executive Order 10530 by Dwight D. Eisenhower, The White House, May 10, 1954 of section 301 of title 3 of the United States Code (65 Stat 713)

wherein the Executive Order *shall be published in the Federal Register* of **Attachment B**, to wit:

> "§ 301. **General authorization to delegate functions; publication of delegations** "*The President of the United States is authorized to designate and empower the head of any department or agency in the executive branch, or any official thereof who is required to be appointed by and with the advice and consent of the Senate, to perform without approval, ratification, or other action by the President* (1) *any function which is vested in the President by law,* or (2) *any function which such officer is required or authorized by law to perform only with or subject to the approval, ratification, or other action of the President: Provided,* That nothing contained herein shall relieve the President of his responsibility in office for the acts of any such head or other official designated by him to perform such functions. Such designation and authorization shall be in writing, *shall be published in the Federal Register,* shall be subject to such terms, conditions, and limitations as the President may deem advisable, and shall be revocable at any time by the President in whole or in part.

And further, in the public record Executive Order 10530 by Dwight D. Eisenhower, The White House, May 10, 1954 was so published in the Federal Register at 19 FR 2709-2712 and the Petitioner as an Offer of Proof of said Federal Register provide **Attachment C.**

Contained in 19 FR 2709-2712, being **Attachment C**, at 19 FR 2712 so published is the following excerpt of Section 6, to wit:

> PART V.   THE ATTORNEY GENERAL AND THE ADMINISTRATOR OF GENERAL SERVICES
>
> SEC. 6.   *The Attorney General* and the Administrator of General Services are hereby *designated and empowered jointly to perform the following-described functions without the approval, ratification, or other action of the President*:
>
> (a)  The authority vested in the President by section 5(a) of the act of July 26, 1935, ch. 417, 49 Stat. 501, as amended (44 U. S. C. 305(a)), *to determine from time to time the documents or classes of documents having general applicability and legal effect.*
>
> (b)  The authority vested in the President by sections 6, 11(a), and 11(f) of said act, as amended (44 U. S. C. 306; 311(a); and 311(f)), to approve (or disapprove), respectively, (1) regulations, prescribed by the Administrative Committee of the Federal Register, for carrying out the provisions of that act (including the regulations referred to in section 5(b) of the act, authorizing publication in the FEDERAL REGISTER of certain documents or classes of documents), (2) actions of the Administrative Committee of the Federal Register requiring, from time to time, the preparation and publication in special or supplemental editions of the FEDERAL REGISTER of complete codifications of the documents, described in the said section 11(a), of each agency of the Government, and (3) regulations, prescribed by the Administrative Committee of the Federal Register, for carrying out the provisions of section 11 of the said act, as amended.

In the Federal Register 19 FR 2712 Section 6 is conclusive and legal evidence of the delegation of the President of the United States to the Attorney General and the Administrator of

General Service jointly "*to determine from time to time the documents or classes of documents having general applicability and legal effect*."

This is unconstitutional to have the Attorney General and the Administrator of General Services to *censor, withhold and/or screen the documents that have general applicability and legal effect*. This establishes the Attorney General and the Administrator of General Services as *Dictators.* In a constitutional Republic there are three different branches of government as pronounced in *Martin v. Hunter's Lessee*, 14 U.S. 304, 329 (1816) "The object of the constitution to establish three great departments of government: the legislative, the executive, and the judicial department. The *first was to pass laws*, the *second to approve and execute them*, and the *third expound and enforce them*." Only the Courts of the United States arising under Article III are empowered to declare a "Law of the United States" unconstitutional or parts there once passed by Congress.

It is *well settled law that only the judicial department declares the law* as held and pronounced in adjudged decision of the Supreme Court of the United States in *Marbury v. Madison*, 1 Cranch 137, 177 (1803) "(i)t is emphatically the province and duty of the judicial department to say what the law is." See also *United States v. Morrison*, 529 U.S. 598, 607 (2000); *Plaut v. Spendthrift Farm, Inc*, 514 U.S. 211, 211 (1995); *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 107 (1993).

Here in 19 FR 2712 section 6 the *Attorney General*, being in the Executive Branch of Government, *not only prosecutes people under the statutory authority of the documents having general applicability and legal effect published in the Federal Register*, but also the very same *Attorney General does "determine from time to time the documents or classes of documents*

_having general applicability and legal effect" that WILL or WILL NOT be published in the_
_Federal Register_.

The Federal Register Act of 1935 at 49 Stat. 500 _et seq._, 65 Stat. 710 of October 31, 1951, the Executive Order 10530 by Dwight D. Eisenhower  and 19 FR 2712 are unconstitutional.

The Federal Register Act of 1935 at 49 Stat. 500 _et seq._ was first published in the **Attachment D** in the Federal Register at 2 FR 2454-2456 November 12, 1937 and the Petitioner does as an Offer of the Proof with **Attachment D** of the text contained therein specifically including, but not limited to the definitions of "document", "Federal agency", "agency" mean "_the President of the United States_", etc in Section 4; and, in Section 5 "(2) such documents or classes of documents as the President shall determine from time to time have _general applicability and legal effect_;" and "(3) such documents or classes of documents _as many be required so to be published by Act of the Congress._"

### 2. 1 CFR § 1.1 - Definitions

Currently in the Federal Register as evidenced by the Offer of Proof in **Attachment E** published in the Federal Register at 37 FR 23602-26614, November 4, 1972 in 1 CFR § 1.1 – Definitions at 37 FR 23604 including but not limited to Documents _having general and legal effect_, to wit:

> _Agency means each authority_, whether or not within or subject to review by another agency, _of the United States_, other than the Congress, the courts, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States;
>
> Document includes any Presidential proclamation or Executive order, and any rule, regulation, order, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or _promulgated by an agency_
>
> _Document having general applicability and legal effect means any document issued under proper authority_ prescribing a _penalty or course of conduct, conferring a right, privilege, authority, or immunity, or imposing an obligation, and relevant or applicable to the general public, members of a class_, or persons in a locality, as distinguished from named individuals or

organizations; and

Filing means making a document available for public inspection at the Office of the Federal Register during official business hours. A document is filed only after it has been received, processed and assigned a publication date according to the schedule in part 17 of this chapter.

*Regulation and rule have the same meaning. [Emphasis added]*

Note that *regulation* and *rule* have the same meaning in the CFRs, i.e. Federal Register at 37 FR 23602-26614, November 4, 1972, being **Attachment E**.

### 3. Cases under 1 CFR 1.1

In *United States v. Mowat*, 582 F.2d 1194, 1199 (9th Cir. 1978) pronounces that the Navy having subscribed to "Substantive rules of general applicability adopted as authorized by law" (same words in 5 U.S.C. § 551(a)(1)(D) by the IRS) gives legal effect to documents defined in 1 CFR § 1.1 as having general applicability and legal effect.

In *Wiggins Brothers, Inc. v. Dept. of Energy*, 667 F.2d 77, 89 (Temp. Emer. Ct. App. 1981) failure to publish in the CFRs "may be important in the proceedings to impose criminal penalties bases on criminal conduct."

In *Walton v. United States*, 184 F.Supp.2d 773, 776 (D.C. N.D Ill 2002) pronounces that "Acts of Congress" are precluded from 1 CFR § 1.1, but it does not preclude agencies such as the IRS from Documents having general applicability and legal effect.

### 4. 1 CFR § 5.2 – Documents required to be filed for Public Inspection and Published

Currently in the Federal Register as evidenced by the Offer of Proof in **Attachment E** published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 5.2 – Documents required to be filed for public inspection and published in the Federal Register at 37 FR 23604 of documents required to be published by act of Congress and documents having general applicability and legal effect, to wit:

*The following documents are required to be filed for public inspection* with the Office of the Federal Register and published in the Federal Register:

(a) Presidential proclamations and Executive orders in the numbered series, and each other document that the President submits for publication or orders to be published.

