IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DONALD L. HYMES,<br><br>　　　　Defendant. | Case No. 4:02-cr-00019-RRB<br><br>DENIAL OF MOTION<br>UNDER 28 U.S.C. § 2255 |

On May 6, 2008, Donald L. Hymes filed a motion under 28 U.S.C. § 2255, alleging that this Court is not an Article III Court, and has no jurisdiction over him.[1] Mr. Hymes' motion, as to any revocation of his supervised release, is premature,[2] and insofar as Mr. Hymes challenges the underlying conviction and/or sentence, the one-year statute of limitations has long since run.[3]

---

[1] *See* Docket No. 227.

[2] *See* Docket No. 224 (Magistrate Judge's Initial Report and Recommendation, recommending that Mr. Hymes' supervised release be revoked, with objections due June 13, 2008).

[3] *See* 28 U.S.C. 2255; *see also* Docket No. 189 (June 16, 2006, Court of Appeals judgment affirming this Court's judgment of conviction).

Furthermore, the grounds for collateral attack under § 2255, however, are narrowly limited.[4]  Mr. Hymes must show either (1) that his sentence was imposed illegally; (2) that the court lacked jurisdiction to impose the sentence; (3) that the sentence imposed exceeds the maximum authorized by law; or (4) that the sentence is "otherwise subject to collateral attack."[5]

Here, Mr. Hymes's assertion that this Court is not an Article III Court, and has no jurisdiction over him, is frivolous.[6]  Even if brought timely, therefore, his motion would have to be denied.

---

[4]  *See United States v. Addonizio*, 442 U.S. 178, 184 (1979).

[5]  *See* 28 U.S.C. § 2255; *Addonizio*, 442 U.S. at 185; *United States v. Mett*, 65 F.3d 1531, 1537 (9th Cir. 1995).

[6]  *See* United States Constitution, Article III, Section 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office"); 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); *compare Nguyen v. United States*, 539 U.S. 69 (2003) (Territorial courts are Article IV courts, rather than Article III courts, although subject matter jurisdiction is "substantially similar." *Id.* at 72.).  Alaska, of course, if not a territory.  *See* Pub.L. 85-508, July 7, 1958, 72 Stat. 339, as amended: ("...the State of Alaska is hereby declared to be a State of the United States of America, is declared admitted into the Union on an equal footing with the other States in all respect whatever ...").

**IT IS HEREBY ORDERED that:**

Mr. Hymes's motion under 28 U.S.C. § 2255 is DENIED.

DATED this 11th day of June, 2008, at Anchorage, Alaska.

/s/ RALPH R. BEISTLINE
United States District Judge
