Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**



RECEIVED
JUN 13 2008
CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

**UNITED STATES OF AMERICA**

*Plaintiff*

**v.**

**Donald Louis Hymes**

*Defendant*

**4:02-cr-00019 (RRB/ TH)**

**Objection to Docket 224 of Magistrate Hall
As a Writ (Nature) of a Mandamus**

Comes now Donald Louis Hymes ("Hymes") with this Objection to Docket 224 of Magistrate Hall ("Hall") as a Writ (Nature) of a Mandamus ("Mandamus").

Hall, Judge Beistline ("Beistline"), Stephen Cooper ("Cooper") and the USDC are bound by the Federal Register and the rules and regulations so published. And further, Hall, Beistline Cooper and the USDC court are attempting to force Hymes to commit felonies and perjury by not adhering to the mandatory requirements of the rules and regulations published in the Federal Register.

### Overview

Congress by and with the assistance of President Franklin Delano Roosevelt in 1935 unleashed upon the people of these United States by and though the Federal Register Act of 1935 the hordes of agencies from the abyss of Hell and rule by legal notice, which was many years in the making though the creation and use of *independent establishments* or similar such ruses outside the limited delegation of Powers from the people to the several States and the grant of limited Powers to the United States in the Federal Constitution and the Bill of Rights in our constitutional Republic.

Understanding Congress' statutory scheme and the complex matrix of mandated agency rules and regulations used by Agencies, which exercise no executive Power of the United States arising under Article II of the Federal Constitution, such as the Internal Revenue Service ("IRS") is the issue. The United States District Courts ("USDC"), established in 1948, exercising no judicial Power of the United States under the Authority of the United States, the IRS and the specific subjects of the Federal Register publication thereof, are bound when published, as required, for the specific intent of the publication in the Federal Register unless a disclaimer is used.

"The regulations relating to the taxes administered by the Service [IRS] are contained in Title 26 of the Code of Federal Regulations" as found in 26 CFR 601.101, 32 FR 15990-16035 (32 FR 15990-15991 for 601.101) of Nov. 22, 1967 as amended by several Federal Register publications under the statutory authority of 5 U.S.C. § 301 (government employees) and 5 U.S.C. § 552 (the public for substantive regulations).

The key to the rules and regulations of the IRS requires a minimum understanding including but not limited to the Federal Register Act ("FRA") of 1935 (published in the

Federal Register at 2 FR 2454-2456 November 12, 1937) rules and regulations must be published if required by Congress, has *general applicability and legal effect* precluding federal agencies and employees including Executive Orders or imposes a penalty; and, the Administrative Procedures Act ("APA"); and, 5 U.S.C. § 552(a)(1) of APA (substantive regulations must be published in the Federal Register ("FR") or the public is precluded from any adverse effect; and, 5 U.S.C. § 553 of the APA on rule making for the public as substantive regulations must have a comment period but not required if has only application for agencies and its employees in the FR publication; and, the Code of Federal Regulations ("CFR"); and, 5 U.S.C. § 301 (federal employees); and, the Paperwork Reduction Act ("PRA"); and, compliance with 44 U.S.C. 3507(d) of PRA on purposed rule making notice for obtaining information in the FR including Form 1040 – OMB 1545-0074; and, 44 U.S.C. § 3506(c)(B)(iii)((IV) of PRA informs the public if the information responses are voluntary, required to obtain a benefit, or mandatory; and, 26 CFR 602.101 Forms with OBM numbers under enforcement statutory authority of 26 U.S.C. § 7805 for both federal/state agency employees and public; and, the holding in *Chrysler v. Brown*, 441 U.S. 281 (1979) that only substantive regulations in compliance with the APA with a comment period for the public under the statutory authority of Congress have the ***force and effect of law*** precluding 301 procedural and administrative regulations with enforcement authority of 26 U.S.C. § 7805 having ***force and effect of law on the public as no comment period required by 5 U.S.C. § 553, are not part 1, part 20 or part 31 type regulations*** and precluding 601 procedural regulations which have no enforcement authority under 26 U.S.C. § 7805 but are procedural for both agencies employees (5 U.S.C. § 301) and the public (5 U.S.C. § 552); and, 26 U.S.C. § 7805

(E) Each amendment, revision, or repeal of matters referred to in paragraphs (a)(1)(i)(A) through (D) of this section.

(ii) Pursuant to the foregoing requirements, the Commissioner publishes in the **Federal Register** from time to time a statement, which is not codified in this chapter, on the organization and functions of the IRS, and such amendments as are needed to keep the statement on a current basis. _In addition, there are published in the Federal Register the rules set forth in this part 601 (Statement of Procedural Rules), such as those in paragraph E of this section, relating to conference and practice requirements of the IRS; the regulations in part 301 of this chapter (Procedure and Administration Regulations); and the various substantive regulations under the Internal Revenue Code of 1986, such as the regulations in part 1 of this chapter (Income Tax Regulations), in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations)._

(2) Limitations. (i) Incorporation by reference in the Federal Register. Matter which is reasonably available to the class of persons affected thereby, whether in a private or public publication, shall be deemed published in the Federal Register for purposes of paragraph (a)(1) of this section when it is incorporated by reference therein with the approval of the Director of the Office of the Federal Register. The matter which is incorporated by reference must be set forth in the private or public publication substantially in its entirety and not merely summarized or printed as a synopsis. Matter, the location and scope of which are familiar to only a few persons having a special working knowledge of the activities of the IRS, may not be incorporated in the Federal Register by reference. _Matter may be incorporated by reference in the Federal Register only pursuant to the provisions of 5 U.S.C. 552(a)(1) and 1 CFR part 20._

(ii) _Effect of failure to publish._ Except to the extent that a person has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section _which is required to be published in the Federal Register, such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section._ Thus, for example, _any such matter which imposes an obligation and which is not so published or incorporated by reference shall not *69676 adversely change or affect a person's rights._ [Emphasis added]

Therefore the mandatory requirements of the specific type of regulations are as follows used by the IRS:

1.    Part 601 (Statement of Procedural Rules) are under the authority of 5 U.S.C. § 301 for prescribing regulations for a government department and it's employees; and, 5 U.S.C. § 552 for general applicability including the public. Restated the 601 _procedural_ regulations are for _both agency (federal and state) employees and the public_. These type of regulations will not have a comment period under 5 U.S.C. § 553 and are not

substantive regulations imposing a obligation or duty upon the public.    These 601 regulations will not be used for enforcement as that requires 26 U.S.C. § 7805 statutory Authority, which will not found in the 601 regulations.

2.    Part 301 (Procedure and administration Regulations) are for agencies and their employees and as published in the Federal Register are used for enforcement against agency employees under 26 U.S.C. § 7805 plus other specific Code sections as required. The use of a type 301 regulation will preclude the comment period required under 5 U.S.C. § 553 precluding the 301 regulations from general applicability of 5 U.S.C. § 552(a)(1) for the public and general applicability and legal effect including Executive Orders of the President of the United States under the FRA of 1935 as amended.  ***Type 301 procedural and administrative regulations are only for enforcement against agency employees precluding substantive regulation enforcement for the public.***

3.    Substantive (rules) regulations for Part 1 (Income Tax Regulations), Part 20 (Estate Tax Regulations), and Part 31(Employment Tax Regulations) have the *force and effect of law for the public when under the statutory Authority of Congress as held in Chrysler v. Brown, 441 U.S. 281 (1979)*, proposed rules must have the mandatory comment period for the public under 5 U.S.C. § 553, must be in compliance with 5 U.S.C. § 552(a)(1) for substantive rules of general application, must be in compliance with 67 FR 69673-69688 on November 19, 2002, *supra*, and must be published in the Federal Register as a *Final Rule*.  If not so published in the Federal Register as a Final Rule an individual can't be adversely affected.

***If no substantive regulation is published in the Federal Register for each individual Code section under either Part 1, or under Part 20 or under Part 31 AND***

*under 26 U.S.C. § 7805 for enforcement this is preclusion law of any application to the*
*public!*

  If an individual Code section is published under Part 301 AND under 26 U.S.C. §
7805 for enforcement; then, that individual Code section is ONLY for the agency.

  Therefore in conclusion of the Overview, there are no rules and regulations that
have general applicability or general applicability and legal effect concerning the filing of
a Form 1040 with OMB 1545-0074 and to force Hymes to do chose between the lesser of
two evils is major violation of the Laws of the United States when if Hymes did file a
Form 1040 with OMB 1545-0074 he would be committing numerous felonies and
perjury.

### Jurisdiction

  The jurisdiction for this Mandamus is under 28 U.S.C. § 1361 to compel an
officer or employee of the United States or any agency thereof to perform a duty owed to
the ~~Plaintiff~~ *Defendant* Hymes does not waive the right to have these issues adjudicated in a
District Court of the United States arising under Article III of the Federal Constitution in
all Cases in Law and Equity exercising the judicial Power of the United States under the
Authority of the United States understanding that the United States District Court
("USDC") was established in 1948 in 28 U.S.C. § 132 incorporating also the Revisor's
Notes in the public record of 1948 in Title 28 United States Code Congressional Service
approved on June 25, 1948 in Pages 1487-2174.

### Mandamus

The 9th Circuit has consistently held that a Mandamus under 28 U.S.C. § 1361 (CODE) as in *Benny v. United States Parole Commission*, 295 F.3d 977, 989 (9th Cir. 2002) is proper where, to wit:

> "(1) the plaintiff's claim is clear and certain; (2) the [defendant's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available" citing *Oregon Natural Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995 (quoting *Fallini V. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

Hymes does claim that their Mandamus is clear and certain; and, that the duty of the *Plaintiffs* ~~Defendants~~ is only ministerial and so plainly prescribed as to be free from doubt; and, no other remedy is available.

This USDC court shall take judicial Notice of the cases and the public records published including but not limited to in the Federal Register and as mandated also in 44 U.S.C. § 1507 "The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, many be cited by volume and page number."

Hymes will establish that Hall, Beistline Cooper and the USDC court are bound by rules and regulations when so published in the Federal Register, i.e. that the duty owed to Hymes is purely ministerial by the IRS employees; and that it is clear and certain as published in the Federal Register of substantive regulations having the force and effect of law and of general applicability and legal effect; and, it is so plainly prescribed as to be free from doubt; and, there if no other remedy and Hall, Beistline Cooper and the USDC court are attempting to force Hymes to violate the law, commit numerous felonies and commit perjury.

Hymes demands that Court to issue the Mandamus to force the Hall, Beistline Cooper and the USDC court to produce the substantive regulations that have the force

and effect of law and the regulations that have general applicability and legal effect for Hymes to have a duty to file a Form 1040 and in support of the Notices of Federal Tax Liens that have been unlawfully and illegally filed; and, that Hall, Beistline Cooper and the USDC court shall only proceed under the rules and regulations of the IRS of which they are mere employees exercising no executive Power of the United States and can only proceed by substantive regulations and rules and regulations that have general applicability and legal effect when published in the Federal Register as mandated by Congress.

### I. Agencies and Employees and Officers Are to Obey its Own Rules and Regulations

**A.**    *Accardi Doctrine* – **Agencies shall Obey its own Rules and Regulations**

It has been firmly established in the adjudge decision of *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 265-268 (1954) known as the *Accardi Doctrine* that Agencies shall obey and adhere to their own rules and regulations.

Other cases affirming the *Accardi Doctrine* are: *Service v. Dulles*, 354 U.S. 363, 372, 380 (1957); *Hollingsworth v. Balcom*, 441 F.2d 419, 421 (6th Cir. 1971); *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 534 (5th Cir. 1980); *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975); *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999); *United States v. Heffner*, 420 F.2d 809, 810-811 (4th Cir. 1969); *United States v. Wiley's Cove Ranch*, 295 F.2d 436, 447-448 (8th Cir. 1961); *Northern States Power Co. v. Rural Electrification Admin.*, 248 F.Supp. 616, 621-622 (D.C. 4th Div. Minn. 1965).

*Hollingsworth v. Balcom*, 441 F.2d 419, 422 (6th Cir. 1971) affirmed the *Accardi Doctrine* adding that "departures from an agency's procedure 'cannot be reconciled with the fundamental principle that ours is a government of laws, not men."

*Payne v. Block*, 714 F.2d 1510, 1517 (11th Cir. 1983) affirmed the *Accardi Doctrine* adding that "An agency must follow its own procedures even though the procedure is more stringent than would be constitutionally required" citing *Morton v. Ruiz*, 415 U.S. 199, 235 (1974).

