The United States of America

The United States

District Court of the United States

District of Alaska

RECEIVED
JUL 7 2008
CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

UNITED STATES OF AMERICA,       )
    *Plaintiff,*       )
           )
*versus*       )
           )
Donald Louis Hymes, Individually       )
    *Defendant*       )
           )

## Case - 04:02-cr-019

### Motion in the Nature of a Writ of Mandamus under Rule 81(b)

Comes now Donald Louis Hymes ("Hymes") without Assistance of Counsel with this Motion in the nature of a Writ of Mandamus and under Rule 81(b) *to confine an inferior court, being Judge Ralph R. Beistline (Beistline), to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.*

### Mandamus

### Ministerial Duties – Employees

The 9th Circuit has consistently held that a Mandamus under 28 U.S.C. § 1361 (CODE) as in *Benny v. United States Parole Commission*, 295 F.3d 977, 989 (9th Cir. 2002) is proper where, to wit:

> "(1) the plaintiff's claim is clear and certain; (2) the [defendant's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is

available" citing *Oregon Natural Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995 (quoting *Fallini V. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

The Hymes does claim that the Mandamus is clear and certain as evidenced by this Mandamus and Attachments; and, that the duty of the Plaintiff, including United States District Judges, as well as all Internal Revenue Service (IRS) Agents/Officers/Employees (employees) *is only ministerial. All are exclusively only employees* who are mandated to have a Form 61 on file as an "*employee of the Government of the United States or any agency thereof*" as evidenced by Offers of Proof examples including but limited to the being **Attachment A1** of the ex-Commissioner of Internal Revenue Charles O. Rossotti; and, being **Attachment A2** of Revenue Officer of the Internal Revenue Service ("IRS") of Michael Walsh (Alaska); and, being **Attachment A3** of United States District Judge Ralph R. Beistline (Alaska); and, being **Attachment A4** of United States District Judge James K. Singleton (Alaska); and, so plainly prescribed as to be free from doubt; and, no other remedy is available in the current Administrative State as the IRS employees and as are the courts are bound by the mandates of Congress (CODE), of the Rules and Regulations published in the Federal Register and the Code of Federal Regulations ("CFR") under the specific requirements of Congress to discern if the Rules and Regulations are for the Federal (agency) and State (agency) employees or the public.

### Judges – Abuses of judicial Power of the United States

As pronounced in the adjudged decision of *Will v. United States*, 389 U.S. 90, 95-96 (1967) the Writ of Mandamus to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise it authority when it is its duty to do so, to wit:

*At 95 ibid,* The peremptory writ of mandamus has traditionally been used in the federal courts only *'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. 'Roche v. Evaporated Milk Assn.,* 319 U.S. 21, 26, 63 S.Ct. 938, 941 (1943). While the courts have never confined themselves to an arbitrary and technical definition of 'jurisdiction,' it is clear that only exceptional circumstances amounting to a judicial *'usurpation of power'* will justify the invocation of this extraordinary remedy. *De Beers Consol. Mines, Ltd. v. United States,* 325 U.S. 212, 217, 65 S.Ct. 1130, 1132, 89 L.Ed. 1566 (1945).

* * *

*At 96 ibid, . . . where a district judge displayed a persistent disregard of the Rules of Civil Procedure promulgated by this Court, La Buy v. Howes Leather Co.,* 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); see *McCullough v. Cosgrave,* 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992 (1940); *Los Angeles Brush Mfg. Corp. v. James,* 272 U.S. 701, 706, 707, 47 S.Ct. 286, 288, 71 L.Ed. 481 (1927) (dictum). And the party seeking mandamus has 'the burden of showing that its right to issuance of the writ is *'clear and indisputable.''Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953); see *United States ex rel. Bernardin v. Duell,* 172 U.S. 576, 582, 19 S.Ct. 286, 287 (1899). *[Emphasis added]*

In the adjudged decision of *The Board of Commissioners of Knox County, Plaintiffs in Error v. Aspinwall et al.,* 65 U.S. 376, 383-384 (1860), to wit:

for it must be admitted, that, according to the *well-established principles and usage of the common law, the writ of mandamus* is a *remedy to compel* any *person,* corporation, *public functionary, or tribunal,* to *perform some duty required by law,* where the party seeking relief *has no other legal remedy,* and the duty sought to be *enforced is clear and indisputable.*

## Overview

### Two Distinct Different Groups for Taxation of Internal Revenue with Two Distinct Statutory Authorities.

The complex obfuscatory Internal Revenue Code of Title 26 U.S.C. with the mandated Title 26 CFRs establish the administration of the Individual Income Tax by the Internal Revenue Service. Congress has established rules that create application of the Individual Income Tax upon **only two** distinct and separate groups. The Authority of Congress has mandated publishing all regulations in the Federal Register, and under the Administrative Procedures Act 5 U.S.C. § 552(a)(1) it mandates that *substantive rules* (rules and regulations have the same meaning – 1 CFR § 1.1) of general applicability undergo the requirements of 5 U.S.C. § 553 with a comment period; and, in conjunction

with the mandates of the Paperwork Work Reduction Act of 1995 ("PRA").  For the 5 U.S.C. § 301 statutory authority for federal employees they will not comply with the mandates of 5 U.S.C. § 553 for rule making with a comment period.  These mandates can be succinctly be delineated between *two distinct groups whereby each is specifically bound by very specific rule making*.

Under the statutory scheme of Congress *the two distinct groups are conclusively disclosed* in 26 CFR § 601.702 as published in the Federal Register at 67 FR 69673-69688 (2002), specifically at 67 FR 69675 for part 601 (Statement of Procedural Rules), being **Attachment B** under the statutory authority of two statutes, to wit:

**Group 1:** being **5 U.S.C. § 301** -- defines employees of the federal government (State employees "piggyback" on federal government rules); and,

**Group 2:** being **5 U.S.C. § 552(a)(1)** - defines substantive rules of general applicability that *precludes federal employees* and pertains to *private sector parties only* (including, but is not limited to, "citizens of the United States" in 26 CFR § 1.6012-1; and, the operative sections in 26 CFR § 1.861(f)(1) discussing DISC and FSC taxable income, nonresident alien individuals and foreign corporations, foreign base income, etc.

**Rulemaking for Group 1 *versus* Group 2 Mandated by 5 U.S.C. § 553.**

The rule making for **Group 1** for the federal/state employees mandated by 5 U.S.C. § 553 will not include the mandated comment period mandated for **Group 2** "citizens of the United States", etc. and the preclusion of 5 U.S.C. § 553 will be disclosed only in the Federal Register for **Group 1**.

The rule making for **Group 2** being "citizens of the United States", etc. consisting of all "substantive rules of general application" mandated under 5 U.S.C. § 552(a)(1) must be published in the Federal Register and the rulemaking compliance must be disclosed concerning compliance with a comment period as mandated in 5 U.S.C. § 553.

**Indentifying the Rules for Group 1 versus Group 2**

In 26 CFR § 601.702 being **Attachment B** as published in the Federal Register at 67 FR 69673-69688 (2002) specifically at 67 FR 69675 for the part 601 (Statement of Procedural Rules) the rules for identification for each of the two groups is also disclosed under the statutory authority of *5 U.S.C § 301* (federal employees) and *5 U.S.C. § 552* the public and substantive regulations requirements and rulemaking requirements.

For **Group 1** for federal employees the rules will start with *301.xxxx* as stated at 67 FR 69675 "[T]he regulations in part 301 of this chapter (Procedure and Administration Regulations);."

To conclusive confirm that the statutory authority of 5 U.S.C. § 301 for **Group 1** for federal employees is identified as *301.xxxx* rules, five (5) different Offers of Proof will be presented.

**Offer of Proof 1 – "301" type regulations is linked directly to only 5 U.S.C. § 301 for federal employees.**

In **Attachment C** published in the Federal Register Final Rule 59 FR 39910-39931 published August 4th, 1994 for the Department of Justice by then Attorney General of the United States Janet Reno at 59 FR 39915 the conclusive evidence of the holdings in *Chrysler v. Brown*, 441 U.S. 281, 307-316 (1979) *of "301" type regulations known as "house keeping" regulations,* which *do not have the force and effect of law ibid. under Chrysler holdings* and will not have a comment period as mandated by 5 U.S.C. § 553

*ibid. Chrysler's holdings* is **_linked directly to 5 U.S.C. § 301, which is only for federal_**

**_employees_**, to wit:

> Rules governing the conduct of Department attorneys, or any other officials of the Executive Branch, *may be promulgated only pursuant to constitutional or statutory authority.* Congress's delegation of authority need not be specific or explicit. *Chrysler Corp.* v. *Brown,* 441 U.S. 281, 307-08 (1979). The Department believes that it possesses appropriate statutory authority to promulgate this regulation *pursuant to two distinct sources: 5 U.S.C. 301 ("commonly referred to as the 'housekeeping statute,'" Chrysler Corp., 441 U.S. at 309 (citation omitted)),* and title 28 of the United States Code, which in a variety of provisions authorizes the Attorney General and the Department to enforce federal law and to regulate the conduct of Department attorneys.
>
> Section 301 of title 5, United States Code, authorizes the Attorney General to "prescribe regulations for the government of [her] department," "the conduct of its employees," and "the distribution and performance of its business." 5 U.S.C 301. The Supreme Court has held that this provision authorizes the Attorney General to issue regulations with extra-departmental effect. *See, e.g., Georgia* v. *United States,* 411 U.S. 526, 536 (1973) (holding that section 301 provided the Attorney General with "ample legislative authority" to issue regulations that established procedural and substantive standards binding on state and local governments); *United States ex rel. Touhy. Ragen,* 340 U.S. 462 (1951) (federal government attorney could not be held in contempt for following an Attorney General regulation promulgated pursuant to a predecessor to section 301).

