*6. Form 3468: Investment Credit*

Section 47 of the Code generally provides a credit for rehabilitation expenditures incurred for a qualified rehabilitated building or a certified historic structure. Section 1.48–12(d)(7)(i) of the Income Tax Regulations provides that a taxpayer claiming the credit for rehabilitation of a certified historic structure must file Form 3468 with Form 1040. Form 3468 requires a copy of the final certification of completed work issued by the Secretary of the Interior. In addition, for returns filed after January 9, 1989, the taxpayer must submit evidence that the building is a certified historic structure. This status is evidenced by the final certification of completed work issued by the Secretary of the Interior. If the Secretary of the Interior has not issued a certification at the time the tax return is filed, § 1.48–12(d)(7)(ii) provides that the taxpayer must attach (1) a copy of the first page of the certification application, with an indication that it has been received by the Secretary of the Interior or designate, and (2) proof that the building is a certified historic structure (or that such status has been requested). In addition, the taxpayer is required to submit a copy of the certification as an attachment to Form 3468 accompanying the first income tax return filed after certification.

Attaching the certification impedes electronic filing of Form 3468 because it is a document generated by a third party. Therefore, the temporary regulations revise § 1.48–12(d)(7) to eliminate this requirement. For a return filed for a taxable year beginning after December 31, 2001, the taxpayer is required to provide on Form 3468 the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior. For a taxpayer who has not received certification by the time the income tax return is filed for a year in which the credit is claimed, the current rules applicable to returns filed before receipt of the certification remain unchanged. However, the temporary regulations eliminate the requirement that the certification be attached to the first income tax return filed after its receipt. Instead, the taxpayer is required to provide the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior on Form 3468 accompanying the first income tax return filed after certification.

Every taxpayer claiming the credit for rehabilitation of a certified historic structure must provide the required information on Form 3468 (or its successor) filed with the taxpayer's return and retain a copy of the certification. For a building owned by a pass-through entity (i.e., a partnership, S corporation, estate, or trust), only the pass-through entity, not the partner, shareholder or beneficiary, must provide on Form 3468 the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior. However, each partner, shareholder, or beneficiary claiming a credit for qualified rehabilitation expenditures from a pass-through entity must provide the employer identification number of that entity on Form 3468 (or its successor).

**Special Analyses**

It has been determined that this Treasury decision is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations. It is hereby certified that the collection of information in these regulations will not have a significant economic impact on a substantial number of small entities. This certification is based upon the fact that the persons responsible for recordkeeping are principally individuals, and the burden is not significant as described earlier in the preamble. Therefore, a Regulatory Flexibility Analysis under the Regulatory Flexibility Act (5 U.S.C. chapter 6) is not required. Pursuant to section 7805(f) of the Internal Revenue Code, these temporary regulations will be submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on their impact on small business.

**Drafting Information**

The principal author of these regulations is Sara Paige Shepherd, Office of Associate Chief Counsel (Procedure and Administration), Administrative Provisions and Judicial Practice Division. However, other personnel from the IRS and the Treasury Department participated in the development of the regulations.

**List of Subjects**

*26 CFR Part 1*

Income taxes, Reporting and recordkeeping requirements.

*26 CFR Part 301*

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordkeeping requirements.

*26 CFR Part 602*

Reporting and recordkeeping requirements.

**Adoption of Amendments to the Regulations**

Accordingly, 26 CFR parts 1, 301 and 602 are amended as follows:

**PART 1—INCOME TAXES**

1. The authority citation for part 1 continues to read in part as follows:

Authority: 26 U.S.C. 7805 * * *

2. In § 1.48–12, paragraph (d)(7)(iii) is added to read as follows:

**§ 1.48–12   Qualified rehabilitated building; expenditures incurred after December 31, 1981.**

\*   \*   \*   \*   \*

(d) * * *

(7) * * *

(iii) *Effective dates.* Paragraph (d)(7)(i) of this section applies to returns for taxable years beginning before January 1, 2002. The requirement in the fourth sentence of paragraph (d)(7)(ii) of this section applies only if the first income tax return filed after receipt by the taxpayer of the certification is for a taxable year beginning before January 1, 2002. For rules applicable to returns for taxable years beginning after December 31, 2001, see § 1.48–12T(d)(7)(iii).

3. Section 1.48–12T is revised to read as follows:

**§ 1.48–12T   Qualified rehabilitated building; expenditures incurred after December 31, 1981 (temporary).**

(a) through (d)(7)(ii) [Reserved] For further guidance, see § 1.48–12(a) through (d)(7)(ii).

(iii) *Returns for taxable years beginning after December 31, 2001—(A) In general.* Except as otherwise provided in § 1.48–12(d)(7)(ii) and this paragraph (d)(7)(iii), a taxpayer claiming the credit for rehabilitation of a certified historic structure (within the meaning of section 47(c)(3) and § 1.48–12(d)(1)) for a taxable year beginning after December 31, 2001, must provide with the return for the taxable year in which the credit is claimed, the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior. If a credit (including a credit for a taxable year beginning before January 1, 2002) is claimed under the late certification procedures of § 1.48–12(d)(7)(ii) and the first income tax return filed by the taxpayer after receipt of the certification is for a taxable year beginning after

December 31, 2001, the taxpayer must provide the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior with that return.

(B) *Reporting and recordkeeping requirements.* The information required under paragraph (d)(7)(iii)(A) of this section must be provided on Form 3468 (or its successor) filed with the taxpayer's return. In addition, the taxpayer must retain a copy of the final certification of completed work for as long as its contents may become material in the administration of any internal revenue law.

