17330          RULES AND REGULATIONS

CFR Part 1) and the Regulations on Procedure and Administration (26 CFR Part 301) under section 6012 of the Internal Revenue Code of 1954 to reflect the changes made by section 941 of the Tax Reform Act of 1969 (83 Stat. 726) was published in the FEDERAL REGISTER (35 F.R. 12343). No objection to the rules proposed having been received from the public during the 30-day period presented in the notice, the regulations as proposed are hereby adopted.

(Sec. 7805, Internal Revenue Code of 1954, (68A Stat. 917; 26 U.S.C. 7805)

[SEAL]   RANDOLPH W. THROWER,
*Commissioner of Internal Revenue.*

Approved: October 28, 1970.

JOHN S. NOLAN,
*Acting Assistant Secretary of the Treasury.*

In order to conform the Income Tax Regulations (26 CFR Part 1) and the regulations on Procedure and Administration (26 CFR Part 301) under section 6012(a)(1) of the Internal Revenue Code of 1954 to section 941 of the Tax Reform Act of 1969 (83 Stat. 726), such regulations are amended as follows:

PARAGRAPH 1. Section 1.6012 is amended by revising paragraph (1) of section 6012(a) and the historical note to read as follows:

§ 1.6012 Statutory provisions; persons required to make returns of income.

SEC. 6012. *Persons required to make returns of income*—(a) *General rule.* Returns with respect to income taxes under subtitle A shall be made by the following:

[Applicable to taxable years beginning after Dec. 31, 1969, and before Jan. 1, 1973]

(1) (A) Every individual having for the taxable year a gross income of $600 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—

(i) Who is not married (determined by applying section 143(a)) and for the taxable year has a gross income of less than $1,700, or

(ii) Who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $2,300 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.

Clause (ii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).

(B) The $1,700 amount specified in subparagraph (A)(i) shall be increased to $2,300 in the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the $2,300 amount specified in subparagraph (A)(ii) shall be increased by $600 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c);

[Applicable to taxable years beginning after Dec. 31, 1972]

(1) (A) Every individual having for the taxable year a gross income of $750 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—

(i) Who is not married (determined by applying section 143(a)) and for the taxable year has a gross income of less than $1,750, or

(ii) Who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $2,500 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.

Clause (ii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).

(B) The $1,750 amount specified in subparagraph (A)(i) shall be increased to $2,500 in the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the $2,500 amount specified in subparagraph (A)(ii) shall be increased by $750 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c).

\*    \*    \*    \*    \*

[Sec. 6012 as amended by sec. 72(a), Technical Amendments Act 1958 (72 Stat. 1600); sec. 206(b)(1), Rev. Act 1964 (78 Stat. 40); sec. 941, Tax Reform Act 1969 (83 Stat. 726)]

PAR. 2. Paragraph (a) of § 1.6012–1 is amended by revising subparagraphs (1), (2), and (4) thereof to read as follows:

§ 1.6012–1 Individuals required to make returns of income.

(a) *Individual citizen or resident*—(1) *In general.* Except as provided in subparagraph (2) of this paragraph, an income tax return must be filed by every individual for each taxable year beginning before January 1, 1973, during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he receives $750 or more of gross income, if such individual is—

(i) A citizen of the United States, whether residing at home or abroad,

(ii) A resident of the United States even though not a citizen thereof, or

(iii) An alien bona fide resident of Puerto Rico during the entire taxable year.

(2) *Special rules.* (i) For taxable years beginning before January 1, 1970, an individual who is described in subparagraph (1) of this paragraph and who has attained the age of 65 before the close of his taxable year must file an income tax return only if he receives $1,200 or more of gross income during his taxable year.

(ii) For taxable years beginning after December 31, 1969, and before January 1, 1973, an individual described in subparagraph (1) of this paragraph (other than an individual referred to in section 142(b))—

(a) Who is not married (as determined by applying section 143(a) and the regulations thereunder) must file an income tax return only if he receives $1,700 or more of gross income during his taxable year, except that if such an individual has attained the age of 65 before the close of his taxable year an income tax return must be filed by such individual only if he receives $2,300 or more of gross income during his taxable year.

(b) Who is entitled to make a joint return under section 6013 and the regulations thereunder must file an income tax return only if his gross income received during his taxable year, when combined with the gross income of his spouse received during his taxable year, is $2,300 or more. However, if such individual or his spouse has attained the age of 65 before the close of the taxable year an income tax return must be filed by such individual only if their combined gross income is $2,900 or more. If both the individual and his spouse have attained the age of 65 before the close of the taxable year such return must be filed only if their combined gross income is $3,500 or more. However, this subdivision (ii)(b) shall not apply if the individual and his spouse did not have the same household as their home at the close of their taxable year, if such spouse files a separate return for a taxable year which includes any part of such individual's taxable year, or if any other taxpayer is entitled to an exemption for such individual or his spouse under section 151(e) for such other taxpayer's taxable year beginning in the calendar year in which such individual's taxable year begins. For example, a married student more than half of whose support is furnished by his father must file an income tax return if he receives $600 or more of gross income during his taxable year.

