Federal Register / Vol. 73, No. 69 / Wednesday, April 9, 2008 / Rules and Regulations   19351

generally apply for purposes of determining the gross and taxable income from sources within and without a territory. The temporary and proposed regulations further state that in the application of such principles, the name of the relevant territory will be used instead of the term "United States"; the term "bona fide resident of" followed by the name of the relevant territory will be used instead of the term "United States resident"; and the term "domestic" will be construed to mean created or organized in the relevant territory.

The temporary and proposed regulations also provide exceptions to the general rule for determining whether income is from sources within a territory. In accordance with the legislative history to the 2004 Act, the temporary and proposed regulations preserve the manufacturing-sales income rules in § 1.863–3(f). In addition, the temporary and proposed regulations provide special rules preventing dividends and interest paid by certain closely held territory corporations from being territory source income. Similarly, the temporary and proposed regulations provide that gains from dispositions of appreciated property owned by an individual prior to becoming a resident is not territory source income under a special 10-year look-back rule, and there are special rules regarding compensation for military service. As discussed in more detail in part I.C., the temporary and proposed regulations also reflect section 937(b)(2), which is the statutory exception to the general territory source rule.

1. General Territory Source Rule

In response to the temporary and proposed regulations, commentators requested further guidance regarding the application of the general rule for determining whether income is from sources within a territory. In particular, commentators questioned whether, in applying the principles of section 861 through 865, the only permissible modifications to the U.S. source rules were the substitutions described in § 1.937–2T(b).

The Treasury Department and the IRS agree that the general rule for determining whether income is from sources within a territory should be modified to provide greater flexibility in applying the principles of sections 861 through 865 as well as to prevent abuse. Consequently, the final regulations provide that it generally will be sufficient to make certain specified substitutions described in § 1.937–2(b) when determining whether income is from within or without a territory. However, the final regulations provide that additional substitutions may be necessary to accomplish the intent of section 937(b).

The final regulations also provide a necessary limitation and rule of application to reflect the Congressional intent in enacting the rules of section 937(b)(1). Under this limiting rule, in no event will a bona fide resident of a territory or other person have, as a result of the application of the principles of the U.S. source rules, more income from sources within the relevant territory than the amount of income from sources within the United States that a similarly situated U.S. person who is not a bona fide resident of a territory would have under the U.S. source rules.

Conforming amendments are made to the territory ECI rules to reflect these amendments to the territory source rules. See part I.B. Taxpayers may choose to apply the amendments to the territory source and ECI rules retroactively to open taxable years ending after October 22, 2004.

2. Space and Ocean Income and International Communications Income

Section 863(d) provides that income derived from space or ocean activity is sourced within the United States if it is derived by a U.S. person and is sourced without the United States if derived by a foreign person. Section 863(e) generally provides that income derived from international telecommunications activity by a U.S. person is treated as one-half from sources within the United States and one-half from sources without the United States. Commentators specifically requested greater clarity regarding how the principles of sections 863(d) and (e) were to be applied to determine whether income from space and ocean activity and international communications is from sources within a territory.

The Treasury Department and IRS agree that the kinds of further modifications to the general rule that are discussed in part I.A.1 would be specifically warranted with respect to applying the principles of the space and ocean and international communications source rules in the territories. Consequently, the final regulations provide that in applying the principles of section 863(d) and (e) to determine whether a bona fide resident's income is within or without a territory, the term "bona fide resident of a possession" will be used instead of the term "United States person."

3. Transportation Income

Under section 863(c)(1), transportation income is treated as U.S. source if it is attributable to transportation beginning and ending in the United States. However, section 863(c)(2) provides that if the transportation begins or ends in the United States but is not described in section 863(c)(1), then one-half of the income is U.S. source (the 50–50 source rule). Section 863(c)(2) provides an exception to the 50–50 source rule in the case of transportation income derived from personal services of a taxpayer, unless such income is attributable to transportation that begins (or ends) in the United States and ends (or begins) in a territory. In the case of transportation income derived in connection with a vessel, the rules of section 863(c)(2) apply only in the case of taxpayers who are citizens or resident aliens.

