**19354** Federal Register / Vol. 73, No. 69 / Wednesday, April 9, 2008 / Rules and Regulations

The commentator further argued that Congress was only concerned about U.S. source personal services income being treated as territory ECI and that such income is already prevented from being treated as territory ECI if the principles of section 864(c)(4) apply under the general rule.

This purportedly limited purpose for enacting section 937(b)(2) is difficult to reconcile with the statute's breadth, as a broad application to U.S. source income appears to be the most significant effect of the U.S. income rule. If adopted, such a rule would render the U.S. income rule largely unnecessary. The legislative history to section 937 indicates that Congress clearly intended that the U.S. income rule would apply to prevent U.S. source income from being treated as territory ECI. The legislative history also indicates that Congressional concern about the erosion of the U.S. tax base through the source and effectively connected income rules was a more general concern and not limited to personal services income. Consequently, the Treasury Department and the IRS do not believe that their regulatory authority under section 937(b)(2) extends to providing such a broad exception to the U.S. income rule.

Other commentators suggested that the U.S. income rule should apply only when an item of income is U.S. source or attributable to a U.S. permanent establishment, as determined under the U.S. model treaty rules, as opposed to income effectively connected with the conduct of a U.S. trade or business. In the case of territory source income or territory ECI, this suggested change would essentially limit the application of the U.S. income rule to income that is attributable to a fixed place of business in the United States.

This suggestion would permit a trade or business to carry on significant activities in the United States as long as it does not do so through a fixed physical location, such as an office, branch, factory, or place of management, or as long as it maintains a facility in the U.S. that is used for certain permissible activities such as storing, displaying, or delivering goods, purchasing or collecting information, or other activities of a preparatory or auxiliary nature, such as advertising or supplying information. See U.S. Treasury Department, Model Income Tax Treaty art. 5 (2006). A territory business could also utilize independent agents to carry on business in the United States without triggering the U.S. income rule. *Id.*

If the U.S. income rule did not apply, income attributable to these activities could be eligible for territory tax incentives, a result that potentially could lead to an erosion of the U.S. tax base with respect to income that is from U.S. sources or effectively connected with the conduct of a U.S. trade or business. In light of the Congressional concerns with U.S. base erosion and the consequent lack of authority to provide such a broad regulatory exception, the final regulations do not adopt a permanent establishment standard as part of the U.S. income rule.

Some commentators similarly suggested that the U.S. income rule should apply only when an item of income is both U.S. source and attributable to a U.S. office or fixed place of business. Thus, any U.S. source income not effectively connected with a trade or business in the United States could be treated as territory ECI and therefore qualify for tax incentives in certain territories. This suggested change also would render the U.S. income rule inapplicable to all territory source income that is effectively connected with the conduct of a U.S. trade or business. The legislative history to section 937 does not suggest that Congress intended the Treasury Department to exercise its regulatory authority to allow income earned by a U.S. trade or business to receive territory tax benefits. Therefore, the Treasury Department and the IRS do not believe there is adequate regulatory authority to adopt this suggestion.

Other commentators requested exceptions to the U.S. income rule for certain classes of non-territory source income that may otherwise be territory ECI. For example, commentators requested that insurance income from insuring U.S. risks, interest income from U.S. payors to finance centers, or rents and royalties from the use of intangible property in the United States be excepted from the scope of the U.S. income rule to the extent income is territory ECI. These commentators asserted that, notwithstanding that such income is generally U.S. source, the economic activity that gives rise to the income occurs in the territories. Accordingly, these commentators argued, this income does not provide the opportunities to erode the U.S. tax base that the U.S. income rule was intended to prevent.

Even though the activities giving rise to these classes of income may result from sufficient economic activity in the territory so that the income otherwise would constitute territory ECI, the Treasury Department and the IRS note that these classes of income often arise in part from U.S.-based activities such as marketing. Thus, the Treasury Department and the IRS do not believe that their regulatory authority extends to removing income derived from the specified activities from the express coverage of the U.S. income rule under section 937(b)(2). However, the final regulations do provide additional examples illustrating that income from personal services that, for example, lead to the development of intangible property is not subject to the U.S. income rule if such services income is from territory sources. See part I.C.2.

2. Examples Illustrating the U.S. Income Rule

Although the proposed and temporary regulations include several examples applying section 937(b) and temporary regulations §§ 1.937–2T and –3T, comments received by the Treasury Department and the IRS indicated a need for additional examples illustrating the operation of the U.S. income rule. In Notice 2006–76 (2006–38 IRB 459) (see § 601.601(d)(2)(ii)(*b*)), the Treasury Department and the IRS provided two additional examples in response to this concern and explained that taxpayers may treat the examples set forth in the notice as illustrative of the rules in the temporary regulations. The Treasury Department and the IRS also signaled in the notice that these two additional examples, or substantially similar examples, would be included in the final regulations.

Commentators responded positively to the publication of the examples in Notice 2006–76, and the Treasury Department and the IRS did not receive any substantive questions or comments. Accordingly, the examples in Notice 2006–76 are included in the final regulations.

The final regulations also provide a new example with respect to the provision of contingent-payment contractual terms for services performed in a territory. This example clarifies that compensation income received for providing personal services that lead to the development of intangible property for the service recipient is not subject to the U.S. income rule to the extent that the compensation income is from sources within the territory.

**II. Operative Provisions**

*A. American Samoa*

Under section 931(a), income from sources in a section 931 possession generally is excluded from the gross income of a bona fide resident of a section 931 possession. (American Samoa currently is the only section 931 possession because it is the only territory that has entered into an implementing agreement under sections