1271(b) and 1277(b) of the 1986 Act.) However, under section 931(d), the exclusion does not apply to amounts received for services performed as an employee of the United States or any agency thereof. The final regulations clarify that for this purpose under current law, an employee of the government of a section 931 possession is not an employee of the United States or of an agency of the United States. Thus, compensation received as an employee of the territorial government of a section 931 possession is properly excluded from U.S. gross income. A conforming clarification with respect to Puerto Rico is included in the final regulations under section 933.

The effect of this rule change will be mainly administrative. Employees of the territorial government now will report their compensation as gross income on only the territorial income tax return and thus, depending on their other income, may be spared a U.S. filing obligation, and all tax on such compensation will be paid directly to the territorial government rather than potentially through a cover-over mechanism under section 7654. The Treasury Department and the IRS believe that this change will reduce overall taxpayer burden and enhance the efficiency of Federal tax administration, while also more fully reflecting the independent operation of the territorial taxing authority.

Rev. Rul. 56–127 (1956–1 CB 323) (see § 601.601(d)(2)(ii)(*b*)), which held under prior law that employees of the government of American Samoa are considered employees of the United States or an agency thereof, is no longer determinative and is obsoleted by this Treasury decision.

*B. Guam and the Northern Mariana Islands*

Although section 935 was repealed by the 1986 Act, neither Guam nor the NMI has agreed to the entry into force of the implementing agreement required under sections 1271(b) and 1277(b) of the 1986 Act, and therefore neither of those territories is a section 931 possession as defined in § 1.931–1(c)(1). Rather, section 935 remains in effect with respect to bona fide residents of Guam and the NMI. The final regulations under section 935 generally retain the provisions of the temporary and revised regulations without modification.

*C. Puerto Rico*

The final regulations generally retain the provisions of the temporary and proposed regulations under section 933 without modification. However, the final regulations explicitly provide that for purposes of the section 933 exclusion, employees of the Puerto Rico territorial government are not treated as employees of the United States or of a Federal agency. This language, which comports with the consistent historical understanding that the compensation of such employees is excludable from Federal gross income, is added only for conformity with the revision being made to the final section 931 regulations to address certain obsolete guidance with respect to American Samoa, as explained in part II.A.

*D. United States Virgin Islands*

Section 932(c) generally provides that an individual (whether a U.S. citizen or alien) who is a bona fide resident of the U.S. Virgin Islands must file an income tax return with the U.S. Virgin Islands tax authorities. If the individual properly reports income from all sources identifying the source of each item of income on this return and pays all tax properly due with respect to such income, then such income is excluded from gross income for Federal income tax purposes. Consequently, such individuals have a Federal income tax return filing obligation if they fail to report or properly identify the source of any of their income on their U.S. Virgin Islands income tax return or if they fail to pay all of the tax properly due with respect to their income. The temporary and proposed regulations reflect this statutory filing regime.

Commentators asked for additional guidance with respect to the U.S. filing obligations of individuals who take the position that they are bona fide residents of the U.S. Virgin Islands and file their income tax returns with the U.S. Virgin Islands under section 932(c). In particular, commentators asked for clarification with respect to correcting inadvertent errors on U.S. Virgin Islands income tax returns, determining the amount of any residual Federal income tax liability for individuals who fail to pay all the tax properly due to the U.S. Virgin Islands, and clarification of the application of the statute of limitations on assessments of Federal income tax by the IRS.

Although the final regulations generally continue to reflect the statutory regime under 932(c) as set forth in the temporary and proposed regulations, the Treasury Department and the IRS agree that additional guidance with respect to the Federal filing requirements and obligations under section 932(c) is warranted. The final regulations provide an example illustrating that a bona fide resident of the U.S. Virgin Islands will not be subject to any U.S. filing requirement if, in order to correct a return previously filed with the U.S. Virgin Islands, that individual timely files an amended return with the U.S. Virgin Islands. The Treasury Department and the IRS believe that individuals generally should first avail themselves of similar administrative remedies that the U.S. Virgin Islands may provide.

The final regulations also provide a new rule for purposes of determining the residual Federal income tax liability, if any, of individuals who are bona fide residents of the U.S. Virgin Islands. Under this new rule, such individuals are allowed a credit for amounts already paid to the U.S. Virgin Islands. Thus, their residual Federal income tax liability should equal the difference between their entire income tax liability and the amount of income tax already paid to the U.S. Virgin Islands.

Section 932(b) provides a similar credit for U.S. citizens and resident aliens who are not bona fide residents of the U.S. Virgin Islands. If such individuals have income from sources within the U.S. Virgin Islands or income that is effectively connected with the conduct of a trade or business in the U.S. Virgin Islands, then sections 932(a) and (b) generally require such individuals to file an income tax return with both the IRS and the U.S. Virgin Islands tax authorities, paying an applicable percentage of taxes attributable to such income to the U.S. Virgin Islands. The individual may claim a credit for the tax required to be paid to the U.S. Virgin Islands, so that only the balance is due to the United States. Like the temporary and proposed regulations, the final regulations reflect these statutory rules. In the event that an individual who is not a bona fide resident pays more tax to the U.S. Virgin Islands than is required, Rev. Proc. 2006–23 (2006–1 CB 900) (see § 601.601(d)(2)(ii)(*b*)) provides procedures for requesting U.S. competent authority assistance for resolving inconsistent tax treatment with respect to such payments by the IRS and the U.S. Virgin Islands tax authorities.

With respect to the Federal statute of limitations, the final regulations incorporate the interim rules announced in Notice 2007–31 (2007–16 IRB 971) under the authority of section 7654(e). Accordingly, the final regulations under section 932(c) provide that the Federal statute of limitations under section 6501(a) for a U.S. citizen or resident alien who claims to be a bona fide resident of the U.S. Virgin Islands generally will start running upon the filing of an income tax return with the U.S. Virgin Islands. This general rule

applies as long as the IRS and U.S. Virgin Islands have in place an agreement for the automatic exchange of information satisfying the requirements of the Commissioner of the IRS. Because the working arrangement announced in Notice 2007–31 satisfies this condition, this general rule applies to years ending on or after December 31, 2006. In the event that the working arrangement is terminated and in the absence of a successor agreement, an individual claiming to be a bona fide resident of the U.S. Virgin Islands generally must file an income tax return with the IRS in order to start the Federal statute of limitations period. In such circumstances, however, the Commissioner may by administrative pronouncement specify other rules for this purpose. For years ending before December 31, 2006, the U.S. filing requirements provided in Notice 2007–19 (2007–11 IRB 689) continue to apply. See § 601.601(d)(2)(ii)(*b*).

The temporary and proposed regulations amend the regulations under section 6688 (concerning assessable penalties with respect to information reporting under section 7654) to conform to changes made by the 2004 Act. The temporary and proposed regulations provide that the penalty applies to individuals who are subject to reporting requirements promulgated under the authority of section 937(c) (concerning individuals who become or cease to be bona fide residents of a territory) or section 7654 (concerning the coordination of United States and territorial income taxes). This information reporting includes the requirement to file Form 8689, "Allocation of Individual Income Tax to the U.S. Virgin Islands," and the requirement to file Form 8898, "Statement for Individuals Who Begin or End Residence in a U.S. Possession."

One commentator noted that section 6688 applies only to "individuals described in section 7654(a)" and therefore should not extend to Form 8689, which is required of only U.S. citizens or residents (other than bona fide residents of the U.S. Virgin Islands) who have income derived from sources within the U.S. Virgin Islands or effectively connected with the conduct of a trade or business in the U.S. Virgin Islands, or spouses who file joint returns with such individuals. The Treasury Department and the IRS agree that such individuals are not described in section 7654(a), which generally applies only to bona fide residents of an applicable territory. The final regulations under section 6688 are amended accordingly.

*E. Application of Subpart F to Bona Fide Residents of a Territory*

In general, corporations created or organized in a territory are treated as foreign corporations for Federal income tax purposes, including the subpart F provisions relating to controlled foreign corporations. Section 957(c), however, provides a significant exception for bona fide residents of Puerto Rico and section 931 possessions. In cases where the exception applies, such an individual is not treated as a U.S. person for purposes of subpart F. Consequently, such an individual is not treated as a U.S. shareholder under section 951(b), and where such individuals own more than 50 percent of the vote or value of a corporation created or organized under the laws of Puerto Rico (a Puerto Rico corporation) or a section 931 possession (a section 931 corporation), as the case may be, such a corporation is not treated as a controlled foreign corporation under section 957(a).

In the case of a bona fide resident of Puerto Rico, the exception applies under section 957(c)(1) with respect to a Puerto Rico corporation if a dividend received by such individual during the taxable year from such corporation would, for purposes of section 933(1), be treated as income derived from sources within Puerto Rico. With respect to bona fide residents of a section 931 possession, the exception applies under section 957(c)(2) with respect to a corporation organized or created in the section 931 possession if: (1) 80 percent or more of the gross income of the corporation during the three-year testing period ending at the close of the taxable year (or applicable part) was derived from sources within such territory or was effectively connected with the conduct of a trade or business in such a territory; and (2) 50 percent of more of the gross income of the corporation for such period (or part) was derived from the active conduct of a trade or business within such territory (the 80/50 conditions).

For purposes of determining whether income is from sources within Puerto Rico, the temporary and proposed regulations generally apply the territory source rules in § 1.937–2T, including the special rules for determining whether dividends to individuals who own more than 10 percent of the total voting of a territory corporation are from sources within the relevant territory. Those dividend source rules treat only a ratable portion of any dividend paid or accrued by a territory corporation to such a shareholder as territory source income unless the corporation meets the same 80/50 conditions as those applied under section 957(c)(2). Consequently, under the temporary and proposed regulations, unless a Puerto Rico corporation's gross income is derived entirely from sources within Puerto Rico, the corporation must meet the same 80/50 conditions applicable to a section 931 corporation in order for section 957(c)(1) to apply.

Commentators from Puerto Rico objected to the effect of the temporary and proposed regulations with respect to the application of section 957(c)(1). The commentators noted that since 1986, all dividends from Puerto Rico corporations were treated as income from sources within Puerto Rico, and therefore such corporations were not treated as controlled foreign corporations for 10 percent shareholders who were bona fide residents of Puerto Rico. Commentators noted that the legislative history to neither the 2004 Act nor the 1986 Act, which amended section 957(c) by applying the 80/50 conditions with respect to section 931 corporations but did not specifically apply those conditions to Puerto Rico corporations, makes any reference to Congressional intent to apply the 80/50 conditions to Puerto Rico corporations.

The Treasury Department and the IRS believe that given the distinct statutory tests under sections 957(c)(1) and (c)(2), the 80/50 conditions should apply only to section 931 corporations. Therefore, the final regulations provide that the special dividend source rules of § 1.937–2(g)(1) (including the 80/50 conditions) will not apply when determining, for purposes of section 957(c)(1), whether a dividend received by the Puerto Rico corporation during the taxable year would be treated under section 933(1) as derived from sources within Puerto Rico. Rather, the principles of section 861(a)(2)(A) under the general territory source rules will apply, and consequently dividends from Puerto Rico corporations generally will be treated as income from sources within Puerto Rico for purposes of applying section 957(c)(1) unless the U.S. income rule prevents the dividends from being sourced to Puerto Rico because, for example, the dividends are from sources within the United States under section 861(a)(2)(B).

The temporary and proposed regulations contain related rules under sections 6038 and 6046 with respect to information reporting requirements concerning certain foreign corporations owned by a United States person who is a bona fide resident of Puerto Rico or a section 931 possession. Under the temporary regulations, the special definition of United States person under

section 957(c) also applies for purposes of sections 6038 and 6046. However, because the final regulations no longer apply the 80/50 conditions to bona fide residents of Puerto Rico (for purposes of subpart F), the Treasury Department and the IRS are concerned that such individuals may no longer have to provide information concerning their controlled foreign corporations, including those formed in Puerto Rico.

The Treasury Department and the IRS believe that the information required under sections 6038 and 6046 is necessary for purposes of determining whether such individuals have a Federal income tax liability. Thus, the final regulations continue to apply the 80/50 conditions of § 1.937–2(g)(1) when defining United States person for purposes of the information reporting requirements under sections 6038 and 6046.

With respect to bona fide residents of a section 931 possession, the final regulations continue to apply the same exception (with the 80/50 conditions) for purposes of section 957(c) and sections 6038 and 6046.

*F. Entity Status*

With respect to section 935 possessions and the U.S. Virgin Islands (mirror code territories), the temporary and proposed regulations contain special rules requiring consistent treatment of certain business entities for U.S. and mirror code tax purposes. The rules generally apply to elections under section 1362(a) (subchapter S corporations), § 301.7701–3(c) (eligible entities), and other similar elections. The rules provide, among other things, that if an entity files an election with the IRS but not with the relevant mirror code territory, then the appropriate tax authority of the mirror code territory may, at its discretion, deem the election also to have been made for mirror code tax purposes. Similarly, if any such election is filed in a mirror code territory but not with the IRS, the Commissioner may, at his or her discretion, deem the election to have been made for U.S. Federal income tax purposes.

The Treasury Department and the IRS specifically requested comments relating to elections that should be specifically mentioned or excluded from the entity status election rules. Commentators requested two limited exceptions to the requirement for making consistent elections in the case of a U.S. entity that files an election with the IRS but not with the relevant mirror code territory.

The first comment related to a U.S. entity that elects to be treated as a real estate mortgage investment conduit under section 860D(b) (a REMIC) for U.S. tax purposes. The commentator noted that a REMIC would be classified as a foreign corporation for mirror code tax purposes unless it either files an election in the mirror code territory or the appropriate tax authority of the relevant mirror code territory exercises his or her discretion to treat the entity as if an election had been made. The commentator requested that the entity consistency rules be restricted so as not to apply to a publicly traded REMIC unless five percent or more of the REMIC's ownership is held by a bona fide resident of the relevant territory or a corporation created or organized in the relevant territory.

The second comment similarly requested an exception to the consistent election requirement in the case of a U.S. corporation that, prior to the temporary and proposed regulations, made an election with the IRS under section 1362(a) to be an S corporation but had a shareholder who was a bona fide resident of a mirror code territory who treated the entity as a foreign C corporation for purposes of the individual's taxation in the territory. The commentator requested that such individuals be allowed under these circumstances to make a one-time election in the mirror code territory to treat the U.S. entity for purposes of mirror code taxation as either a domestic S corporation or a foreign C corporation (as it would be in the absence of an affirmative election under section 1362(a) by the entity or a deemed election by the mirror code tax authority).

The Treasury Department and the IRS are concerned about the possibility of inappropriate tax results from inconsistent treatment of entities in the United States and mirror code jurisdictions and believe that this problem exists even in circumstances in which the owners of the entity hold less than five percent of the interests in the entity. Furthermore, the Treasury Department and the IRS believe that treating the entity consistently in the territory and the United States should not impose an undue burden on the entity. Thus, the Treasury Department and the IRS do not believe that a special exception in the entity consistency rules is necessary in either case.

