Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK
RECEIVED JUL 8 2008

The United States of America

District Court of the United States

District of Alaska

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>*versus*<br><br>**Donald Louis Hymes, Individually**<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case - 04:02-cr-019

### Motion to Reconsider Docket 240 ORDER

Comes now Donald Louis Hymes ("Hymes") without Assistance of Counsel with this Motion to Reconsider Docket 240.

The "UNITED STATES OF AMERICA" ("USA"), being an unknown entity in our constitutional Republic, makes another appearance by and though Stephen Cooper ("Cooper") before Judge Beistline ("Beistline"). Beistline is fully aware of the issues of the refusal of this unknown entity to identify itself and as also plead in the Civil inextricably intertwined in this instant Case 3:05-cv-123.

Cooper has adduced by circuitous mendacious *ipse dixit* pontifications devoid of any essence of truth in either any facts or any law.

Cooper states Hymes is to "obey all laws", which is exactly what he has been doing. Cooper and Beistline both have **_refused to disclose_** what purported Code sections of the United States Code ("U.S.C.") Hymes is not obeying. They have refused to disclose what substantive rules and regulations under 26 U.S.C. § 7805 and 26 U.S.C. § 6011(a) that mandates filing an Individual Income Tax Form 1040 under OMB 1545-0074 and enforcement of same if your are not a federal/state employee.

Cooper's unintelligible diatribe gives great concern whether Cooper is delusional. Hymes has never stated that the Form 1040 is unconstitutional; and, has never stated that a Notice of Federal Tax Lien is improper against taxpayers (federal/state employees). For federal and state employees it is absolutely correct and constitutional as mandated by 26 CFR 301.6362-1 as published in the Federal Register in 43 FR 59372-59376 @ 43 FR 59366 being **Attachment A** under the penalty of perjury of Federal and State Income taxes to file. It is mandated for Federal Employees and State Employees that are piggybacked upon the federal taxation system under the statutory scheme of Congress <u>*the two distinct groups are conclusively disclosed*</u> in 26 CFR § 601.702 as published in the Federal Register at 67 FR 69673-69688 (2002), specifically at 67 FR 69675 for part 601 (Statement of Procedural Rules), being **Attachment B** under the statutory authority of two statutes, to wit:

> **Group 1:** being **5 U.S.C. § 301** -- defines employees of the federal government (State employees "piggyback" on federal government rules); and,
>
> **Group 2:** being **5 U.S.C. § 552(a)(1)** - defines substantive rules of general applicability that *precludes federal employees* and pertains to *private sector parties only* (including, but is not limited to, "citizens of the United States" in 26 CFR § 1.6012-1; and, the operative sections in 26 CFR § 1.861(f)(1) discussing DISC and FSC taxable income, nonresident alien individuals and foreign corporations, foreign base income, etc.

In 26 CFR § 601.702 being **Attachment B** as published in the Federal Register at 67 FR 69673-69688 (2002) specifically at 67 FR 69675 for the part 601 (Statement of Procedural Rules) the rules for identification for each of the two groups is also disclosed under the statutory authority of *5 U.S.C § 301* (federal employees) and *5 U.S.C. § 552* the public and substantive regulations requirements and rulemaking requirements.

For **Group 1** for federal employees the rules will start with *301.xxxx* as stated at 67 FR 69675 "[T]he regulations in part 301 of this chapter (Procedure and Administration Regulations);."

To conclusively confirm that the statutory authority of 5 U.S.C. § 301 for **Group 1** for federal employees is identified as *301.xxxx* rules, two (2) different Offers of Proof will be presented.

**Offer of Proof 1 – "301" type regulations is linked directly to only 5 U.S.C. § 301 for federal employees.**

In **Attachment C,** published in the Federal Register Final Rule 59 FR 39910-39931 published August 4th, 1994 for the Department of Justice by then Attorney General of the United States Janet Reno at 59 FR 39915, the conclusive evidence of the holdings in *Chrysler v. Brown*, 441 U.S. 281, 307-316 (1979) *of "301" type regulations known as "house keeping" regulations,* which <u>*do not have the force and effect of law*</u> *ibid.* under *Chrysler holdings* and will not have a comment period as mandated by 5 U.S.C. § 553 *ibid. Chrysler's holdings* is <u>*linked directly to 5 U.S.C. § 301, which is only for federal employees*</u>, to wit:

> Rules governing the conduct of Department attorneys, or any other officials of the Executive Branch, *may be promulgated only pursuant to constitutional or statutory authority.* Congress's delegation of authority need not be specific or explicit. *Chrysler Corp. v. Brown*, 441 U.S. 281, 307-08 (1979). The Department believes that it possesses appropriate statutory authority to promulgate this regulation *pursuant to two distinct sources*: <u>*5 U.S.C. 301 ("commonly referred to as the 'housekeeping statute,'" Chrysler Corp., 441 U.S. at 309 (citation omitted)),*</u> and title 28 of the United States Code, which in a variety of provisions authorizes the Attorney General and the Department to enforce federal law and to regulate the conduct of Department attorneys.
>
> Section 301 of title 5, United States Code, authorizes the Attorney General to "prescribe regulations for the government of [her] department," "the conduct of its employees," and "the distribution and performance of its business." 5 U.S.C 301. The Supreme Court has held that this provision authorizes the Attorney General to issue regulations with extra-departmental effect. *See, e.g., Georgia v. United States*, 411 U.S. 526, 536 (1973) (holding that section 301 provided the Attorney General with "ample legislative authority" to issue regulations that established procedural and substantive standards binding on state and local governments); *United States ex rel. Touhy. Ragen*, 340 U.S. 462 (1951) (federal government attorney could not be held in contempt for following an Attorney General regulation promulgated pursuant to a predecessor to section 301).