(b) *Each document or class of documents required to be published by act of Congress.*

(c) *Each document having general applicability and legal effect.* *[Emphasis added]*

## 5. 1 CFR § 8.1 – Policy

Currently in the Federal Register as evidenced by the Offer of Proof in **Attachment E** published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 8.1 – Policy at 37 FR 23605 under Chapter 15 of the Federal Register and Code of Federal Regulations of Title 44 of the United States Code the Director of the Federal Register *shall publish* * * * *[the] "Code of Federal Regulations", to contain each Federal regulations of general applicability and legal effect."*, to wit:

(a) *Pursuant to Chapter 15 of Title 44*, United States Code, the Director of the Federal Register *shall publish* periodically a special edition of the Federal Register to present a compact and practical code called the "Code of Federal Regulations", *to contain each Federal regulation of general applicability and legal effect.*

(b) The Administrative Committee intends that every practical means be used to keep the Code *as current and readily usable as possible*, within limitations imposed by dependability and reasonable costs. *[Emphasis added]*

## 6. Cases on 1 CFR § 8.1

In *Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 538, 539, citing *Brennan v. Ace hardware Corp.*, 495 F.2d 368, 376 (8th Cir. 1974), to wit:

*Failure to publish in the Federal Register is indication that the statement in question was not meant to be a regulation, see *539 Brennan v. Ace Hardware Corp., 495 F.2d 368, 376 (8th Cir.1974), since the Administrative Procedure Act requires regulations to be so published. See 5 U.S.C. §§ 552(a)(1)(D),* 553(d) (1982).

*Ibid in Brock at 538* clearly defines that regulations "having general applicability and legal effect" shall be published, to wit:

The real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations, which the statute authorizes to contain only documents *"having*

*general applicability and legal effect,"* 44 U.S.C. § 1510 (1982) (emphasis added), **and which the governing regulations provide shall contain only** *"each Federal regulation of general applicability and current or future effect,"* *1 C.F.R. § 8.1 (1986) [Emphasis added]*

In *Richardson v. Bank of America,* 643 S.E.2d 410, 419, 420 (Ct App. N.C. 2007) citing 1 CFR § 8.1 (a) and *Brock v. Cathedral Bluffs Shale Oil Co. et al.,* 796 F.2d 533, 539 comes to the conclusion if there is no regulation published having "general applicability and legal effect" in the CFRs, i.e. the Federal Register ". . . *therefore never had the force of law.*"

In *American Portland Cement Alliance v. Environ. Protection Agency,* 101 F.3d 772 (U.S. Ct. Appeals, D.C. 1996) was in accord with and citing *Brock v. Cathedral Bluffs Shale Oil Co. et al.,* 796 F.2d 533, 538, 539, *supra.*

In the Act of Congress codified at 44 U.S.C. § 1505(a) states *"There shall be published in the Federal Register"*, to wit:

> **(1)** Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;

> **(2)** documents or classes of documents that the President may determine from time to time have *general applicability and legal effect*; and

> **(3)** *documents or classes of documents that may be required so to be published by Act of Congress. [Emphasis added]*

In the Act of Congress codified at 44 U.S.C. § 1510 preparation from time to time special editions of *"documents of each agency of the Government having general applicability and legal effect"* relied upon by an agency to the discharge of its activities or functions, to wit:

> **(a)** The Administrative Committee of the Federal Register, *with the approval of the President*, may require, from time to time as it considers necessary, the preparation and publication in special or supplemental editions of the Federal Register of complete codifications of *the documents of each agency of the Government having general applicability and legal effect, issued or promulgated by the agency by publication in the Federal Register* or by filing with the Administrative Committee, and *are relied upon by the agency as authority for, or are invoked or used by it in the discharge of, its activities or functions,* and are in effect as to facts arising on or after dates specified by the Administrative Committee. *[Emphasis added]*

## 7. Congress Mandates Agencies to Publish in the Federal Register Substantive Rules of

**General Applicability adopted as Authorized by law and Policies of General Applicability**

Congress mandates to agencies to publish in the Federal Register *by law substantive rules of general applicability* so the public has timely notice and the most important of the regulations are the substantive rules in 5 U.S.C. § 552(a)(1)(D) and if not so published a person's rights can't be affected, to wit:

(D) *substantive rules of general applicability adopted as authorized by law,* and statements of general policy or interpretations of *general applicability formulated and adopted by the agency*; and
(E) each amendment, revision, or repeal of the foregoing.

*Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. [Emphasis added]*

The Internal Revenue Service has acknowledged and accepted this mandate of Congress to publish *substantive rules of general applicability authorized by law* of 5 U.S.C. § 552(a)(1)(D) in 26 CFR § 601.702(a) *at* 67 FR 69675 (2002) and as published in the Federal Register the Petitioner as an Offer of Proof being **Attachment F** – 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) *at 67 FR 69675* "various substantive regulations under the Internal Revenue Code of 1986), such as various substantive regulations in part 1 (Individual Income Regulations)"; and, "part 20 of this chapter (Estate Tax Regulations)," and "part 31 of this chapter (Employment Tax Regulations)" with the republishing of 26 CFR § 601.702 starting at 67 FR 69675.

Important excerpts of this Offer of Proof being **Attachment F** include, but not limited to 67 FR 69675 *et seq.* of 26 CFR § 601.702 are, to wit:

**Authority:** 5 U.S.C. 301 and 552.
**§ 601.701 [Removed]**
**Par. 2.** Section 601.701 is removed.
**Par. 3.** Section 601.702 is revised to read as follows:
**§ 601.702 Publication, public inspection,**
**and specific requests for records.**
(a) *Publication in the* **Federal**
**Register**—(1) *Requirement.* (i) Subject to the application of the exemptions and exclusions described in the Freedom of Information Act, 5 U.S.C. 552(b) and (c), and subject to the

limitations provided in paragraph (a)(2) of this section, *the IRS is required under 5 U.S.C. 552(a)(1), to state separately and publish currently in the* Federal Register *for the guidance of the public the following information*        (A) Descriptions of its central and field organization and the established places at which, the persons from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the IRS;

(B) Statement of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures which are available;

(C) *Rules of procedure,* descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) *Substantive rules of general applicability adopted as authorized by law,* and statements of general policy or interpretations of general applicability formulated and adopted by the IRS; and

(E) Each amendment, revision, or repeal of matters referred to in paragraphs (a)(1)(i)(A) through (D) of this section.

(ii) Pursuant to the foregoing requirements, the Commissioner publishes in the **Federal Register** from time to time a statement, which is not codified in this chapter, on the organization and functions of the IRS, and such amendments as are needed to keep the statement on a current basis. In addition, *there are published in the* **Federal Register** the rules set forth in this *part 601 (Statement of Procedural Rules),* such as those in paragraph E of this section, relating to conference and practice requirements of the IRS; *the regulations in part 301 of this chapter (Procedure and Administration Regulations);* and the *various substantive regulations* under the **Internal Revenue Code of 1986,** *such as the regulations in part 1 of this chapter (Income Tax Regulations),* in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations).

(2) *Limitations.* (i) *Incorporation by reference in the* **Federal Register**. Matter which is reasonably available to the class of persons affected thereby, whether in a private or public publication, shall be deemed published in the **Federal Register** for purposes of paragraph (a)(1) of this section when it is incorporated by reference therein with the approval of the Director of the Office of the Federal Register. The matter which is incorporated by reference must be set forth in the private or public publication substantially in its entirety and not merely summarized or printed as a synopsis. Matter, the location and scope of which are familiar to only a few persons having a special working knowledge of the activities of the IRS, may not be incorporated in the **Federal Register** by reference. Matter may be incorporated by reference in the **Federal Register** only pursuant to the provisions of 5 U.S.C. 552(a)(1) and 1 CFR part 20.

(ii) *Effect of failure to publish.* Except to the extent that a person *has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section which is required to be published in the* **Federal Register**, *such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section.* Thus, for example, *any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights.* [Emphasis added] [Note: "Federal Register" is bold in original.]

## 8. Statutory Authority of Congress in 26 U.S.C. § 7805 for Regulations for IRS

Under the statutory authority of Congress in 26 U.S.C. § 7805 is mandated to prescribe

*all needful rules and regulations* in relation to the internal revenue, to wit:

Authorization.--Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, *the Secretary shall prescribe all needful rules and regulations for the enforcement of this title,* including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue. **[Emphasis added**

In prescribing the rules and regulations for the administration of the internal revenue, the regulations must effectuate the will of Congress as expressed by statute.