*United States v. Leahey*, 434 F.2d 7, 9-11 (1st Cir. 1970) affirmed the *Accardi Doctrine* adding *at page 10* "More important, citizen's faith in the even-handed administration of the laws would be eroded - just as much as if a municipality applied an ordinance to a selected group" And *at page 11* "[W]e hold that the agency had a duty to conform to its procedure, that citizens have a right to rely on conformance, and that the courts must enforce both the right and duty."

*Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir. 1977) affirmed the *Accardi Doctrine,* adding "An agency of the government must scrupulously observe rules, regulations or procedures which it has established.  When it fails to do so, *its actions cannot stand and courts will strike it down."*

**B.    Agency's failure to conform to its Own Rules or Regulations  Mandates the Courts to Reverse the Action.**

In the adjudged decision of *United States v. Heffner*, 420 F.2d 809, 811, 812 (4th Cir. 1970) it has been firmly established and held that *"An agency* of the government *must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down."*

See *National Labor Relations Board v. Welcome-American Fertilizer Co.*, 443 F.2d 19, 20 (9th Cir. 1971); *Bluth v. Laird*, 435 F.2d 1065, 1071 (4th Cir. 1970); *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir. 1995); *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975); *Hollingsworth v. Balcom*, 441 F.2d 419, 422 (6th Cir. 1971); *McCourt v. Hampton et. al*, 514 F.2d 1365, 1370 (4th Cir. 1975); *Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir. 1977); *Payne V. Block*, 714 F.2d 1510, 1517 (11th Cir. 1983); *Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986); *United States v. Dawson*, 486 F.2d 1326, 1329-1330 (5th Cir. 1973); *United States v. Leahey*, 434 F.2d 7, 11 (1st Cir. 1970); *United States v. Mathews*, 464 F.2d 1268, 1269-1270 (5th Cir. 1972).

In *United States v. Coleman*, 478 F.2d 1371, 1374 (9th Cir. 1973) *"Under the general principle that an agency is to be held to the terms of its regulations, Service v. Dulles*, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; *Vitarelli v. Seaton, 1959, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012, the judgment cannot stand."*

In *Equal Employment Opportunity Commission v. G.E. Co.*, 532 F.2d 359 (4th Circuit 1976) *at 371* "It is only when "noncompliance" with the agency's regulations "results in prejudice" that it will void or abate the administrative proceedings." *At further at 371*, to wit:

> FN37. See, *McCourt v. Hampton* (4th Cir. 1975) 514 F.2d 1365, where the Court said: ***This court has been and will be as assiduous in requiring the government to live up to regulations for the conduct of its own affairs when noncompliance results in prejudice to an adverse party, see, e. g., United States v. Heffner*, 420 F.2d 809 (4 Cir. 1969),** as it has and will continue to be in requiring a private citizen to regulate and conduct himself and his affairs in accordance with federal law. (p. 1370) *[Emphasis added]*

In the adjudged decision of the Supreme Court of the United States in *Vitarelli v. Seaton*, 359 U.S. 535, 546-547 (1959), to wit:

> <u>An executive agency must be rigorously held to the standards by which it professes its action to be judged.</u> See *Securities & Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87-88. Accordingly, if dismissal from employment is based on a defined procedure,

even though generous beyond *the requirements that bind such agency,* **that procedure must be scrupulously observed.** See *Service v. Dulles,* 354 U.S. 363. **This judicially evolved rule of administrative law is now firmly established** *and, if I may add, rightly so.* **He that takes the procedural sword shall perish with that sword.** *[Emphasis added]*

## C.    Criteria Establishing Binding Effect in Federal Register and the CFRs

For regulations to have the *force and effect of law* the 9th Circuit pronounced in

*Rank v. Nimmo,* 677 F.2d 692 (9th 1982) citing the holding in *Chrysler v. Brown,* 441

U.S. 281, 301-303 (1979), to wit:

> [T]o have the *"force and effect of law,"* they must (1) prescribe substantive rules-not interpretive rules, general statements of policy or rules of agency organization, procedure or practice-and, (2) conform to certain procedural requirements. *Chrysler Corp. v. Brown,* 441 U.S. 281, 301 (1979). *The first element requires that the rules be legislative in nature, affecting individual rights and obligations. Id. at 302. The second element requires that the agency promulgate the rules pursuant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress. Id. at 302-03. [Emphasis added]*

See also *Western Radio Services Co, Inc. v. Espy,* 79 F.3d 896, 901 (9th Cir.

1996); *United States v. Fifty-Three(53) Eclectus Parrots,* 685 F.2d 1131, 1136 (9th Cir.

1982).

In the adjudged decision of *American Petroleum Institute, et al. v. U.S. E.P.A.,*

216 F.3d 50, 68 (U.S. App. D.C. 2000), to wit:

> In determining whether an agency has taken final action the court has looked to a variety of factors, "including the agency's own characterization of its action, **publication or lack thereof in the Federal Register or Code of Federal Regulations,** and *whether the action has a **binding effect on the rights of parties,** and on the agency's ability to exercise discretion in the future." [Emphasis added]*

See also *American Portland Cement Alliance v. E.P.A.,* 101 F.3d 772, 775-776

(U.S. App. D.C. 1996) *at page 776* added to *American Petroleum Institute, et al. v. U.S.*

*E.P.A.,* 216 F.3d 50, 68 (U.S. App. D.C. 2000)  "[t]he real dividing point between

regulations and general statements of policy is publication in the Code of Federal

Regulations . . . " (cites omitted) "Publication in the Code is not just a matter of agency

convention.   The regulations governing the Code provide that in shall contain "each

Federal regulation of general applicability and legal effect" 1 C.F.R. § 8.1(a) 1996." See

also *Montrose Chemical Corp. of California v. E.P.A.*, 132 F.3d 90, 95 (U.S. App. D.C.

1998).

In *Applied Innovations, Inc. v. Regents of the Univ. of Minnesota*, 876 F.2d 626,

binding because *it had never been published in the Federal Register* and university had

no actual knowledge of it."

In *Contini v. Hyundai Motor Company, et al.*, 840 F.Supp. 22, 25 (S.D. USDC

N.Y. 1993) "Such *ex parte* staff advice, not formally adopted by the agency or published

in the Federal Register, is not binding on the courts. See 5 U.S.C. § 552(a); 5 U.S.C. §

500 *et seq.*; 44 U.S.C. §§ 1501-1511." *[Emphasis added]*

Standards for a binding regulation is pronounced in *The Wilderness Society v.*

*Norton*, 434 F.3d 584, 595, 596 (U.S. App. D.C. 2006), to wit:

> In determining whether an agency has issued a binding norm or merely a statement of
> policy, we are guided by two lines of inquiry. *"One line of analysis focuses on the*
> *effects of the agency action," asking whether the agency has "(1) 'impose[d] any rights*
> *and obligations,' or (2) 'genuinely [left] the agency and its decisionmakers free to*
> *exercise discretion.'"* CropLife Am. v. EPA, 329 F.3d 876, 883 (D.C.Cir.2003) (quoting
> *Cmty. Nutrition Inst. v. Young*, 818 F.2d 943, 946 (D.C.Cir.1987) (per curiam)). "[T]he
> language actually used by the agency" is often central to making such determinations.
> *Cmty. Nutrition Inst.*, 818 F.2d at 946. "The second line of analysis focuses on the
> agency's expressed intentions." *CropLife Am.*, 329 F.3d at 883. *The analysis under this*
> *line of cases "look[s] to three factors: (1) the [a]gency's own characterization of the*
> *action; (2) whether the action was published in the Federal Register or the Code of*
> *Federal Regulations; and (3) whether the action has binding effects on private parties*
> *or on the agency."* Molycorp, Inc. v. EPA, 197 F.3d 543, 545 (D.C.Cir.1999). Under
> either line of analysis, the MANAGEMENT POLICIES is a statement of policy, not a
> codification of binding rules.
> * * *
> It is particularly noteworthy that NPS did not issue its MANAGEMENT POLICIES
> through notice and comment rulemaking under 5 U.S.C. § 553 of the APA. Although the
> agency twice gave notice in the Federal Register of proposed policies, it never published
> a final version of the POLICIES in either the Federal Register or, **177*596 more
> significantly, in the Code of Federal Regulations.
> *Failure to publish in the Federal Register is indication that the statement in question*
> *was not meant to be a regulation since the [APA] requires regulations to be so*
> *published.* The converse, however, is not true: *Publication* in the Federal Register does
> *not* suggest that the matter published *was* meant to be a regulation, since the APA

requires general statements of policy to be published as well. The real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations, which the statute authorizes to contain only documents *"having general applicability and legal effect," and which the governing regulations provide shall contain only "each Federal regulation of general applicability and current or future effect."* [Emphasis added]

Standards in determining what is a regulation and if the regulation is binding as pronounced in *General Electric Co. v. E.P.A.*, 290 F.3d 377 (U.S. App. D.C. 2002), to wit:

The EPA urges the court to consider three factors: *"(1) the Agency's own characterization of its action; (2) whether the action was published in the Federal Register or the Code of Federal Regulations; and (3) whether the action has binding effects on private parties or on the agency."* Molycorp, Inc., 197 F.3d at 545; *see also Florida Power & Light Co. v. EPA,* 145 F.3d 1414, 1418 (D.C.Cir.1998); *American Portland Cement Alliance v. EPA,* 101 F.3d 772, 776 (D.C.Cir.1996). As the EPA concedes, however, *the third factor is the most important:* "[T]he ultimate focus of the inquiry is whether the agency action partakes of the fundamental characteristic of a regulation, i.e., that it has the force of law." Molycorp, Inc., 197 F.3d at 545. [5] The two tests overlap at step three of the *Molycorp* formulation-in which the court determines whether the agency action binds private parties or the agency itself with the "force of law." This common standard has been wellstated as follows: *If a document expresses a change in substantive law or policy (that is not an interpretation) which the agency intends to make binding, or administers with binding effect,* the agency may not rely upon the statutory exemption for policy statements, *but must observe the APA's legislative rulemaking procedures. [Emphasis added]*

See *The Wilderness Society v. Norton,* 434 F.3d 584, 595 (U.S. App. D.C. 2006); *Molycorp, Inc. v. U.S. E.P.A.,* 197 F.3d 543, 545 (U.S. App. D.C. 1999); *Croplife American, et al. v. E.P.A.,* 329 F.3d 876, 883 (U.S. App. D.C.); *Florida Power & Light Co. v. E.P.A.,* 145 F.3d 1414, 1418 (U.S. App. D.C. 1998).

## D.    If not Published in the Federal Register, it is Non-binding

If there no regulations published in the Federal Register, then it is not-binding. See *Fleet Real Estate Funding Corp. v. Smith,* 530 A.2d 919, 922 (Sup. Ct. PA 1987); *United States v. Coleman,* 200 F.Supp.2d 561, 569 (E.D. USDC N. Carolina 2002).

## E.    Disclaimer Required by Agency to Negate Binding Effect of Regulation

Disclaiming any rule or regulation with a disclaimer negates same to have the *force and effect of law* as pronounced in *Croplife American, et al. v. E.P.A.*, 329 F.3d 876, 883 (U.S. App. D.C.), to wit:

> [I]n which the court determines whether the agency action binds private parties or the agency itself with the 'force of law.' " *Id.* At 382. *General Electric* and other cases also make it clear that the agency's characterization of its own action is not controlling if it *self-servingly disclaims* any intention to create a rule with the "force of law," *[Emphasis added]*

## F.    Federal Laws and Regulations are Binding on State Courts

See *Lange v. Nelson-Ryan Flight Service, Inc.*, 108 N.W.2d 428, 466 (Sup. Ct Minn. 1961); *Schmidt v. Royer*, 574 N.W.2d 618, 624 (Sup. Ct. S.Dak 1998).

## G.    Regulations are Binding on all Parties when Published in the Federal Register

In the adjudged decision of *Service v. Dulles*, 354 U.S. 363, 372 (1957) ". . . that regulations validly prescribed by a government administrator are binding upon him as well as the citizen, and that this principle holds even when the administrative action under review is discretionary in nature." See also *United States el rel. v. Perkins*, 79 F.2d 533, 533 (2nd Cir. 1935); *United States v. Chin Fook Wah v. Dunton*, 288 F. 959, 959 (Dist. Ct. S.D. N.Y. 1923).