### Offer of Proof 2 – Words in Federal Register 301 Regulations Republished in 32 FR 15241-15387 on November 3, 1967.

All of Title 26 of Part 301 regulations – Procedure and Administration

Regulations were republished November 3, 1967 as evidenced by **Attachment D**

published in the Federal Register at 32 FR 15241-15387 with the applicable *excerpt* only

having application to federal officers and employees, etc. and state officers and

employees, etc. as published in the Federal Register of 1967 being 32 FR 15241-15243,

32 FR 15247 and 32 FR 15288-152289 concerning Notices of Federal Tax Liens with the

statutory authority of same and specifically delineating whom the Notices of Federal Tax

Lien have application as evidenced in 301.6331-1 and 301.6332-1, to wit:

> § 301.6331  Statutory provisions; levy and distraint.
> \* \* \*
> Levy may be made upon the **_accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia_** by serving a notice of levy on the employer *(as* defined In section 3401(d) ) of such officer, employee, or elected official. *[Emphasis added]*

\* \* \*
§ 301.6331-1 Levy and distraint.
\* \* \*

*(4) Certain types of compensation— (1) **Federal employees.** Levy may be made upon the accrued salary or wages of any of the Armed Forces), or **elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either,** by serving a notice of levy on the employer of the delinquent taxpayer.* As used In this subdivision, the term *"employer" means* (a) *the officer or employee of the United States, the District of Columbia, or of the agency or instrumentality of the United States or the District of Columbia, who has control of the payment of the wages,* or (b) any *other officer or employee designated by the head of the branch, department, agency, or instrumentality of the United States or of the District of Columbia as the party upon whom service of the notice of levy may be made.* If the head of such branch, department, agency or instrumentality designates another officer or employee other than one who has control of the payment of the wages, as the party upon whom service of the notice of levy may be made, such head shall promptly notify the Commissioner of the name and address of each officer or employee so designated and the scope or extent of his authority as such designee.
*(ii) State and municipal employees. **Accrued salaries, wages, or other compensation of any officer, employee, or elected or appointed official of a State or Territory, or of any agency, Instrumentality, or political subdivision** thereof, are also subject to levy to enforce collection of any Federal tax. **[Emphasis added]***

## Offer of Proof 3 – Only for State Officers and Employees

**Attachment E** as published in the Federal Register – 55 FR 3590 of February 2, 1990 amended 31 CFR § 215.2 Definitions is the legal evidence of for State Income tax withholding only for employees of an state agency and certain military, to wit:

> (h)(1) *"Employees" for the purpose of State Income tax withholding*, means *all employees of an agency, other than members of the armed forces.* For city and county income or employment tax withholding, it means: (i) *Employees of an agency*; (ii) *Members of the National Guard* participating in exercises or performing duty under 31 U.S.C. 502; or (iii) *Members of the Ready Reserve* participating in scheduled drills or training periods, or serving on active duly for training under 10 U.S.C. 270(a). The term does not include retired personnel, pensioners, annuitants, or similar beneficiaries of the Federal Government, who are not performing active civilian service or persons receiving remuneration for services on a contract-fee basis. *[Emphasis added]*

## Offer of Proof 4 – State is Piggybacked on the Federal Income Tax by Contract and Wages are only for nonresident aliens.

IRS's T.D. 7577 under the statutory authority of 26 U.S.C. § 7805 (enforcement) and 26 U.S.C § 6364 (86 Stat. 944 [1972] - Regulations to be prescribed by Secretary or his delegate for State Individual Income Tax) as a Final Rule was **Attachment F** published in the Federal Register on December 20, 1978 at 43 FR 59356-59376 as

conclusive evidence of the *piggybacking* upon the Federal collection system is used to collect individual income taxes imposed by a States and that they will be collected as if they were Federal income taxes with the revenue collected turned over to the electing State *ibid at* 43 FR 59356-59357.

Attachment F at 43 FR 59357-59358 states returns required to be made by every individual, estate, or trust which is liable as defined in 26 U.S.C. § 6362 and are instructed to see 26 CFR § 301.6361-1 being a *301 type regulation*, which is for federal employees (Regulations on procedure and administration).

Attachment F at 43 FR 59359 the taxes imposed by Chapter 1 individual income taxes are treated pursuant to 6361(a), as if they were imposed by chapter 1.

Attachment F at 43 FR 59361 for the penalties for *Liens for taxes* are under 26 CFR § 301.6321-1 (federal employees, i.e. 301 regulations) of the State Individual Income Tax piggybacked on the Federal Individual Income Tax.

Attachment F at 43 FR 59363 for *Criminal penalties*, which will be treated as a separate offense as with respect to the Federal Tax. If the taxpayer attempts to evade both Federal and State Individual Income Tax the taxpayer will be subject to two criminal offenses under 26 U.S.C. § 7201 and see also 26 CFR § 301.6362-7(f).

Attachment F at 43 FR 59372, i.e. 26 CFR § 301.6361-7(f) for federal employees is extremely important as "Civil and criminal sanctions . . . income of individuals by chapter 1 and on *wages of individuals by chapter 24, apply to individual and their employers* . ."

26 U.S.C. Chapter 24 on *Wages* consists of six code sections being 26 U.S.C. §§§§§§ 3401, 3402, 3403, 3404, 3405 and 3406 ("26 U.S.C. Chapter 24"). 26 U.S.C.

Chapter 24 has no part 301 (**Group 1**) regulations (301.3401, 301.3402, 301.3403, 301.3404, 301.3405 or 301.3406) and has no part 1 (**Group 2**) regulations (1.3401, 1.3402, 1.3403, 1.3404, 1.3405 or 1.3406). But in the substantive regulations table published under the enforcement Code of 26 U.S.C. § 7805 in **Attachment G** at C.F.R. T. 26, Ch. I, Subch. A, Pt. 1 there is a restricted statutory Authority of 26 U.S.C. § 3401(a)(6) "(6) for such services, performed by a ***nonresident alien individual***, as may be ***designated by regulations*** prescribed by the Secretary; or" for nine (9) part 1 regulations for Individual Income Taxes being strictly for ***nonresident alien individuals and foreign corporations***, to wit:

1.    26 CFR § 1.1441-2 – Authority of 26 U.S.C. § 1441(c)(4) - Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

2.    26 CFR § 1441-3 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6) and 26 U.S.C. § 7701(1) "(1) Person.--The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation."; and,

3.    26 CFR § 1.1441-4 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

4.    26 CFR § 1441-5 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6) and 26 U.S.C. § 7701(b)(11) "(11) **Secretary of the Treasury and Secretary.--** (A) Secretary of the Treasury.--The term "Secretary of the Treasury" means the Secretary of the Treasury, personally, and shall not include any delegate of his. **(B) Secretary.--**The term "Secretary" means the Secretary of the Treasury or his delegate."; and,

5.   26 CFR § 1.441-6 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

6.   26 CFR § 1.1441-7 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6) and 26 U.S.C. § 7701(1) "(1) Person.--The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation."; and,

7.   26 CFR § 1.1461-1 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

8.   26 CFR § 1.1461-2 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

9.   26 CFR § 1.1462-1 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6).

Note that regulations 7 and 8 *supra.*, is 26 U.S.C. § 1461 - "Liability of withheld tax" and regulation 9 *supra.*, is 26 U.S.C. § 1462 – "Withheld tax as credit to recipient of income."

**Offer of Proof 5 – Federal employees and State piggybacked Must File Federal Income Tax Returns under 301 regulations (Group 1).**

**Attachment F** at 49 FR 59361, i.e. 26 CFR § 301.6361-1 in this 301 regulation Federal employees and State employees piggybacked must file a Federal Income Tax Return, to wit:

> **(b) Returns of qualified taxes.** *Every individual*, estate, or trust which has liability for one or more *qualified taxes* for a taxable year--
> (1) *Shall file a Federal income tax return* at the time prescribed pursuant to section 6072(a) (*whether or not such return is required by section 6012*), and shall file therewith on the prescribed form a return under penalties of perjury for each tax which is-- . . .

**Who Must File for Part 1 Individual Income Taxes (Group 2).**

Part 1 Individual Income Taxes are mandated by Congress in 26 U.S.C. § 6011(a), to wit:

> Sec. 6011. General requirement of return, statement, or list
> (a) General rule.--*__When required by regulations prescribed by the Secretary__* any person *__made liable for any tax imposed by this title__*, or with respect to the collection thereof, *__shall make a return or statement__* according to the forms and *__regulations prescribed by the Secretary__*. Every person required to make a return or statement *__shall include therein the information required by such forms or regulations__*. *[Emphasis added]*

Whether the Individual Income Taxes mandated by statute (Code) in 26 U.S.C. § 6011(a) are subject to **Attachment H** being the Paperwork Reduction Act of 1995 Final Rule published August 29, 1995 at 60 FR 44978-44996 is found on 60 FR 44980 with reference to the court cases being **Attachment I** of the Proposed Rule published in the Federal Register on June 8, 1995 at 60 FR 30438-30456 at the *excerpt* of 60 FR 30441 wherein not all of the circuits are in accord. Congress in 6011(a) mandates that filing *__when required by regulations__* (only the IRS enforces by and through regulations) in 60 FR 44980 would mandate the services of the IRS and make operative 26 U.S.C. § 7805 ". . . shall prescribe all needful rules and regulations for the *__enforcement of this title__* . . . ", and make operative the parts emphasized herein, to wit:

> Thus, the preamble described proposed § 1320.6(e) as stating the principle "where Congress imposes a collection of information directly on persons, by statute [as in those two statutory examples in the proposed regulation], then the public protection provided by proposed § 1320.6(a) would not preclude the imposition of penalties for a person's failure to comply with the statutory mandate." Id. The preamble concluded by noting that "*__[t]his principle__*, however, *__does not extend to situations in which a statute authorizes__*, or *__directs, an agency to impose a collection of information on persons,__* and *__the agency does so. In such cases, the agency is obligated to comply with the Paperwork Reduction Act of 1995 in imposing the paperwork requirement__* (just as the agency must comply with other applicable statutes—e.g. the Administrative Procedure Act in the case of regulations), and the public protection provided by proposed § 1320.6(a) would apply to such paperwork requirements." Id. *[Emphasis added]*

This would make operative in **Attachment H** Final Rule *excerpt* at 60 FR 44985 of 5 CFR § 1320.3 – Definitions, to wit:

(c) *Collection of information* means, except as provided in § 1320.4, the ***obtaining, causing to be obtained, soliciting,*** or ***requiring the disclosure to an agency,*** third parties or the public of information by or for an agency by means of identical questions posed to, or identical reporting, recordkeeping, or disclosure requirements imposed on, ten or more persons, ***whether such collection of information is mandatory, voluntary, or required to obtain or retain a benefit.*** "Collection of information" ***includes any requirement or request for persons to obtain, maintain, retain, report, or publicly disclose information***. As used in this Part, "collection of information" refers to the act of collecting or disclosing information, to the information to be collected or disclosed, to a plan and/or an instrument calling for the collection or disclosure of information, or any of these, as appropriate. *[Emphasis added]*

This court shall take judicial Notice of the cases and the public records published, including but not limited to, in the Federal Register and as mandated also in 44 U.S.C. § 1507 "The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, many be cited by volume and page number."