(C) *Passthrough entities.* In the case of a credit for qualified rehabilitation expenditures of a partnership, S corporation, estate, or trust, the requirements of this paragraph (d)(7)(iii) apply only to the entity. Each partner, shareholder or beneficiary claiming a credit for such qualified rehabilitation expenditures from a passthrough entity must, however, provide the employer identification number of the entity on Form 3468 (or its successor).

(D) *Effective dates.* This paragraph (d)(7)(iii) applies to returns and records for taxable years beginning after December 31, 2001. For rules applicable to returns and records for taxable years beginning before January 1, 2002, see § 1.48–12(d)(7)(i) and the fourth sentence of § 1.48–12(d)(7)(ii).

(e) through (f)(3) [Reserved]. For further guidance, see § 1.48–12(e) through (f)(3).

### § 1.152–3   [Amended]

4. In § 1.152–3, paragraph (c) is removed and reserved.

5. Section 1.152–3T is added to read as follows:

### § 1.152–3T   Multiple support agreements (temporary).

(a) through (b) [Reserved]. For further guidance, see § 1.152–3(a) and (b).

(c)(1) The member of a group of contributors who claims an individual as a dependent for a taxable year beginning before January 1, 2002, under the multiple support agreement provisions of section 152(c) must attach to the member's income tax return for the year of the deduction a written declaration from each of the other persons who contributed more than 10 percent of the support of such individual and who, but for the failure to contribute more than half of the support of the individual, would have been entitled to claim the individual as a dependent.

(2) The taxpayer claiming an individual as a dependent for a taxable year beginning after December 31, 2001, under the multiple support agreement provisions of section 152(c) must provide with the income tax return for the year of the deduction—

(i) A statement identifying each of the other persons who contributed more than 10 percent of the support of the individual and who, but for the failure to contribute more than half of the support of the individual, would have been entitled to claim the individual as a dependent; and

(ii) A statement indicating that the taxpayer obtained a written declaration from each of the persons described in section 152(c)(2) waiving the right to claim the individual as a dependent.

(3) The taxpayer claiming the individual as a dependent for a taxable year beginning after December 31, 2001, must retain the waiver declarations and should be prepared to furnish the waiver declarations and any other information necessary to substantiate the claim of the taxpayer. Other information that will substantiate the dependency claim of the taxpayer may include a statement showing the names of all contributors (whether or not members of the group described in section 152(c)(2)) and the amount contributed by each to the support of the claimed dependent.

### § 1.611–3   [Amended]

6. In § 1.611–3, paragraph (h) is removed and reserved.

7. Section 1.611–3T is added to read as follows:

### § 1.611–3T   Rules applicable to timber (temporary).

(a) through (g) [Reserved]. For further guidance, see § 1.611–3(a) through (g).

(h) *Reporting and recordkeeping requirements*—(1) *Taxable years beginning before January 1, 2002.* A taxpayer claiming a deduction for depletion of timber for a taxable year beginning before January 1, 2002, shall attach to the income tax return of the taxpayer a filled-out Form T (Timber) for the taxable year covered by the income tax return, including the following information—

(i) A map where necessary to show clearly timber and land acquired, timber cut, and timber and land sold;

(ii) Description of, cost of, and terms of purchase of timberland or timber, or cutting rights, including timber or timber rights acquired under any type of contract;

(iii) Profit or loss from sale of land, or timber, or both;

(iv) Description of timber with respect to which claim for loss, if any, is made;

(v) Record of timber cut;

(vi) Changes in each timber account as a result of purchase, sale, cutting, reestimate, or loss;

(vii) Changes in improvements accounts as the result of additions to or deductions from capital and depreciation, and computation of profit or loss on sale or other disposition of such improvements;

(viii) Operation data with respect to raw and finished material handled and inventoried;

(ix) Statement as to application of the election under section 631(a) and pertinent information in support of the fair market value claimed thereunder;

(x) Information with respect to land ownership and capital investment in timberland; and

(xi) Any other data which will be helpful in determining the reasonableness of the depletion or depreciation deductions claimed in the return.

(2) *Taxable years beginning after December 31, 2001.* A taxpayer claiming a deduction for depletion of timber on a return filed for a taxable year beginning after December 31, 2001, shall attach to the income tax return of the taxpayer a filled-out Form T (Timber) for the taxable year covered by the income tax return. In addition, the taxpayer must retain records sufficient to substantiate the right of the taxpayer to claim the deduction, including a map, where necessary, to show clearly timber and land acquired, timber cut, and timber and land sold for as long as their contents may become material in the administration of any internal revenue law.

### § 1.852–9   [Amended]

8. In § 1.852–9, paragraph (c)(1) is removed and reserved.

9. Section 1.852–9T is added to read as follows:

### § 1.852–9T   Special procedural requirements applicable to designation under section 852(b)(3)(D) (temporary).

(a) through (b)(3) [Reserved]. For further guidance, see § 1.852–9(a) through (b)(3).

(c) *Shareholders*—(1)(i) *Return requirements for taxable years beginning before January 1, 2002.* For taxable years beginning before January 1, 2002, the copy B of Form 2439 furnished to a shareholder by the regulated investment company or by a nominee, as provided in § 1.852–9(a) or (b) shall be attached to the income tax return of the shareholder for the taxable year in which the amount of undistributed capital gains is includible in gross income as provided in § 1.852–4(b)(2).