(iii) For taxable years beginning after December 31, 1972, an individual described in subparagraph (1) of this paragraph (other than an individual referred to in section 142(b))—

(a) Who is not married (as determined by applying section 143(a) and the regulations thereunder) must file an income tax return only if he receives $1,750 or more of gross income during his taxable year, except that if such an individual has attained the age of 65 before the close of his taxable year an income tax return must be filed by such individual only if he receives $2,500 or more of gross income during his taxable year.

(b) Who is entitled to make a joint return under section 6013 and the regulations thereunder must file an income tax return only if his gross income received during his taxable year, when combined with the gross income of his spouse received during his taxable year, is $2,500 or more. However, if such individual or his spouse has attained the age of 65 before the close of the taxable year an income tax return must be filed by such individual only if their combined gross income is $3,250 or more. If both the individual and his spouse attain the age of 65 before the close of the taxable year such return must be filed only if their combined gross income is $4,000 or more. However, this subdivision (iii)(b) shall not apply if the individual and his spouse did not have the same household as their home at the close of their taxable year, if such spouse files a separate return for a taxable year which includes any part of such individual's taxable year, or if any other taxpayer is entitled to an exemption for the taxpayer or his spouse under section 151(e) for such other taxpayer's taxable year

Attachment BB - page 1 of 4

beginning in the calendar year in which such individual's taxable year begins. For example, a married student more than half of whose support is furnished by his father must file an income tax return if he receives $750 or more of gross income during the taxable year.

(iv) For purposes of section 6012(a)(1)(A)(ii) and subdivisions (ii)(b) and (iii)(b) of this subparagraph, an individual and his spouse are considered to have the same household as their home at the close of a taxable year if the same household constituted the principal place of abode of both the individual and his spouse at the close of such taxable year (or on the date of death, if the individual or his spouse died within the taxable year). The individual and his spouse will be considered to have the same household as their home at the close of the taxable year notwithstanding a temporary absence from the household due to special circumstances, as, for example, in the case of a nonpermanent failure on the part of the individual and his spouse to have a common abode by reason of illness, education, business, vacation, or military service. For example, A, a calendar-year individual under 65 years of age, is married to B, also under 65 years of age, and is a member of the Armed Forces of the United States. During 1970 A is transferred to an overseas base. A and B give up their home, which they had jointly occupied until that time; B moves to the home of her parents for the duration of A's absence. They fully intend to set up a new joint household upon A's return. Neither A nor B must file a return for 1970 if their combined gross income for the year is less than $2,300 and if no other taxpayer is entitled to a dependency exemption for A or B under section 151(e).

(v) In the case of a short taxable year referred to in section 443(a)(1), an individual described in subparagraph (1) of this paragraph shall file an income tax return if his gross income received during such short taxable year equals or exceeds his own personal exemption allowed by section 151(b) (prorated as provided in section 443(c)) and, when applicable, his additional exemption for age 65 or more allowed by section 151(c)(1) (prorated as provided in section 443(c)).

* * * * *

(4) *Return of income of minor.* A minor is subject to the same requirements and elections for making returns of income as are other individuals. Thus, for example, for a taxable year beginning after December 31, 1972, a return must be made by or for a minor who has an aggregate of $1,750 of gross income from funds held in trust for him and from his personal services, regardless of the amount of his taxable income. The return of a minor must be made by the minor himself or must be made for him by his guardian or other person charged with the care of the minor's person or property. See paragraph (b)(3) of § 1.6012–S. See § 1.73–1 for inclusion in the minor's gross income of amounts received for his personal services. For the amount of tax which is considered to have been properly assessed against the parent, if not paid by the child, see section 6201(c) and paragraph (c) of § 301.6201–1 of this chapter (Regulations on Procedure and Administration).

* * * * *

PAR. 3. Section 301.6012 is amended by revising paragraph (1) of section 6012(a) and the historical note to read as follows:

§ 301.6012  Statutory provisions; persons required to make returns of income.

SEC. 6012. *Persons required to make returns of income*—(a) *General rule.* Returns with respect to income taxes under subtitle A shall be made by the following:

[Applicable to taxable years beginning after Dec. 31, 1969, and before Jan. 1, 1973]

(1)(A) Every individual having for the taxable year a gross income of $600 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—
(i) Who is not married (determined by applying section 143(a)) and for the taxable year has a gross income of less than $1,700, or
(ii) Who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $2,300 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.