Commentators argued that the rules of section 863(c)(2) should not apply to transportation income derived from personal services of bona fide residents of the U.S. Virgin Islands. These commentators argued that the application of these rules to a bona fide resident of the U.S. Virgin Islands is contrary to Congressional intent in enacting section 934(b), as interpreted by the commentators. Accordingly, they maintained, the Treasury Department and the IRS should exercise their regulatory authority under section 937(b)(1) to provide that transportation income that is derived from personal services of a bona fide resident of the U.S. Virgin Islands and that otherwise would be sourced under the 50–50 source rule principles of section 863(c)(2), should be sourced entirely within the U.S. Virgin Islands, regardless of the beginning or endpoint of the transportation to which the income is attributable.

The Treasury Department and the IRS believe that their regulatory authority under section 937(b)(1) does not extend to deviating from the source rules of section 863(c)(2). Congress clearly contemplated territorial tax issues when enacting section 863(c) as it provided special source rules in the case of transportation income derived from transportation between the United States and the territories. See H.R. Conf. Rep. 98–861, at 1622 (1984). Congress intended that these rules also would apply for purposes of determining the source of income in territories that mirror the U.S. income tax. *Id.* When section 863(c)(2) was amended by the 1986 Act, the same legislation that enacted sections 932 and 934(b)

applicable to the U.S. Virgin Islands, Congress preserved the special 50–50 source rule applicable to transportation between the United States and a territory and specifically applied the rule to such income that is derived from personal services. See H.R. Conf. Rep. 99–841, at II–599 (1986).

Furthermore, the commentators premised their argument for changing the source of transportation income on section 934, which only applies to the U.S. Virgin Islands. In the 2004 Act, Congress sought to rationalize the source of income rules applicable to the territories. See H.R. Conf. Rep. 108–755, at 794 (2004). Thus, the rules set forth in section 937 for determining bona fide residency and source of income are intended to apply uniformly to the territories rather than to provide tailored exceptions applicable to only certain territories such as the U.S. Virgin Islands.

Consequently, § 1.937–2 does not incorporate special rules with respect to transportation income between the United States and the U.S. Virgin Islands.

4. De Minimis Rule

Section 861(a)(3) generally provides that compensation for labor or personal services performed in the United States is U.S. source income. Under the principles of section 861(a)(3), income from services performed in a territory is treated as territory source income. However, while section 861(a)(3) provides a de minimis exception to this general rule for services performed by nonresident aliens in the United States for minimal compensation over a short period of time, the temporary and proposed regulations specifically provide that the de minimis exception does not apply for determining whether income from services is from sources within a territory. Consequently, a U.S. citizen or resident alien who is not a bona fide resident of the U.S. Virgin Islands, for example, may have to file an income tax return with and pay tax to the U.S. Virgin Islands under section 932(a) even if the individual is engaged in only de minimis personal services in the territory. In this regard, the temporary and proposed regulations carry over the pre-existing rules in former § 1.863–6 for determining income within and without a territory. See § 1.863–6 (2004).

Several commentators requested a de minimis exception to the general rules for the sourcing of income from personal services in a territory. The Treasury Department and the IRS agree that such a rule reduces taxpayer burden and promotes efficient tax administration. Accordingly, the final regulations eliminate the rule in the temporary and proposed regulations that specifically provides that in applying the principles of section 861(a)(3), the de minimis exception does not apply. An example in the final regulations illustrates that a U.S. citizen or resident who is not a bona fide resident of a territory but who performs services in a territory temporarily for no more than 90 days during the taxable year and for no more than $3000 (in the aggregate) generally will not have income from sources within the territory.

5. Gains From Certain Dispositions of Personal Property

The temporary and proposed regulations provide a special rule for gains from dispositions of certain property held by a U.S. person prior to becoming a resident of a territory. See § 1.937–2T(f)(1). Under this rule, gains from dispositions of such property within 10 years after becoming a territory resident generally are treated as income from sources outside of the territory. The special gain rule supplements, and does not supersede, the similar special gain rule of section 1277(e) of the 1986 Act, which applies to individuals who become residents of American Samoa, Guam, or the Northern Mariana Islands (NMI) (collectively, the Pacific territories).