As provided in the temporary and proposed regulations, which are finalized here without change, the ability of the tax authority in a mirror code jurisdiction to deem an election to have been made for territorial tax purposes is discretionary. The Treasury Department and the IRS anticipate that, to the extent the entity status rules apply, this discretion will be exercised in situations where taxpayers treat a business entity in an inconsistent manner with the result that it reduces their overall tax liability below what otherwise would be due in the absence of the mirror system. In addition, and as a general matter, the Treasury Department and the IRS encourage taxpayers to take consistent positions in both jurisdictions or, if this is not possible, to seek available administrative assistance from the relevant jurisdiction including, for example, requesting a pre-filing or similar agreement with respect to an entity's classification as well as requesting competent authority assistance concerning any inconsistent positions taken by the IRS and a territory with respect to the entity classification of an entity. See, for example, Rev. Proc. 2007–17 (2007–4 IRB 368) (IRS pre-filing agreement procedures) and Rev. Proc. 2006–23 (2006–1 CB 900) (U.S. competent authority assistance procedures with respect to the territories). See § 601.601(d)(2)(ii)(b).

**III. Miscellaneous Changes**

The final regulations also reflect various nonsubstantive stylistic edits to the proposed and temporary regulations to enhance clarity and readability.

**Effect on Other Documents**

Rev. Rul. 56–127 (1956–1 CB 323) is obsolete as of April 9, 2008.

**Special Analyses**

It has been determined that this Treasury decision is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations. Because the regulations do not impose a collection of information on small entities, the Regulatory Flexibility Act (5 U.S.C. chapter 6) does not apply. Pursuant to section 7805(f) of the Internal Revenue Code, the notice of proposed rulemaking preceding these regulations was submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on its impact on small business.

**Drafting Information**

The principal author of these regulations is J. David Varley, Office of the Associate Chief Counsel (International), IRS. However, other personnel from the IRS and Treasury

Department participated in their development.

**List of Subjects**

*26 CFR Part 1*

Income taxes, Reporting and recordkeeping requirements.

*26 CFR Part 301*

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordkeeping requirements.

**Adoption of Amendments to the Regulations**

■ Accordingly, 26 CFR parts 1 and 301 are amended as follows:

**PART 1—INCOME TAXES**

■ **Paragraph 1.** The authority citation for part 1 is amended by adding entries in numerical order to read in part as follows:

**Authority:** 26 U.S.C. 7805 * * *

Section 1.931–1 also issued under 26 U.S.C. 7654(e).
Section 1.932–1 also issued under 26 U.S.C. 7654(e). * * *
Section 1.934–1 also issued under 26 U.S.C. 934(b)(4). * * *
Section 1.935–1 also issued under 26 U.S.C. 7654(e). * * *
Section 1.937–2 also issued under 26 U.S.C. 937(b).
Section 1.937–3 also issued under 26 U.S.C. 937(b). * * *
Section 1.957–3 also issued under 26 U.S.C. 957(c). * * *

■ **Par. 2.** Section 1.1–1 is amended by revising the second sentence of paragraph (b) and adding a new paragraph (d) to read as follows:

**§ 1.1–1   Income tax on individuals.**

\* \* \* \* \*

(b) * * * Pursuant to section 876, a nonresident alien individual who is a bona fide resident of a section 931 possession (as defined in § 1.931–1(c)(1) of this chapter) or Puerto Rico during the entire taxable year is, except as provided in section 931 or 933 with respect to income from sources within such possessions, subject to taxation in the same manner as a resident alien individual. * * *

\* \* \* \* \*

(d) *Effective/applicability date.* The second sentence of paragraph (b) of this section applies to taxable years ending after April 9, 2008.

■ **Par. 3.** Section 1.170A–1 is amended by revising paragraph (j)(9) and the heading for paragraph (k) and adding a new sentence at the end of paragraph (k) to read as follows:

**§ 1.170A–1   Charitable, etc., contributions and gifts; allowance of deduction.**

\* \* \* \* \*

(j)(9) Charitable contributions paid by bona fide residents of a section 931 possession as defined in § 1.931–1(c)(1) or Puerto Rico are deductible only to the extent allocable to income that is not excluded under section 931 or 933. For the rules for allocating deductions for charitable contributions, see the regulations under section 861.

\* \* \* \* \*

(k) *Effective/applicability date.* * * * Paragraph (j)(9) of this section is applicable for taxable years ending after April 9, 2008.

**§ 1.170A–1T   [Removed]**

■ **Par. 4.** Section 1.170A–1T is removed.
■ **Par. 5.** Section 1.861–3 is amended by revising paragraph (a)(2) and revising the heading for paragraph (d) and adding a new sentence at the end of paragraph (d) to read as follows:

**§ 1.861–3   Dividends.**

\* \* \* \* \*

(a) * * *

(2) *Dividend from a domestic corporation.* A dividend described in this paragraph (a)(2) is a dividend from a domestic corporation other than a corporation that has an election in effect under section 936. See paragraph (a)(5) of this section for the treatment of certain dividends from a DISC or former DISC.

\* \* \* \* \*

(d) *Effective/applicability date.* * * * Paragraph (a)(2) of this section applies to taxable years ending after April 9, 2008.

**§ 1.861–3T   [Removed]**

■ **Par. 6.** Section 1.861–3T is removed.
■ **Par. 7.** Section 1.861–8 is amended by adding paragraphs (f)(1)(vi)(E), (f)(1)(vi)(F), (f)(1)(vi)(H), and (h) to read as follows:

**§ 1.861–8   Computation of taxable income from sources within the United States and from other sources and activities.**

\* \* \* \* \*

(f) * * *
(1) * * *
(vi) * * *

(E) The tax base for individuals entitled to the benefits of section 931 and the section 936 tax credit of a domestic corporation that has an election in effect under section 936;

(F) The exclusion for income from Puerto Rico for bona fide residents of Puerto Rico under section 933;

\* \* \* \* \*

(H) The income derived from the U.S. Virgin Islands or from a section 935 possession (as defined in § 1.935–1(a)(3)(i)).

\* \* \* \* \*

(h) *Effective/applicability date.* Paragraphs (f)(1)(vi)(E), (f)(1)(vi)(F), and (f)(1)(vi)(H) of this section apply to taxable years ending after April 9, 2008.

■ **Par. 8.** Section 1.871–1 is amended by revising paragraph (b)(1)(iii) and revising the heading for paragraph (c) and adding a new sentence at the end of paragraph (c) to read as follows:

**§ 1.871–1   Classification and manner of taxing alien individuals.**

\* \* \* \* \*

(b) * * *
(1) * * *

(iii) Nonresident alien individuals who are bona fide residents of a section 931 possession (as defined in § 1.931–1(c)(1) of this chapter) or Puerto Rico during the entire taxable year. An individual described in paragraph (b)(1)(i) or (ii) of this section is subject to tax pursuant to the provisions of subpart A (section 871 and following), part II, subchapter N, chapter 1 of the Code, and the regulations under those provisions. The provisions of subpart A do not apply to individuals described in this paragraph (b)(1)(iii), but such individuals, except as provided in section 931 or 933, are subject to the tax imposed by section 1 or 55. See § 1.876–1.

\* \* \* \* \*

(c) *Effective/applicability date.* * * * Paragraph (b)(1)(iii) of this section applies to taxable years ending after April 9, 2008.

■ **Par. 9.** Section 1.876–1 is revised to read as follows:

**§ 1.876–1   Alien residents of Puerto Rico, Guam, American Samoa, or the Northern Mariana Islands.**

(a) *Scope.* Section 876 and this section apply to any nonresident alien individual who is a bona fide resident of Puerto Rico or of a section 931 possession during the entire taxable year.

(b) *In general.* An individual to whom this section applies is, in accordance with the provisions of section 876, subject to tax under sections 1 and 55 in generally the same manner as an alien resident of the United States. See §§ 1.1–1(b) and 1.871–1. The tax generally is imposed upon the taxable income of such individual, determined in accordance with section 63(a) and the regulations under that section, from sources both within and without the United States, except for amounts excluded from gross income under the provisions of section 931 or 933. For determining the form of return to be

used by such an individual, see section 6012 and the regulations under that section.

(c) *Exceptions.* Though subject to the tax imposed by section 1, an individual to whom this section applies will nevertheless be treated as a nonresident alien individual for the purpose of many provisions of the Internal Revenue Code (Code) relating to nonresident alien individuals. Thus, for example, such an individual is not allowed the standard deduction (section 63(c)(6)); is subject to withholding of tax at source under chapter 3 of the Code (for example, section 1441(e)); is generally excepted from the collection of income tax at source on wages for services performed in the possession (section 3401(a)(6)); is not allowed to make a joint return (section 6013(a)(1)); and, if described in section 6072(c), must pay his first installment of estimated income tax on or before the 15th day of the 6th month of the taxable year (section 6654(j) and (k)) and must pay his income tax on or before the 15th day of the 6th month following the close of the taxable year (sections 6072(c) and 6151(a)). In addition, under section 152(b)(3), an individual is not allowed a deduction for a dependent who is a resident of the relevant possession unless the dependent is a citizen or national of the United States.

(d) *Credits against tax.* (1) Certain credits under the Internal Revenue Code are available to any taxpayer subject to the tax imposed by section 1, including individuals to whom this section applies. For example, except as otherwise provided under section 931 or 933, the credits provided by the following sections are allowable to the extent provided under such sections against the tax determined in accordance with this section—

(i) Section 23 (relating to the credit for adoption expenses);

(ii) Section 31 (relating to the credit for tax withheld on wages);

(iii) Section 33 (relating to the credit for tax withheld at source on nonresident aliens); and

(iv) Section 34 (relating to the credit for certain uses of gasoline and special fuels).

(2) Certain credits under the Internal Revenue Code are not available to nonresident aliens or are subject to limitations based on such factors as principal place of abode in the United States. For example, the credits provided by the following sections are not allowable against the tax determined in accordance with this section except to the extent otherwise provided under such sections—

(i) Section 22 (relating to the credit for the elderly and disabled);

(ii) Section 25A (relating to the Hope Scholarship and Lifetime Learning Credits); and

(iii) Section 32 (relating to the earned income credit).

(e) *Definitions.* For purposes of this section—

(1) "Bona fide resident" is defined in § 1.937–1; and

(2) "Section 931 possession" is defined in § 1.931–1(c)(1).

(f) *Effective/applicability date.* This section applies to taxable years ending after April 9, 2008.

§ 1.876–1T   [Removed]

■ Par. 10. Section 1.876–1T is removed.
■ Par. 11. Section 1.881–1 is amended by revising the last sentence of paragraph (c) and the heading of paragraph (f) to read as follows:

§ 1.881–1   Manner of taxing foreign corporations.

\* \* \* \* \*

(c) \* \* \* However, for special rules relating to possessions of the United States, see § 1.881–5.

\* \* \* \* \*

(f) *Effective/applicability date.* \* \* \*

■ Par. 12. Section 1.881–5 is amended as follows:
■ 1. Revise paragraphs (a), (b), (c), (d), (e), (f), (f)(1), (f)(2), (f)(3), (f)(5), (f)(6), (f)(7), (g), (h), and (i).
■ 2. Remove paragraph (f)(8).

The revisions read as follows:

§ 1.881–5   Exception for certain possessions corporations.

(a) *Scope.* Section 881(b) and this section provide special rules for the application of sections 881 and 884 to certain corporations created or organized in possessions of the United States. Paragraph (g) of this section provides special rules for the application of sections 881 and 884 to corporations created or organized in the United States for purposes of determining tax liability incurred to certain possessions that administer income tax laws that are identical (except for the substitution of the name of the possession for the term "United States" where appropriate) to those in force in the United States. See § 1.884–0(b) for special rules relating to the application of section 884 with respect to possessions of the United States.

(b) *Operative rules.* (1) Corporations described in paragraphs (c) and (d) of this section are not treated as foreign corporations for purposes of section 881. Accordingly, they are exempt from the tax imposed by section 881(a).

(2) For corporations described in paragraph (e) of this section, the rate of tax imposed by section 881(a) on U.S. source dividends received is 10 percent (rather than the generally applicable 30 percent).

(c) *U.S. Virgin Islands and section 931 possessions.* A corporation created or organized in, or under the law of, the U.S. Virgin Islands or a section 931 possession is described in this paragraph (c) for a taxable year when the following conditions are satisfied—

(1) At all times during such taxable year, less than 25 percent in value of the stock of such corporation is beneficially owned (directly or indirectly) by foreign persons;

(2) At least 65 percent of the gross income of such corporation is shown to the satisfaction of the Commissioner upon examination to be effectively connected with the conduct of a trade or business in such a possession or the United States for the 3-year period ending with the close of the taxable year of such corporation (or for such part of such period as the corporation or any predecessor has been in existence); and

(3) No substantial part of the income of such corporation for the taxable year is used (directly or indirectly) to satisfy obligations to persons who are not bona fide residents of such a possession or the United States.

(d) *Section 935 possessions.* A corporation created or organized in, or under the law of, a section 935 possession is described in this paragraph (d) for a taxable year when the following conditions are satisfied—

(1) At all times during such taxable year, less than 25 percent in value of the stock of such corporation is owned (directly or indirectly) by foreign persons; and

(2) At least 20 percent of the gross income of such corporation is shown to the satisfaction of the Commissioner upon examination to have been derived from sources within such possession for the 3-year period ending with the close of the preceding taxable year of such corporation (or for such part of such period as the corporation has been in existence).

(e) *Puerto Rico.* A corporation created or organized in, or under the law of, Puerto Rico is described in this paragraph (e) for a taxable year when the conditions of paragraphs (c)(1) through (c)(3) of this section are satisfied (using the language "Puerto Rico" instead of "such a possession").

(f) *Definitions and other rules.* For purposes of this section—

(1) "Section 931 possession" is defined in § 1.931–1(c)(1); and

(2) "Section 935" possession is defined in § 1.935–1(a)(3)(i).

(3) *Foreign person* means any person other than—
  (i) A United States person (as defined in section 7701(a)(30) and the regulations under that section); or
  (ii) A person who would be a United States person if references to the United States in section 7701 included references to a possession of the United States.

\* \* \* \* \*

(5) *Source.* The rules of § 1.937–2 will apply for determining whether income is from sources within a possession.

(6) *Effectively connected income.* The rules of § 1.937–3 (other than paragraph (c) of that section) will apply for determining whether income is effectively connected with the conduct of a trade or business in a possession.

(7) *Indirect ownership.* The rules of section 318(a)(2) will apply except that the language "5 percent" will be used instead of "50 percent" in section 318(a)(2)(C).

(g) *Mirror code jurisdictions.* For purposes of applying mirrored section 881 to determine tax liability incurred to a section 935 possession or the U.S. Virgin Islands—
  (1) The rules of paragraphs (b) through (d) of this section will not apply; and
  (2) A corporation created or organized in, or under the law of, such possession or the United States will not be considered a foreign corporation.

(h) *Example.* The principles of this section are illustrated by the following example:

*Example.* X is a corporation organized under the law of the U.S. Virgin Islands with a branch located in State F. At least 65 percent of the gross income of X is effectively connected with the conduct of a trade or business in the U.S. Virgin Islands and no substantial part of the income of X for the taxable year is used to satisfy obligations to persons who are not bona fide residents of the United States or the U.S. Virgin Islands. Seventy-four percent of the stock of X is owned by unrelated individuals who are residents of the United States or the U.S. Virgin Islands. Y, a corporation organized under the law of State D, and Z, a partnership organized under the law of State F, each own 13 percent of the stock of X. A, an unrelated foreign individual, owns 100 percent of the stock of corporation Y. B and C, unrelated foreign individuals, each own a 50 percent interest in partnership Z. Thus, the condition of paragraph (c)(1) of this section is not satisfied, because 26 percent of X is owned indirectly by foreign persons (A, B, and C). Accordingly, X is treated as a foreign corporation for purposes of section 881.