**Offer of Proof 2 – Words in Federal Register 301 Regulations Republished in 32 FR 15241-15387 on November 3, 1967.**

All of Title 26 of Part 301 regulations – Procedure and Administration Regulations were republished November 3, 1967 as evidenced by **Attachment D** published in the Federal Register at 32 FR 15241-15387 with the applicable *excerpt* only having application to federal officers and employees, etc. and state officers and employees, etc. as published in the Federal Register of 1967 being 32 FR 15241-15243, 32 FR 15247 and 32 FR 15288-152289 concerning Notices of Federal Tax Liens with the

statutory authority of same and specifically delineating whom the Notices of Federal Tax Lien have application as evidenced in 301.6331-1 and 301.6332-1, to wit:

> § 301.6331 Statutory provisions; levy and distraint.
> * * *
> Levy may be made upon the <u>accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia</u> by serving a notice of levy on the employer *(as* defined In section 3401(d) ) of such officer, employee, or elected official. *[Emphasis added]*
>
> * * *
> § 301.6331-1 Levy and distraint.
> * * *
> *(4) Certain types of compensation—* (1) <u>*Federal employees.*</u> Levy may be made upon the accrued salary or wages of any of the Armed Forces), or <u>elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either</u>, by serving a notice of levy on the employer of the delinquent taxpayer. As used In this subdivision, the term *"employer"* means (a) <u>the officer or employee of the United States, the District of Columbia, or of the agency or instrumentality of the United States or the District of Columbia, who has control of the payment of the wages</u>, or (b) any <u>other officer or employee designated by the head of the branch, department, agency, or instrumentality of the United States or of the District of Columbia as the party upon whom service of the notice of levy may be made</u>. If the head of such branch, department, agency or instrumentality designates an officer or employee other than one who has control of the payment of the wages, as the party upon whom service of the notice of levy may be made, such head shall promptly notify the Commissioner of the name and address of each officer or employee so designated and the scope or extent of his authority as such designee.
> (ii) *State and municipal employees.* <u>Accrued salaries, wages, or other compensation of any officer, employee, or elected or appointed official of a State or Territory, or of any agency, Instrumentality, or political subdivision</u> thereof, are also subject to levy to enforce collection of any Federal tax.  *[Emphasis added]*

## Conclusion and Remedy

Hymes has obeyed all "laws" as presented to date and has repeatedly plead for Cooper and Beistline to disclose the "laws" and "substantive regulations" to Hymes that mandates him filing a Form 1040 with OMB 1545-0074 and Hymes *will immediately comply*. Hymes made a request for information and court rulings in his "TESTIMONY BY NARRATIVE (Attachment E) at the evidentiary hearing. Hymes offered then and there to sign a Form 1040 if the law requiring him to do so would be stated by Magistrate Hall. No response was offered then nor to date. *Expressio unius est exclusio alterius* as cited in *National Railroad Passenger Corp. v. National Assoc. of Railroad Passengers*, 414 U.S.453, 458 (1974), to wit:

> "(W)hen legislation expressly provides a particular remedy or remedies, *courts should not expand the coverage of the statute to subsume other remedies*," the Court reasoned. Id. For, " '(w)hen a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.' Botany Worsted Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 132, 73 L.Ed. 379 (1929)." Id. See also Transamerica Mortgage Advisors, Inc. v. Lewis, 1979, 444 U.S. 11, --, 100 S.Ct. 242, 247, 62 L.Ed.2d 146, 155 ("*where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.*"). *[Emphasis added]*

The pleadings and actions recorded in the Docket are conclusive and legal evidence that Cooper, by and with the actions of Beistline, is working in collusion to sentence Hymes to jail refusing to identify to Hymes the specific Laws of the United States, the specific Code Sections of the U.S.C., to identify the specific Federal Register publications, refuse to identify the specific Part 1 substantive regulation and rules that require Hymes to File a Form 1040 OMB 1545-0074.

Cooper and Beistline have ruined the reputation and health of Hymes wherein he can't obtain work since his release in 2005. Cooper has refused to identify the Plaintiff with the approval of Beistline; and, there is no affidavit in support of any issues of fact or claims. Hymes has proffered conclusive and legal evidence of the IRS yet to be rebutted or objected to same. Cooper and Beistline have refused to identify any law that requires Hymes to file a Form 1040. Hymes has provided true copies of Federal Register publication, substantive rules and regulations and Code sections un-rebutted and passed off as "meritless." Cooper and Beistline have conspired to force Hymes to violate the "Laws of the United States" under the penalty of perjury refusing to identify *any* law or regulation in support thereof to file, except Cooper and Beistline's "feelings" and "beliefs", and the vindictive actions as Hymes isn't quietly compliant and complacent.

This instant Case should be immediately dismissed with prejudice and ORDERED that Hymes sentencing and probation are concluded.

My Hand,

*Donald Louis Hymes*

**Certification**

M.J. Hadden
Federal Public Defender's Agency
601 W. 5th Avenue Suite 800
Anchorage, Alaska 99501

Stephen Cooper
Assistant US Attorney
Fed. Bldg & US Courthouse
101 12th Avenue
Box 2
Fairbanks, Alaska 99701

Date:  July 08, 2008
Rita Marina Hymes