The pronouncement by the Supreme Court of the United States in the adjudged decision of *Dixon v. United States*, 381 U.S. 68, 74 (1965) is that a regulation can not alter a statute and the statute must carry into the effect the will of congress expressed by the statute and if it does not do this, it is a mere nullity, to wit:

> Indeed, long before the tax year here in question this Court had made it clear that 'The power of an administrative officer or board to administer a federal statute and to prescribe **rules and regulations to that end is not the power to make law * * * but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity.'** Manhattan General Equipment Co. v. Commissioner of Internal Revenue, supra, 297 U.S. at 134, [FN7] 56 S.Ct. at 400.
>
> * * *
>
> 'The statute defines the rights of the taxpayer and fixes a standard by which such rights are to be measured. The regulation constitutes only a step in the administrative process. It does not, and could not, *75 alter the statute. **[Emphasis added]**

See also *Lynch v. Tilden Produce Co.*, 265 U.S. 315, 320-322; *Manhattan General Equipment Co. v. C.I.R.*, 297 U.S. 129, 134 (1936); *Guardians Ass'n v. Civil Service Com'n of City of New York*, 463 U.S. 582, 616 (1983); *Ernst & Ernst*, 425 U.S. 185, 213 (1976); *U.S. v. Larionoff*, 431 U.S. 864, 873 (1977); *Legal Environmental Assistance Foundation, Inc. v. U.S. Environmental Protection Agency*, 118 F.3d 1467, 1473 (11 Cir. 1997).

In the adjudged decision of the *In re Managed Care Litigation*, 135 F.Supp.2d 1253, 1271 (11th Cir. 2001) *citing Dixon, supra. Ibid at 1271* and in *Managed Care at 1271, Stewart v. Berstein*, 769 F.2d 1088, 1093 (5th Cir. 1985; "[T]he federal regulations can not themselves create a cause of action; this is a job for the legislature"; "[N]o implied private right of action can be found from regulations standing alone" citing *Sandoval v. Hagan*, 7 F.Supp.2d 1234, 1256 n.20 (N.D.Ala. 1998).

It seems quite clear that the statutory authority to promulgate regulations is posited in 26 U.S.C. § 7805 for the IRS; and, that the regulations must put into effect the will of Congress or the regulation is a nullity.

**9. Court is to Assure that 26 U.S.C. § 7805 IRS Regulations Fall Within Congressional Mandate**

The Court does not sit as a committee to perfect the administration of tax laws and the Court is only to assure that the Commission's regulation fall within his authority to implement the Congress's mandate; and, this is found in the adjudged decision of the Supreme Court in *United States v. Correll*, 389 U.S. 299, 306-307 (1967), to wit:

> **But we do not sit as a committee of revision to *307 perfect the administration of the tax laws.** Congress has **450 delegated to the Commissioner, not to the courts, the task of prescribing '*all needful rules and regulations for the enforcement*' of the Internal Revenue Code. 26 U.S.C. s 7805(a). In this area of limitless factual variations 'it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.' Commissioner v. Stidger, 386 U.S. 287, 296, 87 S.Ct. 1065, 1071, 18 L.Ed.2d 53. **The rule of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner.** [Emphasis added]

See *U.S. v. Carwright*, 411 U.S. 546, 550 (1973); *Bingler v. Johnson*, 394 U.S. 741, 749-751 (1969); *Bob Jones Univ. v. U.S. Goldsboro Christian Schools, Inc.*, 461 U.S. 574, 596 (1983).

In the adjudged decision of *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001) it was *held*, to wit:

> **The Court does not **1436 sit as a committee of revision to perfect the administration of the tax laws.** *United States v. Correll*, 389 U.S. 299, 306-307, 88 S.Ct. 445, 19 L.Ed.2d 537. **Instead, it defers to the Commissioner's regulations as long as they implement the congressional mandate in a reasonable manner.** *Id.*, at 307, 88 S.Ct. 445. [Emphasis added]

In the adjudged decision of the Supreme Court of the United States in *C.I.R. v. Portland Cement Co. of Utah*, 450 U.S. 156, 157 (1981) it was *held* "This Court customarily defers to Treasury Regulations that "implement the congressional mandate in some reasonable

manner." *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450 (1967). See also

*C.I.R. ibid at 169.*

    In the adjudged decision of the Supreme Court of the United States in *National Muffler*

*Dealers Assoc. Inc. v. United States*, 440 U.S. 472, 477-78 (1979) citing *Correll, supra.* and the

Court also pronounced *at 477*, to wit:

> We do this because **"Congress has delegated to the [Secretary of the Treasury and his
> delegate, the] Commissioner [of Internal Revenue], not to the courts, the task of prescribing
> 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26
> U.S.C. ß 7805(a)."** *United States v. Correll*, 389 U.S., at 307, 88 S.Ct. at 449. That delegation
> helps ensure that in "this area of limitless factual variations," ibid., like cases will be treated alike.
> It also helps guarantee that the rules will be written by **"masters of the subject,"** *United States v.
> Moore*, 95 U.S. 760, 763, 24 L.Ed. 588, 589 (1878), who will be responsible for putting the rules
> into effect. **[Emphasis added]**

    It seems quite clear that the Court does not sit as a committee to perfect the

administration of the tax laws; and, the IRS is to promulgate regulations under the statutory

authority of Congress; and, the Courts exercise review over the IRS actions.

    **10.    How are the Substantive Regulations Identified in the Code of Federal**

**Regulations from the Other Types of Regulations**

    All of the ***substantive regulations*** promulgated under the statutory authority will have the

word "***Authority***" at the bottom of the regulation, in the text of the regulation, or be listed in one

of the three substantive regulation tables which are; (1) C.F.R. T. 26, Ch. I, Subch. A, Pt. 1; and,

(2) C.F.R. T. 26, Ch. I, Subch. B, Pt. 20; and, (3) C.F.R. T. 26, Ch. I, Subch. C, Pt. 31; and for

301 type of regulation see table C.F.R. T. 26, Ch. I, Subch. F, Pt. 301; and all are under the

general grant of 26 U.S.C. § 7805 ***and*** also with the specific statutory grant identified such as 26

U.S.C. § 6012. The word "Authority" will be contained only in parenthesis "( )" and not

brackets "[ ]."

    The CFRs requiring the statutory "Authority" citations of the Code are contained in 1

CFR § 21.40, 1 CFR § 21.52 and 1 CFR § 22.2 (in text or in parenthesis).

**11. Instructions to the IRS in 26 CFR 301.6065 on "Verification of Returns"**

"[T]the regulations in part 301 of this chapter (Procedure and Administration Regulations);" as published in the CFRs at 67 FR 69675 *et seq.* of 26 CFR § 601.702 in the Offer of Proof being **Attachment F** – 67 FR 69673-69688 (2002) is supported by the publishing of the instructions of part 301 (Procedure and Administration Regulations) of 26 CFR 301.6065 "Statutory provisions; verification of returns" and 26 CFR 301.6065-1 "Verification of returns", both of which the Petitioner proffers as an Offer of Proof being **Attachment G** *excerpt* of 32 FR 15241 and 32 FR 15257, which was published in the Federal Register November 3, 1967 at 32 FR 15241-15387 of the statutory authority of Sec. 6065(a)(b) (26 U.S.C. § 6065 [1954 IRC]) with 26 CFR § 301.6065-1. Federal Register excerpt 32 FR 15241 and 32 FR 15257, to wit:

> **§ 301.6065 Statutory provisions; verification of returns.**
> **Sec. 0065.** *Verification* of returns—(e) *Penalties of* **perjury**. Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document required to be made under any provision of the Internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.
> (b) *Oath. The* Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the Internal revenue laws or regulations shall be verified by an oath. This subsection shall not apply to returns and declarations with respect to income taxes made by individuals.
> **§ 301.6065-1 Verification of returns.**
> For provisions concerning the verification of returns and other documents, see the regulations relating to the particular tax.