In *Sheridan-Wyoming Coal Co. Inc., v. Krug*, 172 F.2d 282, 287 (U.S. App. D.C. 1949) "The regulation was published in the Federal Register as one of general applicability and legal effect. It had the force and effect of statute. As such, it was binding upon the Secretary until repealed or modified by him."

In the "Final Rule" published in the Federal Register at 69 FR 57826-57835 at 69 FR 57829 in 2004 by the Department of Justice, it is held that publication in the Federal Register is binding on all who are within the jurisdiction of the United States, to wit:

Publication in the Federal Register unequivocally constitutes sufficient notice for due process purposes. *Congress has specified this form of notice and made that notice binding on all who are within the jurisdiction of the United States.* 44 U.S.C. 1507 *(publication in Federal Register "is sufficient to give notice of the contents of the document to a person subject to or affected by it").* *The courts have clearly relied upon the adequacy of notice by publication in the Federal Register since the Federal Register's inception.* See, e.g., *Lyng* v. *Payne*, 476 U.S. 926, 942–943 (1986); *Dixson* v. *United States*, 465 U.S. 482, 489 n.6 (1984); *Federal Crop Ins. Corp.* v. *Merrill*, 332 U.S. 380, 385 (1947). *The Department rejects the notion that more notice is required as a matter of law. The Department does not accept the premise of the commenters' arguments that it, or any other agency, is required to provide individual notice of the content of the law. Like citizens, aliens have a duty to know the law and abide by the law.* **[Emphasis added]**

It has long been established that publication in the Federal Register is legal notice and binding upon all who are affected thereby in the adjudged decision of *Bennett v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 717 F.2d 1167, 1169 (7th Cir. 1983), to wit:

> *It has long been established that publication of regulations in the Federal Register has the legal effect of constructive notice of their contents to all who are affected thereby.* 44 U.S.C. § 1507; *Federal Crop Insurance Corp.* v. *Merrill*, 332 U.S. 380, 384-85 (1947); *Diamond Ring Ranch, Inc.* v. *Morton*, 531 F.2d 1397, 1405 (10th Cir.1976). The United States Supreme Court has stated that such regulations are binding *"regardless of actual knowledge of what is in the Regulations or of the hardship resulting from ignorant innocence."* *Merrill*, 332 U.S. at 385. *[Emphasis added]*

See also *Dixson v. United States*, 468 U.S. 482 n.6 (1984).

The adjudged decision of the Supreme Court of the United States in *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-385 (1947) held that he who does business with the United States takes the risk of ascertaining that the Government or its agents stay within their authority and published regulations in the Federal Register are binding upon all who come within its jurisdiction regardless of your actual knowledge of what is in the regulations or the hardship resulting from innocent ignorance. *At 385 ibid* "Men must turn square corners when they deal with the Government."

See *Lying v. Payne*, 476 U.S. 926, 942-943 (1986); *Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000); *Friends of Sierra Railroad, Inc. v. Interstate*

*Commerce Commission*, 881 F.2d 663, 667-668 (9th Cir. 1989); *Roberts v. United States*, 13 Cl.Ct. 774, 777 (Cl. Ct. 1987).

In *Government of Guam v. United States*, 744 F.2d 699 (9th Cir. 1984) publishing in the Federal Register "constituted formal notice to the world of the United States' claim."

*Piccadilly Cafeterias, Inc. v. United States*, 36 Fed.Cl 330 (Ct.Cl 1996) pronounced Letter Rulings are not binding on the court and as the Secretary of Treasury was required to promulgate regulations, but proposed regulations are not binding on the court until they are a final rule.

*Maryland Casualty Co. v. United States*, 251 U.S. 342 (1920) held it is well settled that a regulation "adapted to enforcement of an act of Congress, the administration of which is confided to such department, has the force and effect of law if it be not in conflict with express statutory provision." See also *United States v. Pierre Grimaud*, 220 U.S. 506, 517(1911).

The adjudged decision of *Chapman v. Sheridan-Wyoming Coal Co.*, 338 U.S. 621, 629 (1950) pronounces that regulations ". . . promulgated pursuant to the Act and hence have the force of law. That it bind him as well as others while it is in effect is not doubted."

## H.    Treasury Regulations are Binding on the Government, it's Officials and the Taxpayer

The adjudged decision of *Pacific Nat. Bank of Seattle v. C.I.R.*, 91 F.2d 103, 105 (9th Cir. 1937) pronounced and cited by many circuits, to wit:

> The suggestion that Treasury Regulations having the force and effect of law are binding on taxpayers, but not on the Commissioner or on the Board of Tax Appeals, *cannot be entertained. **Tax officials and taxpayers alike are under the law, not above it.** [Emphasis added]*

In the adjudged decision of the Supreme Court of the United States in *Service v. Dulles*, 1957, 354 U.S. 363 (1957) it was pronounced that rules and regulations of an administrative agency are binding upon agency as well as the citizen.

In the adjudged decision of *Brafman v. United States*, 384 F.2d 863 (5th Cir. 1967) "The Treasury Regulations are binding on the Government as well as on the taxpayer: 'tax officials and taxpayers alike are under the law, not above it'."

See *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir. 1995); *Electronic Components Corp. of North Carolina v. National Labor Relations Board*, 546 F.2d 1088, 1090 (4th Cir. 1976); *Green v. United States*, 460 F.2d 412, 417 (5th Cir. 1972); *Hammond v. H.F. LenFest, USN*, 398 F.2d 705, 715 (2nd Cir. 1968); *Helvering v. Winmill*, 305 U.S. 79, 83 (1938); *Hugoton Production Co. v. United States*, 315 F.2d 868, 861 (Ct.Cl. 1963); *Iglesias v. United States*, 848 F.2d 362, 366-367 (2nd Cir. 1988); *J.G. Boswell Co. v. C.I.R.*, 302 F.2d 682, 685 (9th Cir. 1962); *Daiser Cement Corp v. United States*, 8 Cl.Ct. 34, 40-41 (Ct.Cl. 1985; *Lansons, Inc. v. C.I.R.* 622 F.2d 774, 776 (5th Cir. 1980); *McCord v. Granger*, 201 F.2d 103, 106-107 (3rd Cir. 1952); *Mutual Savings Life Ins. Co. v. United States*, 488 F.2d 1142, 1145 (5th Cir. 1974); *Roberts v. C.I.R.*, 176 F.2d 221, 223 (9th Cir. 1949); *Security Benefit Life Ins. Co. v. United States*, 517 F.Supp. 740, 753 (D. USDC Ks. 1980); *Tipton and Kalmbach, Inc. v. United States*, 480 F.2d 1118, 1121 (10th Cir. 1973); *Warner Bros. Pictures, Inc. v. Westover et al.*, 70 F.Supp. 111, 115 (D.C. S.D. Cal. 1947).

**I.    Reenacted Statute without Significant Alterations Then the Regulation under the Statute is Still Considered to have Force of Law**

In the adjudged decision of *Crane v. Commissioner of Internal Revenue*, 331 U.S. 1, 7-8 (1947) " . . . a relevant statutory provision has been repeatedly reenacted since

then in substantially the same form, the former [regulation] may itself be considered to have the force of law."

## II. Mandatory Publishing in the Federal Register of *general applicability and legal effect* affect the general public.

Under the Federal Register Act (FRA) and the Administrative Procedures Act (APA) we find the following mandates as to publishing documents in the Federal Register that have *general applicability and legal effect* (FRA), *general applicability* (APA), *substantive rules* (APA) and *force and effect of law* Supreme Court Case *holding*, to wit:

### A. Attachment 1 being Federal Reserve Act of 1935, 49 Stat. 500

In the Federal Register Act of 1935, 49 Stat. 500 at 501 (44 U.S.C. § 1505(a)(1)(2)(3)):

> 1.      SEC. 5. (a) *There shall be published in the Federal Register* (1) *all Presidential proclamations and Executive orders*; and,
> 2.      SEC. 5. (a) (2) such documents or classes of *documents as the President shall determine from time to time have general applicability and legal effect*; and,
> 3.      SEC. 5. (a) (3) *such documents or classes of documents as may be required so to be published by Act of the Congress: Provided,* That for the purposes of this Act *every document or order which shall prescribe a penalty shall be deemed to have general applicability and legal effect.*
> 4.      (b) In addition to the foregoing there shall also be published in the Federal Register *such other documents or classes of documents as may be authorized to be published pursuant hereto by regulations prescribed hereunder with the approval of the President.*

### B. APA Code at 5 U.S.C. § 552(a)(1)

The Administrative Procedures Act at 5 U.S.C. § 552(a)(1), to wit:

> Sec.  552. Public information;  agency rules, opinions, orders, records, and proceedings
> (a) Each agency shall make available to the public information as follows:
>  (1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public--
>  (A) descriptions of its central and field organization and the established places at which, *the employees* (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;
> (B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;

(C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) *substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency*; **and**

(E) each amendment, revision, or repeal of the foregoing.

*Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published.* For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register. *[Emphasis added]*

## C. *Prima facie* evidence at 26 CFR § 601.702(a), which was Published in the Federal Register at 67 FR 69675 (2002).

The IRS acknowledged and accepted by the IRS of the mandate 5 U.S.C. § 552(a)(1) as published in the **Attachment 2** being Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) *at 67 FR 69675*, to wit:

Authority: 5 U.S.C. 301 and 552.
§ 601.701 [Removed]
Par. 2. Section 601.701 is removed.
Par. 3. Section 601.702 is revised to read as follows:
§ 601.702 Publication, public inspection,
and specific requests for records.
(a) *Publication in the* Federal
Register—(1) *Requirement.* (i) Subject to the application of the exemptions and exclusions described in the Freedom of Information Act, 5 U.S.C. 552(b) and (c), and subject to the limitations provided in paragraph (a)(2) of this section, *the IRS is required under 5 U.S.C. 552(a)(1), to state separately and publish currently in the* **Federal Register** *for the guidance of the public the following information* (A) Descriptions of its central and field organization and the established places at which, the persons from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the IRS;
(B) Statement of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures which are available;
(C) *Rules of procedure*, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;
(D) *Substantive rules of general applicability adopted as authorized by law*, and statements of general policy or interpretations of general applicability formulated and adopted by the IRS; and
(E) Each amendment, revision, or repeal of matters referred to in paragraphs (a)(1)(i)(A) through (D) of this section.
(ii) Pursuant to the foregoing requirements, the Commissioner publishes in the Federal Register from time to time a statement, which is not codified in this chapter, on the organization and functions of the IRS, and such amendments as are needed to keep the statement on a current basis. In addition, *there are published in the Federal Register* the **rules set forth in this** *part 601 (Statement of Procedural Rules)*, such as those in paragraph E of this section, relating to conference and practice requirements of the IRS;

*the regulations in part 301 of this chapter (Procedure and Administration Regulations);* and the *various substantive regulations* under the Internal Revenue Code of 1986, *such as the regulations in part 1 of this chapter (Income Tax Regulations),* in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations).

(2) *Limitations.* (i) *Incorporation by reference in the* Federal Register. Matter which is reasonably available to the class of persons affected thereby, whether in a private or public publication, shall be deemed published in the Federal Register for purposes of paragraph (a)(1) of this section when it is incorporated by reference therein with the approval of the Director of the Office of the Federal Register. The matter which is incorporated by reference must be set forth in the private or public publication substantially in its entirety and not merely summarized or printed as a synopsis. Matter, the location and scope of which are familiar to only a few persons having a special working knowledge of the activities of the IRS, may not be incorporated in the Federal Register by reference. Matter may be incorporated by reference in the Federal Register only pursuant to the provisions of 5 U.S.C. 552(a)(1) and 1 CFR part 20.

(ii) *Effect of failure to publish.* **Except to the extent that a person *has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section which is required to be published in the* Federal Register, *such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section.* Thus, for example, *any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights.* [Emphasis added]** *[Note:   "Federal Register" is bold in original.]*

## D.  APA Code at 5 U.S.C. § 553

The Administrative Procedures Act at 5 U.S.C. § 553, to wit;

(b) *General notice of proposed rule making shall be published in the Federal Register,* unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include--
(1) a statement of the time, place, and nature of public rule making proceedings;
(2) *reference to the legal authority under which the rule is proposed;* and
(3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.