All Attachments are presented as an Offer of Proof and the documents published in the Federal Register are binding upon the court as on the agencies and/or it employees and officers thereof.

### Table of Contents

Motion in the Nature of a Writ of Mandamus under Rule 81(b).........................................1

Mandamus ...............................................................................................................................1

Ministerial Duties – Employees...........................................................................................1

Judges – Abuses of judicial Power of the United States....................................................2

Overview ................................................................................................................................3

Two Distinct Different Groups for Taxation of Internal Revenue with Two Distinct Statutory Authorities. ...........................................................................................................3

Rulemaking for Group 1 *versus* Group 2 Mandated by 5 U.S.C. § 553. ......................4

Offer of Proof 1 – "301" type regulations is linked directly to only 5 U.S.C. § 301 for federal employees.......................................................................................................................5

Offer of Proof 2 – Words in Federal Register 301 Regulations Republished in 32 FR 15241-15387 on November 3, 1967............................................................................. 6

Offer of Proof 3 – Only for State Officers and Employees ........................................... 7

Offer of Proof 4 – State is Piggybacked on the Federal Income Tax by Contract and Wages are only for nonresident aliens. ........................................................................ 7

Offer of Proof 5 – Federal employees and State piggybacked Must File Federal Income Tax Returns under 301 regulations (Group 1). .......................................................... 10

Who Must File for Part 1 Individual Income Taxes (Group 2). ................................. 11

Table of Contents ............................................................................................................ 12

Table of Authorities ....................................................................................................... 17

Jurisdiction...................................................................................................................... 32

Parties .............................................................................................................................. 32

Some of the Mandatory Issues for Judge Beistline......................................................... 33

3.    Only the IRS is under the statutory authority of Congress given the authority by regulations to enforce Title 26 and this precludes Beistline.  Therefore if Beistline would disclose to Hymes his authority to mandate by part 1 substantive regulations, Hymes will immediately file an Form 1040 OMB 1545-0074. ......................................................... 34

Documents Filed or at Issue .......................................................................................... 34

I. Agencies and Employees and Officers Are to Obey its Own Rules and Regulations.. 35

A.    *Accardi Doctrine* – Agencies shall Obey its own Rules and Regulations............ 35

B.    Agency's failure to conform to its Own Rules or Regulations    Mandates the Courts to Reverse the Action. .................................................................................. 36

C.    Criteria Establishing Binding Effect in Federal Register and the CFRs............... 37

D.   If not Published in the Federal Register, it is Non-binding ................................. 40

E.   Disclaimer Required by Agency to Negate Binding Effect of Regulation ........... 40

F.   Federal Laws and Regulations are Binding on State Courts ................................ 40

G.   Regulations are Binding on all Parties when Published in the Federal Register .. 41

H.   Treasury Regulations are Binding on the Government, it's Officials and the

Taxpayer ......................................................................................................... 43

I.   Reenacted Statute without Significant Alterations Then the Regulation under

the Statute is Still Considered to have Force of Law ................................................. 44

II.  Mandatory Publishing in the Federal Register of *general applicability and legal effect*

affect the general public. .................................................................................. 45

A. Attachment K being Federal Reserve Act of 1935, 49 Stat. 500 ........................... 45

B. APA Code at 5 U.S.C. § 552(a)(1) ...................................................................... 45

C. *Prima facie* evidence at 26 CFR § 601.702(a), which was Published in the Federal

Register at 67 FR 69675 (2002). ................................................................................ 46

D.   APA Code at 5 U.S.C. § 553 ............................................................................. 47

E.   The *holding* of the Supreme Court of the United States in *Chrysler v. Brown*,

441 U.S. 281 (1979) that only *substantive regulations* have the *force and effect of law*.

47

Precluded From Being Published in the Federal Register as *General Applicability and*

*Legal Effect and Substantive Regulations* affecting the general public having the *Force*

*and Effect of Law.* ......................................................................................... 47

A. Federal Register Act of 1935 – 49 Stat. 500 ....................................................... 48

B.   Administrative Procedures Act of 5 U.S.C. § 553 ............................................... 48

C.   *Chrysler v. Brown*, 441 U.S. 281 (1979) Precludes 601 (Procedure) and 301
(Procedure and Administrative) Regulations from having Force and Effect of Law. .. 49

III.  Notice of Federal Tax Liens ................................................................................. 49

Federal Register Act .................................................................................................. 53

The Federal Register Act of 1935 at 49 Stat. 500 *et seq.*, 65 Stat. 710 of October 31,
1951, the Executive Order 10530 by Dwight D. Eisenhower  and 19 FR 2712 are
unconstitutional ......................................................................................................... 56

IV.  1 CFR § 1.1 - Definitions ..................................................................................... 57

    A.  Cases under 1 CFR 1.1 ..................................................................................... 57

V.  1 CFR § 5.2 – Documents required to be filed for Public Inspection and Published . 58

VI.  1 CFR § 8.1 – Policy ............................................................................................ 58

Cases on 1 CFR § 8.1 ................................................................................................ 59

VI.  Congress Mandates Agencies to Publish in the Federal Register Substantive Rules of
General  Applicability  adopted  as  Authorized  by  law  and  Policies  of  General
Applicability ............................................................................................................. 60

VII.  Statutory Authority of Congress in 26 U.S.C. § 7805 for Regulations for IRS ....... 61

VIII.  Court  is  to  Assure  that  26  U.S.C.  §  7805  IRS  Regulations  Fall  Within
Congressional Mandate ............................................................................................. 63

IX.  How are the Substantive Regulations Identified in the Code of Federal Regulations
from the Other Types of Regulations .......................................................................... 64

X.  Instructions to the IRS in 26 CFR 301.6065 on "Verification of Returns" ............... 64

XI.  There is NO Statutory Authority or Regulation in the CFRs or in the Federal Register
of "general applicability and legal effect" to Authorize the IRS or Department of Justice

for Penalties of Perjury Mandate of 26 U.S.C. § 6065, 26 CFR § 1.6065-1 or 26 CFR 1.6065-2T with the Form 1040, OMB 1545-0074...........................................................65

XII. Validation of the Code Authority of 26 U.S.C. § 6065 and Substantive Regulation of ........................................................................................................................................66

  A. 26 CFR § 1.6065-1 ..............................................................................................66

26 CFR § 1.6065-1 - 2008 – Current Date ...................................................................68

Regulations Such as 26 CFR 1.6065-1 are Invalidate if Statute Changes or In..............69

Conflict............................................................................................................................69

26 CFR § 1.6065-2T -– Current Date – A Fraud and Invalid Also ................................70

  A.    26 CFR § 1.6065-2T was Published in 1993 in 58 FR 68295 ...........................70

  B.    26 CFR § 1.6065-2T was *Removed* July 18, 2000 in 65 FR 44437-44438...........70

XIII.  The 2005 Year Form 1040 Submitted to the OMB for # 1545-0074 – No Code Authority for 26 U.S.C. 6065 Listed for 2005 Year And No Authority for regulations 1.6065-1 or 1.6065-2T Listed for 2005 Year ...............................................................71

XIV.     What "general applicability and legal effect" Has Been Published in the Federal Register for it to be "Mandatory" to Fill Out a Form 1040 with OMB 1545-0074 Four Times. 72

XV.  *Wages* - 26 U.S.C. § 3401 and regulations of "*general applicability and legal effect*" i.e. substantive regulations .................................................................................75

XVI.     Income - 26 U.S.C. § 861 – Income from sources within the United States......76

XVII.     26 U.S.C. § 6012 – Persons required to make returns of income....................78

  A.  26 CFR § 1.6012-1 – Individuals required to make returns of income. ..............78

XVIII.      Federal Regulations Govern.........................................................................80

XIV.  No Other Remedy Available.................................................................. 80

Conclusion and Remedy............................................................................... 80

Verified Affidavit of Donald Louis Hymes...................................................... 82

**Table of Authorities**

## Cases

*Ace hardware Corp.*, 495 F.2d 368, 376 (8th Cir. 1974)............................... 59

*American Petroleum Institute, et al. v. U.S. E.P.A.*, 216 F.3d 50, 68 (U.S. App. D.C. 2000).................................................................................................. 38

*American Portland Cement Alliance v. E.P.A.*, 101 F.3d 772, 775-776 (U.S. App. D.C. 1996) *at page 776*.............................................................................. 38