Clause (ii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).

(B) The $1,700 amount specified in subparagraph (A)(i) shall be increased to $2,300 in the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the $2,300 amount specified in subparagraph (A)(ii) shall be increased by $600 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c);

[Applicable to taxable years beginning after Dec. 31, 1972]

(1)(A) Every individual having for the taxable year a gross income of $750 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—
(i) Who is not married (determined by applying section 143(a)) and for the taxable year has a gross income of less than $1,750, or
(ii) Who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $2,500 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.

Clause (ii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).

(B) The $1,750 amount specified in subparagraph (A)(i) shall be increased to $2,500 in the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the $2,500 amount specified in subparagraph (A)(ii) shall be increased by $750 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c);

* * * * *

(Sec. 6012 as amended by sec. 72(a), Technical Amendments Act 1958 (72 Stat. 1660); sec. 206(b)(1), Rev. Act 1964 (78 Stat. 40); sec. 941, Tax Reform Act 1969 (83 Stat. 728))

[F.R. Doc. 70–15212; Filed, Nov. 10, 1970; 8:48 a.m.]

[T.D. 7067]

PART 13—TEMPORARY INCOME TAX REGULATIONS UNDER THE TAX REFORM ACT OF 1969

Special Rule for Withholding Agents of Foreign Tax-Exempt Organizations for Calendar Year 1970

The following regulations relate to the application for calendar year 1970 of section 1443(b) of the Internal Revenue Code of 1954, as added by section 101(j) of the Tax Reform Act of 1969 (83 Stat. 528) to any person required to deduct and withhold any tax imposed on a foreign private foundation by section 4948(a).

The regulations set forth herein are temporary and are designed to provide rules whereby any person within the United States who makes payment of any item of gross investment income, as defined in section 4940(c)(2), to any foreign organization may rely on the certified statement of such organization that it is not a private foundation and thereby be relieved of the liability for withholding any tax imposed under section 4948(a). The procedure for certification by the foreign organization is also set forth. The regulations are effective until the issuance of final regulations to be prescribed by the Commissioner and approved by the Secretary or his delegate.

In order to provide such temporary regulations under section 1443(b) of the Internal Revenue Code of 1954, the following regulations are adopted:

§ 13.14  Special rule for withholding agents of foreign tax-exempt organizations for calendar year 1970.

(a) Any person required under section 1443(b) to deduct and withhold any tax imposed by section 4948(a) on any foreign organization for any period after December 31, 1969, and before January 1, 1971, shall not be liable for such tax if such person receives a certified statement from the foreign organization prior to December 1, 1970, stating that either—

(1) Such foreign organization has properly filed the notice described in section 508(b) and the regulations thereunder and has not been notified by the Commissioner or his delegate by the 30th day after the day on which the notice is filed that such notice has failed to establish that such foreign organization is not a private foundation, or

(2) The presumption contained in section 508(b) does not apply to such foreign organization by reason of section 508(c) and the regulations thereunder.

If a certified statement is not received prior to December 1, 1970, by any person required to deduct and withhold any tax imposed by section 4948(a) with respect to any foreign organization, then such person shall be liable for all such

Attachment BB - page 2 of 4



Wednesday,
April 9, 2008

Part IV

# Department of the Treasury

Internal Revenue Service

26 CFR Parts 1 and 301
Source Rules Involving U.S. Possessions and Other Conforming Changes; Final Rule

# DEPARTMENT OF THE TREASURY

## Internal Revenue Service

**26 CFR Parts 1 and 301**

[TD 9391]

RIN 1545–BF85

### Source Rules Involving U.S. Possessions and Other Conforming Changes

**AGENCY:** Internal Revenue Service (IRS), Treasury.

**ACTION:** Final regulations and removal of temporary regulations.

**SUMMARY:** This document contains final regulations that provide rules under section 937(b) of the Internal Revenue Code (Code) for determining whether income is derived from sources within a U.S. possession or territory specified in section 937(a)(1) (generally referred to in this preamble as a "territory") and whether income is effectively connected with the conduct of a trade or business within a territory. The final regulations also provide guidance under sections 876, 881, 884, 931, 932, 933, 934, 935, 957, and 6688 of the Code to reflect amendments made by the Tax Reform Act of 1986, Public Law 99–514 (100 Stat. 2085) (the 1986 Act) and the American Jobs Creation Act of 2004, Public Law 108–357 (118 Stat. 1418) (the 2004 Act). Conforming changes are also made to regulations under sections 1, 170A, 861, 871, 901, 1402, 6038, 6046, and 7701 of the Code.