Commentators noted that the special gain rule characterizes all gain from property of former U.S. residents as non-territory source income, including any gain attributable to appreciation that occurs while the individual is a bona fide resident of the relevant territory. For example, if a U.S. citizen and lifelong resident of a territory who owns stock in a corporation moves to the United States for a few years and then re-establishes bona fide residence in the territory and sells the stock within 10 years, most of the appreciation in the stock may be attributable to the period in which the individual was a bona fide resident of the territory. However, under the special gain rule, because of the period of U.S. residence, none of the gain would qualify as territory source income.

The Treasury Department and the IRS agree that the special gain rule should be modified to target more precisely gain attributable to appreciation occurring during the time that an individual was not a bona fide resident of the relevant territory. Accordingly, the final regulations provide that an individual may elect to split the source of gains from the sale or other disposition of appreciated property subject to the special gain rule by using a mark-to-market allocation in the case of marketable securities and a time-based allocation rule in the case of other personal property. This election will more accurately target the abuse that the special gain rule was intended to address. The election also operates to modify the special gain rule of the 1986 Act, as authorized therein. Individuals may retroactively apply the election to dispositions made after April 11, 2005.

B. Territory ECI

Section 937(b)(1) provides that rules similar to those for determining whether income is effectively connected with the conduct of a trade or business within the United States should also apply in determining whether income is territory ECI, except as provided in regulations. Accordingly, the temporary and proposed regulations generally provide that the principles of section 864(c)(4) apply for purposes of determining whether any income from sources without a territory (U.S. source or other non-territory source income) is treated as territory ECI.

Section 864(c)(4) limits the types of income from foreign sources that can be effectively connected income to certain rents or royalties; dividends or interest connected with the conduct of a banking or financial business; gain from the sale or exchange of inventory; and insurance company income. Personal services income that is foreign source cannot be effectively connected income under section 864(c)(4).

Commentators requested that, instead of applying the principles of section 864(c)(4), the final regulations adopt the principles of section 864(c)(2) and (c)(5) for purposes of determining whether income from sources without a territory is territory ECI. This would expand the types of non-territory source income that could be treated as territory ECI and particularly would include income from personal services. For territories such as the U.S. Virgin Islands this would mean that additional types of non-territory source income may be eligible for reductions of territorial income tax because section 934(b) allows the U.S. Virgin Islands to reduce its territorial income tax on income that is effectively connected with the conduct of a trade or business in the U.S. Virgin Islands. These commentators believe that Congress intended for section 934 (and similar provisions applicable to other territories) to promote economic activity in the territories and that the section 937 regulations should better reflect the policy choices that these commentators believe were made in section 934(b).

Federal Register / Vol. 73, No. 69 / Wednesday, April 9, 2008 / Rules and Regulations    19353

Congress provided in section 937(b)(1) that rules similar to those for determining whether income is effectively connected with the conduct of a trade or business within the United States should also apply in determining whether income is territory ECI, except as provided in regulations. The legislative history to section 937 indicates that Congress was concerned about U.S. citizens and residents claiming to be exempt from U.S. tax on their worldwide income and claiming reductions from territorial income tax when they did not live and work in the territories. H.R. Conf. Rep. 108–755, at 793–94. Adopting the principles of section 864(c)(2) and (c)(5) to determine whether income is territory ECI would allow personal services income derived from sources outside a territory (for example, U.S. source income) to be treated as territory ECI, contrary to Congressional intent. The Treasury Department and the IRS do not believe their regulatory authority extends to prescribing the use of the principles of section 864(c)(2) and (c)(5) for purposes of determining whether income for sources without a territory is territory ECI.

Furthermore, section 934 does not provide a basis for interpreting the regulatory authority under section 937(b) in such a liberal manner. In enacting section 937, Congress amended the rules related to the territories notwithstanding section 934. Moreover, the legislative history to section 934 does not reflect these commentators' view of Congressional intent in enacting section 934. Even while recognizing the goal of encouraging economic development in the U.S. Virgin Islands through appropriate territorial income tax reductions, the legislative history of section 934 indicates that the statute was enacted in part because of concerns that certain territorial income tax programs, which were intended to provide incentives to corporations and residents of the U.S. Virgin Islands that made new investments in the U.S. Virgin Islands, were having the effect of reducing the tax liability attributable to not only income from sources within the territory but also income from sources within the United States. S. Rep. No. 1767, 86th Cong. 2nd Sess. 4 (1960); see also H.R. Rep. No. 99–426, at 485–486 (1985); and S. Rep. No. 99–313, at 479 (1986). The legislative history to section 934 indicates that economic development in the U.S. Virgin Islands should not be attained by granting tax reductions to taxpayers (other than certain U.S. Virgin Islands corporations) with respect to income derived from investments from sources outside of the territories. *Id.*