(i) *Effective/applicability dates.* Except as otherwise provided in this paragraph (i), this section applies to payments made in taxable years ending after April 9, 2008. If, on or after April 9, 2008, there takes effect an increase in the Commonwealth of Puerto Rico's withholding tax generally applicable to dividends paid to United States corporations not engaged in a trade or business in the Commonwealth to a rate greater than 10 percent, the rules of paragraphs (b)(2) and (e) of this section will not apply to dividends received on or after the effective date of the increase. Paragraph (f)(4) of this section applies to payments made after January 31, 2006. Taxpayers may choose to apply paragraph (f)(4) of this section to payments made after October 22, 2004.

■ **Par. 13.** Section 1.884–0 is amended by revising paragraph (b) to read as follows:

### § 1.884–0  Overview of regulation provisions for section 884.

\* \* \* \* \*

(b) *Special rules for U.S. possessions.* (1) Section 884 does not apply to a corporation created or organized in, or under the law of, American Samoa, Guam, the Northern Mariana Islands, or the U.S. Virgin Islands, provided that the conditions of § 1.881–5(c)(1) through (c)(3) are satisfied with respect to such corporation. The preceding sentence applies for taxable years ending after April 11, 2005.

(2) Section 884 does not apply for purposes of determining tax liability incurred to a section 935 possession or the U.S. Virgin Islands by a corporation created or organized in, or under the law of, such possession or the United States. The preceding sentence applies for taxable years ending after April 9, 2008.

\* \* \* \* \*

### § 1.884–0T  [Removed]

■ **Par. 14.** Section 1.884–0T is removed.

■ **Par. 15.** Section 1.901–1 is amended by revising paragraph (g) and adding new paragraph (j) to read as follows:

### § 1.901–1  Allowance of credit for taxes.

\* \* \* \* \*

(g) *Taxpayers to whom credit not allowed.* Among those to whom the credit for taxes is not allowed are the following:
  (1) Except as provided in section 906, a foreign corporation.
  (2) Except as provided in section 906, a nonresident alien individual who is not described in section 876 (see sections 874(c) and 901(b)(4)).
  (3) A nonresident alien individual described in section 876 other than a bona fide resident (as defined in section 937(a) and the regulations under that section) of Puerto Rico during the entire taxable year (see sections 901(b)(3) and (4)).
  (4) A U.S. citizen or resident alien individual who is a bona fide resident of a section 931 possession (as defined in § 1.931–1(c)(1)), the U.S. Virgin Islands, or Puerto Rico, and who excludes certain income from U.S. gross income to the extent of taxes allocable to the income so excluded (see sections 931(b)(2), 933(1), and 932(c)(4)).

\* \* \* \* \*

(j) *Effective/applicability date.* Paragraph (g) of this section applies to taxable years ending after April 9, 2008.

### § 1.901–1T  [Removed]

■ **Par. 16.** Section 1.901–1T is removed.
■ **Par. 17.** Section 1.931–1 is revised to read as follows:

### § 1.931–1  Exclusion of certain income from sources within Guam, American Samoa, or the Northern Mariana Islands.

(a) *General rule.* (1) An individual (whether a United States citizen or an alien), who is a bona fide resident of a section 931 possession during the entire taxable year, will exclude from gross income the income derived from sources within any section 931 possession and the income effectively connected with the conduct of a trade or business by such individual within any section 931 possession, except amounts received for services performed as an employee of the United States or any agency thereof. For purposes of section 931(d) and this section, an employee of the government of a section 931 possession will not be considered an employee of the United States or of an agency of the United States.

(2) The following example illustrates the application of the general rule in paragraph (a)(1) of this section:

*Example.* D, a United States citizen, files returns on a calendar year basis. In April 2008, D moves to American Samoa, where he purchases a house and accepts a permanent position with a local employer. For the remainder of the year and for the following three taxable years, D continues to live and work in American Samoa and has a closer connection to American Samoa than to the United States or any foreign country. Assuming that D otherwise meets the requirements under section 937(a) and § 1.937–1(b) and (f)(1) (year-of-move exception), D is considered a bona fide resident of American Samoa for 2008. Accordingly, under section 931 and paragraph (a)(1) of this section, D should exclude from his 2008 Federal gross income any income from sources within American Samoa and any income that is effectively connected with the conduct of a trade or business within American Samoa, as determined under section 937(b) and §§ 1.937–2 and 1.937–3, as applicable.

(b) *Deductions and credits.* In any case in which any amount otherwise constituting gross income is excluded from gross income under the provisions of section 931, there will not be allowed as a deduction from gross income any items of expenses or losses or other deductions (except the deduction under section 151, relating to personal exemptions), or any credit, properly allocable to, or chargeable against, the amounts so excluded from gross income. For purposes of the preceding sentence, the rules of § 1.861–8 will apply (with creditable expenditures treated in the same manner as deductible expenditures).

(c) *Definitions.* For purposes of this section—

(1) The term *section 931 possession* means a possession that is a specified possession and that has entered into an implementing agreement, as described in section 1271(b) of the Tax Reform Act of 1986, Public Law 99–514 (100 Stat. 2085), with the United States that is in effect for the entire taxable year;

(2) The term *specified possession* means Guam, American Samoa, or the Northern Mariana Islands;

(3) The rules of § 1.937–1 will apply for determining whether an individual is a bona fide resident of a section 931 possession;

(4) The rules of § 1.937–2 will apply for determining whether income is from sources within a section 931 possession; and

(5) The rules of § 1.937–3 will apply for determining whether income is effectively connected with the conduct of a trade or business within a section 931 possession.

(d) *Effective/applicability date.* This section applies to taxable years ending after April 9, 2008.

§ 1.931–1T  [Removed]

■ Par. 18. Section 1.931–1T is removed.
■ Par. 19. Section 1.932–1 is revised to read as follows:

§ 1.932–1  Coordination of United States and Virgin Islands income taxes.

(a) *Scope*—(1) *In general.* Section 932 and this section set forth the special rules relating to the filing of income tax returns and income tax liabilities of individuals described in paragraph (a)(2) of this section. Paragraph (h) of this section also provides special rules requiring consistent treatment of business entities in the United States and in the United States Virgin Islands (Virgin Islands).

(2) *Individuals covered.* This section will apply to any individual who—

(i) Is a bona fide resident of the Virgin Islands during the entire taxable year;

(ii)(A) Is a citizen or resident of the United States (other than a bona fide resident of the Virgin Islands) during the entire taxable year; and

(B) Has income derived from sources within the Virgin Islands, or effectively connected with the conduct of a trade or business within the Virgin Islands, for the taxable year; or

(iii) Files a joint return for the taxable year with any individual described in paragraph (a)(2)(i) or (ii) of this section.

(3) *Definitions.* For purposes of this section—

(i) The rules of § 1.937–1 will apply for determining whether an individual is a bona fide resident of the Virgin Islands;

(ii) The rules of § 1.937–2 will apply for determining whether income is from sources within the Virgin Islands; and

(iii) The rules of § 1.937–3 will apply for determining whether income is effectively connected with the conduct of a trade or business within the Virgin Islands.

(b) *U.S. individuals with Virgin Islands income*—(1) *Dual filing requirement.* Subject to paragraph (d) of this section, an individual described in paragraph (a)(2)(ii) of this section must make an income tax return for the taxable year to the United States and file a copy of such return with the Virgin Islands. Such individuals must also attach Form 8689, "Allocation of Individual Income Tax to the U.S. Virgin Islands," to the U.S. income tax return and to the income tax return filed with the Virgin Islands.

(2) *Tax payments.* (i) Each individual to whom this paragraph (b) applies for the taxable year must pay the applicable percentage of the taxes imposed by this chapter for such taxable year (determined without regard to paragraph (b)(2)(ii) of this section) to the Virgin Islands.

(ii) A credit against the tax imposed by this chapter for the taxable year will be allowed in an amount equal to the taxes that are required to be paid to the Virgin Islands under paragraph (b)(2)(i) of this section and are so paid. Such taxes will be considered creditable in the same manner as taxes paid to the United States (for example, under section 31) and not as taxes paid to a foreign government (for example, under sections 27 and 901).

(iii) For purposes of this paragraph (b)(2)—

(A) The term *applicable percentage* means the percentage that Virgin Islands adjusted gross income bears to adjusted gross income;

(B) The term *Virgin Islands adjusted gross income* means adjusted gross income determined by taking into account only income derived from sources within the Virgin Islands and deductions properly apportioned or allocable to such income. For purposes of the preceding sentence, the rules of § 1.861–8 will apply; and

(C) Pursuant to § 1.937–2(a), the rules of § 1.937–2(c)(1)(ii) and (c)(2) do not apply.

(c) *Bona fide residents of the Virgin Islands.* Subject to paragraph (d) of this section, an individual described in paragraph (a)(2)(i) of this section will be subject to the following income tax return filing requirements:

(1) *Virgin Islands filing requirements.* An individual to whom this paragraph (c) applies must file an income tax return for the taxable year with the Virgin Islands. On this return, the individual must report income from all sources and identify the source of each item of income shown on the return.

(2) *U.S. filing requirements.* (i) For purposes of calculating the income tax liability to the United States of an individual to whom this paragraph (c) applies, gross income will not include any amount included in gross income on the return filed with the Virgin Islands pursuant to paragraph (c)(1) of this section, and deductions and credits allocable to such income will not be taken into account, provided that—

(A) The individual fully satisfied the reporting requirements of paragraph (c)(1) of this section; and

(B) The individual fully paid the tax liability referred to in section 934(a) to the Virgin Islands with respect to such income.

(ii) For purposes of the U.S. statute of limitations under section 6501(a), an income tax return filed with the Virgin Islands by an individual who takes the position that he or she is a bona fide resident of the Virgin Islands described in paragraph (a)(2)(i) of this section (or an individual who files a joint return with such an individual under paragraph (d) of this section) will be deemed to be a U.S. income tax return, provided that the United States and the Virgin Islands have entered into an agreement for the routine exchange of income tax information satisfying the requirements of the Commissioner. The working arrangement announced in Notice 2007–31 satisfies the condition of the preceding sentence. See Notice 2007–31 (2007–16 IRB 971) (applicable to taxable years ending on or after December 31, 2006, unless and until arrangement terminates). In the absence of such an agreement, individuals to whom this paragraph (c) applies generally must file an income tax return for the taxable year with the United States to begin the period of limitations

for Federal income tax purposes as provided in section 6501(a), and in such circumstances the Commissioner may by revenue procedure, notice, or other administrative pronouncement specify U.S. filing and other information reporting requirements for such individuals. For taxable years ending before December 31, 2006, the rules provided in section 3 of Notice 2007–19 (2007–11 IRB 689) will apply. See § 601.601(d)(2)(ii)(*b*).

(3) *U.S. tax payments.* In the case of an individual who is required to file an income tax return with the United States as a consequence of failing to satisfy the requirements of paragraphs (c)(2)(i)(A) and (B) of this section, there will be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the amount of the tax liability referred to in section 934(a) to the extent paid to the Virgin Islands. Such taxes shall be considered creditable in the same manner as taxes paid to the United States (for example, under section 31) and not as taxes paid to a foreign government (for example, under sections 27 and 901).

(d) *Joint returns.* In the case of married persons, if one or both spouses is an individual described in paragraph (a)(2) of this section and they file a joint return of income tax, the spouses must file their joint return with, and pay the tax due on such return to, the jurisdiction (or jurisdictions) where the spouse who has the greater adjusted gross income for the taxable year would be required under paragraph (b) or (c) of this section to file a return if separate returns were filed and all of their income were the income of such spouse. For this purpose, adjusted gross income of each spouse is determined under section 62 and the regulations under that section but without regard to community property laws; and, if one of the spouses dies, the taxable year of the surviving spouse will be treated as ending on the date of such death.

(e) *Place for filing returns*—(1) *U.S. returns.* Except as otherwise provided for returns filed under paragraph (c)(4) of this section, a return required under the rules of paragraphs (b) and (c) of this section to be filed with the United States must be filed as directed in the applicable forms and instructions.

(2) *Virgin Islands returns.* A return required under the rules of paragraphs (b) and (c) of this section to be filed with the Virgin Islands must be filed as directed in the applicable forms and instructions.

(f) *Tax accounting standards*—(1) *In general.* A dual filing taxpayer must use the same tax accounting standards on the returns filed with the United States and the Virgin Islands. A taxpayer who has filed a return only with the United States or only with the Virgin Islands as a single filing taxpayer for a prior taxable year and is required to file a return only with the other jurisdiction as a single filing taxpayer for a later taxable year may not, for such later taxable year, use different tax accounting standards unless the second jurisdiction consents to such change. However, such change will not be effective for returns filed thereafter with the first jurisdiction unless before such later date of filing the taxpayer also obtains the consent of the first jurisdiction to make such change. Any request for consent to make a change pursuant to this paragraph (f) must be made to the office where the return is required to be filed under paragraph (e) of this section and in sufficient time to permit a copy of the consent to be attached to the return for the taxable year.

(2) *Definitions.* For purposes of this paragraph (f), the terms—

(i) *Dual filing taxpayer* means a taxpayer who is required to file returns with the United States and the Virgin Islands for the same taxable year under the rules of paragraph (b) or (c) of this section;

(ii) *Single filing taxpayer* means a taxpayer who is required to file a return only with the United States (because the individual is not described in paragraph (a)(2) of this section) or only with the Virgin Islands (because the individual is described in paragraph (a)(2)(i) of this section and satisfies the conditions of paragraphs (c)(2)(i) and (ii) of this section) for the taxable year; and

(iii) *Tax accounting standards* includes the taxpayer's accounting period, methods of accounting, and any election to which the taxpayer is bound with respect to the reporting of taxable income.

(g) *Extension of territory*—(1) *Section 932(a) taxpayers*—(i) *General rule.* With respect to an individual to whom section 932(a) applies for a taxable year, for purposes of taxes imposed by Chapter 1 of the Internal Revenue Code (Code), the United States generally will be treated, in a geographical and governmental sense, as including the Virgin Islands. The purpose of this rule is to facilitate the coordination of the tax systems of the United States and the Virgin Islands. Accordingly, the rule will have no effect where it is manifestly inapplicable or its application would be incompatible with the intent of any provision of the Code.