**12. There is NO Statutory Authority or Regulation in the CFRs or in the Federal Register of "general applicability and legal effect" to Authorize the IRS or Department of Justice for Penalties of Perjury Mandate of 26 U.S.C. § 6065, 26 CFR § 1.6065-1 or 26 CFR 1.6065-2T with the Form 1040, OMB 1545-0074**

*The issue is there is absolutely **no current substantive regulation, i.e. rule** under the statutory authority of 26 CFR § 6065 – Verification of Returns for the Form 1040 (OMB -*

*1545-0074), no __Federal Register published__ mandated for "__general applicability and legal__ __effect__" of __26 U.S.C. § 6065, 26 CFR 1.6065-1 and 1.6065-2T__.*

**Validation of the Code Authority of 26 U.S.C. § 6065 and Substantive Regulation of 13.    26 CFR § 1.6065-1**

### The Year of 1954

To establish the timeline and statutory authority, we must first go to the 1954 IRS Code to find the following as evidenced by **Attachment H** – this excerpt from the 1954 Code of 26 U.S.C. § 6065 and as attached as an Offer of Proof, to wit:

**SEC. 6065. VERIFICATION OF RETURNS.**
(a) PENALTIES OF PERJURY.—Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.
(b) *OATH.*—The Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. *This subsection shall not apply to returns and declarations with respect to income taxes made by individuals. [Emphasis added]*

### The Year of 1960

In 1960 the substantive regulations under the statutory authority of 26 CFR § 6065 for 26 CFR § 1.6065-1 was published in the Federal Register as were all of the IRS regulations were republished in 1960 under T.D. 6500 and as an Offer of Proof being the excerpt **Attachment I** - 25 FR 11402, 25 FR 11421 and 25 FR 12132 (1960) with the 6065 section, to wit:

**§ 1.6065 Statutory provisions; verification of returns.**
**SEC. 6065.** *Verification of returns —*
*(a) Penalties of perjury.* Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document *required to be made* under any provision of the *Internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.*

**(b)** *Oath.* The Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. *This subsection shall not apply to returns and declaration with respect to income taxes made by individuals. [Emphasis added]*

### The Date of October 4, 1976

On October 4, 1976 the statutory authority for 26 U.S.C. § 6065(b) for the "Oath" was removed by "*striking out*," as evidenced by P.L. 94-455, title XIX, § 1906(a)(6),(b) and as an Offer of Proof of 90 Stat. 1824, being **Attachment J**, to wit:

> (6) Amendments of section 6065.--Section 6065
> // 26 USC 6065. // (relating to verification of returns) is amended by *striking out subsection (b) (relating to verification by oath)*, and by striking out in subsection (a) the following: "(a) Penalties of Perjury.--".

### The Date of October 18, 1976

The Unsworn Declaration of 28 U.S.C. § 1746 under P.L. just 14 days after the removal of the "Oath" of 26 U.S.C. § 6065 was created.

There is are two instances in the procedural regulation under 26 CFR 601.702 under the statutory authority of 5 U.S.C. §§ 301 and 502 and for Subpart I under 39 U.S.C. 3220 for an Unsworn Declaration of 28 U.S.C. § 1746, which is for requesting information, to wit:

> 26 CFR § 601.702(c)(5)(iii)(A)(3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.
> * * *
> 26 CFR § 601.702(5)(iii)(C) – A person requesting access to records of a partnership or a subchapter S Corporation shall provide a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, that the requester was a member of the partnership or subchapter S corporation for a part of each of the years included in the request.

There are several instances of regulations in 28 CFRs with 28 U.S.C. § 9.4 for Petitions for judicial forfeiture remission or mitigation of a judicial forfeiture addressed to the Attorney General, but the statutory authority has nothing to do with Title 26 of the United States Code.

### 14. 26 CFR § 1.6065-1 - 2008 – Current Date

The *once substantive regulation 26 CFR § 1.6065-1 published in* **Attachment I** - 25 FR 11402, 25 FR 11421 and 25 FR 12132 (1960) exists today but with no statutory authority and it is NOT listed in the current substantive regulation table of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* (Individual Income Tax) and as an Offer of Proof being **Attachment 10** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

And further the current *26 CFR 1.6065-1* has no statutory "Authority" required by Congress at the bottom of the regulation either and as an Offer of Proof of same of 26 CFR 1.6065-1, being **Attachment L**.

At the bottom of current 26 CFR § 1.6065-1 we find "[T.D. 6500, 25 FR 12108, Nov. 26, 1960] as evidenced by the Offer of Proof of **Attachment L** of 26 CFR § 1.6065-1. Upon reverting back to the **Attachment I** - 25 FR 11402, 25 FR 11421 and 25 FR 12132 of 1960, the statutory authority not longer exists due to the change in 1976 evidenced by 90 Stat. 1824, being **Attachment J**.

And further 26 CFR § 1.6065-1 has never been republished as a substantive regulation since 1960 and the current 26 CFR § 1.6065-1 fails to disclose any statutory authority to have "*general applicability and legal effect*" either in the substantive regulations table of **Attachment K** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.* or of **Attachment L** at the bottom of 26 CFR 1.6065-1.

The current 26 CFR § 1.6065-1 is shown as the authority in 26 CFR § 602.101 under the general requirement regulations and statutory authority of 26 U.S.C. § 7805 at the bottom of this very long regulations list in compliance with the PRA with the form identified as OMB 1545-0123 for 26 CFR § 1.6065-1 and as an Offer of Proof the excerpt of 26 CFR § 602.101, being **Attachment M**. This Form OMB 1545-0123 for use with 26 CFR § 1.6065-1 is titled "U.S. Corporation Income Tax Return" and as an Offer of Proof of same, being **Attachment M**.

*26 CFR § 1.6065-1 is precluded from having *general applicability and legal effect* as is* not published in the Federal Register as mandated and also is precluded from being used with the Form 1040 with OMB 1545-0074 and the perjury statement at the bottom of the Form 1040 OMB 1545-0074.

**15. Regulations Such as 26 CFR 1.6065-1 are Invalidate if Statute Changes or In Conflict**

As 26 U.S.C. § 6065(b) has been stricken in 1976 and there has been no republishing in the Federal Register for 26 CFR § 1.6065-1, this invalidates 26 CFR § 1.6065-1 therefore **flows a fortiori that 26 CFR § 1.6065-1 is precluded from general application and legal effect with the Form 1040 with OMB 1545-0074**.

In the adjudged decision of *Scofield v. Lewis*, 251 F.2d 128, 132 (5th Cir. 1958) "A Regulation, valid when promulgated, becomes invalid upon the enactment of a statute in conflict with the Regulation." *Citing Miller v. United States*, 294 U.S. 435. See *Citizen's Nat. Bank of Waco v. United States*, 417 F.2d 675, 679 (5th Cir. 1969)

In the adjudged decision of *Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964) "The Commissioner may not prescribe any regulations which are not consistent with the statute; or which may add a restriction to the statute which is not there."

In the adjudged decision of *National Life Acc. Ins. Co. v. United States*, 524 F.2d 559, 560 (6th Cir. 1975) "Nor may the Commissioner add a restriction to the statute which is not contained in the statues" *citing Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964). *Ibid at 560* "Finding as we do that this regulation is an attempt to extend the meaning of the statute, we hold that it is invalid."

In the adjudged decision of the Supreme Court of the United States, to wit:

*We recognize that this Court is not in the business of administering the tax laws of the Nation. Congress has delegated that task to the Secretary of the Treasury, 26 U.S.C. s 7805(a), and regulations promulgated under his authority, if found to 'implement the congressional mandate in some reasonable manner,' must be upheld.* United States v. Correll, 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967). See Bingler v. Johnson, 394 U.S. 741, 749--751, 89 S.Ct. 1439, 1444, 22 L.Ed.2d 695 (1969); Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948). *But that principle is to set the framework for judicial analysis; it does not displace it.*

**26 CFR § 1.6065-2T — Current Date – A Fraud and Invalidate Also**

Upon inspection of the most current substantive regulation table *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* - Part I for Individual Income Taxes we find that the only *purportedly* substantive regulation listed is *26 CFR 1.6065-2T,* which is a temporary substantive regulation as an Offer of Proof of same being the current substantive table **Attachment K** - *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

### 16. 26 CFR § 1.6065-2T was Published in 1993 in 58 FR 68295

26 CFR § 1.6065-2T was first published as a temporary regulation, which the Petitioner evidences as an Offer of Proof being **Attachment O** - 58 FR 68295 (TD 8510) on December 27, 1993 concerning only the issue of "TeleFile Voice Signature Test" and only for the two years of 1992 and 1993.  See pages 4 and 5 of **Attachment O**.