## E.    The *holding* of the Supreme Court of the United States in *Chrysler v. Brown,* 441 U.S. 281 (1979) that only *substantive regulations* have the *force and effect of law.*

Under the holding of *Chrysler v. Brown,* 441 U.S. 281 (1979) if substantive

regulations are published in the Federal Register with a comment period pursuant 5

U.S.C. § 553 *precluding* the 601 type regulations procedural and *precluding* the 301

administrative (interpretative) regulations i.e., "housekeeping statute[s]" from having the

*force and effect of law* accorded only to *substantive regulations.*

**Precluded From Being Published in the Federal Register as *General Applicability and Legal Effect and Substantive Regulations* affecting the general public having the *Force and Effect of Law*.**

The *preclusion law* on publishing in the Federal Register rules and regulations having general applicability and legal effect, general applicability and substantive regulations with a comment period for the public affecting the general public consists of the rules and regulations relating to *Federal and State agency management or personnel, 601.xxx type procedural rules, 301.xxx administrative (interpretative) organization, procedure or practice*, to wit:

### A. Federal Register Act of 1935 – 49 Stat. 500

In the Act of Congress in FRA of 1935, 49 Stat. 500 at 501 (44 U.S.C. § 1505(a)(1)) to wit:

> SEC. 5. (a) *There shall be published in the Federal Register* (1) *all Presidential proclamations and Executive orders, **except** such as have no general applicability and legal effect or **are effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof***

### B.    Administrative Procedures Act of 5 U.S.C. § 553

APA Code at 5 U.S.C. § 553(a)(2), (b)(3)(A & B), (d)(2 & 3), to wit:

> a) This section applies, according to the provisions thereof, *except to the extent that there is involved*--
> (1) a military or foreign affairs function of the United States; or
> (2) *a matter relating to agency management or personnel* or to public property, loans, grants, benefits, or contracts.
> (b) General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include--
> * * *
> (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.
> Except when notice or hearing is required by statute, this subsection does not apply--
> (A) *to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice*; or
> (B) *when the agency for **good cause finds** (and incorporates the finding and a brief statement of reasons therefor in the rules issued) **that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.***
> * * *

(d) The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, *except--*
(1) a substantive rule which grants or recognizes an exemption or relieves a restriction;
(2) *interpretative rules and statements of policy;* or
(3) *as otherwise provided by the agency for good cause found and published with the rule.*

## C.    *Chrysler v. Brown*, 441 U.S. 281 (1979) Precludes 601 (Procedure) and 301 (Procedure and Administrative) Regulations from having Force and Effect of Law.

The *holding* of the adjudged decision of the Supreme Court of the United States in

*Chrysler v. Brown*, 441 U.S. 281 (1979) that only *substantive regulations* have the *force*

*and effect of law* if published in the Federal Register with a comment period pursuant 5

U.S.C. § 553 *precluding* the 601 type regulations procedural (interpretative) and

*precluding* the 301 administrative i.e., "housekeeping statute[s]" from having the *force*

*and effect of law* accorded only to *substantive regulations*.

### III.    Notice of Federal Tax Liens

All of Title 26 of Part 301 – Procedure and Administration Regulations was

republished November 3, 1967 in the Federal Register at 32 FR 15241-15387 with the

applicable *excerpt* Federal Register of 1967 being 32 FR 15241-15243 and 32 FR 15288-

152289 concerning Notices of Federal Tax Liens with the statutory authority of same and

specifically delineating whom the Notices of Federal Tax Lien have application as

evidenced in 301.6331-1 and 301.6332-1, to wit:

§ 301.6331  Statutory provisions; levy and distraint.
* * *
Levy may be made upon the *accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia.* by serving a notice of levy on the employer *(as* defined In section 3401(d) ) of such officer, employee, or elected official. *[Emphasis added]*

* * *
§ 301.6331-1  Levy and distraint.
* * *
*(4) Certain types of compensation—* (1) **Federal employees.** *Levy may be made upon the accrued salary or wages of any of the Armed Forces), or __elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either,__*

*by serving a notice of levy on the employer of the delinquent taxpayer.* As used In this subdivision, the term *"employer" means* (a) *the officer or employee of the United States, the District of Columbia, or of the agency or instrumentality of the United States or the District of Columbia, who has control of the payment of the wages,* or (b) any *other officer or employee designated by the head of the branch, department, agency, or instrumentality of the United States or of the District of Columbia as the party upon whom service of the notice of levy may be made.* If the head of such branch, department, agency or instrumentality designates an officer or employee other than one who has control of the payment of the wages, as the party upon whom service of the notice of levy may be made, such head shall promptly notify the Commissioner of the name and address of each officer or employee so designated and the scope or extent of his authority as such designee.

*(ii) State and municipal employees. Accrued salaries, wages, or other compensation of any officer, employee, or elected or appointed official of a State or Territory, or of any agency, Instrumentality, or political subdivision* thereof, are also subject to levy to enforce collection of any Federal tax.     *[Emphasis added]*

This particular section published in the Federal Register has not been changed in the Federal Register and still is binding upon the parties to which it has application, being only the Federal and State employees/agencies as clearly delineated in 32 FR 15288 – 32 152289 of 1967.

As further evidenced of the This is further evidenced by the specific identity of the type of rule/regulation being 26 CFR Part 301 precluding any *general application and legal effect, general application* and *substantive regulation having the force and effect of law* upon the general public.

There are no *Part 1 substantive regulations for Individual Income Tax*, i.e. 26 CFR § 1.6331-x to date ever been published in the Federal Register, i.e. substantive regulations as required to be published in the Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) at 67 FR 69675.

Published in the Federal Register being 36 FR 15040-15041 of August 12, 1972, 26 CFR § 301.6331-1 was amended precluding "notice and public procedure thereon under subsection (b) of Section 553 of title 5. . . . " precluding being a substantive regulation.

Published in the Federal Register being 48 FR 10060-10061 of March 10, 1983

Final Regulations 301.6331-1 was amended.  At 48 FR 10060, to wit:

> *This document contains final regulations under section 6331 of the code relating to the authority of the Service to seize property by levy.*  Under 6331 of the Code the term "levy" includes the power of distraint and seizure by any means.  Regulation § 301.6331-(a)(1) provides that a levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property rights to property subject of levy.
> * * *
> *At 48 FR 10061* -- Although this regulation was published as a notice of proposed remaking that solicited public comment, the Internal Revenue Service *concluded* when the notice was published that the *regulations were interpretative* and that **the *notice and public procedure requirements of 5 U.S.C. 553 did not apply.***  Consequently, these regulations do not constitute regulations subject to the Regulatory Flexibility Act (5 U.S.C. chapter 6).  *[Emphasis added]*

Take judicial notice of "***This document contains final regulations under 6331 of the code relating to the authority of the Service to seize property by levy.***"  And further

take notice that these final regulations ". . . *relating to the authority of the Service to*

*seize property by levy . . . [these] regulations were interpretative.*"

The IRS by publication in the Federal Register admits that the 301.6331-1

regulations are *interpretative* precluding the 301.6331-1 of being a *substantive*

*regulation having the force and effect of law and general applicability and legal effect*.

But this is in total accord that substantive regulations having general applicability and

legal effect *are not required* to be published in the Federal Register according to the FRA

of 1935, 49 Stat. 500 at 501 (44 U.S.C. § 1505(a)(1)) "*Federal agencies or persons in*

*their capacity as officers, agents, or employees thereof*" and to the APA Code at 5

U.S.C. § 553(a)(2), (b)(3)(A & B), (d)(2 & 3) in particular "*(2) a matter relating to*

*agency management or personnel.* "

Published in the Federal Register being 42 FR 33731-33734 of July 1, 1977 of 31

CFR § 215.1, to wit:

> § 215.1  Scope of part.

This part relates to agreements between the Secretary of the Treasury and States (including the District of Columbia), cities or counties for withholding of State, city or county income or employment taxes from the compensation of *civilian Federal employees,* and for the withholding of State income taxes from compensation of members of the Armed Forces.
* * *
§ 215.2 Definitions
(h)(1) "*Employees*" for purposes of *State, City and county income or employment tax* withholding, **means** all *employees of an agency, other than members of the Armed Forces.* *[Emphasis added]*

Published in the Federal Register being 55 FR 3590 of February 2, 1990 amended

31 CFR § 215.2 Definitions, to wit:

(h)(1) *"Employees" for the purpose of State Income tax withholding,* **means** *all employees of an agency, other than members of the armed forces.* For city and county income or employment tax withholding, it means: (i) *Employees of an agency:* (ii) *Members of the National Guard* participating in exercises or performing duty under 31 U.S.C. 502; or (iii) *Members of the Ready Reserve* participating in scheduled drills or training periods, or serving on active duty for training under 10 U.S.C. 270(a). The term does not include retired personnel, pensioners, annuitants, or similar beneficiaries of the Federal Government, who are not performing active civilian service or persons receiving remuneration for services on a contract-fee basis. *[Emphasis added]*

The State Income Tax that is piggybacked on the Federal Income Tax   clearly evidenced by the Federal Register publications that the Notice of Federal Tax Lien precluded the general public, *general applicability and legal effect,* and is accord with *only federal employees, agencies and state employees and agencies.*

In 1990 when there was a transfer of the IRS to the ATF the functions associated with enforced collection of delinquencies of the special [occupational] tax, the domestic excise tax on distilled spirits, wine, malt beverages, tobacco products, cigarette papers and tubes, and the firearms tax imposed by subtitle E of the Internal Revenue Code. Further more, certain procedural administrative rules published in the Federal Register *excerpt* 55 FR 47604-05 of 1990 ATF regulations in 27 CFR Part 70 were adopted from IRS regulations in 26 CFR 301.xxx as there are no 26 CFR Part 1.6331-x substantive regulations.

**Federal Register Act.**

In 1935 at 49 Stat. 500 there was enacted an Act of Congress known as the

"Federal Register Act" and as to the contents therein of 49 Stat. 500 *et seq.*, 49 Stat. 500

– Federal Register Act of 1935, to wit:

> SEC. 4. As used in this Act, unless the context otherwise requires, the term "document" means any Presidential proclamation or Executive order and any order, regulation, rule, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or promulgated by a Federal agency; the terms "Federal agency" or "agency" mean the President of the United States, or any executive department, independent board, establishment, bureau, agency, institution, commission, or separate office of the administrative branch of the Government of the United States but not the legislative or judicial branches of the Government; and the term" person" means any individual, partnership, association, or corporation.
>
> SEC. 5. (a) ***There shall be published in the Federal Register*** (1) *all Presidential proclamations and Executive orders, except such as have no general applicability and legal effect or are effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof* (2) such documents or classes of ***documents as the President shall determine from time to time have general applicability and legal effect***; and (3) *such documents or classes of documents as may be required so to be published by Act of the Congress*: *Provided,* That for the purposes of this Act *every document or order which shall prescribe a penalty shall be deemed to have general applicability and legal effect.*
>
>   (b) In addition to the foregoing there shall also be **published in the Federal Register** *such other documents or classes of documents as may be authorized to be published pursuant hereto by regulations prescribed hereunder with the approval of the President*, but in no case shall comments or news items of any character whatsoever be authorized to be published in the Federal Register.
>
> SEC. 6. There is established a permanent Administrative Committee of three members consisting of the Archivist or Acting Archivist, who shall be chairman, *an officer of the Department of Justice designated by the Attorney General*, and the Public Printer or Acting Public Printer. The Director of the Division shall act as secretary of the committee. *The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act.* Such regulations shall provide, among other things: (a) The manner of certification of copies required to be certified under section 2, which certification may be permitted to be based upon confirmed communications from outside of the District *of* Columbia; (b) the documents which shall be authorized pursuant to section 5 (b) to be published in the Federal Register; (c) the manner and form in which the Federal Register shall be printed, reprinted, compiled, indexed, bound, and distributed; (d) the number of copies of the Federal Register, which shall be printed, reprinted, and compiled, the number which shall be distributed without charge to Members of Congress, officers and employees of the United States, or any Federal agency for their official use, and the number which shall be available for distribution to the public; and (e) the prices to be charged for individual copies of, and subscriptions to, the Federal Register and reprints and bound volumes thereof. *[Emphasis added]*

This excerpt is exceptional important being "There *shall be published in the*

*Federal Register* . . . *all Presidential proclamations and Executive orders* . . .*such*

*documents or classes of documents as may be required so to be published by Act of the*

*Congress* . . . every document or order ***which shall prescribe a penalty shall be deemed***

***to have general applicability and legal effect.***"

In an Act of Congress "To amend certain titles of the United States Code, and for

other purposes" starting at 65 Stat. 710 of October 31, 1951, provides the delegation

authority of the President of the United States any function which is vested in the

President by law, or function which such officer is required or authorized by to perform

with such designation and authorization shall be published in the Federal Register

evidenced by excerpt of 65 Stat. 710-713 and 730, to wit:

> "§ 301. General authorization to delegate functions; publication of delegations "*The*
> *President of the United States is authorized to designate and empower the head of any*
> *department or agency in the executive branch, or any official thereof who is required to*
> *be appointed by and with the advice and consent of the Senate, to perform without*
> *approval, ratification, or other action by the President* (1) *any function which is vested in*
> *the President by law,* or (2) *any function which such officer is required or authorized by*
> *law to perform only with or subject to the approval, ratification, or other action of the*
> *President: Provided,* That nothing contained herein shall relieve the President of his
> responsibility in office for the acts of any such head or other official designated by him to
> perform such functions. Such designation and authorization shall be in writing, ***shall be***
> ***published in the Federal Register,*** shall be subject to such terms, conditions, and
> limitations as the President may deem advisable, and shall be revocable at any time by
> the President in whole or in part.