*American Portland Cement Alliance v. Environ. Protection Agency*, 101 F.3d 772 (U.S. Ct. Appeals, D.C. 1996) ........................................................................ 59

*Applied Innovations, Inc. v. Regents of the Univ. of Minnesota*, 876 F.2d 626, 633 (8th Cir. 1989)........................................................................................... 38

*Bennett v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 717 F.2d 1167, 1169 (7th Cir. 1983)........................................................... 42

*Benny v. United States Parole Commission*, 295 F.3d 977, 989 (9th Cir. 2002) ............... 1

*Bingler v. Johnson*, 394 U.S. 741, 749-751 (1969) ........................................ 63

*Bluth v. Laird*, 435 F.2d 1065, 1071 (4th Cir. 1970) ...................................... 36

*Bob Jones Univ. v. U.S. Goldsboro Christian Schools, Inc.*, 461 U.S. 574, 596 (1983) .. 63

*Brafman v. United States*, 384 F.2d 863 (5th Cir. 1967)................................... 44

*Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 538, 539 .......................... 59

*Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 538, 539 (U.S. App. D.C. 1986)...................................................................................................................... 59

*Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 539 (U.S. App. D.C. 1986) .................................................................................................................................. 59

*C.I.R. v. Portland Cement Co. of Utah*, 450 U.S. 156, 157 (1981) ................................. 63

*Chapman v. Sheridan-Wyoming Coal Co.*, 338 U.S. 621, 629 (1950) ........................... 43

*Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir. 1995) ............................... 36, 44

*Chrysler v. Brown*, 441 U.S. 281 (1979)................................................................... 47, 49

*Chrysler v. Brown*, 441 U.S. 281, 301-303 (1979)........................................................ 37

*Chrysler v. Brown*, 441 U.S. 281, 307-316 (1979) .......................................................... 5

*Citing Miller v. United States*, 294 U.S. 435.................................................................. 69

*Citizen's Nat. Bank of Waco v. United States*, 417 F.2d 675, 679 (5th Cir. 1969)............ 69

*Citizens and Southern Nat. Bank v. United States*, 451 F.2d 221, 227 (5th Cir. 1971)..... 80

*Contini v. Hyundia Motor Company, et al.*, 840 F.Supp. 22, 25 (S.D. USDC N.Y. 1993) .................................................................................................................................. 39

*Croplife American, et al. v. E.P.A.*, 329 F.3d 876, 883 (U.S. App. D.C.) ....................... 40

*Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975) ..................................... 35, 36

*Daiser Cement Corp v. United States*, 8 Cl.Ct. 34, 40-41 (Ct.Cl. 1985 ......................... 44

*Dixon v. United States*, 381 U.S. 68, 74 (1965)............................................................. 61

*Dixson v. United States*, 468 U.S. 482 n.6 (1984) .......................................................... 42

*Dodd v. United States*, 223 F.Supp. 785, 787 (D.C. N.J. 1963)....................................... 79

*Electronic Components Corp. of North Carolina v. National Labor Relations Board*, 546 F.2d 1088, 1090 (4th Cir. 1976) ................................................................................. 44

*Equal Employment Opportunity Commission v. G.E. Co.*, 532 F.2d 359 (4th Circuit 1976)

   *at 37* ..................................................................................................................... 37

*Ernst & Ernst*, 425 U.S. 185, 213 (1976)....................................................................... 62

*Estate of Millikin v. C.I.R.*, 106 F.3d 1263,1268-1269 (6th Cir. 1997) ............................ 80

*Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-385 (1947) ................................. 42

*Fleet Real Estate Funding Corp. v. Smith*, 530 A.2d 919, 922 (Sup. Ct. PA 1987)......... 40

*Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000........................... 42

*Florida Power & Light Co. v. E.P.A.*, 145 F.3d 1414, 1418 (U.S. App. D.C. 1998)....... 40

*Friends of Sierra Railroad, Inc. v. Interstate Commerce Commission*, 881 F.2d 663, 667-

   668 (9th Cir. 1989) ..................................................................................................... 42

*General Electric Co. v. E.P.A.*, 290 F.3d 377 (U.S. App. D.C. 2002)............................. 39

*Government of Guam v. United States*, 744 F.2d 699 (9th Cir. 1984)............................... 42

*Green v. United States*, 460 F.2d 412, 417 (5th Cir. 1972)............................................... 44

*Guardians Ass'n v. Civil Service Com'n of City of New York*, 463 U.S. 582, 616 (1983)62

*Hammond v. H.F. LenFest, USN*, 398 F.2d 705, 715 (2nd Cir. 1968)............................... 44

*Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 107 (1993)...................................... 56

*Helvering v. Winmill*, 305 U.S. 79, 83 (1938)................................................................. 44

*Hollingsworth v. Balcom*, 441 F.2d 419, 421 (6th Cir. 1971).......................................... 35

*Hollingsworth v. Balcom*, 441 F.2d 419, 422 (6th Cir. 1971).................................... 35, 36

*Hugoton Production Co. v. United States*, 315 F.2d 868, 861 (Ct.Cl. 1963).................. 44

*Iglesias v. United States*, 848 F.2d 362, 366-367 (2nd Cir. 1988)................................... 44

*In re Managed Care Litigation*, 135 F.Supp.2d 1253, 1271 (11th Cir. 2001) ................. 62

*In re McGauley's Estate*, 504 F.2d 1030, 1032 (2nd Cir. 1974) ...................................... 79

*J.G. Boswell Co. v. C.I.R.*, 302 F.2d 682, 685 (9th Cir. 1962).........................................44

*Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 534 (5th Cir.

    1980)....................................................................................................................35

*Kostrikin v. United States*, 106 F.Supp. 2d 1005, 1009 (E.D.C. Cal. 2000)....................80

*Lange v. Nelson-Ryan Flight Service, Inc.*, 108 N.W.2d 428, 466 (Sup. Ct Minn. 1961) 41

*Lansons, Inc. v. C.I.R.* 622 F.2d 774, 776 (5th Cir. 1980) .................................................44

*Legal Environmental Assistance Foundation, Inc. v. U.S. Environmental Protection*

    *Agency*, 118 F.3d 1467, 1473 (11 Cir. 1997)...............................................................62

*Lyeth v. Hoey*, 305 U.S. 188 (1938)...................................................................................79

*Lying v. Payne*, 476 U.S. 926, 942-943 (1986) ..................................................................42

*Lynch v. Tilden Produce Co.*, 265 U.S. 315, 320-322 ........................................................62

*Manhattan General Equipment Co. v. C.I.R.*, 297 U.S. 129, 134 (1936) .........................62

*Marbury v. Madison*, 1 Cranch 137, 177 (1803) ...............................................................56

*Martin v. Hunter's Lessee*, 14 U.S. 304, 329 (1816) .........................................................55

*Maryland Casualty Co. v. United States*, 251 U.S. 342 (1920)........................................43

*McCord v. Granger*, 201 F.2d 103, 106-107 (3rd Cir. 1952)............................................44

*McCourt v. Hampton et. al*, 514 F.2d 1365, 1370 (4th Cir. 1975) ....................................36

*Molycorp, Inc. v. U.S. E.PA.*, 197 F.3d 543, 545 (U.S. App. D.C. 1999)........................40

*Montrose Chemical Corp. of California v. E.P.A.*, 132 F.3d 90, 95 (U.S. App. D.C. 1998)

    ....................................................................................................................................38

*Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir. 1977)..................................................36

*Mutual Savings Life Ins. Co. v. United States*, 488 F.2d 1142, 1145 (5th Cir. 1974) .......44

*National Labor Relations Board v. Welcome-American Fertilizer Co.*, 443 F.2d 19, 20

(9th Cir. 1971)..........................................................................................36

*National Life Acc. Ins. Co. v. United States*, 524 F.2d 559, 560 (6th Cir. 1975) ..............69

*National Muffler Dealers Assoc. Inc. v. United States*, 440 U.S. 472, 477-78 (1979) .....63

*Northern States Power Co. v. Rural Electrification Admin.*, 248 F.Supp. 616, 621-622

(D.C. 4th Div. Minn. 1965) ......................................................................35

of *Crane v. Commissioner of Internal Revenue*, 331 U.S. 1, 7-8 (1947).........................44

*Pacific Nat. Bank of Seattle v. C.I.R.*, 91 F.2d 103, 105 (9th Cir. 1937)..........................43

*Payne v. Block*, 714 F.2d 1510, 1517 (11th Cir. 1983)..............................................35, 36

*Piccadilly Cafeterias, Inc. v. United States*, 36 Fed.Cl 330 (Ct.Cl 1996).......................43

*Plaut v. Spendthrift Farm, Inc*, 514 U.S. 211, 211 (1995)..............................................56

*Rank v. Nimmo*, 677 F.2d 692 (9th 1982) ......................................................................37

*Richardson v. Bank of America*, 643 S.E.2d 410, 419, 420  (Ct App. N.C. 2007)...........59

*Roberts v. C.I.R.*, 176 F.2d 221, 223 (9th Cir. 1949).........................................................44

*Roberts v. United States*, 13 Cl.Ct. 774, 777 (Cl. Ct. 1987).............................................42

*Sandoval v. Hagan*, 7 F.Supp.2d 1234, 1256 n.20 (N.D.Ala. 1998) ...............................62

*Scofield v. Lewis*, 251 F.2d 128, 132 (5th Cir. 1958)........................................................69

*Security Benefit Life Ins. Co. v. United States*, 517 F.Supp. 740, 753 (D. USDC Ks. 1980)

...................................................................................................................44

*Service v. Dulles*, 1957, 354 U.S. 363 (1957) .................................................................43

*Service v. Dulles*, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403............................37

*Service v. Dulles*, 354 U.S. 363, 372 (1957) ...................................................................41

*Service v. Dulles*, 354 U.S. 363, 372, 380 (1957).............................................................35