**DATES:** *Effective Date:* These regulations are effective on April 9, 2008.

*Applicability Date:* For dates of applicability, see §§ 1.1–1(d), 1.170A–1(k), 1.861–3(d), 1.861–8(h), 1.871–1(d), 1.876–1(f), 1.881–1(f), 1.881–5(i), 1.884–0(b), 1.901–1(j), 1.931–1(d), 1.932–1(j), 1.933–1(e), 1.934–1(e), 1.935–1(g), 1.937–2(l), 1.937–3(f), 1.957–3(d), 1.1402(a)–12(c), 1.6038–2(m), 1.6046–1(l), 301.6688–1(d), 301.7701(b)–9(b)(5).

**FOR FURTHER INFORMATION CONTACT:** J. David Varley (202) 435–5262 (not a toll-free number).

**SUPPLEMENTARY INFORMATION:**

### Background

On April 11, 2005, the Treasury Department and the IRS published in the **Federal Register** temporary regulations (TD 9194, 70 FR 18920, as corrected at 70 FR 32589–01), which provided rules to implement section 937 and to conform existing regulations to other legislative changes with respect to the territories. A notice of proposed rulemaking (REG–159243–03, 70 FR 18949) cross-referencing the temporary regulations was published in the **Federal Register** on the same day. Written comments were received in response to the notice of proposed rulemaking and a public hearing on the proposed regulations was held on July 21, 2005.

After consideration of the comments, the Treasury Department and the IRS on January 31, 2006, published in the **Federal Register** final regulations (TD 9248, 71 FR 4996, as corrected at 71 FR 14099) under section 937(a) concerning the determination of bona fide residency in the territories. Following further comments and consideration, the Treasury Department and the IRS on November 14, 2006, published in the **Federal Register** final regulations (TD 9297, 71 FR 66232, as corrected at 71 FR 75882) under section 937(a) providing additional rules for determining bona fide residency in the territories.

The proposed regulations relating to source and effectively connected income with respect to the territories (specifically, §§ 1.937–2 and 1.937–3) as well as the other rules concerning the territories are adopted as amended by this Treasury decision, and the corresponding temporary regulations are removed.

### Explanation of Provisions and Summary of Comments

The final regulations under Code section 937(b) provide rules for determining whether income is from sources within a territory and whether income is effectively connected with the conduct of a trade or business within a territory (territory ECI). Section 937(b)(1) provides that, except as provided in regulations, rules similar to the rules for determining whether income is from sources within the United States or is effectively connected with the conduct of a trade or business within the United States will apply for purposes of determining whether income is from sources within a specified territory or effectively connected with the conduct of a trade or business in any such territory. Section 937(b)(2) provides that, except as provided in regulations, any U.S. source income or U.S. effectively connected income will not be treated as territory source income or as territory ECI.

The U.S. tax consequences of classifying income as being from sources within a territory or as being territory ECI vary from territory to territory. The final regulations under Code sections 931 through 935 contain rules implementing the operative substantive and procedural provisions of U.S. income tax law specifically applicable to each territory, including the rules regarding the filing requirements and the determination of the income tax liability of bona fide residents and other persons with territory source income. In addition to the rules under Code sections 937(b) and 931 through 935, the final regulations provide conforming changes to rules under related provisions of the Code.

The Treasury Department and the IRS recognize that the interaction of section 937 and other sections of the Code relating to the territories requires a balance between implementing the policies Congress intended in section 937(b) while recognizing the territories' efforts to retain and attract workers and businesses. As discussed in more detail in this preamble, the final regulations seek to achieve this balance. For example, the final regulations allow an individual to elect, under the special gain rule that applies to property owned by an individual before the individual became a bona fide resident of the territory, to treat as territory source the portion of the gain that accrued while the individual was a bona fide resident of the territory. The Treasury Department and the IRS will continue to consider comments received and anticipate that additional changes to the final regulations may be made.

### I. Territory Source Income and Territory ECI

*A. Territory Source Income*

Section 937(b)(1) expressly grants the Treasury Department and the IRS the regulatory authority to provide exceptions to the general territory source rule, which otherwise applies sourcing principles similar to those of the U.S. source rules. The legislative history to section 937 indicates that Congress intended that the Treasury Department and the IRS use this authority to provide exceptions to the general rules regarding territory source income and territory ECI as appropriate. H.R. Conf. Rep. 108–755, at 795 (2004). The legislative history indicates that Congress anticipated that the regulatory authority would be used to continue the existing treatment of income from the sale of goods manufactured in a territory and to prevent abuse, such as acquiring residence in a territory just prior to the disposition of appreciated property in order to avoid U.S. tax on such disposition. *Id.*

Under the temporary and proposed regulations, except as otherwise specifically provided, the principles of sections 861 through 865 and the regulations under those provisions