Other commentators suggested that U.S. source services income should be treated differently from other non-territory source services income. Specifically, they suggested that the rules of section 864(c)(4) should apply to U.S. source personal services income while the principles of section 864(c)(2) and (c)(5) should apply to other non-territory source personal services income. The Treasury Department and the IRS note that the legislative history to section 937 indicates that Congress was concerned about U.S. citizens and residents claiming reduced rates of territorial income taxation on personal services income by individuals that were not living and working in the territories. H.R. Conf. Rep. 108–755, at 793–94. Congress also expressed concern about possible opportunities for erosion of the U.S. tax base associated with the territory ECI rule. *Id.*

For these reasons, the Treasury Department and IRS have not adopted the commentators' suggestions regarding the determination of whether income is effectively connected with the conduct of a trade or business in a territory under section 937(b)(1). Accordingly, the general rule in the temporary and proposed regulations for determining territory ECI is adopted in the final regulations with minor modifications.

Similar to the modifications made to the general rule for determining whether income is from sources within a territory, the final regulations amend the general territory ECI rule to provide that additional substitutions beyond the routine substitution of the name of the relevant territory for the term "United States" may be necessary in some cases to accomplish the intent of section 937(b)(1). The final regulations also adopt a limitation similar to its counterpart in the general territory source rule, precluding any application of the principles of section 864(c) from resulting in a greater amount of territory ECI than the amount of U.S. effectively connected income that a similarly situated U.S. person who is not a bona fide resident of a territory would have under U.S. rules. Taxpayers may choose to apply these rules in § 1.937–3(b) retroactively to open taxable years ending after October 22, 2004.

*C. U.S. Income Rule*

Section 937(b)(2) provides that notwithstanding the general territory source rule, any income from sources within the United States or effectively connected with the conduct of a trade or business within the United States is not treated as income from sources within a territory or as territory ECI (the U.S. income rule). The legislative history to section 937(b)(2) indicates that Congress wanted the Treasury Department and the IRS to create regulatory exceptions to the general rules for determining territory source and territory ECI and to the U.S. income rule "as appropriate." H.R. Conf. Rep. 108–755, at 794. Congress anticipated that these exceptions would be used "to prevent abuse." *Id.* at 795. Congress was "concerned that the general rules for determining whether income is effectively connected with the conduct of a trade or business in a [territory] present numerous opportunities for erosion of the U.S. tax base." *Id.* at 794.

The temporary and proposed regulations generally adopt the U.S. income rule without exception. However, the temporary and proposed regulations tighten the provision by adding an anti-conduit rule to prevent the avoidance of the U.S. income rule.

In response to the temporary and proposed regulations, commentators requested that the Treasury Department and the IRS exercise their regulatory authority to provide additional exceptions to the U.S. income rule.

1. Scope of the U.S. Income Rule

Numerous commentators argued that the scope of the U.S. income rule should be narrowed. The commentators argued that without additional regulatory exceptions, the U.S. income rule will hamper efforts to promote private sector economic development in the territories because it does not permit a territory to provide tax reductions for U.S. source business income even if all of the activity generating that income occurs in the territory. In addition, these commentators argued that Congress intended to encourage the economic development of the territories by allowing, for example, the U.S. Virgin Islands to provide territory tax incentives under section 934 with respect to income effectively connected with the conduct of a trade or business in the U.S. Virgin Islands, even where that income is from U.S. sources.

Commentators proposed various amendments to the general scope of the U.S. income rule. For example, one commentator essentially suggested that the U.S. income rule should not apply to income that is already treated as territory ECI under the general rule of section 937(b)(1), which applies the principles of section 864(c)(4) to income from U.S. sources. Thus, under this suggestion, the U.S. income rule would have no application to the determination of whether U.S. source income may be treated as territory ECI.