(ii) *Application of general rule.* Contexts in which the general rule of paragraph (g)(1)(i) of this section apply include—

(A) The characterization of taxes paid to the Virgin Islands. An individual to whom section 932(a) applies may take income tax required to be paid to the Virgin Islands under section 932(b) into account under sections 31, 6315, and 6402(b) as payments to the United States. Taxes paid to the Virgin Islands and otherwise satisfying the requirements of section 164(a) will be allowed as a deduction under that section, but income taxes required to be paid to the Virgin Islands under section 932(b) will be disallowed as a deduction under section 275(a);

(B) The determination of the source of income for purposes of the foreign tax credit (for example, sections 901 through 904). Thus, for example, after an individual to whom section 932(a) applies determines which items of income constitute income from sources within the Virgin Islands under the rules of section 937(b), such income will be treated as income from sources within the United States for purposes of section 904;

(C) The eligibility of a corporation to make a subchapter S election (sections 1361 through 1379). Thus, for example, for purposes of determining whether a corporation created or organized in the Virgin Islands may make an election under section 1362(a) to be a subchapter S corporation, it will be treated as a domestic corporation and a shareholder to whom section 932(a) applies will not be treated as a nonresident alien individual with respect to such corporation. While such an election is in effect, the corporation will be treated as a domestic corporation for all purposes of the Internal Revenue Code. For the consistency requirement with respect to entity status elections, see paragraph (h) of this section;

(D) The treatment of items carried over from other taxable years. Thus, for example, if an individual to whom section 932(a) applies has for a taxable year a net operating loss carryback or carryover under section 172, a foreign tax credit carryback or carryover under section 904, a business credit carryback or carryover under section 39, a capital loss carryover under section 1212, or a charitable contributions carryover under section 170, the carryback or carryover will be reported on the return filed in accordance with paragraph (b)(1) of this section, even though the return of the taxpayer for the taxable year giving rise to the carryback or carryover was required to be filed with the Virgin Islands under section 932(c); and

(E) The treatment of property exchanged for property of a like kind

(section 1031). Thus, for example, if an individual to whom section 932(a) applies exchanges real property located in the United States for real property located in the Virgin Islands, notwithstanding the provisions of section 1031(h), such exchange may qualify as a like-kind exchange under section 1031 (provided that all the other requirements of section 1031 are satisfied).

(iii) *Nonapplication of the general rule.* Contexts in which the general rule of paragraph (g)(1)(i) of this section does not apply include—

(A) The application of any rules or regulations that explicitly treat the United States and any (or all) of its possessions as separate jurisdictions (for example, sections 931 through 937, 7651, and 7654).

(B) The determination of any aspect of an individual's residency (for example, sections 937(a) and 7701(b)). Thus, for example, an individual whose principal place of abode is in the Virgin Islands is not considered to have a principal place of abode in the United States for purposes of section 32(c);

(C) The characterization of a corporation for purposes other than subchapter S (for example, sections 367, 951 through 964, 1291 through 1298, 6038, and 6038B). Thus, for example, if an individual to whom section 932(a) applies transfers appreciated tangible property to a corporation created or organized in the Virgin Islands in a transaction described in section 351, he or she must recognize gain unless an exception under section 367(a) applies. Also, if a corporation created or organized in the Virgin Islands qualifies as a passive foreign investment company under sections 1297 and 1298 with respect to an individual to whom section 932(a) applies, a dividend paid to such shareholder does not constitute qualified dividend income under section 1(h)(11)(B).

(2) *Section 932(c) taxpayers*—(i) *General rule.* With respect to an individual to whom section 932(c) applies for a taxable year, for purposes of the territorial income tax of the Virgin Islands (that is, mirrored sections of the Code), the Virgin Islands generally will be treated, in a geographical and governmental sense, as including the United States. The purpose of this rule is to facilitate the coordination of the tax systems of the United States and the Virgin Islands. Accordingly, the rule will have no effect where it is manifestly inapplicable or its application would be incompatible with the intent of any provision of the Code.

(ii) *Application of general rule.* Contexts in which the general rule of paragraph (g)(2)(i) of this section apply include—

(A) The characterization of taxes paid to the United States. A taxpayer described in section 932(c)(1) may take income tax paid to the United States into account under mirrored sections 31, 6315, and 6402(b) as payments to the Virgin Islands;

(B) The determination of the source of income for purposes of the foreign tax credit (for example, mirrored sections 901 through 904). Thus, for example, any item of income that constitutes income from sources within the United States under the rules of sections 861 through 865 will be treated as income from sources within the Virgin Islands for purposes of mirrored section 904;

(C) The eligibility of a corporation to make a subchapter S election (mirrored sections 1361 through 1379). Thus, for example, for purposes of determining whether a corporation created or organized in the United States may make an election under mirrored section 1362(a) to be a subchapter S corporation, it will be treated as a domestic corporation and a shareholder to whom section 932(c) applies will not be treated as a nonresident alien individual with respect to such corporation. While such an election is in effect, the corporation will be treated as a domestic corporation for all purposes of the territorial income tax. For the consistency requirement with respect to entity status elections, see paragraph (h) of this section;

(D) The treatment of items carried over from other taxable years. Thus, for example, if an individual to whom section 932(c) applies has for a taxable year a net operating loss carryback or carryover under mirrored section 172, a foreign tax credit carryback or carryover under mirrored section 904, a business credit carryback or carryover under mirrored section 39, a capital loss carryover under mirrored section 1212, or a charitable contributions carryover under mirrored section 170, the carryback or carryover will be reported on the return filed in accordance with paragraph (c)(1) of this section, even though the return of the taxpayer for the taxable year giving rise to the carryback or carryover was required to be filed with the United States; and

(E) The treatment of property exchanged for property of a like kind (mirrored section 1031). Thus, for example, if an individual to whom section 932(c) applies exchanges real property located in the United States for real property located in the Virgin Islands, notwithstanding the provisions of mirrored section 1031(h), such exchange may qualify as a like-kind exchange under mirrored section 1031 (provided that all the other requirements of mirrored section 1031 are satisfied).

(iii) *Nonapplication of general rule.* Contexts in which the general rule of paragraph (g)(2)(i) of this section does not apply include—

(A) The determination of any aspect of an individual's residency (for example, mirrored section 7701(b)). Thus, for example, an individual whose principal place of abode is in the United States is not considered to have a principal place of abode in the Virgin Islands for purposes of mirrored section 32(c).

(B) The determination of the source of income for purposes other than the foreign tax credit (for example, sections 932(a) and (b), 934(b), and 937). Thus, for example, compensation for services performed in the United States and rentals or royalties from property located in the United States do not constitute income from sources within the Virgin Islands for purposes of section 934(b); and

(C) The definition of wages (mirrored section 3401). Thus, for example, services performed by an employee for an employer in the United States do not constitute services performed in the Virgin Islands under mirrored section 3401(a)(8).

(h) *Entity status consistency requirement*—(1) *In general.* Taxpayers should make consistent entity status elections (as defined in paragraph (h)(3) of this section), where applicable, in both the United States and the Virgin Islands. In the case of a business entity to which this paragraph (h) applies—

(i) If an entity status election is filed with the Internal Revenue Service (IRS) but not with the Virgin Islands Bureau of Internal Revenue (BIR), the Director of the BIR or his delegate, at his discretion, may deem the election also to have been made for Virgin Islands tax purposes;

(ii) If an entity status election is filed with the BIR but not with the IRS, the Commissioner, at his discretion, may deem the election also to have been made for Federal tax purposes; and

(iii) If inconsistent entity status elections are filed with the BIR and the IRS, both the Commissioner and the Director of the BIR or his delegate may, at their individual discretion, treat the elections they each received as invalid and may deem the election filed in the other jurisdiction to have been made also for tax purposes in their own jurisdiction. See Rev. Proc. 2006–23 (2006–1 CB 900) (see § 601.601(d)(2)(ii)(*b*) of this chapter) for procedures for requesting the assistance

of the IRS when a taxpayer is or may be subject to inconsistent tax treatment by the IRS and a U.S. possession tax agency.

(2) *Scope.* This paragraph (h) applies to the following business entities:

(i) A business entity (as defined in § 301.7701–2(a) of this chapter) that is domestic (as defined in § 301.7701–5 of this chapter), or otherwise treated as domestic for purposes of the Code, and that is owned in whole or in part by any person who is either a bona fide resident of the Virgin Islands or a business entity created or organized in the Virgin Islands.

(ii) A business entity that is created or organized in the Virgin Islands and that is owned in whole or in part by any U.S. person (other than a bona fide resident of the Virgin Islands).

(3) *Definition.* For purposes of this section, the term *entity status election* includes an election under § 301.7701–3(c) of this chapter, an election under section 1362(a), and any other similar elections.

(4) *Default status.* Solely for the purpose of determining classification of an eligible entity under § 301.7701–3(b) of this chapter and under that section as mirrored in the Virgin Islands, an eligible entity subject to this paragraph (h) will be classified for both Federal and Virgin Islands tax purposes using the rule that applies to domestic eligible entities.

(5) *Transition rules*—(i) In the case of an election filed prior to April 11, 2005, except as provided in paragraph (h)(5)(ii) of this section, the rules of paragraph (h)(1) of this section will apply as of the first day of the first taxable year of the entity beginning after April 11, 2005.

(ii) In the unlikely circumstance that inconsistent elections described in paragraph (h)(1)(iii) of this section are filed prior to April 11, 2005, and the entity cannot change its classification to achieve consistency because of the sixty-month limitation described in § 301.7701–3(c)(1)(iv) of this chapter, then the entity may nevertheless request permission from the Commissioner or the Director of the BIR or his delegate to change such election to avoid inconsistent treatment by the Commissioner and the Director of the BIR or his delegate.

(iii) Except as provided in paragraphs (h)(5)(i) and (h)(5)(ii) of this section, in the case of an election filed with respect to an entity before it became an entity described in paragraph (h)(2) of this section, the rules of paragraph (h)(1) of this section will apply as of the first day that such entity is described in paragraph (h)(2) of this section.

(iv) In the case of an entity created or organized prior to April 11, 2005, paragraph (h)(4) of this section will take effect for Federal income tax purposes (or Virgin Islands income tax purposes, as the case may be) as of the first day of the first taxable year of the entity beginning after April 11, 2005.

(i) *Examples.* The rules of this section are illustrated by the following examples:

*Example 1.* (i) A is a U.S. citizen who resides in State R. For 2008, A files with the IRS a Form 1040, "U.S. Individual Income Tax Return," reporting adjusted gross income of $90x, which includes $30x from sources in the Virgin Islands. The income tax liability reported on A's Form 1040 is $18x. A files a copy of his Form 1040 with the Virgin Islands as required by section 932(a)(2) and paragraph (b)(1) of this section. A pays to the Virgin Islands the applicable percentage of his Federal income tax liability as required by section 932(b) and paragraph (b)(2) of this section, computed as follows: $30x/$90x × $18x = $6x income tax liability to the Virgin Islands.

(ii) A claims a credit in the amount of $6x against his Federal income tax liability reported on his Form 1040. A attaches a Form 8689, "Allocation of Individual Income Tax to the U.S. Virgin Islands," to the Form 1040 filed with the IRS and to the copy filed with the Virgin Islands.

*Example 2.* (i) B, a U.S. citizen, files returns on a calendar year basis. In November 2008, B moves to the Virgin Islands, purchases a house, and accepts a permanent position with a local employer. For the remainder of the year and throughout 2009, B continues to live and work in the Virgin Islands and has a closer connection to the Virgin Islands than to the United States or any foreign country. As a consequence of his employment in the Virgin Islands, B earns income from the performance of services in the Virgin Islands during 2008 and 2009.

(ii) For 2008, B does not qualify as a bona fide resident under section 937(a) and § 1.937–1(b) and (f)(1). Therefore, B is subject to the rules of sections 932(a) and (b) and paragraph (b) of this section for 2008 because he has income derived from sources within the Virgin Islands as determined under the rules of section 937(b) and § 1.937–2.

(iii) For 2009, assuming that B otherwise satisfies the requirements of section 937(a) and § 1.937–1(b), B qualifies as a bona fide resident of the Virgin Islands. Therefore, section 932(c) and paragraph (c) of this section apply to B for 2009, and he must file his income tax return with the Virgin Islands under paragraph (c)(1) of this section. Provided that B fully satisfies the reporting requirements of paragraph (c)(1) of this section and fully pays the tax liability referred to in section 934(a), B will have no Federal income tax filing requirement or liability under paragraphs (c)(2) and (3) of this section.

*Example 3.* H and W are U.S. citizens. H resides in State T and W is a bona fide resident of the Virgin Islands. For 2008, H and W prepare a joint Form 1040, "U.S. Individual Income Tax Return," reporting total adjusted gross income of $75x, of which $40x is attributable to compensation that W received for services performed in the Virgin Islands and $35x to compensation that H received for services performed in State T. Pursuant to section 932(d) and paragraph (d) of this section, because W would have the greater adjusted gross income if computed separately, H and W must file their joint Form 1040 with the Virgin Islands as required by section 932(c) and paragraph (c)(1) of this section. H and W may claim a tax credit on such return for income tax withheld during 2008 and paid to the IRS.

*Example 4.* (i) The facts are the same as in *Example 3*, except that H also earns $25x for services performed in the Virgin Islands, so that H and W's total adjusted gross income is $100x, and their total income tax liability is $20x.

(ii) Pursuant to section 932(d) and paragraph (d) of this section, because H would have the greater adjusted gross income if computed separately, H and W must file their joint Form 1040 with the IRS and must file a copy of that joint Form 1040 with the Virgin Islands as required by section 932(a)(2) and paragraph (b)(1) of this section. H and W must pay the applicable percentage of their Federal income tax liability to the Virgin Islands as required by section 932(b) and paragraph (b)(2) of this section, computed as follows: $65x /$100x × $20x = $13x income tax liability to the Virgin Islands.

(iii) H and W claim a credit against their Federal income tax liability reported on their joint Form 1040 in the amount of $13x, the portion of their Federal income tax liability required to be paid to the Virgin Islands. H and W attach a Form 8689, "Allocation of Individual Income Tax to the U.S. Virgin Islands," to their joint Form 1040 filed with the IRS and to the copy filed with the Virgin Islands.

*Example 5.* N, a U.S. citizen and calendar year taxpayer, takes the position that he is a bona fide resident of the Virgin Islands for the 2007 taxable year. On April 15, 2008, N files a Form 1040, "U.S. Individual Income Tax Return," with the Virgin Islands for his 2007 taxable year. N does not file a Form 1040 with the IRS. Because there is an agreement in force between the United States and the Virgin Islands for the routine exchange of income tax information, under paragraph (c)(2)(ii) of this section, the Federal 3-year period of limitations under section 6501(a) will expire on April 15, 2011, and the IRS will make no further assessment of income tax after that date for N's 2007 taxable year except as otherwise authorized by section 6501.

*Example 6.* (i) J is a U.S. citizen and a bona fide resident of the Virgin Islands. In 2008, J receives compensation for services performed as an employee in the Virgin Islands in the amount of $40x. J files with the Virgin Islands a Form 1040, "U.S. Individual Income Tax Return," reporting gross income of only $30x. Based on these facts, J has not satisfied the conditions of section 932(c)(4) and paragraph (c) of this section for an exclusion from gross income for Federal income tax purposes.

(ii) The facts are the same as in paragraph (i) of this *Example 6* except that on or before

the last day prescribed for filing an income tax return for J's 2008 taxable year, J files with the Virgin Islands an amended Form 1040 for 2008, correctly reporting the full $40x of compensation. Provided that J otherwise fully satisfies the reporting requirements of paragraph (c)(1) of this section and fully pays the tax liability referred to in section 934(a), J will have no Federal income tax filing requirement or liability under paragraphs (c)(2) and (3) of this section.

*Example 7.* (i) N is a U.S. citizen and a bona fide resident of the Virgin Islands. In 2008, N receives compensation for services performed in Country M. N files with the Virgin Islands a Form 1040, "U.S. Individual Income Tax Return," reporting the compensation as income effectively connected with the conduct of a trade or business in the Virgin Islands. N claims a special credit against the tax on this compensation pursuant to a Virgin Islands law enacted within the limits of its authority under section 934.