### 26 CFR § 1.6065-2T was *Removed* July 18, 2000 in 65 FR 44437-44438

As an Offer of Proof in **Attachment P** -  Federal Register of July 18, 2000 in 65 FR 44437-44438 clearly as published lists that 26 CFR § 1.6065-2T was removed "Because the temporary regulations applied only to 1992 and 1993 calendar year returns, the IRS has decided to remove them."

Therefore the current substantive regulation table being **Attachment K** of Treas. Reg. T. 26, Ch. I, Subch. A, Pt. 1 *is a fraud* concerning the listing of substantive regulation *26 CFR § 1.6065-2T* to create the fraudulent illusion that there is substantive regulations in support of the Unsworn Declaration of 26 U.S.C. § 6065 for the Form 1040.  Therefore as 26 CFR § 1.6065-1 is invalidate and 26 CFR § 1.6065-2T is actually removed **flows** *a fortiori* there is no *general applicability and legal effect* for the jurat under the penalties for 26 U.S.C. § 6065 with the Form 1040 with OMB 1545-0074.

### 17.  The 2005 Year Form 1040 Submitted to the OMB for # 1545-0074 – No Code

**Authority for 26 U.S.C. 6065 Listed for 2005 Year And No Authority for regulations 1.6065-1 or 1.6065-2T Listed for 2005 Year**

For the conclusive and legal evidence of the Fraud of the IRS, IRS agents/officers and ***Department of Justice employees*** concerning the Form 1040 for OMB number 1545-0074 the Petitioner as an Offer of Proof being **Attachment Q** of the Year of 2005 the 83i under the signature of the IRS and OMB representatives used by the IRS for submission to the OMB for OMB number 1545-0074 with the required certification, the ***regulations that will be attached to OMB number 1545-0074 are listed*** and the statutory authorities of the Form 1040 with OMB number 1545-0074 are listed, which was obtained by FOIA.

In this Offer of Proof that the Form 1040 OMB # 1545-0074 for Individual Income Tax for "Individuals or households" Box 11 of **Attachment Q, page 4**.

And further the Form 1040 is ***mandatory*** in the collection of information, see **Attachment Q on page 2** "OBLIGATION TO RESP: P ***Mandatory***"; and, in the Paperwork Reduction Act Submission in Box 12 "c. P ***Mandatory***" on **page 4**.    Continuing    on    in **Attachment Q** is the evidence of the compliance with the regulations of 5 CFR 1320.9 and 5 CFR 1320.8(b)(3) under the statutory authority of the Paperwork Reduction Act and specifically 44 U.S.C. § 3506(c) and in particular 44 U.S.C. § 3506(c)(1)(B) as found on **Attachment Q – page 5**.

It is conclusive and legal evidence that there is ***no statutory authority of 26 U.S.C. § 6065 as*** evidenced by it's ***absence*** in **Attachment Q – page 13 for the OMB 1545-0074, Form 1040** of "**The following are citations to U.S.C.**"

And further conclusive and legal evidence that there are ***no regulations listed under the authority of 26 U.S.C. § 6065 being either 26 CFR § 1.6065-1 or 26 CFR § 1.6065-2T having***

*"general applicability and legal effect"* for the Form 1040 OMB # 1545-0074 as evidenced by the **_absence_** of both of these regulations in the list of regulations and any other regulation in the form of "1.6065-xx" in **Attachment Q – pages 11 & 12**.

  **18.  What "general applicability and legal effect" Has Been Published in the Federal Register for it to be "Mandatory" to Fill Out a Form 1040 with OMB 1545-0074 Four Times.**

### Year of 2006

### 71 FR 71040

  The *general applicability and legal effect* of it being *mandatory* to fill out a Form 1040 with OMB 1545-0074 is irrevocably conflated 26 CFR § 1.170A-11(b)(2), OMB 1545-1868 and OMB 1545-0123 (U.S. Corporation Income tax Return being **Attachment N**) with this excerpt from 71 FR 71040, to wit:

> **Paperwork Reduction Act**
> The collection of information contained in these regulations has been reviewed and approved by the Office of Management and Budget *in accordance with the Paperwork Reduction Act of 1995 (44 U.S.C. 3507(d)) under control number 1545–1868.* The collection of information in these final regulations is in § 1.170A–11(b)(2). The *information required in § 1.170A–11(b)(2) concerning the date on which a corporation's board of directors authorizes a certain type of charitable contribution* assists the IRS in determining the deductibility of such contributions. **_Responses to this collection of information are mandatory._**

  The Petitioner as an Offer of Proof submits **Attachment R – 71 FR 71040** of the *general applicability and legal effect* including all of 71 FR 71040 and the excerpt *supra.* for corporations.   Note that 26 CFR § 1.170A-11 is not a substantive regulation having *general applicability and legal effect* as evidenced by it's absence in the substantive regulation table in **Attachment K** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

### Year of 2003

### 65 FR 4918

  The **_general applicability and legal effect_** of it being **_mandatory_** to fill out a Form 1040

with OMB 1545-0074 is irrevocably conflated with 26 CFR §§§§ 1.48– 12(d)(7)(iv), 1.152–3(c),

1.611–3(h) and 1.852–9(c)(1); *and,* OMB 1545-1868 with this excerpt from 65 FR 4918, to wit:

> **SUMMARY:** This document contains final regulations that eliminate regulatory impediments to
> the electronic filing of Form 1040, "U.S. Individual Income Tax Return." *These regulations*
> *affect taxpayers who file Form 1040 <u>and who are required to file any of the following forms:</u>*
> *Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120, "Multiple Support*
> *Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-Term Capital*
> *Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest Activities*
> *Schedules."*
> **DATES:** *Effective Date:* These regulations are effective January 31, 2003.
> **FOR FURTHER INFORMATION CONTACT:**
> Joseph P. Dewald, (202) 622–4910 (not a toll-free number).
> **SUPPLEMENTARY INFORMATION:**
> **Paperwork Reduction Act**
> The collection of information contained in these final regulations has been reviewed and approved
> by the Office of Management and Budget *in accordance with the Paperwork Reduction Act of*
> *1995 (44 U.S.C. 3507(d)) under control number 1545–1783.* The collection of information in
> these final regulations is in §§ 1.48– 12(d)(7)(iv), 1.152–3(c), 1.611–3(h), 1.852–9(c)(1), and
> 301.6903–1(b). Responses to this collection of information are mandatory.

The Petitioner as an Offer of Proof submits **Attachment S – 68 FR 4918** of the *general*

*applicability and legal effect* including all of 68 FR 4918 if *any* of these Forms are filed, to wit:

> *1.      Form 56, "Notice Concerning Fiduciary Relationship"; or,*
> *2.       Form 2120, "Multiple Support Declaration"; or,*
> *3.      Form 2439, "Notice to Shareholder of Undistributed Long-Term*
> *Capital Gains"; or,*
> *4.      Form 3468, "Investment Credit"; or,*
> *5.      Form T (Timber), "Forest Activities Schedules.'*

Note that none of these regulations being 26 CFR §§§§ 1.48– 12(d)(7)(iv), 1.152–3(c),

1.611–3(h) and 1.852–9(c)(1) is a substantive regulation having *general applicability and legal*

*effect* as evidenced by their absence in the substantive regulation table in **Attachment K** of

*C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

### Year 2002

### 67 FR 20038

The Petitioner submits as an Offer of Proof **Attachment T** – 67 FR 20038 that has

*general applicability and legal effect* of it being *mandatory* to fill out a Form 1040 OMB 1545-

00074 is of the same ilk as 65 FR 4918, *supra* with OMB 1545-1783 is irrevocably conflated

with numerous regulations and proposed regulations *and "who are required to file any of the following forms"*, to wit:

> SUMMARY: This document contains regulations designed to eliminate regulatory impediments to the electronic filing of Form 1040, "U.S. Individual Income Tax Return." *These regulations generally affect taxpayers who file Form 1040 electronically and who are required to file any of the following forms: Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120, "Multiple Support Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-Term Capital Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest Activities Schedules."* The text of the temporary regulations also serves as the text of the proposed regulations set forth in the notice of proposed rulemaking on this subject in the Proposed Rules section in this issue of the Federal Register.