And further, in the public record the Executive Oreder was published in the

Eisenhower, The White House, May 12, 1954.

Contained in 19 FR 2709-2712, at 19 FR 2712 so published is the following

excerpt of Section 6, to wit:

> PART V.   THE ATTORNEY GENERAL AND THE ADMINISTRATOR OF
> GENERAL SERVICES
>
> SEC. 6. ***The Attorney General*** and the Administrator of General Services are hereby
> ***designated and empowered jointly to perform the following-described functions without***
> ***the approval, ratification, or other action of the President:***
>
> (a) The authority vested in the President by section 5(a) of the act of July 26, 1935, ch.
> 417, 49 Stat. 501, as amended (44 U. S. C. 305(a)), ***to determine from time to time the***
> ***documents or classes of documents having general applicability and legal effect.***

(b)  The authority vested in the President by sections 6, 11(a), and 11(f) of said act, as amended (44 U. S. C. 306; 311(a); and 311(f)), to approve (or disapprove), respectively, (1) regulations, prescribed by the Administrative Committee of the Federal Register, for carrying out the provisions of that act (including the regulations referred to in section 5(b) of the act, authorizing publication in the FEDERAL REGISTER of certain documents or classes of documents), (2) actions of the Administrative Committee of the Federal Register requiring, from time to time, the preparation and publication in special or supplemental editions of the FEDERAL REGISTER of complete codifications of the documents, described in the said section 11(a), of each agency of the Government, and (3) regulations, prescribed by the Administrative Committee of the Federal Register, for carrying out the provisions of section 11 of the said act, as amended. *[Emphasis added]*

In the Federal Register 19 FR 2712 Section 6 is conclusive and legal evidence of the delegation of the President of the United States to the Attorney General and the Administrator of General Service jointly "*to determine from time to time the documents or classes of documents having general applicability and legal effect*."

This is unconstitutional to have the Attorney General and the Administrator of General Services to *censor, withhold and/or screen the documents that have general applicability and legal effect.*  This establishes the Attorney General and the Administrator of General Services as *Dictators.*  In a constitutional Republic there are three different branches of government as pronounced in *Martin v. Hunter's Lessee*, 14 U.S. 304, 329 (1816) "The object of the constitution to establish three great departments of government: the legislative, the executive, and the judicial department. The *first was to pass laws*, the *second to approve and execute them*, and the *third expound and enforce them*." Only the Courts of the United States arising under Article III are empowered to declare a "Law of the United States" unconstitutional or parts there once passed by Congress.

It is *well settled law that only the judicial department declares the law* as held and pronounced in adjudged decision of the Supreme Court of the United States in *Marbury v. Madison*, 1 Cranch 137, 177 (1803) "(i)t is emphatically the province and duty of the

judicial department to say what the law is." See also *United States v. Morrison*, 529 U.S. 598, 607 (2000); *Plaut v. Spendthrift Farm, Inc*, 514 U.S. 211, 211 (1995); *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 107 (1993).

Here in 19 FR 2712 section 6 the *Attorney General*, being in the Executive Branch of Government, *not only prosecutes people under the statutory authority of the documents having general applicability and legal effect published in the Federal Register*, but also the very same *Attorney General does "determine from time to time the documents or classes of documents having general applicability and legal effect" that WILL or WILL NOT be published in the Federal Register.*

### The Federal Register Act of 1935 at 49 Stat. 500 *et seq.*, 65 Stat. 710 of October 31, 1951, the Executive Order 10530 by Dwight D. Eisenhower and 19 FR 2712 are unconstitutional.

In the Federal Register Act of 1935 at 49 Stat. 500 *et seq.* was published in the Federal Register at 2 FR 2454-2456 November 12, 1937 and Hymes with the text contained therein specifically including, but not limited to the definitions of "document", "Federal agency", "agency" mean *"the President of the United States"*, etc in Section 4; and, in Section 5 "(2) such documents or classes of documents as the President shall determine from time to time have *general applicability and legal effect*;" and "(3) such documents or classes of documents *as many be required so to be published by Act of the Congress."*

### IV. 1 CFR § 1.1 - Definitions

Currently as published in the Federal Register at 37 FR 23602-26614, November 4, 1972 in 1 CFR § 1.1 – Definitions at 37 FR 23604 including but not limited to Documents *having general and legal effect*, to wit:

*Agency means each authority*, whether or not within or subject to review by another agency, *of the United States,* other than the Congress, the courts, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States;

Document includes any Presidential proclamation or Executive order, and any rule, regulation, order, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or *promulgated by an agency*

*Document having general applicability and legal effect means any document issued under proper authority prescribing a penalty or course of conduct, conferring a right, privilege, authority, or immunity, or imposing an obligation, and relevant or applicable to the general public, members of a class,* or persons in a locality, as distinguished from named individuals or organizations; and

Filing means making a document available for public inspection at the Office of the Federal Register during official business hours. A document is filed only after it has been received, processed and assigned a publication date according to the schedule in part 17 of this chapter.

*Regulation and rule have the same meaning. [Emphasis added]*

Note that *regulation* and *rule* have the same meaning in the CFRs, i.e. Federal Register at 37 FR 23602-26614, November 4, 1972.

## A. Cases under 1 CFR 1.1

In *United States v. Mowat*, 582 F.2d 1194, 1199 (9th Cir. 1978) pronounces that the Navy having subscribed to "Substantive rules of general applicability adopted as authorized by law" (same words in 5 U.S.C. § 551(a)(1)(D) by the IRS) gives legal effect to documents defined in 1 CFR § 1.1 as having general applicability and legal effect.

In *Wiggins Brothers, Inc. v. Dept. of Energy*, 667 F.2d 77, 89 (Temp. Emer. Ct. App. 1981) failure to publish in the CFRs "may be important in the proceedings to impose criminal penalties bases on criminal conduct."

In *Walton v. United States*, 184 F.Supp.2d 773, 776 (D.C. N.D Ill 2002) pronounces that "Acts of Congress" are precluded from 1 CFR § 1.1, but it does not preclude agencies such as the IRS from Documents having general applicability and legal effect.

## V. 1 CFR § 5.2 – Documents required to be filed for Public Inspection and Published

Currently in the Federal Register published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 5.2 – Documents required to be filed for public inspection and published in the Federal Register at 37 FR 23604 of documents required to be published by act of Congress and documents having general applicability and legal effect, to wit:

*The following documents are required to be filed for public inspection* with the Office of the Federal Register and published in the Federal Register:

(a) Presidential proclamations and Executive orders in the numbered series, and each other document that the President submits for publication or orders to be published.

(b) ***Each document or class of documents required to be published by act of Congress.***

(c) ***Each document having general applicability and legal effect. [Emphasis added]***

## VI. 1 CFR § 8.1 – Policy

Currently in the Federal Register as published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 8.1 – Policy at 37 FR 23605 under Chapter 15 of the Federal Register and Code of Federal Regulations of Title 44 of the United States Code the Director of the Federal Register ***shall publish*** * * * *[the] "Code of Federal Regulations", to contain each Federal regulations of* ***general applicability and legal effect.",*** to wit:

(a) ***Pursuant to Chapter 15 of Title 44,*** United States Code, the Director of the **Federal Register** ***shall publish*** periodically a special edition of the Federal Register to present a compact and practical code called the "Code of Federal Regulations", ***to contain each Federal regulation of general applicability and legal effect.***

(b) The Administrative Committee intends that every practical means be used to keep the Code *as current and readily usable as possible,* within limitations imposed by dependability and reasonable costs. *[Emphasis added]*

## Cases on 1 CFR § 8.1

In *Brock v. Cathedral Bluffs Shale Oil Co. et al.,* 796 F.2d 533, 538, 539, citing *Brennan v. Ace hardware Corp.,* 495 F.2d 368, 376 (8th Cir. 1974), to wit:

*Failure to publish in the Federal Register is indication that the statement in question was not meant to be a regulation*, see *539 Brennan v. Ace Hardware Corp., 495 F.2d 368, 376 (8th Cir.1974), *since the Administrative Procedure Act requires regulations to be so published.* See 5 U.S.C. §§ 552(a)(1)(D), 553(d) (1982).

*Ibid in Brock at 538* clearly defines that regulations "having general applicability and legal effect" shall be published, to wit:

The real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations, which the statute authorizes to contain only documents *"having general applicability and legal effect,"* 44 U.S.C. § 1510 (1982) (emphasis added), and which the governing regulations provide shall contain only *"each Federal regulation of general applicability and current or future effect,"* 1 C.F.R. § 8.1 (1986) [Emphasis added]

In *Richardson v. Bank of America*, 643 S.E.2d 410, 419, 420 (Ct App. N.C. 2007) citing 1 CFR § 8.1 (a) and *Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 539 (U.S. App. D.C. 1986) comes to the conclusion if there is no regulation published having "general applicability and legal effect" in the CFRs, i.e. the Federal Register ". . . *therefore never had the force of law*."

In *American Portland Cement Alliance v. Environ. Protection Agency*, 101 F.3d 772 (U.S. Ct. Appeals, D.C. 1996) was in accord with and citing *Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 538, 539 (U.S. App. D.C. 1986), *supra.*

In the Act of Congress codified at 44 U.S.C. § 1505(a) states *"There shall be published in the Federal Register"*, to wit:

(1) Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;

(2) documents or classes of documents that the President may determine from time to time have *general applicability and legal effect*; and

(3) *documents or classes of documents that may be required so to be published by Act of Congress. [Emphasis added]*

In the Act of Congress codified at 44 U.S.C. § 1510 preparation from time to time special editions of **"documents of each agency of the Government having general**

*applicability and legal effect*" relied upon by an agency to the discharge of its activities

or functions, to wit:

> (a) The Administrative Committee of the Federal Register, *with the approval of the President*, may require, from time to time as it considers necessary, the preparation and publication in special or supplemental editions of the Federal Register of complete codifications of *the documents of each agency of the Government having general applicability and legal effect, issued or promulgated by the agency by publication in the Federal Register* or by filing with the Administrative Committee, and *are relied upon by the agency as authority for, or are invoked or used by it in the discharge of, its activities or functions*, and are in effect as to facts arising on or after dates specified by the Administrative Committee. *[Emphasis added]*

## VI. Congress Mandates Agencies to Publish in the Federal Register Substantive Rules of General Applicability adopted as Authorized by law and Policies of General Applicability

Congress mandates to agencies to publish in the Federal Register *by law*

*substantive rules of general applicability* so the public has timely notice and the most

important of the regulations are the substantive rules in 5 U.S.C. § 552(a)(1)(D) and if not

so published a person's rights can't be affected, to wit:

> (D) *substantive rules of general applicability adopted as authorized by law*, and statements of general policy or interpretations of *general applicability formulated and adopted by the agency*; and
> (E) each amendment, revision, or repeal of the foregoing.
>
> *Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. [Emphasis added]*

The Internal Revenue Service has acknowledged and accepted this mandate of

Congress to publish *substantive rules of general applicability authorized by law* of 5

U.S.C. § 552(a)(1)(D) in 26 CFR § 601.702(a) *at 67* FR 69675 (2002) and as published in

the Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) *at 67

FR 69675* "various substantive regulations under the Internal Revenue Code of 1986),

such as various substantive regulations in part 1 (Individual Income Regulations)"; and,

"part 20 of this chapter (Estate Tax Regulations)," and "part 31 of this chapter (Employment Tax Regulations)" with the republishing of 26 CFR § 601.702 starting at 67 FR 69675.