*Sheridan-Wyoming Coal Co. Inc., v. Krug*, 172 F.2d 282, 287 (U.S. App. D.C. 1949)... 41

*Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986) ................................................ 36

*Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964) ............................................................ 69

*Stewart v. Berstein*, 769 F.2d 1088, 1093 (5th Cir. 1985) ................................................ 62

*The Board of Commissioners of Knox County, Plaintiffs in Error v. Aspinwall et al.*, 65
    U.S. 376, 383-384 (1860) ............................................................................................... 3

*The Wilderness Society v. Norton*, 434 F.3d 584, 595 (U.S. App. D.C. 2006) ................ 40

*The Wilderness Society v. Norton*, 434 F.3d 584, 595, 596 (U.S. App. D.C. 2006)......... 39

*Tipton and Kalmbach, Inc. v. United States*, 480 F.2d 1118, 1121 (10th Cir. 1973) ........ 44

*U.S. Trust Co. of New York v. C.I.R.*, 321 F.2d 908, 910-911 (2nd Cir. 1963) ................. 80

*U.S. v. Carwright*, 411 U.S. 546, 550 (1973) ..................................................................... 63

*U.S. v. Larionoff*, 431 U.S. 864, 873 (1977)....................................................................... 62

*United States el rel. v. Perkins*, 79 F.2d 533, 533 (2nd Cir. 1935) .................................... 41

*United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 265-268 (1954) ................. 35

*United States v. Bower*, 920 F.2d 220, 222 (4th Cir. 1990) .............................................. 78

*United States v. Chin Fook Wah v. Dunton*, 288 F. 959, 959 (Dist. Ct. S.D. N.Y. 1923) 41

*United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001)......................... 63

*United States v. Coleman*, 200 F.Supp.2d 561, 569 (E.D. USDC N. Carolina 2002) ...... 40

*United States v. Coleman*, 478 F.2d 1371, 1374 (9th Cir. 1973)...................................... 37

*United States v. Correll*, 389 U.S.  299, 306-307 (1967)................................................... 63

*United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450 (1967 ............................ 63

*United States v. Dawson*, 486 F.2d 1326, 1329-1330 (5th Cir. 1973).............................. 36

*United States v. Drefke*, 707 F.2d 978, 981 (8th Cir. 1983)............................................. 78

*United States v. Fifty-Three(53) Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1982). 38

*United States v. Gaumer*, 27 F.3d 568, 572 (6th Cir. 1994)..............................78

*United States v. Heffner*, 420 F.2d 809, 810-811 (4th Cir. 1969).....................35

*United States v. Heffner*, 420 F.2d 809, 811, 812 (4th Cir. 1970).....................36

*United States v.* Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991)...........................78

*United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978)..............................78

*United States v. Leahey*, 434 F.2d 7, 11 (1st Cir. 1970) ................................36

*United States v. Leahey*, 434 F.2d 7, 9-11 (1st Cir. 1970 ................................35

*United States v. Mathews*, 464 F.2d 1268, 1269-1270 (5th Cir. 1972)............36

*United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999)............................35

*United States v. Morrison*, 529 U.S. 598, 607 (2000)......................................56

*United States v. Mowat*, 582 F.2d 1194, 1199 (9th Cir. 1978)...........................57

*United States v. Pierre Grimaud*, 220 U.S. 506, 517(1911) ...........................43

*United States v. Spine*, 945 F.2d 143, 149 (6th Cir. 1991 ..............................78

*United States v. Stierhoff*, 500 F.Supp. 2d 55, 62-63 (D. R.I. 2007) ...............78

*United States v. Vroman*, 975 F.2d 669, 670-671 (9th Cir. 1992).....................78

*United States v. Washington*, 947 F.Supp. 87, 91 (S.D. N.Y.1996) ................78

*United States v. Wiley's Cove Ranch*, 295 F.2d 436, 447-448 (8th Cir. 1961) .................35

*v. Ruiz*, 415 U.S. 199, 235 (1974)........................................................35

*Vitarelli v. Seaton, 1959, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012* ...........37

*Vitarelli v. Seaton*, 359 U.S. 535, 546-547 (1959) .......................................37

*Walton v. United States*, 184 F.Supp.2d 773, 776 (D.C. N.D Ill 2002)............58

*Warner Bros. Pictures, Inc. v. Westover et al.*, 70 F.Supp. 111, 115 (D.C. S.D. Cal. 1947)

............................................................................................................. 44

*Western Radio Services Co, Inc. v. Espy*, 79 F.3d 896, 901 (9th Cir. 1996).................... 38

*Wiggins Brothers, Inc. v. Dept. of Energy*, 667 F.2d 77, 89 (Temp. Emer. Ct. App. 1981)

............................................................................................................. 58

*Will v. United States*, 389 U.S. 90, 95-96 (1967) ............................................................ 2

## Code

26 U.S.C. § 1441(c)(4) - Nonresident Aliens and Foreign Corporations............................ 9

26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations ..................... 9, 10

26 U.S.C. § 1461 - "Liability of withheld tax"................................................................. 10

26 U.S.C. § 1462 – "Withheld tax as credit to recipient of income."............................... 10

26 U.S.C. § 3401(a)(6).................................................................................................. 9, 76

26 U.S.C. § 6011(a) ........................................................................................................... 11

26 U.S.C. § 6012 ................................................................................................................ 78

*26 U.S.C. § 6065*................................................................................................................ 65

26 U.S.C. § 6065(b) ........................................................................................................... 66

26 U.S.C. § 7701(1) ....................................................................................................... 9, 10

26 U.S.C. § 7701(b)(11)....................................................................................................... 9

26 U.S.C. § 7805................................................................................................ passim

26 U.S.C. § 861.................................................................................................................. 77

26 U.S.C. §§§§§§ 3401, 3402, 3403, 3404, 3405 and 3406 ("26 U.S.C. Chapter 24") ..... 8

*26 U.S.C. §1441*................................................................................................................ 75

26 U.S.C. 882(c) ................................................................................................................ 76

28 U.S.C. § ........................................................................................................... 67

28 U.S.C. § 1361 ................................................................................................... 32

28 U.S.C. § 1746 ................................................................................................... 67

44 U.S.C. § 1505(a) .............................................................................................. 60

44 U.S.C. § 1505(a)(1) ..................................................................................... 48, 51

44 U.S.C. § 1505(a)(1)(2)(3) ................................................................................. 45

44 U.S.C. § 1507 ................................................................................................... 12

44 U.S.C. § 1510 ................................................................................................... 60

44 U.S.C. § 3506(c) .............................................................................................. 71

44 U.S.C. § 3506(c)(1)(B) ..................................................................................... 71

44 U.S.C. §§ 1501-1511 ........................................................................................ 39

*5 U.S.C § 301* (federal employees) ...................................................................... 5

*5 U.S.C. § 301, which is only for federal employees* ............................................ 5

5 U.S.C. § 500 *et seq.* .......................................................................................... 39

5 U.S.C. § 551(a)(1)(D) ......................................................................................... 57

*5 U.S.C. § 552* the public and substantive regulations requirements and rulemaking

    requirements ...................................................................................................... 5

5 U.S.C. § 552(a) .................................................................................................. 39

5 U.S.C. § 552(a)(1)(D) .................................................................................... 60, 61

5 U.S.C. § 553(a)(2), (b)(3)(A & B), (d)(2 & 3) ................................................. 48, 51

5 U.S.C. §§ 301 and 502 ....................................................................................... 67

## Federal Register

19 FR 2712 ........................................................................................................... 56

69 FR 57826-57835 at 69 FR 57829 in 2004 by the Department of Justice .................... 41

Attachment 13 *excerpt* of 32 FR 15241 and 32 FR 15257 ............................................... 65

Attachment 3 *excerpt* Federal Register of 1967 being 32 FR 15241-15243 and 32 FR

   15288-152289 concerning Notices of Federal Tax Liens ............................................ 6

Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) at 67 FR

   69675 ............................................................................................................... 50

of Proof. ............................................................................................................. 74

## Regulations

1 C.F.R. § 8.1(a) 1996 ............................................................................................ 38

1 CFR § 21.40 ...................................................................................................... 64

1 CFR § 21.52 ...................................................................................................... 64

1 CFR § 22.2 ........................................................................................................ 64

1 CFR § 8.1 (a) .................................................................................................... 59

1.861-8(f)(1) ........................................................................................................ 77

26 CFR § 1.1441-2 ................................................................................................. 9

26 CFR § 1.1441-4 ................................................................................................. 9

26 CFR § 1.1461-1 ............................................................................................... 10

26 CFR § 1.1461-2 ............................................................................................... 10

26 CFR § 1.1462-1 ............................................................................................... 10

26 CFR § 1.441-6. .................................................................................................. 9

26 CFR § 1.6065-1 ......................................................................................... 68, 70

*26 CFR § 1.6065-1 i* ........................................................................................... 69

26 CFR § 1.6065-2 ............................................................................................... 70

26 CFR § 1.861-8 – "Computation of taxable income from sources within the United

States and from other sources and activities .............................................................. 76

26 CFR § 1.861-8(a) ................................................................................................... 77

26 CFR § 1441-3 ........................................................................................................... 9

26 CFR § 1441-5 ........................................................................................................... 9

26 CFR § 1441-7 ......................................................................................................... 10

26 CFR § 301.6065-1 .................................................................................................. 65

26 CFR § 601.702(a) ................................................................................................... 61

26 CFR 1.6012(a)(1) .................................................................................................... 79

*26 CFR 1.6065- 1* ...................................................................................................... 65

*26 CFR 1.6065-2T* ...................................................................................................... 70

26 CFR 301.6065 ........................................................................................................ 64

301.6331-1 ........................................................................................................ 6, 49, 51

301.6332-1 ............................................................................................................... 6, 49

5 CFR 1320.8(b)(3) ..................................................................................................... 71