(ii) Under the principles of section 864(c)(4) as applied pursuant to section 937(b)(1) and § 1.937–3(b), compensation for services performed outside the Virgin Islands may not be treated as income effectively connected with the conduct of a trade or business in the Virgin Islands for purposes of section 934(b). Consequently, N is not entitled to claim the special credit under Virgin Islands law with respect to N's income from services performed in Country M. Because N has not fully paid his tax liability referred to in section 934(a), he has not satisfied the conditions of section 932(c)(4) and paragraph (c) of this section for an exclusion from gross income for Federal income tax purposes. Therefore, income reported on the Form 1040 as filed with the Virgin Islands must be included in N's Federal gross income. Under paragraph (c)(3) of this section, the amount of tax paid to the Virgin Islands on such income will be allowed as a credit against N's Federal income tax liability.

(j) *Effective/applicability date.* Except as otherwise provided in this paragraph (j), this section applies to taxable years ending after April 9, 2008. Taxpayers may choose to apply paragraph (c)(2)(ii) of this section to open taxable years ending on or after December 31, 2006.

### § 1.932–1T   [Removed]

■ **Par. 20.** Section 1.932–1T is removed.

■ **Par. 21.** Section 1.933–1 is amended by revising paragraphs (a), (c), (d), and (e) to read as follows:

### § 1.933–1   Exclusion of certain income from sources within Puerto Rico.

(a) *General rule.* (1) An individual (whether a United States citizen or an alien), who is a bona fide resident of Puerto Rico during the entire taxable year, will exclude from gross income the income derived from sources within Puerto Rico, except amounts received for services performed as an employee of the United States or any agency thereof. For purposes of section 933 and this section, an employee of the government of Puerto Rico will not be considered an employee of the United States or of an agency of the United States.

(2) The following example illustrates the application of the general rule in paragraph (a)(1) of this section:

*Example.* E, a United States citizen, files returns on a calendar year basis. In April 2008, E moves to Puerto Rico, where he purchases a house and accepts a permanent position with a local employer. For the remainder of the year and for the following three taxable years, E continues to live and work in Puerto Rico and has a closer connection to Puerto Rico than to the United States or any foreign country. Assuming that E otherwise meets the requirements under section 937(a) and § 1.937–1(b) and (f)(1) (year-of-move exception), E is considered a bona fide resident of Puerto Rico for 2008. Accordingly, under section 933(1) and paragraph (a)(1) of this section, E should exclude from his 2008 Federal gross income any income from sources within Puerto Rico, as determined under section 937(b) and § 1.937–2.

\*   \*   \*   \*   \*

(c) *Deductions and credits.* In any case in which any amount otherwise constituting gross income is excluded from gross income under the provisions of section 933, there will not be allowed as a deduction from gross income any items of expenses or losses or other deductions (except the deduction under section 151, relating to personal exemptions), or any credit, properly allocable to, or chargeable against, the amounts so excluded from gross income. For purposes of the preceding sentence, the rules of § 1.861–8 will apply (with creditable expenditures treated in the same manner as deductible expenditures).

(d) *Definitions.* For purposes of this section—

(1) The rules of § 1.937–1 will apply for determining whether an individual is a bona fide resident of Puerto Rico; and

(2) The rules of § 1.937–2 will apply for determining whether income is from sources within Puerto Rico.

(e) *Effective/applicability date.* Paragraphs (a), (c), (d), and (e) of this section apply to taxable years ending after April 9, 2008.

### § 1.933–1T   [Removed]

■ **Par. 22.** Section 1.933–1T is removed.

■ **Par. 23.** Section 1.934–1 is revised to read as follows:

### § 1.934–1   Limitation on reduction in income tax liability incurred to the Virgin Islands.

(a) *General rule.* Section 934(a) provides that tax liability incurred to the United States Virgin Islands (Virgin Islands) must not be reduced or remitted in any way, directly or indirectly, whether by grant, subsidy, or other similar payment, by any law enacted in the Virgin Islands, except to the extent provided in section 934(b). For purposes of the preceding sentence, the term "tax liability" means the liability incurred to the Virgin Islands pursuant to subtitle A of the Internal Revenue Code (Code), as made applicable in the Virgin Islands by the Act of July 12, 1921 (48 U.S.C. 1397), or pursuant to section 28(a) of the Revised Organic Act of the Virgin Islands (48 U.S.C. 1642), as modified by section 7651(5)(B).

(b) *Exception for Virgin Islands income*—(1) *In general.* Section 934(b)(1) provides an exception to the application of section 934(a). Under this exception, section 934(a) does not apply with respect to tax liability incurred to the Virgin Islands to the extent that such tax liability is attributable to income derived from sources within the Virgin Islands or income effectively connected with the conduct of a trade or business within the Virgin Islands.

(2) *Limitation.* Section 934(b)(2) limits the scope of the exception provided by section 934(b)(1). Pursuant to this limitation, the exception does not apply with respect to an individual who is a citizen or resident of the United States (other than a bona fide resident of the Virgin Islands). For the rules for determining tax liability incurred to the Virgin Islands by such an individual, see section 932(a) and the regulations under that section.

(3) *Computation rule*—(i) *Operative rule.* For purposes of section 934(b)(1) and this paragraph (b), tax liability incurred to the Virgin Islands for the taxable year attributable to income derived from sources within the Virgin Islands or income effectively connected with the conduct of a trade or business within the Virgin Islands will be computed as follows:

(A) Add to the income tax liability incurred to the Virgin Islands any credit against the tax allowed under mirrored section 901(a).

(B) Multiply by taxable income from sources within the Virgin Islands and income effectively connected with the conduct of a trade or business within the Virgin Islands (applying the rules of § 1.861–8 to determine deductions allocable to such income).

(C) Divide by total taxable income.

(D) Subtract the portion of any credit allowed under mirrored section 901 (other than credits for taxes paid to the United States) determined by multiplying the amount of taxable income from sources outside the Virgin Islands or the United States that is effectively connected to the conduct of a trade or business in the Virgin Islands divided by the total amount of taxable income from such sources.

(ii) *Limitation.* Tax liability incurred to the Virgin Islands attributable to income derived from sources within the Virgin Islands or income effectively connected with the conduct of a trade or business within the Virgin Islands, as computed in this paragraph (b)(3), however, will not exceed the total amount of income tax liability actually incurred.

(4) *Definitions.* For purposes of this section—

(i) *Bona fide resident.* The rules of § 1.937–1 will apply for determining whether an individual is a bona fide resident of the Virgin Islands;

(ii) *Source.* The rules of § 1.937–2 will apply for determining whether income is from sources within the Virgin Islands; and

(iii) *Effectively connected income.* The rules of § 1.937–3 will apply for determining whether income is effectively connected with the conduct of a trade or business in the Virgin Islands.

(c) *Exception for qualified foreign corporations*—(1) *In general.* Section 934(b)(3) provides an exception to the application of section 934(a). Under this exception, section 934(a) does not apply with respect to tax liability incurred to the Virgin Islands by a qualified foreign corporation to the extent that such tax liability is attributable to income that is derived from sources outside the United States and that is not effectively connected with the conduct of a trade or business within the United States.

(2) *Qualified foreign corporation.* For purposes of paragraph (c)(1) of this section, the term *qualified foreign corporation* means any foreign corporation if 1 or more United States persons own or are treated as owning (within the meaning of section 958) less than 10 percent of—

(i) The total voting power of the stock of such corporation; and

(ii) The total value of the stock of such corporation.

(3) *Computation rule*—(i) *Operative rule.* For purposes of section 934(b)(3) and this paragraph (c), tax liability incurred to the Virgin Islands for the taxable year attributable to income that is derived from sources outside the United States and that is not effectively connected with the conduct of a trade or business within the United States will be computed as follows:

(A) Add to the income tax liability incurred to the Virgin Islands any credit against the tax allowed under mirrored section 901(a).

(B) Multiply by taxable income that is derived from sources outside the United States and that is not effectively connected with the conduct of a trade or business within the United States (applying the rules of § 1.861–8 to determine deductions allocable to such income).

(C) Divide by total taxable income.

(D) Subtract any credit allowed under mirrored section 901 (other than credits for taxes paid to the United States or taxes for which a credit is allowable for Federal income tax purposes under section 906 of the Code).

(ii) *Limitation.* Tax liability incurred to the Virgin Islands attributable to income that is derived from sources outside the United States and that is not effectively connected with the conduct of a trade or business within the United States, as computed in this paragraph (c)(3), however, will not exceed the total amount of income tax liability actually incurred.

(4) *U.S. income*—(i) *In general.* For purposes of this section, except as provided in paragraph (c)(4)(ii) of this section, the rules of sections 861 through 865 and the regulations under those provisions will apply for determining whether income is from sources outside the United States or effectively connected with the conduct of a trade or business within the United States.

(ii) *Conduit arrangements.* Income will be considered to be from sources within the United States for purposes of paragraph (c)(1) of this section if, pursuant to a plan or arrangement—

(A) The income is received in exchange for consideration provided to another person; and

(B) Such person (or another person) provides the same consideration (or consideration of a like kind) to a third person in exchange for one or more payments constituting income from sources within the United States.

(d) *Examples.* The rules of this section are illustrated by the following examples:

*Example 1.* (i) S is a U.S. citizen and a bona fide resident of the Virgin Islands. For 2008, S files a Form 1040INFO, "Non-Virgin Islands Source Income of Virgin Islands Residents," with the Virgin Islands on which S reports total gross income as follows:

Compensation for services performed in the Virgin Islands—$50,000
Compensation for services performed in the United States—$40,000
Compensation for services performed in Mexico—$30,000
Income from inventory sales in Latin America attributable to Virgin Islands office—$20,000
Interest on a U.S. bank account—$6,000
Interest on a V.I. bank account—$5,000
Dividends from a U.S. corporation—$4,000

(ii) Accordingly, S has total gross income of $155,000, comprising income from sources within the Virgin Islands or effectively connected to the conduct of a trade or business in the Virgin Islands (Virgin Islands ECI) of $75,000, income from sources within the United States of $50,000, and income from other sources (not Virgin Islands ECI) of $30,000. After taking into account allowable deductions, S's total taxable income is $120,000, of which $45,000 is taxable income from sources within the Virgin Islands, $15,000 is taxable income from other sources that is Virgin Islands ECI under the rules of section 937(b) and §§ 1.937–2 and 1.937–3, and $22,500 is taxable income from sources outside the Virgin Islands (and outside the United States) that is not Virgin Islands ECI. S's tax liability incurred to the Virgin Islands pursuant to the Internal Revenue Code as applicable in the Virgin Islands (mirror code) is $30,000. S is entitled to claim a credit under section 901 of the mirror code in the amount of $10,000 for income tax paid to Mexico and other Latin American countries, for a net income tax liability of $20,000.

(iii) Pursuant to a Virgin Islands law that was duly enacted within the limits of its authority under section 934, S may claim a special deduction relating to his business activities in the Virgin Islands. However, under section 934(b), S's ability to claim this special deduction is limited. Specifically, the maximum amount of the reduction in S's mirror code tax liability that may result from claiming this deduction, computed in accordance with paragraph (b)(3) of this section, is as follows: [($20,000 + $10,000) × (($45,000 + $15,000) / $120,000)] − [$10,000 × ($15,000 / ($15,000 + $22,500))] = [$30,000 × ($60,000 / $120,000)] − [$10,000 × ($15,000 / $37,500)] = ($30,000 × 0.5) − ($10,000 × 0.4) = $15,000 − $4,000 = $11,000

(iv) Accordingly, S's net tax liability incurred to the Virgin Islands must be at least $19,000 ($30,000 − $11,000), prior to taking into account any foreign tax credit.

*Example 2.* The facts are the same as *Example 1,* except that S is a U.S. citizen who resides in the United States. As required by section 932(a) and (b), S files with the Virgin Islands a copy of his Federal income tax return and pays to the Virgin Islands the portion of his Federal income tax liability that his Virgin Islands adjusted gross income bears to his adjusted gross income. Under section 934(b)(2), S may not claim the special deduction offered under Virgin Islands law relating to business activities like his in the Virgin Islands to reduce any of his tax liability payable to the Virgin Islands under section 932(b).

*Example 3.* (i) Z is a nonresident alien who resides in Country FC. In 2008, Z receives dividends from a corporation organized under the law of the Virgin Islands in the amount of $90x. Z's tax liability incurred to the Virgin Islands pursuant to section 871(a)

of the Code as applicable in the Virgin Islands (mirror code) is $27x.

(ii) Pursuant to a Virgin Islands law that was duly enacted within the limits of its authority under section 934, Z may claim a special exemption for income relating to his investment in the Virgin Islands. The maximum amount of the reduction in Z's mirror code tax liability that may result from claiming this exemption, computed in accordance with paragraph (b)(3) of this section, is as follows: $27x × ($90x/$90x) = $27x.

(iii) Accordingly, depending on the terms of the exemption as provided under Virgin Islands law, Z's net tax liability incurred to the Virgin Islands may be reduced or eliminated entirely.

*Example 4.* (i) A Corp is organized under the laws of the Virgin Islands and is engaged in a trade or business in the United States through an office in State N. All of A Corp's outstanding stock is owned by U.S. citizens who are bona fide residents of the Virgin Islands. During 2008, A Corp had $50x in gross income from sources within the Virgin Islands (as determined under section 937(b) and § 1.937-2) that is not effectively connected with the conduct of a trade or business in the United States; $20x in gross income from sources in Country H that is effectively connected with the conduct of A Corp's trade or business in the United States; and $10x in gross income from sources in Country R that is not effectively connected with the conduct of A Corp's trade or business in the United States.

(ii) Section 934(b)(3) permits the Virgin Islands to reduce or remit the income tax liability of a qualified foreign corporation arising under the Code as applicable in the Virgin Islands (mirror code) with respect to income that is derived from sources outside the United States and that is not effectively connected with the conduct of a trade or business in the United States. A foreign corporation constitutes a "qualified foreign corporation" under section 934(b)(3)(B) if less than 10 percent of the total voting power and value of the stock of the corporation is owned or treated as owned (within the meaning of section 958) by one or more United States persons. A U.S. citizen is a "United States person" as defined in section 7701(a)(30)(A). Given that 10 percent or more of the voting power and value of its stock is owned by U.S. citizens, A Corp does not constitute a "qualified foreign corporation" under section 934(b)(3)(B). Accordingly, the Virgin Islands may only reduce or remit A Corp's mirror code income tax liability with respect to its $50x in gross income from sources within the Virgin Islands.

*Example 5.* (i) The facts are the same as in *Example 4,* except that the outstanding stock of A Corp is owned by the following individuals:

U.S. citizens who are bona fide residents of the Virgin Islands—5%
U.S. citizens who are not bona fide residents of the Virgin Islands—3%
Nonresident aliens who are bona fide residents of the Virgin Islands—42%
Nonresident aliens who are not bona fide residents of the Virgin Islands—50%

(ii) Given that less than 10 percent of the voting power and value of its stock is owned by United States persons, A Corp constitutes a qualified foreign corporation under section 934(b)(3)(B). Accordingly, the Virgin Islands may reduce or remit A Corp's mirror code income tax liability with respect to its $50x in gross income from sources within the Virgin Islands and its $10x in gross income from sources in Country R that is not effectively connected with the conduct of A Corp's trade or business in the United States. In no event, however, may the Virgin Islands reduce or remit A Corp's mirror code income tax liability with respect to its $20x in gross income from sources in Country H that is effectively connected with the conduct of A Corp's trade or business in the United States.

(e) *Effective/applicability date.* This section applies for taxable years ending after April 9, 2008.