### Year 1999

### 64 FR 69903

The *general applicability and legal effect* of it being *mandatory* to fill out a Form 1040 OMB 1545-00074 as evidenced by 64 FR 69903 *et seq.* is irrevocably conflated with numerous regulations and proposed regulations concerning partnerships, to wit:

> ACTION: Final regulations.

> SUMMARY: This document finalizes regulations relating to the optional adjustments to the basis of partnership property following *certain transfers of partnership interests under section 743, the calculation of gain or loss under section 751(a) following the sale or exchange of a partnership interest, the allocation of basis adjustments among partnership assets under section 755, the allocation of a partner's basis in its partnership interest to properties distributed to the partner by the partnership under section 732(c), and the computation of a partner's proportionate share of the adjusted basis of depreciable property (or depreciable real property) under section 1017. The changes will affect partnerships and partners where there are transfers of partnership interests, distributions of property, or elections under sections 108(b)(5) or (c).* In addition, the final regulations under section 732(c) reflect changes to the law made by the Taxpayer Relief Act of 1997.

> * * *

> Paperwork Reduction Act

> The collections of information in these final regulations have been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act (44 U.S.C. 3507) under control number 1545-1588. Responses to these collections of information are *mandatory for partnerships that have made an election under section 754 and for which a section 743 transfer has been made, and for partnerships which distribute property in a transaction subject to section 732(d).*

The Petitioner as an Offer of Proof submits **Attachment U – 64 FR 69903** of the *general applicability and legal effect* for partnership issues of *No* consequence to the Petitioner, so therefore no further investigation will be presented or required.

**2255 Motion**                    **Page 39 of 51**

19. *Wages* - 26 U.S.C. § 3401 and regulations of *"general applicability and legal effect"* i.e. substantive regulations

As evidenced as an Offer of Proof the regulations with *general application and legal effect* published in the Federal Register in 1960 being **Attachment V** – 25 FR 11402-11422 (1960) contained no substantive regulations for 26 CFR 1.3401-x but there were substantive regulations for Nonresident Aliens and Foreign Corporations starting at 1.1441-1 and ending at 1.1465-1 as evidenced in **Attachment V** at 25 FR 11419.

The Petitioner submits as an Offer of Proof that there still are no 26 CFR § 1.3401-x substantive regulations for *"wages"* in the current table of *general applicability and legal effect, i.e. the current substantive regulation table* Attachment K being *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.* But under the current **Attachment K** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* pages 10 and 11 there are regulations of *general applicability and legal effect for "wages"* concerning *"nonresident aliens and foreign corporations" issued under the Authority of 26 U.S.C. §1441* and the **Authority of** *26 U.S.C. § 3401(a)(6)* – "Wages (a)(6) for such services, performed by a nonresident alien individual, as may be designated by regulations prescribed by the Secretary;", to wit:

AUTHORITY:Section 1.1441-2 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1441-3 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and 26 U.S.C. 7701(l).
AUTHORITY:Section 1.1441-4 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1441-5 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and 26 U.S.C. 7701(b)(11).
AUTHORITY:Section 1.1441-6 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1441-7 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and 26 U.S.C. 7701(l).
AUTHORITY:Section 1.1461-1 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1461-2 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1462-1 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*

**20. Income - 26 U.S.C. § 861 – Income from sources within the United States**

**26 CFR § 1.861-8 – Computation of taxable income from sources within the United**

States and from other sources and activities.

The regulation 26 CFR § 1.861-8 – "Computation of taxable income from sources within the United States and from other sources and activities" has *general applicability and legal effect*, i.e. it is a *substantive regulation* and this is evidenced by the Offer of Proof submitted by the Petitioner of the latest substantive regulation table **Attachment K** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* on page 15 of 26, to wit: "AUTHORITY: Section 1.861-8 also issued under 26 U.S.C. 882I" This statutory authority for the 26 CFR 1.861-8 also incorporates the general required grant for promulgating regulations of 26 U.S.C. § 7805 as evidenced by *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* on page 1 "AUTHORITY: 26 U.S.C. 7805, unless otherwise noted."

Therefore for *general applicability and legal effect*, i.e. as a *substantive regulation* the statutory (code) Authority is found in 26 U.S.C. 882I, which is 26 U.S.C. § 882I. — "Tax on income of foreign corporation connected with United States business."

As further evidence that the 26 U.S.C. § 861 *income* is *associated with only foreign corporations and foreign tax credits*, the Petitioner submits and the numerous Federal Register cites and *general applicability and legal effect* as an Offer of Proof being **Attachment W** – 26 CFR § 1.861-8 — "Computation of taxable income from sources within the United States and from other sources and activities."

Contained within 26 CFR § 1.861-8(a) In general-(1) Scope go to "See paragraph (f)(1) of this section for a list and description of operative sections." Contained in 1.861-8(f)(1) are the application of "income", which is only for *foreign corporation, foreign income, foreign tax credits, DISC and FSC taxable income and various options within this limited scope*, to wit:

(f) Miscellaneous matters—(1) Operative sections.
   (i) Overall limitation to the foreign tax credit
   (ii) [Reserved]
   (iii) DISC and FSC taxable income.
   (iv) Effectively connected taxable income. Nonresident alien individuals and foreign

corporations engaged in trade or business within the United States . . .
**(v) Foreign base company income.**
**(vi) Other operative sections.** The rules provided in this section also apply in determining—

(A) The amount of foreign source items of tax preference under section 58(g) determined for purposes of the minimum tax;

(B) The amount of foreign mineral income under section 901(e);

(C) [Reserved]

(D) The amount of foreign oil and gas extraction income and the amount of foreign oil related income under section 907;

(E) The tax base for individuals entitled to the benefits of section 931 and the section 936 tax credit of a domestic corporation that has an election in effect under section 936;

(F) The exclusion for income from Puerto Rico for bona fide residents of Puerto Rico under section 933;

(G) The limitation under section 934 on the maximum reduction in income tax liability incurred to the Virgin Islands;

(H) The income derived from the U.S. IIrgin Islands or from a section 935 possession (as defined in § 1.935-1(a)(3)(i)).

(I) The special deduction granted to China Trade Act corporations under section 941;

(J) The amount of certain U.S. source income excluded from the subpart F income of a controlled foreign corporation under section 952(b);

(K) The amount of income from the insurance of U.S. risks under section 953(b)(5);

(L) The international boycott factor and the specifically attributable taxes and income under section 999; and

(M) The taxable income attributable to the operation of an agreement vessel under section 607 of the Merchant Marine Act of 1936, as amended, and the Capital Construction Fund Regulations thereunder (26 CFR, part 3). See 26 CFR    3.2(b)(3).

### 21.  26 U.S.C. § 6012 – Persons required to make returns of income

### 26 CFR § 1.6012-1 – Individuals required to make returns of income.

The cases that pronounce or hold that "taxpayers", i.e. Individuals, must file Returns is posited in 26 U.S.C. § 6012 but this duty is not required to be disclosed to a person indicted, to wit:  *United States v. Vroman*, 975 F.2d 669, 670-671 (9th Cir. 1992); *United States v.* Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991); *United States v. Bower*, 920 F.2d 220, 222 (4th Cir. 1990); *United States v. Drefke*, 707 F.2d 978, 981 (8th Cir. 1983);  *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978); *United States v. Spine*, 945 F.2d 143, 149 (6th Cir. 1991);  *United States v. Stierhoff*, 500 F.Supp. 55, 62-63 (D. R.I. 2007);  *United States v. Washington*, 947 F.Supp. 87, 91 (S.D. N.Y.1996);  Case and other unpublished Cases such as *United States v. Gaumer*, 27 F.3d 568, 572 (6th Cir. 1994); and in the Case 1-06-cr-42 in the USDC for the District of Rhode

Island of UNITED STATES OF AMERICA v. Neil Stierhoff Docket 89 pages 5-6 under the signatures of the Department of Justice John N. Kane and Thomas G. Voracek and Docket 101 pages 10-11 under the signature of USDC Judge Mary M. Lisi.