## VII. Statutory Authority of Congress in 26 U.S.C. § 7805 for Regulations for IRS

Under the statutory authority of Congress in 26 U.S.C. § 7805 is mandated to prescribe *all needful rules and regulations* in relation to the internal revenue, to wit:

> Authorization.--Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, *the Secretary shall prescribe all needful rules and regulations for the enforcement of this title,* including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue. *[Emphasis added]*

In prescribing the rules and regulations for the administration of the internal revenue, the regulations must effectuate the will of Congress as expressed by statute.

The pronouncement by the Supreme Court of the United States in the adjudged decision of *Dixon v. United States*, 381 U.S. 68, 74 (1965) is that a regulation can not alter a statute and the statute must carry into the effect the will of congress expressed by the statute and if it does not do this, it is a mere nullity, to wit:

> Indeed, long before the tax year here in question this Court had made it clear that 'The power of an administrative officer or board to administer a federal statute and *to prescribe rules and regulations to that end is not the power to make law* * * * but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity.' Manhattan General Equipment Co. v. Commissioner of Internal Revenue, supra, 297 U.S. at 134, [FN7] 56 S.Ct. at 400.
> * * *
> 'The statute defines the rights of the taxpayer and fixes a standard by which such rights are to be measured. *The regulation constitutes only a step in the administrative process. It does not, and could not, *75 alter the statute. [Emphasis added]*

See also *Lynch v. Tilden Produce Co.*, 265 U.S. 315, 320-322; *Manhattan General Equipment Co. v. C.I.R.*, 297 U.S. 129, 134 (1936); *Guardians Ass'n v. Civil Service Com'n of City of New York*, 463 U.S. 582, 616 (1983); *Ernst & Ernst*, 425 U.S.

185, 213 (1976); *U.S. v. Larionoff*, 431 U.S. 864, 873 (1977); *Legal Environmental Assistance Foundation, Inc. v. U.S. Environmental Protection Agency*, 118 F.3d 1467, 1473 (11 Cir. 1997).

In the adjudged decision of the *In re Managed Care Litigation*, 135 F.Supp.2d 1253, 1271 (11th Cir. 2001) *citing Dixon, supra. Ibid at 1271* and in *Managed Care at 1271, Stewart v. Berstein*, 769 F.2d 1088, 1093 (5th Cir. 1985); "[T]he federal regulations can not themselves create a cause of action; this is a job for the legislature"; "[N]o implied private right of action can be found from regulations standing alone" citing *Sandoval v. Hagan*, 7 F.Supp.2d 1234, 1256 n.20 (N.D.Ala. 1998).

It seems quite clear that the statutory authority to promulgate regulations is posited in 26 U.S.C. § 7805 for the IRS; and, that the regulations must put into effect the will of Congress or the regulation is a nullity.

### VIII. Court is to Assure that 26 U.S.C. § 7805 IRS Regulations Fall Within Congressional Mandate

The Court does not sit as a committee to perfect the administration of tax laws and the Court is only to assure that the Commission's regulation fall within his authority to implement the Congress's mandate; and, this is found in the adjudged decision of the Supreme Court in *United States v. Correll*, 389 U.S. 299, 306-307 (1967), to wit:

> *But we do not sit as a committee of revision to \*307 perfect the administration of the tax laws.* Congress has \*\*450 delegated to the Commissioner, not to the courts, the task of prescribing *'all needful rules and regulations for the enforcement'* of the Internal Revenue Code. 26 U.S.C. s 7805(a). In this area of limitless factual variations 'it is the province of Congress and the Commissioner, *not the courts, to make the appropriate adjustments.' Commissioner* v. Stidger, 386 U.S. 287, 296, 87 S.Ct. 1065, 1071, 18 L.Ed.2d 53. *The rule of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner. [Emphasis added]*

See *U.S. v. Carwright*, 411 U.S. 546, 550 (1973); *Bingler v. Johnson*, 394 U.S. 741, 749-751 (1969); *Bob Jones Univ. v. U.S. Goldsboro Christian Schools, Inc.*, 461 U.S. 574, 596 (1983).

In the adjudged decision of *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001) it was *held*, to wit:

> *The Court does not \*\*1436 sit as a committee of revision to perfect the administration of the tax laws*. *United States v. Correll*, 389 U.S. 299, 306-307, 88 S.Ct. 445, 19 L.Ed.2d 537.    Instead, it defers to the Commissioner's regulations as long as they implement the congressional mandate in a reasonable manner.  *Id.*, at 307, 88 S.Ct. 445. *[Emphasis added]*

In the adjudged decision of the Supreme Court of the United States in *C.I.R. v. Portland Cement Co. of Utah*, 450 U.S. 156, 157 (1981) it was *held* "This Court customarily defers to Treasury Regulations that "implement the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450 (1967).  See also *C.I.R. ibid at 169.*

In the adjudged decision of the Supreme Court of the United States in *National Muffler Dealers Assoc. Inc. v. United States*, 440 U.S. 472, 477-78 (1979) citing *Correll, supra.* and the Court also pronounced *at 477*, to wit:

> We do this because "Congress has delegated to the [Secretary of the Treasury and his delegate, the] *Commissioner [of Internal Revenue], not to the courts*, the task of prescribing *'all needful rules and regulations for the enforcement'* of the Internal Revenue Code. *26 U.S.C. β 7805(a)."*  *United States v. Correll*, 389 U.S., at 307, 88 S.Ct. at 449.    That delegation helps ensure that in "this area of limitless factual variations," ibid., like cases will be treated alike.  It also helps guarantee that the rules will be written by "masters of the subject," *United States v. Moore*, 95 U.S. 760, 763, 24 L.Ed. 588, 589 (1878), *who will be responsible for putting the rules into effect. [Emphasis added]*

It seems quite clear that the Court does not sit as a committee to perfect the administration of the tax laws; and, the IRS is to promulgate regulations under the statutory authority of Congress; and, the Courts exercise review over the IRS actions.

## IX. How are the Substantive Regulations Identified in the Code of Federal Regulations from the Other Types of Regulations

All of the *substantive regulations* promulgated under the statutory authority will have the word "*Authority*" at the bottom of the regulation, in the text of the regulation, or be listed in one of the three substantive regulation tables which are; (1) C.F.R. T. 26, Ch. I, Subch. A, Pt. 1; and, (2) C.F.R. T. 26, Ch. I, Subch. B, Pt. 20; and, (3) C.F.R. T. 26, Ch. I, Subch. C, Pt. 31; and for 301 type of regulation see table C.F.R. T. 26, Ch. I, Subch. F, Pt. 301; and all are under the general grant of 26 U.S.C. § 7805 *and* also with the specific statutory grant identified such as 26 U.S.C. § 6012.  The word "Authority" will be contained only in parenthesis "( )" and not brackets "[ ]."

The CFRs requiring the statutory "Authority" citations of the Code are contained in 1 CFR § 21.40, 1 CFR § 21.52 and 1 CFR § 22.2 (in text or in parenthesis).

## X. Instructions to the IRS in 26 CFR 301.6065 on "Verification of Returns"

"[T]the regulations in *part 301* of this chapter (Procedure and Administration Regulations);" as published in the CFRs at 67 FR 69675 *et seq.* of 26 CFR § 601.702 in 67 FR 69673-69688 (2002) is supported by the publishing of the instructions of *part 301* (Procedure and Administration Regulations) of 26 CFR 301.6065 "Statutory provisions; verification of returns" and 26 CFR 301.6065-1 "Verification of returns", both of which Hymes proffers *excerpt* of 32 FR 15241 and 32 FR 15257, which was published in the Federal Register November 3, 1967 at 32 FR 15241-15387 of the statutory authority of Sec. 6065(a)(b) (26 U.S.C. § 6065 [1954 IRC]) with 26 CFR § 301.6065-1.  Federal Register excerpt 32 FR 15241 and 32 FR 15257, to wit:

> § 301.6065 Statutory provisions; verification of returns.
> Sec. 0065. *Verification* of returns—(e) *Penalties of* perjury. Except as otherwise provided
> by the Secretary or his delegate, any return, declaration, statement, or other document
> required to be made under any provision of the Internal revenue laws or regulations shall

contain or be verified by a written declaration that it is made under the penalties of perjury.
(b) *Oath. The* Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the Internal revenue laws or regulations shall be verified by an oath. This subsection shall not apply to returns and declarations with respect to income taxes made by individuals.
§ 301.6065-1 Verification of returns.
For provisions concerning the verification of returns and other documents, see the regulations relating to the particular tax.

## XI. There is NO Statutory Authority or Regulation in the CFRs or in the Federal Register of "general applicability and legal effect" to Authorize the IRS or Department of Justice for Penalties of Perjury Mandate of 26 U.S.C. § 6065, 26 CFR § 1.6065-1 or 26 CFR 1.6065-2T with the Form 1040, OMB 1545-0074

*The issue is there is absolutely <u>no current substantive regulation, i.e. rule</u> under*

*(OMB - 1545-0074), no <u>**Federal Register** **published**</u> mandated for "<u>**general applicability**</u>*

<u>*and legal effect*</u>" *of <u>**26 U.S.C. § 6065, 26 CFR 1.6065- 1 and 26 CFR § 1.6065-2T**</u>.*

## XII. Validation of the Code Authority of 26 U.S.C. § 6065 and Substantive Regulation of

### A. 26 CFR § 1.6065-1

### <u>The Year of 1954</u>

To establish the timeline and statutory authority, we must first go to the 1954 IRS

Code to find the following excerpt from the 1954 Code of 26 U.S.C. § 6065 and as

attached as an Offer of Proof, to wit:

SEC. 6065. VERIFICATION OF RETURNS.
(a) PENALTIES OF PERJURY.—Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.
(b) *OATH.*—The Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. ***This subsection shall not apply to returns and declarations with respect to income taxes made by individuals.*** *[Emphasis added]*

### <u>The Year of 1960</u>

In 1960 the substantive regulations under the statutory authority of 26 CFR §
6065 for 26 CFR § 1.6065-1 was published in the Federal Register as were all of the IRS
regulations were republished in 1960 under T.D. 6500 excerpt 25 FR 11402, 25 FR
11421 and 25 FR 12132 (1960) with the 6065 section, to wit:

§ 1.6065 Statutory provisions; verification of returns.
SEC. 6065. *Verification of returns* --
*(a) Penalties of perjury.* Except as otherwise provided by the Secretary or his delegate,
any return, declaration, statement, or other document *required to be made* under any
provision of the *Internal revenue laws or regulations shall contain or be verified by a
written declaration that it is made under the penalties of perjury.*

(b) *Oath.* The Secretary or his delegate may by regulations require that any return,
statement, or other document required to be made under any provision of the internal
revenue laws or regulations shall be verified by an oath. *This subsection shall not apply
to returns and declaration with respect to income taxes made by individuals.*
*[Emphasis added]*

### The Date of October 4, 1976

On October 4, 1976 the statutory authority for 26 U.S.C. § 6065(b) for the "Oath"
was removed by "*striking out,*" in P.L. 94-455, title XIX, § 1906(a)(6),(b) and in 90 Stat.
1824, to wit:

(6) Amendments of section 6065.--Section 6065
// 26 USC 6065. // (relating to verification of returns) is amended by *striking out
subsection (b) (relating to verification by oath),* and by striking out in subsection (a) the
following: "(a) *Penalties of Perjury.--*".

### The Date of October 18, 1976

The Unsworn Declaration of 28 U.S.C. § 1746 under P.L. just 14 days after the
removal of the "Oath" of 26 U.S.C. § 6065 was created.

There is are two instances in the procedural regulation under 26 CFR 601.702
under the statutory authority of 5 U.S.C. §§ 301 and 502 and for Subpart I under 39
U.S.C. 3220 for an Unsworn Declaration of 28 U.S.C. § 1746, which is for requesting
information, to wit:

26 CFR § 601.702(c)(5)(iii)(A)(3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.
* * *

26 CFR § 601.702(5)(iii)(C) -- A person requesting access to records of a partnership or a subchapter S Corporation shall provide a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, that the requester was a member of the partnership or subchapter S corporation for a part of each of the years included in the request.

There are several instances of regulations in 28 CFRs with 28 U.S.C. § 9.4 for Petitions for judicial forfeiture remission or mitigation of a judicial forfeiture addressed to the Attorney General, but the statutory authority has nothing to do with Title 26 of the United States Code.