5 CFR 1320.9 .............................................................................................................. 71

*CFR § 1.6065-2T* ....................................................................................................... 65

**Other Authorities**

**Attachment A1** of the ex-Commissioner of Internal Revenue Charles O. Rossotti .......... 2

**Attachment A2** of Revenue Officer of the Internal Revenue Service ("IRS") of Michael

Walsh (Alaska) ................................................................................................................ 2

**Attachment A3** of United States District Judge Ralph R. Beistline (Alaska .................... 2

**Attachment A4** of United States District Judge James K. Singleton (Alaska) ................. 2

**Attachment AA** with an the excerpt of 26 CFR § 602.101 ............................................ 68

**Attachment B** – 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) *at 67 FR 69675* ................................................................................................................ 61

**Attachment B** as published in the Federal Register at 67 FR 69673-69688 (2002) specifically at 67 FR 69675 for the part 601 (Statement of Procedural Rules).............. 5

**Attachment BB** being the Form OMB 1545-0123 for use with 26 CFR § 1.6065-1 is titled "U.S. Corporation Income Tax Return" ........................................................... 68

**Attachment C** published in the Federal Register Final Rule 59 FR 39910-39931 published August 4th, 1994 for the Department of Justice .............................................. 5

**Attachment CC** - 58 FR 68295 (TD 8510) on December 27, 1993 ............................... 70

**Attachment D** published in the Federal Register at 32 FR 15241-15387 ......................... 6

**Attachment DD** -  Federal Register of July 18, 2000 in 65 FR 44437-44438 clearly as published lists that 26 CFR § 1.6065-2T .................................................................... 70

**Attachment E** as published in the Federal Register – 55 FR 3590 of February 2, 1990 amended 31 CFR § 215.2 Definitions is the legal evidence of for State Income tax withholding only for employees of an state agency and certain military ...................... 7

**Attachment EE** of the Year of 2005 the 83i ................................................................. 71

**Attachment F** at 43 FR 59357-59358 states returns required to be made by every individual, estate, or trust which is liable as defined in 26 U.S.C. § 6362 .................... 8

**Attachment F** at 43 FR 59361 for the penalties for *Liens for taxes* are under 26 CFR § 301.6321-1 (federal employees, i.e. 301 regulations) of the State Individual Income Tax piggybacked on the Federal Individual Income Tax ............................................. 8

**Attachment F** at 43 FR 59363 for ***Criminal penalties***, which will be treated as a separate offense as with respect to the Federal Tax ................................................................. 8

**Attachment F** at 43 FR 59372, i.e. 26 CFR § 301.6361-7(f) for federal employees is extremely important as "Civil and criminal sanctions . . . income of individuals by chapter 1 and on ***wages of individuals by chapter 24, apply to individual and their employers*** . ." ........................................................................................................................ 8

**Attachment F** at 49 FR 59361, i.e. 26 CFR § 301.6361-1 in this 301 regulation Federal employees and State employees piggybacked must file a Federal Income Tax Return 10

**Attachment F** at At 43 FR 59359 the taxes imposed by Chapter 1 individual income taxes are treated pursuant to 6361(a), as if they were imposed by chapter 1 ................. 8

**Attachment F** published in the Federal Register on December 20, 1978 at 43 FR 59356-59376 as conclusive evidence of the ***piggybacking*** upon the Federal collection system 7

**Attachment FF** with this excerpt from 71 FR 71040 .................................................... 72

**Attachment G** at C.F.R. T. 26, Ch. I, Subch. A, Pt. 1 ...................................................... 9

**Attachment GG** – 68 FR 4918 of the ***general applicability and legal effect*** including all of 68 FR 4918 ........................................................................................................... 73

**Attachment H** being the Paperwork Reduction Act of 1995 Final Rule published August 29, 1995 at 60 FR 44978-44996 ................................................................................. 11

**Attachment H** Final Rule *excerpt* at 60 FR 44985 of 5 CFR § 1320.3 – Definitions ..... 11

**Attachment HH** – 67 FR 20038 that has ***general applicability and legal effect*** of it being ***mandatory*** to fill out a Form 1040 OMB 1545-00074 ...................................... 74

**Attachment I** of the Proposed Rule published in the Federal Register on June 8, 1995 at 60 FR 30438-30456 at the *excerpt* of 60 FR 30441 ................................................... 11

**Attachment I** of *C.F.R. T. 26, Ch. I, Subch. A, Pt* .......................................................... 73

**Attachment I** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* ....................................................... 67

**Attachment I** of Treas. Reg. T. 26, Ch. I, Subch. A, Pt.1 .............................................. 70

**Attachment II** – 64 FR 69903 of the ***general applicability and legal effect*** ................ 75

**Attachment JJ** published in the Federal Register in 1960– 25 FR 11402-11422 (1960) 75

**Attachment K** – 49 Stat. 500 – Federal Register Act of 1935 ....................................... 53

**Attachment K** being FRA of 1935, 49 Stat. 500 at 501 ................................................. 48

**Attachment K** published in the Federal Register Act of 1935, 49 Stat. 500.................. 45

**Attachment KK** – 26 CFR § 1.861-8 — "Computation of taxable income from sources

within the United States and from other sources and activities." ............................... 77

**Attachment L** – 67 FR 69673-69688 (2002) is supported by the publishing of the

instructions of *part 301* (Procedure and Administration Regulations) ....................... 64

**Attachment L** being Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702

of 552(a)(1) *at 67 FR 6967* ...................................................................................... 46

**Attachment LL** - 26 CFR § 1.6012-1(a) that was published in the Federal Register on

November 10, 1970 as 35 FR 17329-17331.................................................................. 79

**Attachment M** *excerpt* Federal Register of 1967 being 32 FR 15241-15243 and 32 FR

15288-152289 concerning Notices of Federal Tax Liens ........................................... 49

**Attachment MM** – Federal Register publishing of 73 FR 19350-19377 on April 9, 2008

....................................................................................................................................... 79

**Attachment N** - 36 FR 15040-15041 of August 12, 1972, 26 CFR § 301.6331-1 .......... 50

**Attachment O** – 48 FR 10060-10061 of March 10, 1983 Final Regulations 301.6331-1

was amended............................................................................................................... 50

**Attachment P** – 42 FR 33731-33734 of July 1, 1977 of 31 CFR § 215.1 ...................... 51

**Attachment Q** – 55 FR 3590 of February 2, 1990 amended 31 CFR § 215.2 ................ 52

**Attachment R** *excerpt* 55 FR 47604-05 of 1990 ATF regulations in 27 CFR Part 70 ... 52

**Attachment S** excerpt of 65 Stat. 710-713 and 730 ........................................................ 54

**Attachment T** at 19 FR 2709-2712 of Executive Order 10530 by Dwight D. Eisenhower, The White House, May 12, 1954 ................................................................................. 54

**Attachment U** the Federal Register Act of 1935 at 49 Stat. 500 *et seq.* was published in the Federal Register at 2 FR 2454-2456 November 12, 1937 ..................................... 56

**Attachment V** published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 5.2 ................................................................................................................................ 58

**Attachment V** published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 8.1 – Policy at 37 FR 23605 ......................................................................................... 58

**Attachment V** published in the Federal Register at 37 FR 23602-26614, November 4, 1972 in 1 CFR § 1.1 – Definitions at 37 FR 23604 ..................................................... 57

**Attachment W** – this excerpt from the 1954 Code of 26 U.S.C. § 6065 ........................ 65

**Attachment X** - 25 FR 11402, 25 FR 11421 and 25 FR 12132 of 1960 ........................ 68

**Attachment X** - 25 FR 11402, 25 FR 11421 and 25 FR 12132 (1960) with the 6065 section ................................................................................................................................ 66

**Attachment X** *of 26 CFR § 1.6065-1 published* - 25 FR 11402, 25 FR 11421 and 25 FR 12132 (1960) .......................................................................................................... 67

**Attachment Y** being P.L. 94-455, title XIX, § 1906(a)(6)(b) ........................................ 66

**Attachment Y** in 1976 evidenced by 90 Stat. 1824 ....................................................... 68

**Attachment Z** of 26 CFR § 1.6065-1 .............................................................................. 68

**Attachment Z** of 26 CFR 1.6065-1 ................................................................. 67

*Form 1040 (OMB - 1545-0074)* .................................................................... 65

Form 1040 OMB # 1545-0074 ....................................................................... 71

Form 1040 with OMB 1545-0074 .................................................................. 68

Form 61 on file as an "*employee of the Government of the United States or any agency*

  *thereof*" ................................................................................................... 2

OMB 1545-0123 .............................................................................................. 68

Rule 81(b) ........................................................................................................ 1

## Jurisdiction

The jurisdiction for this Mandamus is under 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Defendant, ***to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so***. Hymes does not waive the right to have these issues adjudicated in a District Court of the United States arising under Article III of the Federal Constitution in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States understanding that the United States District Court ("USDC") was established in 1948 in 28 U.S.C. § 132 incorporating also the Revisor's Notes in the public record of 1948 in Title 28 United States Code Congressional Service approved on June 25, 1948 in Pages 1487-2174.

## Parties

**Donald Louis Hymes** (Defendant) is a Marylander (native of the several States (government style manual 5.22)), citizen of the United States of America, white citizen and Natural Born Native of the foreign state of Maryland domiciled in one of the several States being Alaska therefore a citizen of one of the several States.