§ 1.934–1T   [Removed]

■ Par. 24. Section 1.934–1T is removed.
■ Par. 25. Section 1.935–1 is amended by revising paragraphs (a), (b)(1), (b)(3), (b)(5), (b)(6), (b)(7), (c), (d), (e), (f), and (g) to read as follows:

§ 1.935–1   Coordination of individual income taxes with Guam and the Northern Mariana Islands.

(a) *Application of section*—(1) *Scope.* Section 935 and this section set forth the special rules relating to the filing of income tax returns, income tax liabilities, and estimated income tax of individuals described in paragraph (a)(2) of this section. Paragraph (e) of this section also provides special rules requiring consistent treatment of business entities in the United States and in section 935 possessions.

(2) *Individuals covered.* This section applies to any individual who—

(i) Is a bona fide resident of a section 935 possession during the entire taxable year, whether or not such individual is a citizen of the United States or a resident alien (as defined in section 7701(b)(1)(A));

(ii) Is a citizen of a section 935 possession but not otherwise a citizen of the United States;

(iii) Has income from sources within a section 935 possession for the taxable year, is a citizen of the United States or a resident alien (as defined in section 7701(b)(1)(A)) and is not a bona fide resident of a section 935 possession during the entire taxable year; or

(iv) Files a joint return for the taxable year with any individual described in paragraph (a)(2)(i), (ii), or (iii) of this section.

(3) *Definitions.* For purposes of this section, the following definitions apply:

(i) The term *section 935 possession* means Guam or the Northern Mariana Islands, unless such possession has entered into an implementing agreement, as described in section 1271(b) of the Tax Reform Act of 1986, Public Law 99–514 (100 Stat. 2085), with the United States that is in effect for the entire taxable year.

(ii) The term *relevant possession* means—

(A) With respect to an individual described in paragraph (a)(2)(i) of this section, the section 935 possession of which such individual is a bona fide resident;

(B) With respect to an individual described in paragraph (a)(2)(ii) of this section, the section 935 possession of which such individual is a citizen; and

(C) With respect to an individual described in paragraph (a)(2)(iii) of this section, the section 935 possession from which such individual derives income.

(iii) The rules of § 1.937–1 will apply for determining whether an individual is a bona fide resident of a section 935 possession.

(iv) The rules of § 1.937–2 generally will apply for determining whether income is from sources within a section 935 possession. Pursuant to § 1.937–2(a), however, the rules of § 1.937–2(c)(1)(ii) and (c)(2) do not apply for purposes of section 935(a)(3) (as in effect before the effective date of its repeal) and paragraph (a)(2)(iii) of this section.

(v) The term *citizen of the United States* means any individual who is a citizen within the meaning of § 1.1–1(c), except that the term does not include an individual who is a citizen of a section 935 possession but not otherwise a citizen of the United States. The term *citizen of a section 935 possession but not otherwise a citizen of the United States* means any individual who has become a citizen of the United States by birth or naturalization in the section 935 possession.

(vi) With respect to the United States, the term *resident* means an individual who is a citizen (as defined in § 1.1–1(c)) or resident alien (as defined in section 7701(b)) and who does not have a tax home (as defined in section 911(d)(3)) in a foreign country during the entire taxable year. The term does not include an individual who is a bona fide resident of a section 935 possession.

(vii) The term *U.S. taxpayer* means an individual described in paragraph (b)(1)(i) or (iii)(B) of this section.

(b) *Filing requirement*—(1) *Tax jurisdiction.* An individual described in paragraph (a)(2) of this section must file an income tax return for the taxable year—

(i) With the United States if such individual is a resident of the United States;

Case 4:02-cr-00019-RRB    Document 243-22    Filed 07/08/2008    Page 14 of 20

(ii) With the relevant possession if such individual is described in paragraph (a)(2)(i) of this section; or

(iii) If neither paragraph (b)(1)(i) nor paragraph (b)(1)(ii) of this section applies—

(A) With the relevant possession if such individual is described in paragraph (a)(2)(ii) of this section; or

(B) With the United States if such individual is a citizen of the United States, as defined in paragraph (a)(3) of this section.

\* \* \* \* \*

(3) *Place for filing returns*—(i) *U.S. returns.* A return required under this paragraph (b) to be filed with the United States must be filed as directed in the applicable forms and instructions.

(ii) *Guam returns.* A return required under this paragraph (b) to be filed with Guam must be filed as directed in the applicable forms and instructions.

(iii) *NMI returns.* A return required under this paragraph (b) to be filed with the Northern Mariana Islands must be filed as directed in the applicable forms and instructions.

\* \* \* \* \*

(5) *Tax payments.* The tax shown on the return must be paid to the jurisdiction with which such return is required to be filed and must be determined by taking into account any credit under section 31 for tax withheld by the relevant possession or the United States on wages, any credit under section 6402(b) for an overpayment of income tax to the relevant possession or the United States, and any payments under section 6315 of estimated income tax paid to the relevant possession or the United States.

(6) *Liability to other jurisdiction*—(i) *Filing with the relevant possession.* In the case of an individual who is required under paragraph (b)(1) of this section to file a return with the relevant possession for a taxable year, if such individual properly files such return and fully pays his or her income tax liability to the relevant possession, such individual is relieved of liability to file an income tax return with, and to pay an income tax to, the United States for the taxable year.

(ii) *Filing with the United States.* In the case of an individual who is required under paragraph (b)(1) of this section to file a return with the United States for a taxable year, such individual is relieved of liability to file an income tax return with, and to pay an income tax to, the relevant possession for the taxable year.

(7) [Reserved].

(c) *Extension of territory*—(1) *U.S. taxpayers*—(i) *General rule.* With respect to a U.S. taxpayer, for purposes of taxes imposed by Chapter 1 of the Internal Revenue Code (Code), the United States generally will be treated, in a geographical and governmental sense, as including the relevant possession. The purpose of this rule is to facilitate the coordination of the tax systems of the United States and the relevant possession. Accordingly, the rule will have no effect where it is manifestly inapplicable or its application would be incompatible with the intent of any provision of the Code.

(ii) *Application of general rule.* Contexts in which the general rule of paragraph (c)(1)(i) of this section apply include—

(A) The characterization of taxes paid to the relevant possession. Income tax paid to the relevant possession may be taken into account under sections 31, 6315, and 6402(b) as payments to the United States. Taxes paid to the relevant possession and otherwise satisfying the requirements of section 164(a) will be allowed as a deduction under that section, but income taxes paid to the relevant possession will be disallowed as a deduction under section 275(a);

(B) The determination of the source of income for purposes of the foreign tax credit (for example, sections 901 through 904). Thus, for example, after a U.S. taxpayer determines which items of income constitute income from sources within the relevant possession under the rules of section 937(b), such income will be treated as income from sources within the United States for purposes of section 904;

(C) The eligibility of a corporation to make a subchapter S election (sections 1361 through 1379). Thus, for example, for purposes of determining whether a corporation created or organized in the relevant possession may make an election under section 1362(a) to be a subchapter S corporation, it will be treated as a domestic corporation and a U.S. taxpayer shareholder will not be treated as a nonresident alien individual with respect to such corporation. While such an election is in effect, the corporation will be treated as a domestic corporation for all purposes of the Code. For the consistency requirement with respect to entity status elections, see paragraph (e) of this section;

(D) The treatment of items carried over from other taxable years. Thus, for example, if a U.S. taxpayer has for a taxable year a net operating loss carryback or carryover under section 172, a foreign tax credit carryback or carryover under section 904, a business credit carryback or carryover under section 39, a capital loss carryover under section 1212, or a charitable contributions carryover under section 170, the carryback or carryover will be reported on the return filed with the United States in accordance with paragraph (b)(1)(i) or (b)(1)(iii)(B) of this section, even though the return of the taxpayer for the taxable year giving rise to the carryback or carryover was required to be filed with a section 935 possession; and

(E) The treatment of property exchanged for property of a like kind (section 1031). Thus for example, if a U.S. taxpayer exchanges real property located in the United States for real property located in the relevant possession, notwithstanding the provisions of section 1031(h), such exchange may qualify as a like-kind exchange under section 1031 (provided that all the other requirements of section 1031 are satisfied).

(iii) *Nonapplication of general rule.* Contexts in which the general rule of paragraph (c)(1)(i) of this section does not apply include—

(A) The application of any rules or regulations that explicitly treat the United States and any (or all) of its possessions as separate jurisdictions (for example, sections 931 through 937, 7651, and 7654);

(B) The determination of any aspect of an individual's residency (for example, sections 937(a) and 7701(b)). Thus, for example, an individual whose principal place of abode is in the relevant possession is not considered to have a principal place of abode in the United States for purposes of section 32(c);

(C) The determination of the source of income for purposes other than the foreign tax credit (for example, sections 935, 937, and 7654). Thus, for example, income determined to be derived from sources within the relevant possession under section 937(b) will not be considered income from sources within the United States for purposes of Form 5074, "Allocation of Individual Income Tax to Guam or the Commonwealth of the Northern Mariana Islands (CNMI)";

(D) The definition of wages (section 3401). Thus, for example, services performed by an employee for an employer in the relevant possession do not constitute services performed in the United States under section 3401(a)(8); and

(E) The characterization of a corporation for purposes other than subchapter S (for example, sections 367, 951 through 964, 1291 through 1298, 6038, and 6038B). Thus, for example, if a U.S. taxpayer transfers appreciated tangible property to a corporation created or organized in the relevant possession in a transaction described in section 351, he or she must recognize

gain unless an exception under section 367(a) applies. Also, if a corporation created or organized in the relevant possession qualifies as a passive foreign investment company under sections 1297 and 1298 with respect to a U.S. taxpayer, a dividend paid to such shareholder does not constitute qualified dividend income under section 1(h)(11)(B).

(2) *Application in relevant possession.* In applying the territorial income tax of the relevant possession, such possession generally will be treated, in a geographical and governmental sense, as including the United States. Thus, for example, income tax paid to the United States may be taken into account under sections 31, 6315, and 6402(b) as payments to the relevant possession. Moreover, a citizen of the United States (as defined in paragraph (a)(3) of this section) not a resident of the relevant possession will not be treated as a nonresident alien individual for purposes of the territorial income tax of the relevant possession. Thus, for example, a citizen of the United States (as so defined), or a resident of the United States, will not be treated as a nonresident alien individual for purposes of section 1361(b)(1)(C) of the Guam territorial income tax.

(d) *Special rules for estimated income tax*—(1) *In general.* An individual must make each payment of estimated income tax (and any amendment to the estimated tax payment) to the jurisdiction with which the individual reasonably believes, as of the date of that payment (or amendment), that he or she will be required to file a return for the taxable year under paragraph (b)(1) of this section. In determining the amount of such estimated income tax, income tax paid to the relevant possession may be taken into account under sections 31 and 6402(b) as payments to the United States, and vice versa. For other rules relating to estimated income tax, see section 6654.

(2) *Joint estimated income tax.* In the case of married persons making a joint payment of estimated income tax, the taxpayers must make each payment of estimated income tax (and any amendment to the estimated tax payment) to the jurisdiction where the spouse who has the greater estimated adjusted gross income for the taxable year would be required under paragraph (d)(1) of this section to pay estimated income tax if separate payments were made. For this purpose, estimated adjusted gross income of each spouse for the taxable year is determined without regard to community property laws.

(3) *Erroneous payment.* If the individual or spouses erroneously pay estimated income tax to the United States instead of the relevant possession or vice versa, only subsequent payments or amendments of the payments are required to be made pursuant to paragraph (d)(1) or (d)(2) of this section with the other jurisdiction.

(4) *Place for payment.* Estimated income tax required under this paragraph (d) to be paid to Guam or the Northern Mariana Islands must be paid as directed in the applicable forms and instructions issued by the relevant possession. Estimated income tax required under paragraph (d)(1) of this section to be paid to the United States must be paid as directed in the applicable forms and instructions.

(5) *Liability to other jurisdiction*—(i) *Filing with Guam or the Northern Mariana Islands.* Subject to paragraph (d)(6) of this section, an individual required under this paragraph (d) to pay estimated income tax (and amendments thereof) to Guam or the Northern Mariana Islands is relieved of liability to pay estimated income tax (and amendments thereof) to the United States.

(ii) *Filing with the United States.* Subject to paragraph (d)(6) of this section, an individual required under this paragraph (d) to pay estimated income tax (and amendments thereof) to the United States is relieved of liability to pay estimated income tax (and amendments thereof) to the relevant possession.

(6) *Underpayments.* The liability of an individual described in paragraph (a)(2) of this section for underpayments of estimated income tax for a taxable year, as determined under section 6654, will be to the jurisdiction with which the individual is required under paragraph (b) of this section to file his or her return for the taxable year.

(e) *Entity status consistency requirement*—(1) *In general.* Taxpayers should make consistent entity status elections (as defined in paragraph (e)(3)(ii) of this section), when applicable, in both the United States and section 935 possessions. In the case of a business entity to which this paragraph (e) applies—

(i) If an entity status election is filed with the Internal Revenue Service (IRS) but not with the relevant possession, the appropriate tax authority of the relevant possession, at his discretion, may deem the election also to have been made for the relevant possession tax purposes;

(ii) If an entity status election filed with the relevant possession but not with the IRS, the Commissioner, at his discretion, may deem the election also to have been made for Federal tax purposes; and

(iii) If inconsistent entity status elections are filed with the relevant possession and the IRS, both the Commissioner and the appropriate tax authority of the relevant possession may, at their individual discretion, treat the elections they each received as invalid and may deem the election filed in the other jurisdiction to have been made also for tax purposes in their own jurisdiction. See Rev. Proc. 2006–23 (2006–1 C.B. 900) (see § 601.601(d)(2)(ii)(*b*) of this chapter) for procedures for requesting the assistance of the IRS when a taxpayer is or may be subject to inconsistent tax treatment by the IRS and a U.S. possession tax agency.)

(2) *Scope.* This paragraph (e) applies to the following business entities:

(i) A business entity (as defined in § 301.7701–2(a) of this chapter) that is domestic (as defined in § 301.7701–5 of this chapter), or otherwise treated as domestic for purposes of the Code, and that is owned in whole or in part by any person who is either a bona fide resident of a section 935 possession or a business entity created or organized in a section 935 possession.

(ii) A business entity that is created or organized in a section 935 possession and that is owned in whole or in part by any U.S. person (other than a bona fide resident of such possession).

(3) *Definitions.* For purposes of this section—

(i) The term *appropriate tax authority of the relevant possession* means the individual responsible for tax administration in such possession or his delegate; and

(ii) The term *entity status election* includes an election under § 301.7701–3(c) of this chapter, an election under section 1362(a), and any other similar elections.

(4) *Default status.* Solely for the purpose of determining classification of an eligible entity under § 301.7701–3(b) of this chapter and under that section as mirrored in the relevant possession, an eligible entity subject to this paragraph (e) will be classified for both Federal and the relevant possession tax purposes using the rule that applies to domestic eligible entities.

(5) *Transition rules*—(i) In the case of an election filed prior to April 11, 2005, except as provided in paragraph (e)(5)(ii) of this section, the rules of paragraph (e)(1) of this section will apply as of the first day of the first taxable year of the entity beginning after April 11, 2005.