The Petitioner submits as an Offer of Proof that *general applicability and legal effect* 26 CFR § 1.6012-1(a) **Attachment X** that was published in the Federal Register on November 10, 1970 as 35 FR 17329-17331 including but not limited to the excerpt of § 1.6012-1(a)(1) at 35 FR 17330, to wit:

> **(1) *In general*. Except as provided in subparagraph (2)** of this paragraph, an income tax return ***must be filed by every individual*** for each taxable year beginning before January 1, -1973, during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he receives $750 or more of gross income, if such **individual is –**
>
> (i) *A citizen of the United States,* whether residing at home or abroad,
>
> (ii) A *resident of the United States* even though not a citizen thereof, or
>
> (iii) An *alien bona fide resident of Puerto Rico* during the entire taxable year.
>
> *[Emphasis added]*

This particular section of the *general applicability and legal effect* of 26 CFR 1.6012(a)(1) has not been amended until April 9 of 2008 and the Petitioner submits as a Offer of Proof of the *general applicability and legal effect*, i.e. *substantive regulation* change in **Attachment Y** – Federal Register publishing of 73 FR 19350-19377 on April 9, 2008 and including but not limited the to the change made in 1.6012(a)(1)(iii) of an alien bona fide resident of Puerto Rico by the addition of possessions of 1.931-1(c)(1) being Guam, American Samoa, or Northern Mariana Islands  to (iii) at **Attachment Y** – page 28 of 29 at 73 FR 19376,

to wit:

> § 1.6012–1 Individuals required to make
> returns of information.
> (a) * * *
> (1) * * *
> (iii) An alien bona fide resident of Puerto Rico or any section 931 possession, as defined in §
> 1.931–1(c)(1), during the entire taxable year.
> * * * * *

## 22. Federal Regulations Govern

In the adjudged case of *Dodd v. United States*, 223 F.Supp. 785, 787 (D.C. N.J. 1963)

"For Federal tax purposes, the Federal Regulations govern." *Lyeth v. Hoey*, 305 U.S. 188

(1938)." See also *In re McGauley's Estate*, 504 F.2d 1030, 1032 (2nd Cir. 1974) *citing Lyeth v.*

*Hoey*, 305 U.S. 188 (1938); *U.S. Trust Co. of New York v. C.I.R.*, 321 F.2d 908, 910-911 (2nd

Cir. 1963) *citing Lyeth v. Hoey*, 305 U.S. 188 (1938); *Citizens and Southern Nat. Bank v. United*

*States*, 451 F.2d 221, 227 (5th Cir. 1971) *citing Lyeth v. Hoey*, 305 U.S. 188 (1938); *Estate of*

*Millikin v. C.I.R.*, 106 F.3d 1263,1268-1269 (6th Cir. 1997); *Kostrikin v. United States*, 106

F.Supp. 2d 1005, 1009 (E.D.C. Cal. 2000).

Hymes does as an Offer of Proof being **Attachment Z** of the Notice of Federal Tax Lien

filed in Fairbanks Recording District.

Hymes also proffer the following as binding evidence from the Federal Register

concerning the Notices of Federal Tax Liens that have been attached unlawfully and illegally to

them.

## 23. Mandatory Publishing in the Federal Register of *general applicability and legal effect* affect the general public.

Under the Federal Register Act (FRA) and the Administrative Procedures Act (APA) we

find the following mandates as to publishing documents in the Federal Register that have *general*

*applicability and legal effect* (FRA), *general applicability* (APA), *substantive rules* (APA) and

*force and effect of law* Supreme Court Case *holding*, to wit:

**A.** FRA of 1935, 49 Stat. 500 at 501 (44 U.S.C. § 1505(a)(1)(2)(3)) as an Offer of Proof

being **Attachment A**, to wit:

1. **SEC. 5.** (a) *There shall be published in the Federal Register* (1) *all Presidential proclamations and Executive orders*; and,
2. **SEC. 5.** (a) (2) such documents or classes of *documents as the President shall determine from time to time have general applicability and legal effect*; and,
3. **SEC. 5.** (a) (3) *such documents or classes of documents as may be required so to be published by Act of the Congress: Provided,* That for the purposes of this Act *every document or order which shall prescribe a penalty shall be deemed to have general applicability and legal effect.*
4. (b) In addition to the foregoing there shall also be published in the Federal Register *such other documents or classes of documents as may be authorized to be published pursuant hereto by regulations prescribed hereunder with the approval of the President.*

**B.** APA Code at 5 U.S.C. § 552(a)(1):

Sec. 552. Public information; agency rules, opinions, orders, records, and proceedings
(a) Each agency shall make available to the public information as follows:
 (1) Each agency shall separately state and currently **publish in the Federal Register for the guidance of the public—**
 (A) descriptions of its central and field organization and the established places at which, *the employees* (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;
 (B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;
 (C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

 (D) *substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency*; and
 (E) each amendment, revision, or repeal of the foregoing.
  *Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published.* For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register.

**C.** *Prima facie* evidence at 26 CFR § 601.702(a) *of* Federal Register at 67 FR 69675

(2002) acknowledged and accepted by the IRS of the mandate of 5 U.S.C. § 552(a)(1) as

published in the Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of

552(a)(1) *at 67 FR 69675* as a Offer of Proof being **Attachment F**, to wit:

**Authority:** 5 U.S.C. 301 and 552.

**§ 601.701 [Removed]**

**Par. 2.** Section 601.701 is removed.

**Par. 3.** Section 601.702 is revised to read as follows:

**§ 601.702 Publication, public inspection, and specific requests for records.**

(a) *Publication in the* **Federal Register**—(1) *Requirement.* (i) Subject to the application of the exemptions and exclusions described in the Freedom of Information Act, 5 U.S.C. 552(b) and (c), and subject to the limitations provided in paragraph (a)(2) of this section, *the IRS is required under 5 U.S.C. 552(a)(1), to state separately and publish currently in the* **Federal Register** *for the guidance of the public the following information*     (A)   Descriptions of its central and field organization and the established places at which, the persons from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the IRS;

(B) Statement of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures which are available;

(C) *Rules of procedure,* descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) *Substantive rules of general applicability adopted as authorized by law,* and statements of general policy or interpretations of general applicability formulated and adopted by the IRS; and

(E) Each amendment, revision, or repeal of matters referred to in paragraphs (a)(1)(i)(A) through (D) of this section.

(ii) Pursuant to the foregoing requirements, the Commissioner publishes in the **Federal Register** from time to time a statement, which is not codified in this chapter, on the organization and functions of the IRS, and such amendments as are needed to keep the statement on a current basis. In addition, *there are published in the* **Federal Register** the rules set forth in this *part 601 (Statement of Procedural Rules),* such as those in paragraph E of this section, relating to conference and practice requirements of the IRS; *the regulations in part 301 of this chapter (Procedure and Administration Regulations);* and the *various substantive regulations* under the Internal Revenue Code of 1986, *such as the regulations in part 1 of this chapter (Income Tax Regulations),* in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations).

(2) *Limitations.* (i) *Incorporation by reference in the* **Federal Register**. Matter which is reasonably available to the class of persons affected thereby, whether in a private or public publication, shall be deemed published in the **Federal Register** for purposes of paragraph (a)(1) of this section when it is incorporated by reference therein with the approval of the Director of the Office of the Federal Register. The matter which is incorporated by reference must be set forth in the private or public publication substantially in its entirety and not merely summarized or printed as a synopsis. Matter, the location and scope of which are familiar to only a few persons having a special working knowledge of the activities of the IRS, may not be incorporated in the **Federal Register** by reference. Matter may be incorporated by reference in the **Federal Register** only pursuant to the provisions of 5 U.S.C. 552(a)(1) and 1 CFR part 20.