### 26 CFR § 1.6065-1 - 2008 – Current Date

The *once substantive regulation 26 CFR § 1.6065-1 published in* 25 FR 11402, 25 FR 11421 and 25 FR 12132 (1960) exists today but with no statutory authority and it is NOT listed in the current substantive regulation table of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* (Individual Income Tax) of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

And further the current *26 CFR 1.6065-1* has no statutory "Authority" required by Congress at the bottom of the regulation either and as an Offer of Proof of same of 26 CFR 1.6065-1.

At the bottom of current 26 CFR § 1.6065-1 we find "[T.D. 6500, 25 FR 12108, Nov. 26, 1960] in 26 CFR § 1.6065-1. Upon reverting back to the Attachment 15 - 25 FR 11402, 25 FR 11421 and 25 FR 12132 of 1960, the statutory authority not longer exists due to the change as evidenced by **Attachment 16** in 1976 evidenced by 90 Stat. 1824.

And further 26 CFR § 1.6065-1 has never been republished as a substantive regulation since 1960 and the current 26 CFR § 1.6065-1 fails to disclose any statutory

authority to have "*general applicability and legal effect*" either in the substantive regulations table of of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.* or of at the bottom of 26 CFR § 1.6065-1.

The current 26 CFR § 1.6065-1 is shown as the authority in 26 CFR § 602.101 under the general requirement regulations and statutory authority of 26 U.S.C. § 7805 at the bottom of this very long regulations list in compliance with the PRA with the form identified as OMB 1545-0123 for 26 CFR § 1.6065-1 and as an Offer of Proof the excerpt of 26 CFR § 602.101. This Form OMB 1545-0123 for use with 26 CFR § 1.6065-1 is titled "U.S. Corporation Income Tax Return."

*26 CFR § 1.6065-1 is precluded from having general applicability and legal effect* as is not published in the Federal Register as mandated and also is precluded from being used with the Form 1040 with OMB 1545-0074 and the perjury statement at the bottom of the Form 1040 OMB 1545-0074.

### Regulations Such as 26 CFR 1.6065-1 are Invalidate  if Statute Changes or In Conflict

As 26 U.S.C. § 6065(b) has been stricken in 1976 and there has been no republishing in the Federal Register for 26 CFR § 1.6065-1, this invalidates 26 CFR § 1.6065-1 therefore flows *a fortiori* that *26 CFR § 1.6065-1 is precluded from general application and legal effect with the Form 1040 with OMB 1545-0074.*

In the adjudged decision of *Scofield v. Lewis*, 251 F.2d 128, 132 (5th Cir. 1958) "A Regulation, valid when promulgated, becomes invalid upon the enactment of a statute in conflict with the Regulation." *Citing Miller v. United States*, 294 U.S. 435.  See *Citizen's Nat. Bank of Waco v. United States*, 417 F.2d 675, 679 (5th Cir. 1969).

In the adjudged decision of *Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964) "The Commissioner may not prescribe any regulations which are not consistent with the statute; or which may add a restriction to the statute which is not there."

In the adjudged decision of *National Life Acc. Ins. Co. v. United States*, 524 F.2d 559, 560 (6th Cir. 1975) "Nor may the Commissioner add a restriction to the statute which is not contained in the statues" *citing Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964). *Ibid at 560* "Finding as we do that this regulation is an attempt to extend the meaning of the statute, we hold that it is invalid."

In the adjudged decision of the Supreme Court of the United States, to wit:

> *We recognize that this Court is not in the business of administering the tax laws of the Nation. Congress has delegated that task to the Secretary of the Treasury, 26 U.S.C. s 7805(a), and regulations promulgated under his authority,* if found to 'implement the congressional mandate in some reasonable manner,' must be upheld. *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967). See *Bingler v. Johnson*, 394 U.S. 741, 749--751, 89 S.Ct. 1439, 1444, 22 L.Ed.2d 695 (1969); *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948). *But that principle is to set the framework for judicial analysis; it does not displace it. [Emphasis added]*

### 26 CFR § 1.6065-2T — Current Date – A Fraud and Invalid Also

Upon inspection of the most current substantive regulation table *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* - Part I for Individual Income Taxes we find that the only *purportedly* substantive regulation listed is *26 CFR 1.6065-2T*, which is a temporary substantive regulation being the current substantive table - *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1*.

**A.    26 CFR § 1.6065-2T was Published in 1993 in 58 FR 68295**

26 CFR § 1.6065-2T was first published as a temporary regulation in 58 FR 68295 (TD 8510) on December 27, 1993 concerning only the issue of "TeleFile Voice Signature Test" and only for the two years of 1992 and 1993.  See pages 4 and 5 of **Attachment 21.**

**B.**      **26 CFR § 1.6065-2T was _Removed_ July 18, 2000 in 65 FR 44437-44438**

In Federal Register of July 18, 2000 in 65 FR 44437-44438 clearly as published lists that
26 CFR § 1.6065-2T was removed "Because the temporary regulations applied only to
1992 and 1993 calendar year returns, the IRS has decided to remove them."

Therefore the current substantive regulation table of Treas. Reg. T. 26, Ch. I,
Subch. A, Pt. 1 _**is a fraud**_ concerning the listing of substantive regulation _**26 CFR §
1.6065-2T**_ to create the fraudulent illusion that there is substantive regulations in support
of the Unsworn Declaration of 26 U.S.C. § 6065 for the Form 1040. Therefore as 26
CFR § 1.6065-1 is invalidate and 26 CFR § 1.6065-2T is actually removed flows _a
fortiori_ there is no _**general applicability and legal effect**_ for the jurat under the penalties
for 26 U.S.C. § 6065 with the Form 1040 with OMB 1545-0074.

### XIII. The 2005 Year Form 1040 Submitted to the OMB for # 1545-0074 – No Code Authority for 26 U.S.C. 6065 Listed for 2005 Year And No Authority for regulations 1.6065-1 or 1.6065-2T Listed for 2005 Year

For the conclusive and legal evidence of the Fraud of the IRS, IRS agents/officers
and _Department of Justice employees_ concerning the Form 1040 for OMB number 1545-
0074 of the Year of 2005 the 83i   under the signature of the IRS and OMB
representatives used by the IRS for submission to the OMB for OMB number 1545-0074
with the required certification, the _**regulations that will be attached to OMB number
1545-0074 are listed**_ and the statutory authorities of the Form 1040 with OMB number
1545-0074 are listed, which was  obtained by FOIA.

In this Offer of Proof that the Form 1040 OMB # 1545-0074 for Individual
Income Tax for "Individuals or households" Box 11.

And further the Form 1040 is **_mandatory_** in the collection of information on page 2 "OBLIGATION TO RESP: P **_Mandatory_**"; and, in the Paperwork Reduction Act Submission in Box 12 "c. P **_Mandatory_**" on page 4. Continuing on is the evidence of the compliance with the regulations of 5 CFR 1320.9 and 5 CFR 1320.8(b)(3) under the statutory authority of the Paperwork Reduction Act and specifically 44 U.S.C. § 3506(c) and in particular 44 U.S.C. § 3506(c)(1)(B).

It is conclusive and legal evidence that there is _no statutory authority of 26 U.S.C. § 6065 as_ evidenced by it's _absence_ for the OMB 1545-0074, Form 1040 of "The following are citations to U.S.C."

And further conclusive and legal evidence that there are _no regulations listed_ _**under the authority of 26 U.S.C. § 6065 being either 26 CFR § 1.6065-1 or 26 CFR §**_ _**1.6065-2T having "general applicability and legal effect"**_ for the Form 1040 OMB # 1545-0074 as evidenced by the _**absence**_ of both of these regulations in the list of regulations and any other regulation in the form of "1.6065-xx."

### XIV.    What "general applicability and legal effect" Has Been Published in the Federal Register for it to be "Mandatory" to Fill Out a Form 1040 with OMB 1545-0074 Four Times.

### Year of 2006

### 71 FR 71040

The _**general applicability and legal effect**_ of it being _**mandatory**_ to fill out a Form 1040 with OMB 1545-0074 is irrevocably conflated 26 CFR § 1.170A-11(b)(2), OMB 1545-1868 and OMB 1545-0123 (U.S. Corporation Income tax Return with this excerpt from 71 FR 71040, to wit:

> Paperwork Reduction Act
> The collection of information contained in these regulations has been reviewed and approved by the Office of Management and Budget _in accordance with the Paperwork_

*Reduction Act of 1995 (44 U.S.C. 3507(d)) under control number 1545–1868.* The collection of information in these final regulations is in § 1.170A–11(b)(2). The *__information required in § 1.170A–11(b)(2)__ concerning the date on which a corporation's board of directors authorizes a certain type of charitable contribution* assists the IRS in determining the deductibility of such contributions. *__Responses to this collection of information are mandatory.__*

In FR 71040 of the *__general applicability and legal effect__* including all of 71 FR

71040 and the excerpt *supra.* for corporations.    Note that 26 CFR § 1.170A-11 is not a

substantive regulation having *__general applicability and legal effect__* as evidenced by it's

absence in the substantive regulation table in - *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

### Year of 2003

### 65 FR 4918

The *__general applicability and legal effect__* of it being *__mandatory__* to fill out a Form

1040 with OMB 1545-0074 is irrevocably conflated with 26 CFR §§§§ 1.48–

12(d)(7)(iv), 1.152–3(c), 1.611–3(h) and 1.852–9(c)(1); *and,* OMB 1545-1868 with this

excerpt from 65 FR 4918, to wit:

> SUMMARY: This document contains final regulations that eliminate regulatory impediments to the electronic filing of Form 1040, "U.S. Individual Income Tax Return." *These regulations affect taxpayers who file Form 1040 __and who are required to file any of the following forms:__ Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120, "Multiple Support Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-Term Capital Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest Activities Schedules."*
> DATES: *Effective Date:* These regulations are effective January 31, 2003.
> FOR FURTHER INFORMATION CONTACT:
> Joseph P. Dewald, (202) 622–4910 (not a toll-free number).
> SUPPLEMENTARY INFORMATION:
> Paperwork Reduction Act
> The collection of information contained in these final regulations has been reviewed and approved by the Office of Management and Budget *in accordance with the Paperwork Reduction Act of 1995 (44 U.S.C. 3507(d)) under control number 1545–1783.* The collection of information in these final regulations is in §§ 1.48– 12(d)(7)(iv), 1.152–3(c), 1.611–3(h), 1.852–9(c)(1), and 301.6903–1(b). Responses to this collection of information are mandatory.

In 68 FR 4918 of the *__general applicability and legal effect__* including all of 68 FR

4918 if *any* of these Forms are filed, to wit:

> *1.      Form 56, "Notice Concerning Fiduciary Relationship"; or,*

2.    Form 2120, "Multiple Support Declaration"; or,
3.    Form 2439, "Notice to Shareholder of Undistributed Long-Term
       Capital Gains"; or,
4.    Form 3468, "Investment Credit"; or,
5.    Form T (Timber), "Forest Activities Schedules.'

Note that none of these regulations being 26 CFR §§§§ 1.48– 12(d)(7)(iv), 1.152–

3(c), 1.611–3(h) and 1.852–9(c)(1) is a substantive regulation having *general*

*applicability and legal effect* as evidenced by their absence in the substantive regulation

table in - *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

## Year 2002

## 67 FR 20038

In 67 FR 20038 that has ***general applicability and legal effect*** of it being

***mandatory*** to fill out a Form 1040 OMB 1545-00074 is of the same ilk as 65 FR 4918,

*supra* with OMB 1545-1783 is irrevocably conflated with numerous regulations and

proposed regulations ***and "who are required to file any of the following forms"***, to wit:

> SUMMARY: This document contains regulations designed to eliminate regulatory
> impediments to the electronic filing of Form 1040, "U.S. Individual Income Tax Return."
> *These regulations generally affect taxpayers who file Form 1040 electronically and who
> are required to file any of the following forms: Form 56, "Notice Concerning Fiduciary
> Relationship"; Form 2120, "Multiple Support Declaration"; Form 2439, "Notice to
> Shareholder of Undistributed Long-Term Capital Gains"; Form 3468, "Investment
> Credit"; and Form T (Timber), "Forest Activities Schedules."* The text of the temporary
> regulations also serves as the text of the proposed regulations set forth in the notice of
> proposed rulemaking on this subject in the Proposed Rules section in this issue of the
> Federal Register.