**UNITED STATES OF AMERICA** is an unknown entity.

**Some of the Mandatory Issues for Judge Ralph R. Beistline**

1.    Congress has mandated in 26 U.S.C. § 6011(a), to wit:

> Sec. 6011. General requirement of return, statement, or list
> (a) General rule.--*When required by regulations prescribed by the Secretary* any person *made liable for any tax imposed by this title*, or with respect to the collection thereof, *shall make a return or statement* according to the forms and *regulations prescribed by the Secretary*. Every person required to make a return or statement *shall include therein the information required by such forms or regulations. [Emphasis added]*

Beistline must disclose the "regulations prescribed by the Secretary any person made liable for any tax imposed by this title" to Hymes so that he can comply, which he will immediately do upon Beistline's disclosure, remembering that Beistline is bound by the Federal Register to disclose the published substantive regulation under 5 U.S.C. § 552(a)(1) for **Group 2**, as Hymes is not a Federal employee or a State/municipal employee under the *piggybacking* scheme under 5 U.S.C. § 301 for federal employees.

2.    Beistline must disclose the *Wages* regulations to Hymes, as all of Title 26 Chapter 24 - Wages (§§§§§§ 3401, 3402, 3403, 3404, 3405 and 3406) have no Part 1 regulations and there are not even any part 301 regulations for federal employees. But there are regulations for nonresident aliens and foreign corporations in 1.1441-2, 1.1441-3, 1.1441-4, 1.1441-5, 1.1441-6, 1.1441-7, 1.1461-1, 1.1461-2 and 1.1462-1 under the statutory authority of 26 U.S.C. 3401(c)(6) for nonresident aliens. If Beistline would disclose these part 1 substantive regulations to Hymes, he will immediately file the appropriate Form 1040 with OMB 1545-0074 as Hymes has no *Wages* by regulations.

3.       Only the IRS is under the statutory authority of Congress, and given the authority by regulations, to enforce Title 26 and this precludes Beistline. Therefore, if Beistline would disclose to Hymes his authority to mandate by part 1 substantive regulations, Hymes will immediately file a Form 1040 OMB 1545-0074.

4.       Hymes was never convicted of any charge concerning Willful Failure to File or any other IRS Offense, and Beistline has refused to disclose the authority mandating the Filing of a Form 1040 under OMB 1545-0074, which under all of the regulations precludes Hymes from filing and would in fact force Hymes to commit perjury and other crimes of providing false information. Therefore, Hymes again demands that Beistline disclose to Hymes his authority to mandate the filing of a Form 1040 under OMB 1545-0074 and the regulations applicable.

**Documents Filed or at Issue**

There have been filed against Hymes a Notice of Federal Tax Liens ("NFTL") being **Attachments J1** in the Fairbanks Recording District. This NFTL is under the statutory authority 26 U.S.C. § 6321, 6322 and 6323. There are regulations for **Group 1** Part 301 being 26 CFR § 301.6321-1 for federal and state employees and 26 CFR § 301.6323-1 also for federal and state employees but there are no **Group 2** Part 1 substantive regulations. There is no such thing as a "1040 tax" as it is neither a statute nor regulation, i.e. therefore void and a fraud.

Therefore, the NFTL has met none of the mandatory requirements for part 1 substantive regulation to be published in the Federal Register and has no application to Hymes as a *matter of law*.

## I. Agencies and Employees and Officers Are to Obey its Own Rules and Regulations

**A.**    *Accardi Doctrine* **– Agencies shall Obey its own Rules and Regulations**

It has been firmly established in the adjudge decision of *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 265-268 (1954) known as the *Accardi Doctrine* that Agencies shall obey and adhere to their own rules and regulations.

Other cases affirming the *Accardi Doctrine* are: *Service v. Dulles*, 354 U.S. 363, 372, 380 (1957); *Hollingsworth v. Balcom*, 441 F.2d 419, 421 (6th Cir. 1971); *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 534 (5th Cir. 1980); *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975); *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999); *United States v. Heffner*, 420 F.2d 809, 810-811 (4th Cir. 1969); *United States v. Wiley's Cove Ranch*, 295 F.2d 436, 447-448 (8th Cir. 1961); *Northern States Power Co. v. Rural Electrification Admin.*, 248 F.Supp. 616, 621-622 (D.C. 4th Div. Minn. 1965).

*Hollingsworth v. Balcom*, 441 F.2d 419, 422 (6th Cir. 1971) affirmed the *Accardi Doctrine* adding that "departures from an agency's procedure 'cannot be reconciled with the fundamental principle that ours is a government of laws, not men."

*Payne v. Block*, 714 F.2d 1510, 1517 (11th Cir. 1983) affirmed the *Accardi Doctrine* adding that "An agency must follow its own procedures even though the procedure is more stringent than would be constitutionally required" citing *Morton v. Ruiz*, 415 U.S. 199, 235 (1974).

*United States v. Leahey*, 434 F.2d 7, 9-11 (1st Cir. 1970) affirmed the *Accardi Doctrine* adding *at page 10* "More important, citizen's faith in the even-handed

administration of the laws would be eroded - just as much as if a municipality applied an ordinance to a selected group" And *at page 11* "[W]e hold that the agency had a duty to conform to its procedure, that citizens have a right to rely on conformance, and that the courts must enforce both the right and duty."

*Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir. 1977) affirmed the *Accardi Doctrine*, adding "An agency of the government must scrupulously observe rules, regulations or procedures which it has established.  When it fails to do so, *its actions cannot stand and courts will strike it down.*"

**B.     Agency's failure to conform to its Own Rules or Regulations  Mandates the Courts to Reverse the Action.**

In the adjudged decision of *United States v. Heffner*, 420 F.2d 809, 811, 812 (4th Cir. 1970) it has been firmly established and held that "*An agency* of the government *must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down.*"

See *National Labor Relations Board v. Welcome-American Fertilizer Co.*, 443 F.2d 19, 20 (9th Cir. 1971); *Bluth v. Laird*, 435 F.2d 1065, 1071 (4th Cir. 1970); *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir. 1995); *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975);  *Hollingsworth v. Balcom*, 441 F.2d 419, 422 (6th Cir. 1971); *McCourt v. Hampton et. al*, 514 F.2d 1365, 1370 (4th Cir. 1975); *Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir. 1977); *Payne V. Block*, 714 F.2d 1510, 1517 (11th Cir. 1983); *Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986); *United States v. Dawson*, 486 F.2d 1326, 1329-1330 (5th Cir. 1973); *United States v. Leahey*, 434 F.2d 7, 11 (1st Cir. 1970); *United States v. Mathews*, 464 F.2d 1268, 1269-1270 (5th Cir. 1972).

In *United States v. Coleman*, 478 F.2d 1371, 1374 (9th Cir. 1973) "*Under the general principle that an agency is to be held to the terms of its regulations, Service v. Dulles*, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; *Vitarelli v. Seaton, 1959, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012, the judgment cannot stand.*"

In *Equal Employment Opportunity Commission v. G.E. Co.*, 532 F.2d 359 (4th Circuit 1976) *at 371* "It is only when "noncompliance" with the agency's regulations "results in prejudice" that it will void or abate the administrative proceedings." *At further at 371*, to wit:

> FN37. See, *McCourt v. Hampton* (4th Cir. 1975) 514 F.2d 1365, where the Court said: ***This court has been and will be as assiduous in requiring the government to live up to regulations for the conduct of its own affairs when noncompliance results in prejudice to an adverse party,*** *see, e. g., United States v. Heffner*, 420 F.2d 809 (4 Cir. 1969), as it has and will continue to be in requiring a private citizen to regulate and conduct himself and his affairs in accordance with federal law. (p. 1370) *[Emphasis added]*

In the adjudged decision of the Supreme Court of the United States in *Vitarelli v. Seaton*, 359 U.S. 535, 546-547 (1959), to wit:

> ***An executive agency must be rigorously held to the standards by which it professes its action to be judged.*** See *Securities & Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87-88. Accordingly, if dismissal from employment is based on a defined procedure, even though generous beyond *the requirements that bind such agency, **that procedure must be scrupulously observed.*** See *Service v. Dulles*, 354 U.S. 363. ***This judicially evolved rule of administrative law is now firmly established*** and, if I may add, rightly so. ***He that takes the procedural sword shall perish with that sword.*** *[Emphasis added]*

## C.    Criteria Establishing Binding Effect in Federal Register and the CFRs

For regulations to have the *force and effect of law* the 9th Circuit pronounced in *Rank v. Nimmo*, 677 F.2d 692 (9th 1982) citing the holding in *Chrysler v. Brown*, 441 U.S. 281, 301-303 (1979), to wit:

> [T]o have the *"force and effect of law," they must (1) prescribe substantive rules-not interpretive rules, general statements of policy or rules of agency organization, procedure or practice-and, (2) conform to certain procedural requirements. Chrysler Corp. v. Brown*, 441 U.S. 281, 301 (1979). *The first element requires that the rules be legislative in nature, affecting individual rights and obligations. Id. at 302. The*

*second element requires that the agency promulgate the rules pursuant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress. Id. at 302-03. [Emphasis added]*

See also *Western Radio Services Co, Inc. v. Espy*, 79 F.3d 896, 901 (9th Cir. 1996); *United States v. Fifty-Three(53) Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1982).

In the adjudged decision of *American Petroleum Institute, et al. v. U.S. E.P.A.*, 216 F.3d 50, 68 (U.S. App. D.C. 2000), to wit:

> In determining whether an agency has taken final action the court has looked to a variety of factors, "including the agency's own characterization of its action, *publication or lack thereof in the Federal Register or Code of Federal Regulations,* and *whether the action has a binding effect on the rights of parties,* and on the agency's ability to exercise discretion in the future." *[Emphasis added]*

See also *American Portland Cement Alliance v. E.P.A.*, 101 F.3d 772, 775-776 (U.S. App. D.C. 1996) *at page 776* added to *American Petroleum Institute, et al. v. U.S. E.P.A.*, 216 F.3d 50, 68 (U.S. App. D.C. 2000)   "[t]he real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations . . . " (cites omitted) "Publication in the Code is not just a matter of agency convention.   The regulations governing the Code provide that in shall contain "each Federal regulation of general applicability and legal effect" 1 C.F.R. § 8.1(a) 1996." See also *Montrose Chemical Corp. of California v. E.P.A.*, 132 F.3d 90, 95 (U.S. App. D.C. 1998).