(ii) In the unlikely circumstance that inconsistent elections described in

paragraph (e)(1)(iii) of this section are filed prior to April 11, 2005, and the entity cannot change its classification to achieve consistency because of the sixty-month limitation described in § 301.7701–3(c)(1)(iv) of this chapter, then the entity may nevertheless request permission from the Commissioner or appropriate tax authority of the relevant possession to change such election to avoid inconsistent treatment by the Commissioner and the appropriate tax authority of the relevant possession.

(iii) Except as provided in paragraphs (e)(5)(i) and (e)(5)(ii) of this section, in the case of an election filed with respect to an entity before it became an entity described in paragraph (e)(2) of this section, the rules of paragraph (e)(1) of this section will apply as of the first day that such entity is described in paragraph (e)(2) of this section.

(iv) In the case of an entity created or organized prior to April 11, 2005, paragraph (e)(4) of this section will take effect for Federal income tax purposes (or the relevant possession income tax purposes, as the case may be) as of the first day of the first taxable year of the entity beginning after April 11, 2005.

(f) *Examples.* The application of this section is illustrated by the following examples:

*Example 1.* (i) B, a United States citizen, files returns on a calendar year basis. In November 2008, B moves to Possession G, a section 935 possession; purchases a house; and accepts a permanent position with a local employer. For the remainder of the year and throughout 2009, B continues to live and work in Possession G and has a closer connection to Possession G than to the United States or any foreign country. As a consequence of his employment in Possession G, B earns income from the performance of services in Possession G during 2008 and 2009.

(ii) For 2008, B does not qualify as a bona fide resident of Possession G under section 937(a) and § 1.937–1(b) and (f)(1). Therefore, B is subject to the rules applicable to individuals described in paragraph (a)(2)(iii) of this section for 2008 because he has income derived from sources within Possession G as determined under the rules of section 937(b) and § 1.937–2.

(iii) For 2009, assuming that B otherwise satisfies the requirements of section 937(a) and § 1.937–1(b), B qualifies as a bona fide resident of Possession G. Therefore, section 935(b)(1)(B) and paragraph (b)(1)(ii) of this section apply to B for 2009, and he must file his income tax return with Possession G under paragraph (b)(1) of this section. Provided that B properly files such return and pays his income tax liability to Possession G, B is relieved of liability to file an income tax return with, and to pay an income tax to, the United States for 2009 under paragraph (b)(6) of this section.

*Example 2.* (i) The facts are the same as in Example 1 except that B's employment terminates in June 2011. B properly pays his April 2008 estimated tax to the United States, continues to pay estimated tax for the 2008 taxable year to the United States under paragraph (d) of this section, and properly files his 2008 return with the United States.

(ii)(A) On the date of each payment of estimated tax in 2009, B reasonably believes that he would be required to file his return for 2009 with Possession G under paragraph (b)(1) of this section.

(B) In August 2009, B determines that he has overpaid tax for the previous year in the amount of $1000. B properly pays all estimated taxes to Possession G for 2009, subtracting the $1000 overpayment from his estimated tax payments pursuant to section 6402(b), and properly files his tax return with Possession G.

(iii) In April 2010, B reasonably believes that he would be returning to the United States in the Fall of 2010, and properly pays estimated tax to the United States. By June 2010, B reasonably believes that he would not be moving from Possession G and would be a bona fide resident of Possession G for the entire taxable year. B makes his remaining estimated tax payments to Possession G. On his 2010 tax return filed with Possession G, pursuant to section 6315, B properly takes into account payments made to both the United States and Possession G as estimated taxes.

(iv) In April 2011, B reasonably believes that he would be a bona fide resident of Possession G for the entire taxable year 2011 and properly pays estimated taxes to Possession G. By the time B pays his estimated taxes for June 2011, B's employment terminates and he moves to State H. B properly makes his remaining estimated tax payments to the United States. On his return for 2011, properly filed with the United States, B determines that he has underpaid estimated taxes throughout 2011 in an amount subject to penalty under section 6654. B owes the United States an estimated tax penalty under section 6654.

(g) *Effective/applicability date.* Paragraphs (a), (b)(1), (b)(3), (b)(5) through (b)(7), and (c) through (f) of this section apply to taxable years ending after April 9, 2008.

§ 1.935–1T   [Removed]

■ **Par. 26.** Section 1.935–1T is removed.
■ **Par. 27.** Section 1.937–1 is amended by revising paragraph (h)(3) and the heading of paragraph (i) to read as follows:

§ 1.937–1   Bona fide residency in a possession.

\* \* \* \* \*

(h)(3) Bona fide residents of Puerto Rico or a section 931 possession (as defined in § 1.931–1(c)(1)) who take a position for U.S. tax reporting purposes that they qualify as bona fide residents of that possession for a tax year subsequent to a tax year for which they were required to file income tax returns as bona fide residents of the U.S. Virgin Islands or a section 935 possession (as defined in § 1.935–1(a)(3)(i)).

(i) *Effective/applicability date.* \* \* \*

■ **Par. 28.** Section 1.937–2 is added to read as follows:

§ 1.937–2   Income from sources within a possession.

(a) *Scope.* Section 937(b) and this section set forth the rules for determining whether income is considered to be from sources within a particular possession (the relevant possession) for purposes of the Internal Revenue Code, including section 957(c) and Subpart D, Part III, Subchapter N, Chapter 1 of the Internal Revenue Code, as well as section 7654(a) of the 1954 Internal Revenue Code (until the effective date of its repeal). Paragraphs (c)(1)(ii) and (c)(2) of this section do not apply, however, for purposes of sections 932(a) and (b) and 935(a)(3) (as in effect before the effective date of its repeal). In the case of a possession or territory that administers income tax laws that are identical (except for the substitution of the name of the possession or territory for the term "United States" where appropriate) to those in force in the United States, these rules do not apply for purposes of the application of such laws. These rules also do not affect the determination of whether income is considered to be from sources without the United States for purposes of the Internal Revenue Code.

(b) *In general.* Except as provided in paragraphs (c) through (i) of this section, the principles of sections 861 through 865 and the regulations under those provisions (relating to the determination of the gross and the taxable income from sources within and without the United States) generally will be applied in determining the gross and the taxable income from sources within and without the relevant possession. In the application of such principles, it generally will be sufficient to substitute, where appropriate, the name of the relevant possession for the term "United States," and to substitute, where appropriate, the term "bona fide resident of" followed by the name of the relevant possession for the term "United States resident." Furthermore, the term *domestic* will be construed to mean created or organized in the relevant possession. In applying these principles, additional substitutions may be necessary to accomplish the intent of section 937(b) and this section. For example, in applying the principles of sections 863(d) and (e) to individuals under this paragraph (b), the term "bona fide resident of a possession" will be used instead of the term "United States person." In no case, however, will a

bona fide resident or other person have, as a result of the application of these principles, more income from sources within the relevant possession than the amount of income from sources within the United States that a similarly situated U.S. person who is not a bona fide resident would have under sections 861 through 865.

(c) *U.S. income*—(1) *In general.* Except as provided in paragraph (d) of this section, income from sources within the relevant possession will not include any item of income determined under the rules of sections 861 through 865 and the regulations under those provisions to be—

(i) From sources within the United States; or

(ii) Effectively connected with the conduct of a trade or business within the United States.

(2) *Conduit arrangements.* Income will be considered to be from sources within the United States for purposes of paragraph (c)(1) of this section if, pursuant to a plan or arrangement—

(i) The income is received in exchange for consideration provided to another person; and

(ii) Such person (or another person) provides the same consideration (or consideration of a like kind) to a third person in exchange for one or more payments constituting income from sources within the United States.

(d) *Income from certain sales of inventory property.* For special rules that apply to determine the source of income from certain sales of inventory property, see § 1.863–3(f).

(e) *Service in the Armed Forces.* In the case of a member of the Armed Forces of the United States, the following rules will apply for determining the source of compensation for services performed in compliance with military orders:

(1) If the individual is a bona fide resident of a possession and such services are performed in the United States or in another possession, the compensation constitutes income from sources within the possession of which the individual is a bona fide resident (and not from sources within the United States or such other possession).

(2) If the individual is not a bona fide resident of a possession and such services are performed in a possession, the compensation constitutes income from sources within the United States (and not from sources within such possession).

(f) *Gains from certain dispositions of property*—(1) *Property of former U.S. residents.* (i) Except to the extent an election is made under paragraph (f)(1)(vi) of this section, income from sources within the relevant possession will not include gains from the disposition of property described in paragraph (f)(1)(ii) of this section by an individual described in paragraph (f)(1)(iii) of this section. See also section 1277(e) of the Tax Reform Act of 1986, Public Law 99–514 (100 Stat. 2085) (providing that gains from the disposition of certain property by individuals who acquired residency in certain possessions will be considered to be from sources within the United States).

(ii) Property is described in this paragraph (f)(1)(ii) when the following conditions are satisfied—

(A) The property is of a kind described in section 731(c)(3)(C)(i) or 954(c)(1)(B); and

(B) The property was owned by the individual before such individual became a bona fide resident of the relevant possession.

(iii) An individual is described in this paragraph (f)(1)(iii) when the following conditions are satisfied—

(A) For the taxable year for which the source of the gain must be determined, the individual is a bona fide resident of the relevant possession; and

(B) For any of the 10 years preceding such year, the individual was a citizen or resident of the United States (other than a bona fide resident of the relevant possession).

(iv) If an individual described in paragraph (f)(1)(iii) of this section exchanges property described in paragraph (f)(1)(ii) of this section for other property in a transaction in which gain or loss is not required to be recognized (in whole or in part) under U.S. income tax principles, such other property will also be considered property described in paragraph (f)(1)(ii) of this section.

(v) If an individual described in paragraph (f)(1)(iii) of this section owns, directly or indirectly, at least 10 percent (by value) of any entity to which property described in paragraph (f)(1)(ii) of this section is transferred in a transaction in which gain or loss is not required to be recognized (in whole or in part) under U.S. income tax principles, any gain recognized upon a disposition of the property by such entity will be treated as income from sources outside the relevant possession if any gain recognized upon a direct or indirect disposition of the individual's interest in such entity would have been so treated under paragraph (f)(1)(iv) of this section.

(vi) Notwithstanding the general rule of paragraph (f)(1)(i) of this section and section 1277(e) of the Tax Reform Act of 1986, Public Law 99–514 (100 Stat. 2085), an individual described in paragraph (f)(1)(iii) of this section may elect to treat as gain from sources within the relevant possession the portion of the gain attributable to the individual's possession holding period. The election under this paragraph (f)(1)(vi) will be considered made if the individual's income tax return for the year of disposition of the property reports the portion of gain attributable to the taxpayer's possession holding period as determined in accordance with paragraph (f)(1)(vi)(A) or paragraph (f)(1)(vi)(B) of this section, as the case may be.

(A) In the case of marketable securities, the portion of gain attributable to the possession holding period will be determined by reference to the fair market value of the marketable security at the close of the market on the first day of the individual's possession holding period. In the event that the individual is a bona fide resident of the relevant possession for more than a single continuous period, the portion of gain described in this paragraph (f)(1)(vi)(A) will be the aggregate of the portions of gain (or offsetting loss) attributable to each possession holding period.

(B) In the case of property other than marketable securities, the portion of gain attributable to the possession holding period in the relevant possession will be determined by multiplying the total gain on disposition of the property by a fraction, the numerator of which is the number of days in the possession holding period and the denominator of which is the total number of days in the individual's holding period for the property. For purposes of the preceding sentence, in the event that the individual is a bona fide resident of the relevant possession for more than a single continuous period, the number of days in the numerator will be the aggregate of the number of days in each possession holding period. For purposes of this paragraph (f)(1)(vi)(B), the denominator will include days that are required to be included in an individual's holding period under section 735(b), section 1223, and any other applicable holding period rule in the Internal Revenue Code.

(vii) For purposes of paragraph (f)(1)(vi) of this section—

(A) The term *marketable securities* means property described in paragraph (f)(1)(ii) of this section that is, throughout the individual's holding period, actively traded within the meaning of § 1.1092(d)–1(a); and

(B) The term *possession holding period* means the part of the individual's holding period for the

property during which the individual is a bona fide resident of the relevant possession. However, for this purpose, the possession holding period will be considered to commence in all cases on the first day during such period that the individual does not have a tax home outside the relevant possession. In the event that the individual is a bona fide resident of the relevant possession for more than a single continuous period, each possession holding period prior to the one ending on the date of sale or other disposition will be considered to end on the first day that the individual has a tax home outside the relevant possession. With respect to the determination of tax home, see § 1.937–1(d).

(2) *Special rules under section 865 for possessions*—(i) Except as provided in paragraph (f)(1) of this section—

(A) Gain that is considered to be derived from sources outside of the United States under section 865(g)(3) will be considered income from sources within Puerto Rico; and

(B) Gain that is considered to be derived from sources outside of the United States under section 865(h)(2)(B) will be considered income from sources within the possession in which the liquidating corporation is created or organized.

(ii) In applying the principles of section 865 and the regulations under that section pursuant to paragraph (b) of this section, the rules of section 865(g) will not apply, but the special rule of section 865(h)(2)(B) will apply with respect to gain recognized upon the liquidation of corporations created or organized in the United States.

(g) *Dividends*—(1) *Dividends from certain possessions corporations*—(i) *In general.* Except as provided in paragraph (g)(1)(ii) of this section, with respect to any possessions shareholder, only the possessions source ratio of any dividend paid or accrued by a corporation created or organized in a possession (possessions corporation) will be treated as income from sources within such possession. For purposes of this paragraph (g)—

(A) The *possessions source ratio* will be a fraction, the numerator of which is the gross income of the possessions corporation from sources within the possession in which it is created or organized (applying the rules of this section) for the testing period and the denominator of which is the total gross income of the corporation for the testing period; and

(B) The term *possessions shareholder* means any individual who is a bona fide resident of the possession in which the corporation is created or organized and who owns, directly or indirectly, at least 10 percent of the total voting stock of the corporation.

(ii) *Dividends from corporations engaged in the active conduct of a trade or business in the relevant possession.* The entire amount of any dividend paid or accrued by a possessions corporation will be treated as income from sources within the possession in which it is created or organized when the following conditions are met—

(A) 80 percent or more of the gross income of the corporation for the testing period was derived from sources within such possession (applying the rules of this section) or was effectively connected with the conduct of a trade or business in such possession (applying the rules of § 1.937–3); and

(B) 50 percent or more of the gross income of the corporation for the testing period was derived from the active conduct of a trade or business within such possession.

(iii) *Testing period.* For purposes of this paragraph (g)(1), the term *testing period* means the 3-year period ending with the close of the taxable year of the payment of the dividend (or for such part of such period as the corporation has been in existence).

(iv) *Subsidiary look-through rule.* For purposes of this paragraph (g)(1), if a possessions corporation owns (directly or indirectly) at least 25 percent (by value) of the stock of another corporation, such possessions corporation will be treated as if it—

(A) Directly received its proportionate share of the income of such other corporation; and

(B) Actively conducted any trade or business actively conducted by such other corporation.

(2) *Dividends from other corporations.* In applying the principles of section 861 and the regulations under that section pursuant to paragraph (b) of this section, the special rules relating to dividends for which deductions are allowable under section 243 or 245 will not apply.