(ii) *Effect of failure to publish.* Except to the extent that a person *has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section which is required to be published in the* **Federal Register**, *such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section.* Thus, for example, *any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights. [Emphasis added] [Note:* "Federal Register" is bold in original.*]*

**D.** APA Code at 5 U.S.C. § 553, to wit:

> **(b)** *General notice of proposed rule making shall be published in the Federal Register*, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include--
> **(1)** a statement of the time, place, and nature of public rule making proceedings;
> **(2)** *reference to the legal authority under which the rule is proposed*; and
> **(3)** either the terms or substance of the proposed rule or a description of the subjects and issues involved.

**E.** The ***holding*** of the adjudged decision of the Supreme Court of the United States in *Chrysler v. Brown*, 441 U.S. 281 (1979) that only ***substantive regulations*** have the ***force and effect of law*** if published in the Federal Register with a comment period pursuant 5 U.S.C. § 553 ***precluding*** the 601 type regulations procedural (interpretative) and ***precluding*** the 301 administrative i.e., "housekeeping statute[s]" from having the ***force and effect of law*** accorded only to ***substantive regulations***.

**24. Precluded From Being Published in the Federal Register as** *General Applicability and Legal Effect and Substantive Regulations* **affecting the general public having the** *Force and Effect of Law*.

The ***preclusion law*** on publishing in the Federal Register rules and regulations having general applicability and legal effect, general applicability and substantive regulations with a comment period for the public affecting the general public consists of the rules and regulations relating to *Federal and State agency management or personnel, 601.xxx type interpretative rules, 301.xxx administrative organization, procedure or practice*, to wit:

**A.** FRA of 1935, 49 Stat. 500 at 501 (44 U.S.C. § 1505(a)(1)) being **Attachment B**, to wit:

> SEC. 5. (a) *There shall be published in the Federal Register* (1) *all Presidential proclamations and Executive orders*, *except such as have no general applicability and legal effect or are effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof*

**B.** APA Code at 5 U.S.C. § 553(a)(2), (b)(3)(A & B), (d)(2 & 3), to wit:

**a)** This section applies, according to the provisions thereof, *except to the extent that there is involved--*
**(1)** a military or foreign affairs function of the United States; or
**(2)** *a matter relating to agency management or personnel* or to public property, loans, grants, benefits, or contracts.
**(b)** General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include--
\* \* \*
**(3)** either the terms or substance of the proposed rule or a description of the subjects and issues involved.
Except when notice or hearing is required by statute, this subsection does not apply--
**(A)** *to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice;* or
**(B)** *when the agency for good cause finds* (and incorporates the finding and a brief statement of reasons therefor in the rules issued) *that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.*
\* \* \*
**(d)** The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, *except--*
**(1)** a substantive rule which grants or recognizes an exemption or relieves a restriction;
**(2)** *interpretative rules and statements of policy;* or
**(3)** *as otherwise provided by the agency for good cause found and published with the rule.*

C.  The *holding* of the adjudged decision of the Supreme Court of the United States in *Chrysler v. Brown*, 441 U.S. 281 (1979) that only *substantive regulations* have the *force and effect of law* if published in the Federal Register with a comment period pursuant 5 U.S.C. § 553 *precluding* the 601 type regulations procedural (interpretative) and *precluding* the 301 administrative i.e., "housekeeping statute[s]" from having the *force and effect of law* accorded only to *substantive regulations*.

## 25. Notice of Federal Tax Liens

All of Title 26 of Part 301 – Procedure and Administration Regulations was republished November 3, 1967 in the Federal Register at 32 FR 15241-15387 with the applicable *excerpt* 32 FR 15241-32 FR 15243 and 32 FR 15288 – 32 152289 concerning Notices of Federal Tax Liens with the statutory authority of same and specifically delineating whom the Notices of Federal Tax Lien have application as evidenced in 1.6331-1 and 1.6332-1 which is proffered as a Offer of Proof of same with the *excerpt* 32 FR 15241-32 FR 15243 and 32 FR 15288 – 32 15289 being **Attachment AA**, to wit:

§ **301.6331 Statutory provisions; levy and distraint.**
\* \* \*
Levy may be made upon the *accrued salary or wages of any officer, employee, or elected official,*

*of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia.* by serving a notice of levy on the employer *(as* defined In section 3401(d) ) of such officer, employee, or elected official. *[Emphasis added]*

\* \* \*

### § 301.6331-1  Levy and distraint.

\* \* \*

*(4) Certain types of compensation—* **(1)** *Federal employees.* Levy may be made upon the accrued salary or wages of any of the Armed Forces), or *elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either, by serving a notice of levy on the employer of the delinquent taxpayer.* As used In this subdivision, the term *"employer" means* (a) *the officer or employee of the United States, the District of Columbia, or of the agency or instrumentality of the United States or the District of Columbia, who has control of the payment of the wages,* or (b) any *other officer or employee designated by the head of the branch, department, agency, or instrumentality of the United States or of the District of Columbia as the party upon whom service of the notice of levy may be made.* If the head of such branch, department, agency or instrumentality designates an officer or employee other than one who has control of the payment of the wages, as the party upon whom service of the notice of levy may be made, such head shall promptly notify the Commissioner of the name and address of each officer or employee so designated and the scope or extent of his authority as such designee. *(ii) State and municipal employees. Accrued salaries, wages, or other compensation of any officer, employee, or elected or appointed official of a State or Territory, or of any agency, Instrumentality, or political subdivision* thereof, are also subject to levy to enforce collection of any Federal tax.  *[Emphasis added]*

This particular section published in the Federal Register has not been amended in the Federal Register and still is binding upon the parties to which it has application, being only the Federal and State employees/agencies as clearly delineated in 32 FR 15288 – 32 152289 of 1967.   This is further evidenced by the specific identity of the type of rule/regulation being 26 CFR Part 301 precluding any *general application and legal effect, general application* and *substantive regulation having the force and effect of law* upon the general public.

There are no *Part 1 substantive regulations for Individual Income Tax* to date ever been published in the Federal Register, i.e. substantive regulations as required to be published in the Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) at 67 FR 69675 being **Attachment BB**.

In 1967there was a transfer of the IRS to the ATF the functions associated with enforced collection of delinquencies of the special [occupational] tax, the domestic excise

tax on distilled spirits, wine, malt beverages, tobacco products, cigarette papers and tubes, and the firearms tax imposed by subtitle E of the Internal Revenue Code. Further more, certain procedural administrative rules are being adopted from IRS regulation in 26 CFR 301 to ATF regulations in 27 CFR part 70. As an Offer of proof that the source of the 27 CFR part 70 was adopted from 26 CFR 301 being the *excerpt* of the Federal Register filed on November 14, 1990 at 55 FR 47604 - 47605 being **Attachment E.**

It is clearly evidenced by the Federal Register publications that the Notice of Federal Tax Lien precluded the general public, ***general applicability and legal effect, general applicability*** and is accord for use ***only for federal employees, agencies and state employees and agencies***.

This is irrefutable evidence that the Notices of Federal Tax Liens filed against the Hymes and this instant Case is Fraud upon the Court and criminal in nature of false securities at a minimum.

26. Therefore for these issues of fact and law, this instant Case should be VACATED; And,

The claim for purported violation of the parole should be denied and the parole terminated immediately.

My Hand,

Donald Louis Hymes

**Certification**

This document and attachments have been sent by
United States Mail to

S. Cooper
Assistant United States Attorney
Fed. Bldg. and US Courthouse
101- 12th Avenue  Box 2
Fairbanks, AK 99701


This document and said attachments have been e-
mailed to:

M.J. Hadden
Federal Public Defender's Agency
601 W. 5th Avenue Suite 800
Anchorage, Alaska 99501
907-646-3400
907-646-3480 Fax
MJ_Haden@fd.org


Date: May 06, 2008

        /s/
Rita MariNa Hymes