## Year 1999

## 64 FR 69903

The ***general applicability and legal effect*** of it being ***mandatory*** to fill out a Form

1040 OMB 1545-00074 as evidenced by 64 FR 69903 *et seq.* is irrevocably conflated

with numerous regulations and proposed regulations concerning partnerships, to wit:

> ACTION: Final regulations.

Page 47-54

SUMMARY: This document finalizes regulations relating to the optional adjustments to the basis of partnership property following *certain transfers of partnership interests under section 743, the calculation of gain or loss under section 751(a) following the sale or exchange of a partnership interest, the allocation of basis adjustments among partnership assets under section 755, the allocation of a partner's basis in its partnership interest to properties distributed to the partner by the partnership under section 732(c), and the computation of a partner's proportionate share of the adjusted basis of depreciable property (or depreciable real property) under section 1017. The changes will affect partnerships and partners where there are transfers of partnership interests, distributions of property, or elections under sections 108(b)(5) or (c).* In addition, the final regulations under section 732(c) reflect changes to the law made by the Taxpayer Relief Act of 1997.
* * *
Paperwork Reduction Act

The collections of information in these final regulations have been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act (44 U.S.C. 3507) under control number 1545-1588. Responses to these collections of information are *mandatory for partnerships that have made an election under section 754 and for which a section 743 transfer has been made, and for partnerships which distribute property in a transaction subject to section 732(d).*

In 64 FR 69903 of the *general applicability and legal effect* for partnership issues of *No* consequence to Hymes, so therefore no further investigation will be presented or required.

### XV.   <u>Wages</u> - 26 U.S.C. § 3401 and regulations of *"general applicability and legal effect"* i.e. substantive regulations

As evidenced as an Offer of Proof the regulations with *general application and legal effect* published in the Federal Register in 1960 in 25 FR 11402-11422 (1960) contained no substantive regulations for 26 CFR 1.3401-x but there were substantive regulations for Nonresident Aliens and Foreign Corporations starting at 1.1441-1 and ending at 1.1465-1 as evidenced in 25 FR 11419.

Hymes found that there still are no 26 CFR § 1.3401-x substantive regulations for "<u>wages</u>" in the current table of *general applicability and legal effect, i.e. the current substantive regulation table* Attachment 17 being *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.* But under the current - *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* pages 10 and 11 there are regulations of *general applicability and legal effect for* "<u>wages</u>" concerning

*"nonresident aliens and foreign corporations"* issued **under the Authority of** *26 U.S.C.*

*§1441* **and the Authority of** *26 U.S.C. § 3401(a)(6)* – "Wages (a)(6) for such services,

performed by a nonresident alien individual, as may be designated by regulations

prescribed by the Secretary;", to wit:

> AUTHORITY:Section 1.1441-2 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
> AUTHORITY:Section 1.1441-3 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and 26 U.S.C. 7701(l).
> AUTHORITY:Section 1.1441-4 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
> AUTHORITY:Section 1.1441-5 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and 26 U.S.C. 7701(b)(11).
> AUTHORITY:Section 1.1441-6 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
> AUTHORITY:Section 1.1441-7 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and 26 U.S.C. 7701(l).
> AUTHORITY:Section 1.1461-1 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
> AUTHORITY:Section 1.1461-2 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
> AUTHORITY:Section 1.1462-1 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.

### XVI.    Income - 26 U.S.C. § 861 – Income from sources within the United States

**26 CFR § 1.861-8 – Computation of taxable income from sources within the**

**United States and from other sources and activities.**

The regulation 26 CFR § 1.861-8 – "Computation of taxable income from sources

within the United States and from other sources and activities" has *general applicability*

*and legal effect*, i.e. it is a *substantive regulation* and this is evidenced in C.*F.R. T. 26,*

*Ch. I, Subch. A, Pt. 1* on page 15 of 26, to wit: "AUTHORITY: Section 1.861-8 also

issued under 26 U.S.C. 882(c)". This statutory authority for the 26 CFR 1.861-8 also

incorporates the general required grant for promulgating regulations of 26 U.S.C. § 7805

as evidenced by *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* on page 1 "AUTHORITY: 26 U.S.C.

7805, unless otherwise noted."

Therefore for *general applicability and legal effect*, i.e. as a *substantive regulation* the statutory (code) Authority is found in 26 U.S.C. 882(c), which is 26 U.S.C. § 882. — "Tax on income of foreign corporation connected with United States business."

As further evidence that the 26 U.S.C. § 861 *income* is *associated with only foreign corporations and foreign tax credits*, Hymes submits and the numerous Federal Register cites and *general applicability and legal effect* in 26 CFR § 1.861-8 — "Computation of taxable income from sources within the United States and from other sources and activities."

Contained within 26 CFR § 1.861-8(a) In general-(1) Scope go to "See paragraph (f)(1) of this section for a list and description of operative sections." Contained in 1.861-8(f)(1) are the application of "income", which is only for ***foreign corporation, foreign income, foreign tax credits, DISC and FSC taxable income and various options within this limited scope***, to wit:

> (f) Miscellaneous matters—(1) Operative sections.
>     (i) Overall limitation to the foreign tax credit
>     (ii) [Reserved]
>     (iii) DISC and FSC taxable income.
>     (iv) Effectively connected taxable income. Nonresident alien individuals and foreign corporations engaged in trade or business within the United States . . .
>     (v) Foreign base company income.
>     (vi) Other operative sections. The rules provided in this section also apply in determining—
>     (A) The amount of foreign source items of tax preference under section 58(g) determined for purposes of the minimum tax;
>     (B) The amount of foreign mineral income under section 901(e);
>     (C) [Reserved]
>     (D) The amount of foreign oil and gas extraction income and the amount of foreign oil related income under section 907;
>     (E) The tax base for individuals entitled to the benefits of section 931 and the section 936 tax credit of a domestic corporation that has an election in effect under section 936;
>     (F) The exclusion for income from Puerto Rico for bona fide residents of Puerto Rico under section 933;
>     (G) The limitation under section 934 on the maximum reduction in income tax liability incurred to the Virgin Islands;

(H) The income derived from the U.S. Ilrgin Islands or from a section 935 possession (as defined in § 1.935-1(a)(3)(i)).
(I) The special deduction granted to China Trade Act corporations under section 941;
(J) The amount of certain U.S. source income excluded from the subpart F income of a controlled foreign corporation under section 952(b);
(K) The amount of income from the insurance of U.S. risks under section 953(b)(5);
(L) The international boycott factor and the specifically attributable taxes and income under section 999; and
(M) The taxable income attributable to the operation of an agreement vessel under section 607 of the Merchant Marine Act of 1936, as amended, and the Capital Construction Fund Regulations thereunder (26 CFR, part 3). See 26 CFR 3.2(b)(3).

### XVII.    26 U.S.C. § 6012 – Persons required to make returns of income

**A.    26 CFR § 1.6012-1 – Individuals required to make returns of income.**

The cases that pronounce or hold that "taxpayers", i.e. Individuals, must file Returns is posited in 26 U.S.C. § 6012 but this duty is not required to be disclosed to a person indicted, to wit:  *United States v. Vroman*, 975 F.2d 669, 670-671 (9th Cir. 1992); *United States v.* Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991); *United States v. Bower*, 920 F.2d 220, 222 (4th Cir. 1990); *United States v. Drefke*, 707 F.2d 978, 981 (8th Cir. 1983); *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978); *United States v. Spine*, 945 F.2d 143, 149 (6th Cir. 1991);  *United States v. Stierhoff*, 500 F.Supp. 2d 55, 62-63 (D. R.I. 2007);  *United States v. Washington*, 947 F.Supp. 87, 91 (S.D. N.Y.1996);  Case and other unpublished Cases such as *United States v. Gaumer*, 27 F.3d 568, 572 (6th Cir. 1994); and in the Case 1-06-cr-42 in the USDC for the District of Rhode Island of UNITED STATES OF AMERICA v. Neil Stierhoff Docket 89 pages 5-6 under the signatures of the Department of Justice John N. Kane and Thomas G. Voracek and Docket 101 pages 10-11 under the signature of USDC Judge Mary M. Lisi.

In 26 CFR § 1.6012-1(a) that was published in the Federal Register on November 10, 1970 as 35 FR 17329-17331 including but not limited to the excerpt of § 1.6012-1(a)(1) at 35 FR 17330, to wit:

> (1) *In general.* Except as provided in subparagraph (2) of this paragraph, an income tax return *must be filed by every individual* for each taxable year beginning before January 1, -1973, during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he receives $750 or more of gross income, if such individual is –
> (i) *A citizen of the United States,* whether residing at home or abroad,
> (ii) A *resident of the United States* even though not a citizen thereof, or
> (iii) An *alien bona fide resident of Puerto Rico* during the entire taxable year.
> *[Emphasis added]*

This particular section of the ***general applicability and legal effect*** of 26 CFR 1.6012(a)(1) has not been amended until April 9 of 2008 of the ***general applicability and legal effect***, **i.e. *substantive regulation*** – Federal Register publishing of 73 FR 19350-19377 on April 9, 2008 and including but not limited the to the change made in 1.6012(a)(1)(iii) of an alien bona fide resident of Puerto Rico by the addition of possessions of 1.931-1(c)(1) being Guam, American Samoa, or Northern Mariana Islands to (iii) at– page 28 of 29 at 73 FR 19376, to wit:

> § 1.6012–1 Individuals required to make
> returns of information.
> (a) * * *
> (1) * * *
> (iii) An alien bona fide resident of Puerto Rico or any section 931 possession, as defined in § 1.931–1(c)(1), during the entire taxable year.
> * * * * *

## XVIII.  Federal Regulations Govern

In the adjudged case of *Dodd v. United States,* 223 F.Supp. 785, 787 (D.C. N.J. 1963) "For Federal tax purposes, the Federal Regulations govern." *Lyeth v. Hoey,* 305 U.S. 188 (1938)." See also *In re McGauley's Estate*, 504 F.2d 1030, 1032 (2nd Cir. 1974) *citing Lyeth v. Hoey,* 305 U.S. 188 (1938); *U.S. Trust Co. of New York v. C.I.R.*, 321 F.2d 908, 910-911 (2nd Cir. 1963) *citing Lyeth v. Hoey,* 305 U.S. 188 (1938); *Citizens and*

*Southern Nat. Bank v. United States*, 451 F.2d 221, 227 (5th Cir. 1971) *citing Lyeth v. Hoey*, 305 U.S. 188 (1938); *Estate of Millikin v. C.I.R.*, 106 F.3d 1263,1268-1269 (6th Cir. 1997); *Kostrikin v. United States*, 106 F.Supp. 2d 1005, 1009 (E.D.C. Cal. 2000).

### XIV.   No Other Remedy Available

There is not other Remedy available as Hall, Beistline Cooper and the USDC court are attempting to violate my parole and to force me to commit felonies and perjury.

### Conclusion and Remedy

Hymes has met and exceeded all of the prongs for a Mandamus and therefore demands that Hall, Beistline Cooper and the USDC court operate only against Hymes with substantive regulations that have the force and effect of law and regulations that only have general applicability and legal effect; and, for the Hall, Beistline Cooper and the USDC court to cease and desist under the direction of this Court until a hearing can be established to have the Hall, Beistline, Cooper and the USDC court prove under Oath they have following the lawful authority as employees and produce the substantive regulations that have the force and effect of law and the regulations that have general applicability and legal effect that have been published in the Federal Register; and Hymes will be irreparably harmed if this Court does not by whatever means it determines force the Hall, Beistline, Cooper and the USDC court to operate with the scope of their substantive regulations that have the force and effect of law and regulations that have general applicability and legal effect, which will require this Court to issue some sort of Injunctive relief or whatever the Court determines is judicially expeditious.

And further, Hymes' purported Parole violations should be dismissed with prejudice and Hymes released from all control of this court.

My Hand,

_Donald Louis Flynn_

Certificate of Service:
I certify that a true and correct copy of this
Mandamus were either mailed first class or delivered
personally to the following parties, to wit:

Stephen Cooper
U.S. Attorney's Office (Fbks)
101 12th Avenue
Box 2
Fairbanks, AK 99701
907-456-0245
Fax: 907-456-0577
Email: Stephen.Cooper@usdoj.gov

By E-mail to
M. J. Haden
mj-haden @ fd.org

Date _June 13. 2008_

_____
Signature

_Rita Marihaldymes_