In *Applied Innovations, Inc. v. Regents of the Univ. of Minnesota*, 876 F.2d 626,

binding because *it had never been published in the Federal Register* and university had no actual knowledge of it."

In *Contini v. Hyundia Motor Company, et al.*, 840 F.Supp. 22, 25 (S.D. USDC N.Y. 1993) "Such *ex parte* staff advice, not formally adopted by the agency or published in the Federal Register, is not binding on the courts. See 5 U.S.C. § 552(a); 5 U.S.C. § 500 *et seq.*; 44 U.S.C. §§ 1501-1511." *[Emphasis added]*

Standards for a binding regulation is pronounced in *The Wilderness Society v. Norton*, 434 F.3d 584, 595, 596 (U.S. App. D.C. 2006), to wit:

> In determining whether an agency has issued a binding norm or merely a statement of policy, we are guided by two lines of inquiry. "*One line of analysis focuses on the effects of the agency action*," asking whether the agency has "(1) 'impose[d] any rights and obligations,' or (2) 'genuinely [left] the agency and its decisionmakers free to exercise discretion.'*" *CropLife Am. v. EPA*, 329 F.3d 876, 883 (D.C.Cir.2003) (quoting *Cmty. Nutrition Inst. v. Young*, 818 F.2d 943, 946 (D.C.Cir.1987) (per curiam)). "[T]he language actually used by the agency" is often central to making such determinations. *Cmty. Nutrition Inst.*, 818 F.2d at 946. "The second line of analysis focuses on the agency's expressed intentions." *CropLife Am.*, 329 F.3d at 883. *The analysis under this line of cases "look[s] to three factors: (1) the [a]gency's own characterization of the action; (2) whether the action was published in the Federal Register or the Code of Federal Regulations; and (3) whether the action has binding effects on private parties or on the agency."* *Molycorp, Inc. v. EPA*, 197 F.3d 543, 545 (D.C.Cir.1999). Under either line of analysis, the MANAGEMENT POLICIES is a statement of policy, not a codification of binding rules.
> * * *
> It is particularly noteworthy that NPS did not issue its MANAGEMENT POLICIES through notice and comment rulemaking under 5 U.S.C. § 553 of the APA. Although the agency twice gave notice in the Federal Register of proposed policies, it never published a final version of the POLICIES in either the Federal Register or, **177*596 more significantly, in the Code of Federal Regulations.
> *Failure to publish in the Federal Register is indication that the statement in question was not meant to be a regulation since the [APA] requires regulations to be so published.* The converse, however, is not true: *Publication* in the Federal Register does *not* suggest that the matter published *was* meant to be a regulation, since the APA requires general statements of policy to be published as well. The real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations, which the statute authorizes to contain only documents *"having general applicability and legal effect,"* and which the governing regulations provide *shall contain only "each Federal regulation of general applicability and current or future effect." [Emphasis added]*

Standards in determining what is a regulation and if the regulation is binding as pronounced in *General Electric Co. v. E.P.A.*, 290 F.3d 377 (U.S. App. D.C. 2002), to wit:

> The EPA urges the court to consider three factors: *"(1) the Agency's own characterization of its action; (2) whether the action was published in the Federa*

*lRegister or the Code of Federal Regulations; and (3) whether the action has binding effects on private parties or on the agency." Molycorp, Inc.,* 197 F.3d at 545;*see also Florida Power & Light Co. v. EPA,* 145 F.3d 1414, 1418 (D.C.Cir.1998); *American Portland Cement Alliance v. EPA,* 101 F.3d 772, 776 (D.C.Cir.1996). As the EPA concedes, however, *the third factor is the most important: "[T]he ultimate focus of the inquiry is whether the agency action partakes of the fundamental characteristic of a regulation, i.e., that it has the force of law." Molycorp, Inc.,* 197 F.3d at 545.

[5] The two tests overlap at step three of the *Molycorp* formulation-in which the court determines whether the agency action binds private parties or the agency itself with the "force of law." This common standard has been wellstated as follows:

*If a document expresses a change in substantive law or policy (that is not an interpretation) which the agency intends to make binding, or administers with binding effect,* **the agency may not rely upon the statutory exemption for policy statements, *but must observe the APA's legislative rulemaking procedures.* [Emphasis added]**

See *The Wilderness Society v. Norton,* 434 F.3d 584, 595 (U.S. App. D.C. 2006);

*Molycorp, Inc. v. U.S. E.P.A.,* 197 F.3d 543, 545 (U.S. App. D.C. 1999); *Croplife*

*American, et al. v. E.P.A.,* 329 F.3d 876, 883 (U.S. App. D.C.); *Florida Power & Light*

*Co. v. E.P.A.,* 145 F.3d 1414, 1418 (U.S. App. D.C. 1998).

## D.      If not Published in the Federal Register, it is Non-binding

If there no regulations published in the Federal Register, then it is not-binding.

See *Fleet Real Estate Funding Corp. v. Smith,* 530 A.2d 919, 922 (Sup. Ct. PA 1987);

*United States v. Coleman,* 200 F.Supp.2d 561, 569 (E.D. USDC N. Carolina 2002).

## E.      Disclaimer Required by Agency to Negate Binding Effect of Regulation

Disclaiming any rule or regulation with a disclaimer negates same to have the

*force and effect of law* as pronounced in *Croplife American, et al. v. E.P.A.,* 329 F.3d

876, 883 (U.S. App. D.C.), to wit:

[I]n which the court determines whether the agency action binds private parties or the agency itself with the 'force of law.' " *Id.* At 382. *General Electric* and other cases also make it clear that the agency's characterization of its own action is not controlling if it *self-servingly disclaims* any intention to create a rule with the "force of law," *[Emphasis added]*

## F.      Federal Laws and Regulations are Binding on State Courts

See *Lange v. Nelson-Ryan Flight Service, Inc.*, 108 N.W.2d 428, 466 (Sup. Ct Minn. 1961); *Schmidt v. Royer*, 574 N.W.2d 618, 624 (Sup. Ct. S.Dak 1998).

## G.    Regulations are Binding on all Parties when Published in the Federal Register

In the adjudged decision of *Service v. Dulles*, 354 U.S. 363, 372 (1957) ". . . that regulations validly prescribed by a government administrator are binding upon him as well as the citizen, and that this principle holds even when the administrative action under review is discretionary in nature." See also *United States el rel. v. Perkins*, 79 F.2d 533, 533 (2nd Cir. 1935); *United States v. Chin Fook Wah v. Dunton*, 288 F. 959, 959 (Dist. Ct. S.D. N.Y. 1923).

In *Sheridan-Wyoming Coal Co. Inc., v. Krug*, 172 F.2d 282, 287 (U.S. App. D.C. 1949) "The regulation was published in the Federal Register as one of general applicability and legal effect. It had the force and effect of statute. As such, it was binding upon the Secretary until repealed or modified by him."

In the "Final Rule" published in the Federal Register at 69 FR 57826-57835 at 69 FR 57829 in 2004 by the Department of Justice, it is held that publication in the Federal Register is binding on all who are within the jurisdiction of the United States, to wit:

> Publication in the Federal Register unequivocally constitutes sufficient notice for due process purposes. ***Congress has specified this form of notice and made that notice binding on all who are within the jurisdiction of the United States.*** **44 U.S.C. 1507** (*publication in Federal Register "is sufficient to give notice of the contents of the document to a person subject to or affected by it"*). ***The courts have clearly relied upon the adequacy of notice by publication in the Federal Register since the Federal Register's inception.*** *See, e.g.,* Lyng v. Payne, 476 U.S. 926, 942–943 (1986); *Dixson* v. *United States*, 465 U.S. 482, 489 n.6 (1984); *Federal Crop Ins. Corp.* v. *Merrill*, 332 U.S. 380, 385 (1947). *The Department rejects the notion that more notice is required as a matter of law.* The Department does not accept the premise of the commenters' arguments that it, or any other agency, is required to provide individual notice of the content of the law. *Like citizens, aliens have a duty to know the law and abide by the law.* ***[Emphasis added]***

It has long been established that publication in the Federal Register is legal notice and binding upon all who are affected thereby in the adjudged decision of *Bennett v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 717 F.2d 1167, 1169 (7th Cir. 1983), to wit:

> *It has long been established that publication of regulations in the Federal Register has the legal effect of constructive notice of their contents to all who are affected thereby.* 44 U.S.C. § 1507; *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947); *Diamond Ring Ranch, Inc. v. Morton*, 531 F.2d 1397, 1405 (10th Cir.1976). The United States Supreme Court has stated that such regulations are binding *"regardless of actual knowledge of what is in the Regulations or of the hardship resulting from ignorant innocence."* *Merrill*, 332 U.S. at 385. *[Emphasis added]*

See also *Dixson v. United States*, 468 U.S. 482 n.6 (1984).

The adjudged decision of the Supreme Court of the United States in *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-385 (1947) held that he who does business with the United States takes the risk of ascertaining that the Government or its agents stay within their authority and published regulations in the Federal Register are binding upon all who come within its jurisdiction regardless of your actual knowledge of what is in the regulations or the hardship resulting from innocent ignorance. *At 385 ibid* "Men must turn square corners when they deal with the Government."

See *Lying v. Payne*, 476 U.S. 926, 942-943 (1986); *Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000); *Friends of Sierra Railroad, Inc. v. Interstate Commerce Commission*, 881 F.2d 663, 667-668 (9th Cir. 1989); *Roberts v. United States*, 13 Cl.Ct. 774, 777 (Cl. Ct. 1987).

In *Government of Guam v. United States*, 744 F.2d 699 (9th Cir. 1984) publishing in the Federal Register "constituted formal notice to the world of the United States' claim."