(h) *Income inclusions.* For purposes of determining whether an amount described in section 904(h)(1)(A) constitutes income from sources within the relevant possession—

(1) If the individual owns (directly or indirectly) at least 10 percent of the total voting stock of the corporation from which such amount is derived, the principles of section 904(h)(2) will apply. In the case of an individual who is not a possessions shareholder (as defined in paragraph (g)(1)(i)(B) of this section), the preceding sentence will apply only if the corporation qualifies as a "United States-owned foreign corporation" for purposes of section 904(h); and

(2) In all other cases, the amount will be considered income from sources in the jurisdiction in which the corporation is created or organized.

(i) *Interest*—(1) *Interest from certain possessions corporations*—(i) *In general.* Except as provided in paragraph (i)(1)(ii) of this section, with respect to any possessions shareholder (as defined in paragraph (g)(1)(i)(B) of this section), interest paid or accrued by a possessions corporation will be treated as income from sources within the possession in which it is created or organized to the extent that such interest is allocable to assets that generate, have generated, or could reasonably have been expected to generate income from sources within such possession (under the rules of this section) or income effectively connected with the conduct of a trade or business within such possession (under the rules of § 1.937–3). For purposes of the preceding sentence, the principles of §§ 1.861–9 through 1.861–12 will apply.

(ii) *Interest from corporations engaged in the active conduct of a trade or business in the relevant possession.* The entire amount of any interest paid or accrued by a possessions corporation will be treated as income from sources within the possession in which it is created or organized when the conditions of paragraphs (g)(1)(ii)(A) and (B) of this section are met (applying the rules of paragraphs (g)(1)(iii) and (iv) of this section).

(2) *Interest from partnerships.* Interest paid or accrued by a partnership will be treated as income from sources within a possession only to the extent that such interest is allocable to income effectively connected with the conduct of a trade or business in such possession. For purposes of the preceding sentence, the principles of § 1.882–5 will apply (as if the partnership were a foreign corporation and as if the trade or business in the possession were a trade or business in the United States).

(j) *Indirect ownership.* For purposes of this section, the rules of section 318(a)(2) will apply except that the language "5 percent" will be used instead of "50 percent" in section 318(a)(2)(C).

(k) *Examples.* The provisions of this section may be illustrated by the following examples:

*Example 1.* (i) X, a U.S. citizen, resides in State N and acquires stock of Corporation C, a domestic corporation, in 2008 for $10x. X moves to the Northern Mariana Islands (NMI) on March 1, 2009 and changes his principal place of business to NMI on that same date.

Assume for purposes of this example that, under § 1.937–1(b) and (f)(1) (year-of-move exception), X is considered a bona fide resident of NMI for 2009 through 2012. On March 1, 2009, the closing value of X's stock in Corporation C, a marketable security (within the meaning of paragraph (f)(1)(vii)(A) of this section), is $20x. On January 3, 2012, X sells all his Corporation C stock for $70x.

(ii) Pursuant to section 1277(e) of the Tax Reform Act of 1986, and absent an election under paragraph (f)(1)(vi) of this section, all of X's gain ($60x) will be treated as income from sources within the United States for all purposes of the Internal Revenue Code (including section 7654, as in effect with respect to the NMI), and (under paragraph (f)(1)(i) of this section) not as income from sources in the NMI. However, pursuant to paragraph (f)(1)(vi) of this section, X may elect on his 2012 income tax return filed with NMI to treat the portion of this gain attributable to X's possession holding period with respect to NMI as gain from sources within NMI. X's possession holding period with respect to NMI begins on March 1, 2009, the date his tax home changes to the NMI. Under paragraph (f)(1)(vi)(A) of this section, the portion of X's gain attributable to this possession holding period is $50x, the excess of the sale price of the stock ($70x) over its closing value ($20x) on the first day of the possession holding period. By reporting $50x of gain on his 2012 NMI return, X will elect under paragraph (f)(1)(vi) of this section to treat that amount as NMI source income.

*Example 2.* (i) R, a U.S. citizen, resides in State F and acquires a 5 percent interest in Partnership P on January 1, 2009. R moves to Puerto Rico on June 1, 2010 and changes her principal place of business to Puerto Rico on that same date. Assume for purposes of this example that under § 1.937–1(b) and (f)(1) (year-of-move exception), R is considered a bona fide resident of Puerto Rico for 2010 through 2012. On June 1, 2010, R's interest in Partnership P is not a marketable security within the meaning of section 731(c)(2). On December 31, 2012, having owned the interest in Partnership P for a period of 4 years (1461 days), R sells it, recognizing gain of $100x.

(ii) Pursuant to paragraph (f)(1) of this section, and absent an election under paragraph (f)(1)(vi) of this section, the gain will not be treated as income from sources within Puerto Rico for purposes of the Internal Revenue Code (including section 933(1)). However, pursuant to paragraph (f)(1)(vi) of this section, R may elect on her 2012 return filed with the IRS to treat the portion of this gain attributable to R's possession holding period with respect to Puerto Rico as gain from sources within Puerto Rico. R's possession holding period with respect to Puerto Rico is the 945-day period from June 1, 2010, the date her tax home changes to Puerto Rico, through December 31, 2012, the date of sale. Under paragraph (f)(1)(vi)(B) of this section, the portion of R's gain attributable to this possession holding period is $64.68x, computed as follows:

$$\$100 \times \text{gain} \times \frac{945 \text{ days in possession holding period}}{1461 \text{ days in total holding period}}$$

(iii) By reporting $64.68x of gain on her 2012 Federal return, R will elect under paragraph (f)(1)(vi) of this section to treat that amount as Puerto Rico source income.

*Example 3.* X, a bona fide resident of Possession S, a section 931 possession (as defined in § 1.931–1(c)(1)), is engaged in a trade or business in the United States through an office in State H. In 2008, this office materially participates in the sale of inventory property in Possession S, such that the income from these inventory sales is considered effectively connected to this trade or business in the United States under section 864(c)(4)(B)(iii). This income will not be treated as income from sources within Possession S for purposes of section 931(a)(1) pursuant to paragraph (c)(1)(ii) of this section, but nonetheless will continue to be treated as income from sources without the United States under section 862 (for example, for purposes of section 904).

*Example 4.* (i) X, a bona fide resident of Possession I, owns 25 percent of the outstanding shares of A Corp, a corporation organized under the laws of Possession I. In 2010, X receives a dividend of $70x from A Corp. During 2008 through 2010, A Corp has gross income from the following sources:

|      | Possession I sources | Sources outside possession I |
|------|----------------------|------------------------------|
| 2008 | $10x                 | $20x                         |
| 2009 | 20x                  | 10x                          |
| 2010 | 25x                  | 15x                          |

(ii) A Corp owns 50 percent of the outstanding shares of B Corp, a corporation organized under the laws of Country FC. During 2008 through 2010, B Corp has gross income from the following sources:

|      | Possession I sources | Sources outside possession I |
|------|----------------------|------------------------------|
| 2008 | $10x                 | $6x                          |
| 2009 | 14x                  | 8x                           |
| 2010 | 10x                  | 4x                           |

(iii) A Corp is treated as having received 50 percent of the gross income of B Corp. Therefore, for 2008 through 2010, the gross income of A Corp is from the following sources:

|        | Possession I sources | Sources outside possession I |
|--------|----------------------|------------------------------|
| 2008   | $15x                 | $23x                         |
| 2009   | 27x                  | 14x                          |
| 2010   | 30x                  | 17x                          |
| Totals | $72x                 | $54x                         |

(iv) Pursuant to paragraph (g) of this section, the portion of the dividend of $70x that X receives from Corp A in 2010 that is treated as income from sources within Possession I is 72/126 of $70x, or $40x.

*Example 5.* X is a U.S. citizen and a bona fide resident of the Northern Mariana Islands (NMI). In 2008, X receives compensation for services performed as a member of the crew of a fishing boat. Ten percent of the services for which X receives compensation are performed in the NMI, and 90 percent of X's services are performed in international waters. Under the principles of section 861(a)(3) as applied pursuant to paragraph (b) of this section, the compensation that X receives for services performed in the NMI is treated as income from sources within the NMI. Under the principles of section 863(d)(1)(A) as applied pursuant to paragraph (b) of this section, the compensation that X receives for services performed in international waters is treated as income from sources within the NMI for purposes of the Internal Revenue Code (including section 7654, as in effect with respect to the NMI). Thus, all of X's compensation for services during 2008 is treated as income from sources within the NMI.

*Example 6.* X, a U.S. citizen, resides in State L and receives $2,500 of compensation for services performed in Possession J during 2008 for Y, X's employer. X is temporarily present in Possession J in 2008 for a period (or periods) not exceeding a total of 90 days. Y, a U.S. citizen, is not a bona fide resident of Possession J and is not engaged in a trade or business within Possession J. Under the principles of section 861(a)(3) as applied pursuant to paragraph (b) of this section, the compensation that X receives for services performed in Possession J during 2008 is not treated as income from sources within Possession J.

*Example 7.* (i) Company Y, a corporation organized in State C, produces, markets, and distributes music products. Y enters into a recording contract with Z, a recording artist who is a bona fide resident of the U.S. Virgin Islands (USVI). Pursuant to the contract between Y and Z, Z agrees to perform services as writer, musician, and vocalist on the recording of a new musical composition and related music video. Under the contract, all songs, recordings and related artwork, packaging copy, and liner notes, together with copyrights and other intellectual property in those works, are the sole property of Y, and Z obtains no proprietary rights in that property. As compensation for Z's services, all of which are performed at a recording studio or other locations in the USVI, Y agrees to pay amounts designated as

the "writer's share" to Z based on a percentage of the music products sold. Y also agrees to make an upfront payment to Z as an advance against future portions of Z's writer's share.

(ii) To the extent that Z performs personal services within the USVI, the compensation that Z receives for his services is sourced to the USVI under the principles of section 861(a)(3) and § 1.861–4 as applied pursuant to § 1.937–2(b). If all of Z's services are performed in the USVI, none of the writer's share is derived from sources within the United States under section 861(a)(3) and § 1.861–4, nor is it effectively connected with the conduct of a trade or business in the United States under section 864(c)(3). Accordingly, the U.S. income rule of section 937(b)(2) and paragraph (c)(1) of this section would not operate to prevent Z's services income from being USVI source or USVI effectively connected income within the meaning of section 937(b)(1). If Z also performs services in the United States, however, then the U.S. income rule would apply to the part of Z's compensation that is sourced to the United States under section 861(a)(3) and § 1.861–4. In the event that Y and Z are controlled taxpayers within the meaning of § 1.482–1(i)(5), section 482 and the regulations under that section, including § 1.482–9T(i), would apply to evaluate the arm's length amount charged for Z's controlled services.

(l) *Effective/applicability dates.* Except as otherwise provided in this paragraph (l), this section applies to income earned in taxable years ending after April 9, 2008. Taxpayers may choose to apply paragraph (b) of this section to income earned in open taxable years ending after October 22, 2004. Taxpayers may choose to apply paragraph (f)(1) of this section to dispositions made after April 11, 2005.

### § 1.937–2T  [Removed]

■ Par. 29. Section 1.937–2T is removed.
■ Par. 30. Section 1.937–3 is added to read as follows:

### § 1.937–3  Income effectively connected with the conduct of a trade or business in a possession.

(a) *Scope.* Section 937(b) and this section set forth the rules for determining whether income is effectively connected with the conduct of a trade or business within a particular possession (the relevant possession) for purposes of the Internal Revenue Code, including sections 881(b) and 957(c) and Subpart D, Part III, Subchapter N, Chapter 1 of the Internal Revenue Code. Paragraph (c) of this section does not apply, however, for purposes of section 881(b). In the case of a possession or territory that administers income tax laws that are identical (except for the substitution of the name of the possession or territory for the term "United States" where appropriate) to those in force in the United States, these rules do not apply for purposes of the application of such laws.

(b) *In general.* Except as provided in paragraphs (c) and (d) of this section, the principles of section 864(c) and the regulations under that section (relating to the determination of income, gain or loss that is effectively connected with the conduct of a trade or business within the United States) generally will be applied in determining whether income is effectively connected with the conduct of a trade or business within the relevant possession, without regard to whether the taxpayer qualifies as a nonresident alien individual or a foreign corporation with respect to such possession. Subject to the rules of this section, the principles of section 864(c)(4) will apply for purposes of determining whether income from sources without the relevant possession is effectively connected with the conduct of a trade or business in the relevant possession. For purposes of the preceding sentence, all income other than income from sources within the relevant possession (as determined under the rules of § 1.937–2) will be considered income from sources without the relevant possession in the application of the principles of section 864(c) under this paragraph (b), it generally will be sufficient to substitute the name of the relevant possession for the term "United States" where appropriate, but additional substitutions may be necessary to accomplish the intent of section 937(b) and this section. In no case, however, will a bona fide resident or other person have, as a result of the application of these principles, more income effectively connected with the conduct of a trade or business in the relevant possession than the amount of U.S. effectively connected income that a similarly situated U.S. person who is not a bona fide resident would have under section 864(c).

(c) *U.S. income*—(1) *In general.* Except as provided in paragraph (d) of this section, income considered to be effectively connected with the conduct of a trade or business within the relevant possession will not include any item of income determined under the rules of sections 861 through 865 and the regulations under those provisions to be—

(i) From sources within the United States; or

(ii) Effectively connected with the conduct of a trade or business within the United States.

(2) *Conduit arrangements.* Income will be considered to be from sources within the United States for purposes of paragraph (c)(1) of this section if, pursuant to a plan or arrangement—

(i) The income is received in exchange for consideration provided to another person; and

(ii) Such person (or another person) provides the same consideration (or consideration of a like kind) to a third person in exchange for one or more payments constituting income from sources within the United States.

(d) *Income from certain sales of inventory property.* Paragraph (c) of this section will not apply to income from sales of inventory property described in § 1.863–3(f).

(e) *Examples.* The provisions of this section may be illustrated by the following examples:

*Example 1.* X is a bona fide resident of Possession I, a section 931 possession (as defined in § 1.931–1(c)(1)). X has an office in Possession I from which X conducts a business consisting of the development and sale of specialized computer software. A purchaser of software will frequently pay X an additional amount to install the software on the purchaser's operating system and to ensure that the software is functioning properly. X performs the installation services at the purchaser's place of business, which may be in Possession I, in the United States, or in another country. The provision of such services is not de minimis and constitutes a separate transaction under the rules of § 1.861–18. Under the principles of section 864(c)(4) as applied pursuant to paragraph (b) of this section, the compensation that X receives for personal services performed outside of Possession I is not considered to be effectively connected with the conduct of a trade or business in Possession I for purposes of section 931(a)(2).

*Example 2.* (i) F Bank is organized under the laws of Country FC and operates an active banking business from offices in the U.S. Virgin Islands (USVI). In connection with this banking business, F Bank makes loans to and receives interest payments from borrowers who reside in the USVI, in the United States, and in Country FC.

(ii) Under the principles of section 861(a)(1) as applied pursuant to § 1.937–2(b), interest payments received by F Bank from borrowers who reside in the United States or in Country FC constitute income from sources outside of the USVI. Under the principles of section 864(c)(4) as applied pursuant to paragraph (b) of this section, interest income from sources outside of the USVI generally may constitute income that is effectively connected with the conduct of a trade or business within the USVI for purposes of the Internal Revenue Code. However, interest payments received by F Bank from borrowers who reside in the United States constitute income from sources within the United States under section 861(a)(1). Accordingly, under paragraph (c)(1) of this section, such interest income will not be treated as effectively connected with the conduct of a trade or business in the USVI for purposes of the Internal Revenue Code (for example, for purposes of section