have to file Form 4626 only if required to do so by the Form, which presently requires a corporation to file it it has items of tax preference for the taxable year in excess of $10,000, the amount of the minimum tax exemption. This will eliminate the burden of filing Form 4626 for certain corporate taxpayers who owe no minimum tax. Because this regulation is non-substantive and is essentially a procedural change that can only reduce an unnecessary taxpayer burden, it is found unnecessary to issue this Treasury decision with notice and public procedure. For the same reasons, this regulation is not a significant regulation under paragraph 8 of the proposed Treasury Directive appearing in the FEDERAL REGISTER for May 24, 1978 (43 FR 22319).

DRAFTING INFORMATION

The principal author of this regulation was Robert Coplan of the Legislation and Regulations Division of the Office of Chief Counsel, Internal Revenue Service. However, personnel from other offices of the Internal Revenue Service and Treasury Department participated in developing the regulation, both on matters of substance and style.

WAIVER OF CERTAIN PROCEDURAL REQUIREMENTS OF PROPOSED TREASURY DIRECTIVE

A determination has been made by one of the undersigned, Jerome Kurtz, Commissioner of Internal Revenue, that there is an immediate need for amendment of the regulations under section 6012(a)(2) in order to make the regulations consistent with the filing requirements for Form 4626 for prior years and also for taxable year 1978. Because of the immediate need for such clarification, compliance with the procedural requirements of paragraph 8 through 13 of the proposed Treasury directive, relating to improving regulations (43 FR 22319), would be impractical, and, therefore, these requirements have not been followed.

ADOPTION OF AMENDMENTS TO THE REGULATIONS

Accordingly, 26 CFR Part 1 is amended as follows:
Section 1.6012-2(i)(1) is amended to read as follows:

§ 1.6012-2 *Corporations required to make returns of income.*

\*    \*    \*    \*    \*

(i) *Items of tax preference*—(1) *In general.* Every corporation required to make a return under this section, and having items of tax preference (described in section 57 and the regulations thereunder) in an

amount specified by Form 4626, shall file such form as part of its return.

\*    \*    \*    \*    \*

This Treasury decision reduces the number of corporate taxpayers required to file a form, and there is a need for immediate guidance with respect to the change. For those reasons, it is found unnecessary and impracticable to issue this Treasury decision with notice and public procedure under subsection (b) of section 553 of title 5 of the United States Code or subject to the effective date limitation of subsection (d) of that section.

This Treasury decision is issued under the authority contained in section 7805 of the Internal Revenue Code of 1954 (68A Stat. 917, 26 U.S.C. 7805).

JEROME KURTZ,
*Commissioner of
Internal Revenue.*

Approved: December 4, 1978.

DONALD C. LUBICK,
*Assistant Secretary
of the Treasury.*

§ 1.6012-2 **Corporations required to make returns of income.**

\*    \*    \*    \*    \*

(i) *Items of tax preference*—(1) *In general.* Every corporation required to make a return under this section, and having items of tax preference (described in section 57 and the regulations thereunder) in an amount specified by Form 4626, shall file such form as part of its return.

(2) *Organizations with unrelated business income and foreign corporations.* Regardless of the provisions of paragraphs (e) and (g) of this section, any organization described in either such paragraph having items of tax preference (described in section 57 and the regulations thereunder) in any amount entering into the computation of unrelated business income is required to make a return on form 990-T or form 1120F, respectively, and to attach the required form as part of such return.

(j) *Other provisions.* \* \* \*
[FR Doc. 78-35387 Filed 12-19-78; 8:45 am]

[4830-01-M]

(T.D. 7577)

FEDERAL COLLECTION AND ADMINISTRATION OF QUALIFIED STATE INDIVIDUAL INCOME TAXES; REPORTS TO JOINT COMMITTEE ON TAXATION

AGENCY: Internal Revenue Service, Treasury.

ACTION: Final regulations.

SUMMARY: This document provides final regulations relating to Federal collection and administration of qualified State individual income taxes. Changes to the applicable tax law were made by the Federal-State Tax Collection Act of 1972 as amended by the Tax Reform Act of 1976. These regulations provide the States with guidance needed in determining whether to elect Federal collection and administration of their individual income taxes.

EFFECTIVE DATE: Federal collection and administration of qualified State individual income taxes will go into effect on the first January 1 which is more than one year after the first date on which at least one State has filed a notice of its election with the Secretary of the Treasury or his delegate.

FOR FURTHER INFORMATION CONTACT:
William E. Mantie of the Legislation and Regulations Division, Office of the Chief Counsel, Internal Revenue Service, 1111 Constitution Ave., N.W., Washington, D.C. 20224, Attention: CC:LR:T, 202-566-3829.

SUPPLEMENTARY INFORMATION:

BACKGROUND

On September 29, 1977, the FEDERAL REGISTER published proposed amendments to the Income Tax Regulations (26 CFR Part 1), the Employment Tax Regulations (26 CFR Part 31), the Temporary Employment Tax Regulations Under the Tax Reform Act of 1969 (26 CFR Part 32), and the Regulations on Procedure and Administration (26 CFR Part 301). The amendments were proposed to conform the regulations to sections 202(a), 203(a), and 204 (a) and (b) of the Federal-State Tax Collection Act of 1972 (86 Stat. 936, 944, 945), and to section 2116 of the Tax Reform Act of 1976 (90 Stat. 1910). After consideration of the comments received from interested persons on the proposed amendments they are adopted by this Treasury decision without change.

EXPLANATION OF PROVISIONS

In essence, the amendments provide a system for the Federal Government to collect individual income taxes imposed by a State which elects to participate in the system. Those taxes will be collected as if they were Federal income taxes and the revenue collected will be turned over to the electing State. No fee or other charge will be imposed on any State for the collection or administration of its individual income taxes.
"Piggybacking", as the Federal collection system is generally known, is

designed to increase the efficiency of collecting State taxes by eliminating duplication of effort by State and Federal tax administrators, eliminating duplicate recordkeeping by taxpayers, establishing uniform treatment for individual taxpayers at both the State and Federal levels, providing faster collection of State income taxes, and freeing State tax courts from individual income tax controversies.

The effectiveness of the piggybacking system will be monitored by the Federal and State officials who will administer piggybacking.

A qualified State tax may be imposed on nonresidents as well as residents, at the option of the State. A qualified resident tax may be based either on Federal taxable income or a percentage of Federal tax liability, in either case with certain mandatory or optional adjustments. This conformity with the Federal income tax laws is necessary for the administrability of the piggybacking system.

### DISCUSSION OF COMMENTS

Some of the comments submitted on the proposed amendents questioned the constitutionality of certain of the statutory provisions implemented by the regulations. Other suggested positions that would require an amendment of the statute.

Concern was also expressed about the rules of the proposed amendments for identifying the source of business income. The comments suggested that most States use criteria other than those proposed to apportion business income, and that the proposed method apportionment would be extremely difficult to administer. However, the rules proposed for allocating business income are similar to the New York rules for allocation of income of an unincorporated business which is carried on both within and without the State. Similar rules are also in operation in Maryland, New Jersey, Massachusetts, and Delaware. Accordingly, it was concluded that the regulation should not be modified.

### DRAFTING INFORMATION

The principal author of this regulation is William E. Mantle of the Legislation and Regulations Division of the Office of the Chief Counsel, Internal Revenue Service. However, personnel from other offices of the Internal Revenue Service and Treasury Department participated in developing the regulation, both on matters of substance and style.

### ADOPTION OF AMENDMENTS TO THE REGULATIONS

Accordingly, the amendments to 26 CFR Parts 1, 31, 32, and 301 published as a notice of proposed rulemaking in the FEDERAL REGISTER on September 29, 1977 (42 FR 51790), are hereby adopted as proposed.

This Treasury decision is issued under the authority contained in sections 6364 and 7805 of the Internal Revenue Code of 1954 (86 Stat. 944, 26 U.S.C. 6364; and 68A Stat. 917, 26 U.S.C. 7805).

JEROME KURTZ,
*Commissioner of
Internal Revenue.*

Approved: December 4, 1978.

DONALD C. LUBICK,
*Assistant Secretary
of the Treasury.*

### SUBCHAPTER A—INCOME TAX

## PART 1—INCOME TAX; TAXABLE YEARS BEGINNING AFTER DECEMBER 31, 1953

Paragraph 1. So much of paragraph (a) of § 1.164-1 as follows subparagraph (5) thereof is amended to read as follows:

§ 1.161-1  Deduction for taxes.

(a) *In general.* * * *
(5) * * *

In addition, there shall be allowed as a deduction under this section State and local and foreign taxes not described in subparagraphs (1) through (5) of this paragraph which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income). For example, dealers or investors in securities and dealers or investors in real estate may deduct State stock transfer and real estate transfer taxes, respectively, under section 164, to the extent they are expenses incurred in carrying on a trade or business or an activity for the production of income. In general, taxes are deductible only by the person upon whom they are imposed. Also, in the case of a qualified State individual income tax (as defined in section 6362 and the regulations thereunder) which is determined by reference to a percentage of the Federal income tax (pursuant to section 6362 (c)), an accrual method taxpayer shall use the cash receipts and disbursements method to compute the amount of his deduction therefor. Thus, the deduction under section 164 is in the amount actually paid with respect to the qualified tax, rather than the amount accrued with respect thereto, during the taxable year even though the taxpayer uses the accrual method of accounting for other purposes. In addition, see paragraph (f)(1) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration) with respect to rules relating to

allocation and reallocation of amounts collected on account of the Federal income tax and qualified taxes.

•        •        •        •        •

PAR. 2. Section 1.451-1 is amended by adding at the end thereof a new paragraph (e), to read as follows:

§ 1.151-1  General rule for taxable year of inclusion.

•        •        •        •        •

(e) *Special rule for inclusion of qualified tax refund effected by allocation.* For rules relating to the inclusion in income of an amount paid by a taxpayer in respect of his liability for a qualified State individual income tax and allocated or reallocated in such a manner as to apply it toward the taxpayer's liability for the Federal income tax, see paragraph (f)(1) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

PAR. 3. Paragraphs (a) and (d) of § 1.6001-1 are amended to read as follows:

§ 1.6001-1  Records.

(a) *In general.* Except as provided in paragraph (b) of this section, any person subject to tax under subtitle A of the Code (including a qualified State individual income tax which is treated pursuant to section 6361(a) as if it were imposed by chapter 1 of subtitle A) or any person required to file a return of information with respect to income, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information.

•        •        •        •        •

(d) *Notice by district director requiring returns, statements, or the keeping of records.* The district director may require any person, by notice served upon him, to make such returns, render such statements, or keep such specific records as will enable the district director to determine whether or not such person is liable for tax under subtitle A of the Code, including qualified State individual income taxes, which are treated pursuant to section 6361(a) as if they were imposed by chapter 1 of subtitle A.

PAR. 4. There is inserted immediately after § 1.6001-1 the following new section:

§ 1.6001-2  Returns.

For rules relating to returns required to be made by every individual, estate, or trust which is liable for one

or more qualified State individual income taxes, as defined in section 6362, for a taxable year, see paragraph (b) of § 301.6361-1 of this chapter (Regulations on procedure and Administration).

PAR. 5. Paragraph (a)(2) of § 1.6012-1 is amended by adding at the end thereof a new subdivision (vi), to read as follows:

§ 1.6012-1 Individuals required to make returns of income.

(a) *Individual citizen or resident.*

* * * * *

(2) *Special rules.* * * *

(vi) For rules relating to returns required to be made by every individual who is liable for one or more qualified State individual income taxes, as defined in section 6362, for a taxable year, see paragraph (b) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

PAR. 6. Paragraph (a) of § 1.6012-3 is amended by adding at the end thereof a new subparagraph (8), to read as follows:

§ 1.6012-3 Returns by fiduciaries.

(a) *For estate and trusts.* * * *

(8) *Estates and trusts liable for qualified tax.* In the case of an estate or trust which is liable for one or more qualified State individual income taxes, as defined in section 6362, for a taxable year, see paragraph (b) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration) for rules relating to returns required to be made.

PAR. 7. Section 1.6015(c)-1 is amended to read as follows:

§ 1.6015(c)-1 Definition of estimated tax.

(a) *In general.* In the case of an individual, the term "estimated tax" means—

(1) The amount which the individual estimates as the amount of the income tax imposed by chapter 1 (other than the tax imposed by section 56 or for taxable years ending before September 30, 1968, the tax surcharge imposed by section 51) for the taxable year (and including the amount which he estimates as the amount of any qualified State individual income taxes which are treated pursuant to section 6361(a) as if they were imposed by chapter 1 for the taxable year), plus

(2) For taxable years beginning after December 31, 1966, the amount which the individual estimates as the amount of the self-employment tax imposed by chapter 2 for the taxable year, minus

(3) The amount which the individual estimates as the sum of any credits against tax provided by part IV of subchapter A of chapter 1. These credits

are those provided by section 31 (relating to tax withheld on wages), section 32 (relating to tax withheld at source on nonresident aliens and foreign corporations and on tax-free convenant bonds), section 33 (relating to foreign taxes), section 34 (relating to the credit for dividends received on or before December 31, 1964), section 35 (relating to partially tax-exempt interest), section 37 (relating to the elderly) section 38 (relating to the investment credit), section 39 (relating to certain uses of gasoline, special fuels, and lubricating oil), section 40 (relating to expenses of work incentive programs), section 41 (relating to contributions to candidates), section 42 (relating to general tax credit), section 43 (relating to earned income), section 44 (relating to purchase of new principal residence), section 44A (relating to expenses for household and dependent care services necessary for gainful employment), section 44B (relating to credit for employment of certain new employees), and section 45 (relating to overpayments of tax), and also minus

(4) In the case of an individual who is subject to one or more qualified State individual income taxes, the amount which he estimates as the sum of the credits allowed against such taxes pursuant to section 6362(b)(2) (B) or (C) or section 6362(c)(4) and paragraph (c) of § 301.6362-4 of this chapter (Regulations on Procedure and Administration) (relating to the credit for income taxes of other States or political subdivisions thereof) and paragraph (c) (2) of § 301.6361-1 (relating to the credit for tax withheld from wages on account of qualified State individual income taxes).

(b) *Example.* A, a self-employed individual not subject to any qualified State individual income tax, estimates that his liabilities for income tax and self-employment tax for 1973 will be $1,600 and $400, respectively. A is required to declare and pay an estimated tax of $2,000 for that year.

PAR. 8. The following new section is inserted immediately after § 1.6302-2:

§ 1.6361-1 Collection and administration of qualified State individual income taxes.

Except as otherwise provided in §§ 301.6361-1 to 301.6365-2, inclusive, of this chapter (Regulations on Procedure and Administration), the provisions of this part under subtitle F of the Internal Revenue Code of 1954 relating to the collection and administration of the taxes imposed by chapter 1 of such Code on the incomes of individuals (or relating to civil or criminal sanctions with respect to such collection and administration) shall apply to the collection and administration of qualified State individual income taxes (as defined in section

6362 of such Code and the regulations thereunder) as if such taxes were imposed by chapter 1.

PAR. 9. Section 1.6654-1 is amended by revising paragraph (a) (1) and (4) to read as follows:

§ 1.6651-1 Addition to the tax in the case of an individual.

(a) *In general.* (1) Section 6654 imposes an addition to the taxes under chapters 1 and 2 of the Code in the case of any underpayment of estimated tax by an individual (with certain exceptions described in section 6654(d)), including any underpayment of estimated qualified State individual income taxes which are treated pursuant to section 6361(a) as if they were imposed by chapter 1. This addition to the tax is in addition to any applicable criminal penalties and is imposed whether or not there was reasonable cause for the underpayment. The amount of the underpayment for any installment date is the excess of—

(i) The following percentages of the tax shown on the return for the taxable year or, if no return was filed, of the tax for such year, divided by the number of installment dates prescribed for such taxable year:

(A) 80 percent in the case of taxable years beginning after December 31, 1966, of individuals not referred to in section 6073(b) (relating to income from farming or fishing);

(B) 70 percent in the case of taxable years beginning before January 1, 1967, of such individuals; and

(C) 66⅔ percent in the case of individuals referred to in section 6073(b); over

(ii) The amount, if any, of the installment paid on or before the last day prescribed for such payment.

* * * * *

(4) The term "tax" when used in subparagraph (1)(i) of this paragraph shall mean—

(i) The tax imposed by chapter 1 of the Code (other than by section 56 or, for taxable years ending before September 30, 1968, the tax surcharge imposed by section 51), including any qualified State individual income taxes which are treated pursuant to section 6361(a) as if they were imposed by chapter 1, plus

(ii) For taxable years beginning after December 31, 1966, the tax imposed by chapter 2 of the Code, minus

(iii) All credits allowed by part IV, subchapter A of chapter 1, except the credit provided by section 31, relating to tax withheld at source on wages, and also minus.

(iv) In the case of an individual who is subject to one or more qualified State individual incomes taxes, the sum of the credits allowed against such taxes pursuant to section

Attachment A - page 3 of 21

6362(b)(2) (B) or (C) or section 6362(c)(4) and paragraph (c) of §301.6362-4 of this chapter (Regulations on Procedure and Administration) relating to the credit for income taxes of other States or political subdivisions thereof) and paragraph (c)(2) of §301.6361-1 relating to the credit for tax withheld from wages on account of qualified State individual income taxes).

PAR. 10. Paragraph (b)(1) of section 1.6654-2 is amended to read as follows:

§1.6654-2 Exceptions to imposition of the addition to the tax in the case of individuals.

* * * * *

(b) Meaning of terms. * * *
(1) The term "tax" means—
(i) The tax imposed by chapter 1 of the Code (other than by section 56), including any qualified State individual income taxes which are treated pursuant to section 6361 (as if they were imposed by chapter 1, plus

(ii) For taxable years beginning after December 31, 1966, the tax imposed by chapter 2 of the Code, minus

(iii) The credits against tax allowed by part iv, subchapter A, chapter 1 of the Code, other than the credit against tax provided by section 31 (relating to tax withheld on wages), and without reduction for any payments of estimated tax, and also minus

(iv) In the case of an individual who is subject to one or more qualified State individual income taxes, the sum of the credits allowed against such taxes pursuant to section 6262(b)(2) (B) or (C) or section 6262(c)(4) and paragraph (c) of §301.6362-4 of this chapter (Regulations on Procedure and Administration) relating to the credit for income taxes of other States or political subdivisions thereof) and paragraph (c)(2) of §301.6361-1 relating to the credit for tax withheld from wages on account of qualified State individual income taxes).

SUBCHAPTER C—EMPLOYMENT TAXES

PART 31—EMPLOYMENT TAXES; APPLICABLE ON OR AFTER JANUARY 1, 1955

PAR. 11. Section 31.3402(f)(2)-1 is amended by adding at the end thereof a new paragraph (e), to read as follows:

§31.3402(f)(2)-1 Withholding exemption certificates.

* * * * *

(e) Applicability of withholding exemption certificate to qualified State individual income taxes. The withholding exemption certificate shall be used for purposes of withholding with respect to qualified State individual income taxes as well as Federal tax. For provisions relating to the withholding exemption certificate with respect to such State taxes, see paragraph (d)(3)(i) of §301.6361-1 of this chapter (Regulation on Procedure and Administration).

PAR. 12. So much of §31.3402(n)-1 as follows paragraph (b) and precedes example (1) is amended to read as follows:

§31.3102(n)-1 Employees incurring no income tax liability.

For purposes of section 3402(n) and this section, an employee is not considered to incur liability for income tax imposed under subtitle A if the amount of such tax is equal to or less than the total amount of credits against such tax which are allowable to him under part iv of subchapter A of chapter 1 of the Code, other than those allowable under section 31 or 39. For purposes of section 3402(n) and this section, "liability for income tax imposed under subtitle A" shall include liability for a qualified State individual income tax which is treated pursuant to section 6361(a) as if it were imposed by chapter 1 of the Code. An employee is not considered to incur liability for such a State income tax if the amount of such tax does not exceed the total amount of the credit against such tax which is allowable to him under section 6362(b)(2) (B) or (C) or section 6362(c)(4). For purposes of this section, an employee who files a joint return under section 6013 is considered to incur liability for any tax shown on such return. An employee who is entitled to file a joint return under such section shall not certify that he anticipates that he will incur no liability for income tax imposed by subtitle A for his current taxable year if such statement would not be true in the event that he files a joint return for such year, unless he filed a separate return for his preceding taxable year and anticipates that he will file a separate return for his current taxable year.

* * * * *

PAR. 13. Paragraph (b)(1)(ii) (c) of §31.3402 (p)-1 is amended to read as follows:

§31.3402(p)-1 Voluntary withholding agreements.

* * * * *

(b) Form and duration of agreement.
(1) * * *
(ii) * * *

(c) A statement that the employee desires withholding of Federal income tax, and, if applicable, of qualified State individual income tax (see paragraph (d)(3)(i) of §301.6361-1 of this chapter (Regulations on Procedures and Administration)), and

* * * * *

PAR. 14. Paragraph (a) of §31.6011(a)-4 is amended to read as follows:

§31.6011(a)-1 Returns of income tax withheld from wages.

(a) In general. (1) Except as otherwise provided in subparagraph (3) of this paragraph and in §31.6011(a)-5, every person required to make a return of income tax withheld from wages pursuant to section 1622 of the Internal Revenue Code of 1939 for the calendar quarter ended December 31, 1954, shall make a return for each subsequent calendar quarter (whether or not wages are paid therein) until he has filed a final return in accordance with §31.6011(a)-6. Except as otherwise provided in subparagraph (3) of this paragraph and in §31.6011(a)-5, every person not required to make a return for the calendar quarter ended December 31, 1954, shall make a return of income tax withheld from wages pursuant to section 3402 for the first calendar quarter thereafter in which he is required to deduct and withhold such tax and for each subsequent calendar quarter (whether or not wages are paid therein) until he has filed a final return in accordance with §31.6011(a)-8 as otherwise provided in §31.6011(a)-8 and in subparagraphs (2) and (3) of this paragraph, Form 941 is the form prescribed for making the return required under this paragraph. For the requirements relating to Form 941 with respect to qualified State individual income taxes, see paragraph (d)(3)(iv) of §301.6361-1 of this chapter (Regulations on Procedure and Administration).

(2) Form 942 is the form prescribed for making the return required under subparagraph (1) of this paragraph with respect to income tax withheld, pursuant to an agreement under section 3402(p), from wages paid for domestic service in a private home of the employer not on a farm operated for profit. The preceding sentence shall not apply in the case of an employer who has elected under paragraph (a)(3) of §31.6011(a)-1 to use Form 941 as his return with respect to such payments for purposes of the Federal Insurance Contributions Act. For the requirements relating to Form 942 with respect to qualified State individual income taxes, see paragraph (d)(3)(iv) of §301.6361-1.

59360

## RULES AND REGULATIONS

(3) Every person shall make a return of income tax withheld, pursuant to an agreement under section 3402 (p), from wages paid for agricultural labor for the first calendar year in which he is required (by reason of such agreement) to deduct and withhold such tax and for each subsequent calendar year (whether or not wages for agricultural labor are paid therein) until he has filed a final return in accordance with § 31.6011(a)-6. Form 943 is the form prescribed for making the return required under this subparagraph. For the requirements relating to Form 943 with respect to qualified State individual income taxes, see paragraph (d)(3)(iv) of § 31.6361-1.

* * * * *

PAR. 15. So much of paragraph (a)(1)(i) of § 31.6051-1 as follows (f) thereof is amended to read as follows:

§ 31.6051-1  Statements for employees.

(a) Requirement if wages are subject to withholding of income tax—(1) General rule. (i) * * *
(f) * * *

See paragraph (d) of this section for provisions relating to the time for furnishing the statement required by this subparagraph. See paragraph (f) of this section for an exception for employers filing composite returns the requirement that statements for employees be on Form W-2. For the requirements relating to Form W-2 with respect to qualified State individual income taxes, see paragraph (d)(3)(iii) of § 301.6361-1 of this chapter (regulations on Procedure and Administration).

* * * * *

PAR. 16. Paragraph (a)(1)(iii) of § 31.6302(c)-1 is amended to read as follows:

§ 31.6302(c)-1  Use of Government depositaries in connection with taxes under Federal Insurance Contributions Act and income tax withheld.

(a)  Requirement—(1)  In general. * * *
(iii) As used in subdivisions (i) and (ii) of this subparagraph, the term "taxes" means—
(a) The employee tax withheld under section 3102,
(b) The employer tax under section 3111, and
(c) The income tax withheld under section 3402, including amounts withheld with respect to qualified State individual income taxes,

exclusive of taxes with respect to wages for domestic service in a private home of the employer or, if paid before April 1, 1971, wages for agricultural labor. In addition, with respect to wages paid after December 31, 1970,

and before April 1, 1971, for agricultural labor, any taxes described in subparagraph (2)(ii) of this paragraph which are not required under such subparagraph to be deposited, and any income tax (including qualified State individual income tax) withheld under section 3402 with respect to such wages, shall be deemed to be "taxes" on and after April 1, 1971. For the requirements relating to the deposit and payment of withheld tax with respect to qualified State individual income taxes, see paragraph (d)(3)(iii) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

* * * * *

PAR. 17. The following new section is inserted immediately after § 31.6317:

§ 31.6361-1  Collection and administration of qualified State individual income taxes.

Except as otherwise provided in §§ 301.6361-1 to 301.6365-2, inclusive, of this chapter (Regulations on Procedure and Administration), the provisions of this part under subtitle F or chapter 24 of the Internal Revenue Code of 1954 relating to the collection and administration of the taxes imposed by chapter I of such Code on the incomes of individuals (or relating to civil or criminal sanctions with respect to such collection and administration) shall apply to the collection and administration of qualified State individual income taxes (as defined in section 6362 of such Code and the regulations thereunder) as if such taxes were imposed by chapter 1 or chapter 24.

## PART 32—TEMPORARY EMPLOYMENT TAX REGULATIONS UNDER THE TAX REFORM ACT OF 1969

PAR. 18. Paragraphs (b) and (f)(2) of § 32.1 are amended to read as follows:

§ 32.1  Extension of withholding of income tax at source on wages to annuity payments if requested by payee.

* * * * *

(b) Manner of making request. A payee who wishes a payer to deduct and withhold income tax from annuity payments shall file a request with the payer to deduct and withhold a specific whole dollar amount from each annuity payment. Such specific dollar amount requested shall be at least $5 per month and shall not reduce the net amount of any annuity payment received by the payee below $10. The request shall be made on Form W-4P (annuitant's withholding exemption certificate and request) in accordance

with the instructions applicable thereto, and shall set forth fully and clearly the data therein called for. In lieu of Form W-4P, payers may prepare and use a form the provisions of which are identical with those of Form W-4P. For the requirements relating to Form W-4P with respect to qualified State individual income taxes, see paragraph (d)(3)(i) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

* * * * *

(f) Returns of income tax withheld and statements for payees. * * *
(2) Each statement on Form W-2P shall show the following:
(i) The gross amount of annuity payments made during the calendar year, whether or not income tax withholding under this section was in effect with respect to all such payments,
(ii) The total amount deducted and withheld as tax under section 3402 of this section, and
(iii) The information required to be shown by Form W-2P and the instructions applicable thereto.

For the requirements relating to Form W-2P with respect to qualified State individual income taxes, see paragraph (d)(3)(ii) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

* * * * *

## SUBCHAPTER F—PROCEDURE AND ADMINISTRATION

## PART 301—PROCEDURE AND ADMINISTRATION

PAR. 19. Paragraph (c) of § 301.6212-1 is amended to read as follows:

§ 301.6212-1  Notice of deficiency.

* * * * *

(c) Further deficiency letters restricted. If the district director (or assistant regional commissioner, appellate) mails to the taxpayer notice of a deficiency, and the taxpayer files a petition with the Tax Court within the prescribed period, no additional deficiency may be determined with respect to income tax for the same taxable year, gift tax for the same calendar quarter (calendar year with respect to gifts made before January 1, 1971), or estate tax with respect to the taxable estate of the same decedent. This restriction shall not apply in the case of fraud, assertion of deficiencies with respect to any qualified tax (as defined in paragraph (b) of § 301.6361-4) in respect of which no deficiency was asserted for the taxable year in the notice, assertion of deficiencies with

respect to the Federal tax when deficiencies with respect to only a qualified tax (and not the Federal tax) were asserted for the taxable year in the notice, assertion of greater deficiencies before the Tax Court as provided in section 6214(a), mathematical errors as provided in section 6213(b)(1), or jeopardy assessments as provided in section 6861(c).

PAR. 20. Section 301.6321-1 is amended to read as follows:

§ 301.6321-1  Lien for taxes.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, tangible or intangible, belonging to such person. For purposes of section 6321 and this section, the term "any tax" shall include a State individual income tax which is a "qualified tax", as defined in paragraph (b) of § 301.6361-4. The lien attaches to all property and rights to property belonging to such person at any time during the period of the lien, including any property or rights to property acquired by such person after the lien arises. Solely for purposes of sections 6321 and 6331, any interest in restricted land held in trust by the United States for an individual noncompetent Indian (and not for a tribe) shall not be deemed to be property, or a right to property, belonging to such Indian. For the method of allocating amounts collected pursuant to a lien between the Federal Government and a State or States imposing a qualified tax with respect to which the lien attached, see paragraph (f) of § 301.6361-1. For the special lien for estate and gift taxes, see section 6324 and § 301.6324-1.

PAR. 21. The following new sections are inserted immediately after § 301.6344:

§ 301.6361-1  Collection and administration of qualified taxes.

(a) *In general.* In the case of any State which has in effect a State agreement (as defined in paragraph (a) of § 301.6361-4), the Commissioner of Internal Revenue shall collect and administer each qualified tax (as defined in paragraph (b) of § 301.6361-4) of such State. No fee or other charge shall be imposed upon any State for the collection or administration of any qualified tax of such State or any other State. In any such case of collection and administration of qualified taxes, the provisions of subtitle F (relating to procedure and administration), subtitle G (relating to the Joint Committee on Taxation), and chapter 24 (relating to the collection of income tax at source on wages), and the provisions of regulations thereunder, insofar as such provisions relate to the collection and administration of the taxes imposed on the income of individuals by chapter 1 (and the civil and criminal sanctions provided by subtitle F, or by title 18 of the United States Code (relating to crimes and criminal procedure), with respect to such collection and administration) shall apply to the collection and administration of qualified taxes as if such taxes were imposed by chapter 1, except to the extent that the application of such provisions (and sanctions) are modified by regulations issued under subchapter E (as defined in paragraph (d) of § 301.6361-4). Any extension of time which is granted for the making of a payment, or for the filing of any return, which relates to any Federal tax imposed by subtitle A (or by subtitle C with respect to filing a return) shall constitute automatically an extension of the same amount of time for the making of the corresponding payment or for the filing of the corresponding return relating to any qualified tax.

(b) *Returns of qualified taxes.* Every individual, estate, or trust which has liability for one or more qualified taxes for a taxable year—

(1) Shall file a Federal income tax return at the time prescribed pursuant to section 6072(a) (whether or not such return is required by section 6012), and shall file therewith on the prescribed form a return under penalties of perjury for each tax which is—

(i) A qualified resident tax imposed by a State of which the taxpayer was a resident, as defined in § 301.6362-6, for any part of the taxable year;

(ii) A qualified nonresident tax imposed by a State within which was located the source or sources from which the taxpayer derived, while not a resident of such State and while not exempt from liability for the tax by reason of a reciprocal agreement between such State and the State of which he is a resident, 25 percent or more of his aggregate wage and other business income, as defined in paragraph (c) of § 301.6362-5, for the taxable year; or

(iii) A qualified resident or nonresident tax with respect to which any amount was currently collected from the taxpayer's income (including collection by withholding on wages or by payment of estimated income tax), as provided in paragraph (f) of § 301.6362-6, for any part of the taxable year; and

(2) Shall declare (in addition to the declaration required with respect to the return of the Federal income tax and in the place and manner prescribed by form or instructions thereto) under penalties of perjury that, to the best of the knowledge and belief of the taxpayer (or, in the case of an estate or trust, of the fiduciary who executes the Federal income tax return), he has no liability for any qualified tax for the taxable year other than any such liabilities returned with the Federal income tax return (pursuant to subparagraph (1) of this paragraph). Such declaration shall constitute a return indicating no liability with respect to each qualified tax other than any such tax for which liability is so returned. A Federal income tax return form which is filed but which does not contain such declaration shall constitute a Federal income tax return only if the taxpayer in fact has no liability for any qualified State tax for the taxable year.

(c) *Credit for tax of another State or political subdivision.*—(1) *Credit for tax of another State or political subdivision.*— (i) *In general.* A credit allowable under a qualified tax law against the tax imposed by such law for a taxpayer's tax liability to another State or a political subdivision of another State shall be allowed if the requirements of subdivision (ii) of this subparagraph are met, and if the credit meets the requirements of paragraph (c) of § 301.6362-4. Such credit shall be allowed without regard to whether the tax imposed by the other State or subdivision thereof is a qualified tax, and without regard to whether such tax has been paid.

(ii) *Substantiation of tax liability for which a credit is allowed.* If the liability which gives rise to a credit of the type described in subdivision (i) of this subparagraph is with respect to a qualified tax, then the fact of such liability shall be substantiated by filing the return on which such liability is reported. If such liability is not with respect to a qualified tax, then the Commissioner may require a taxpayer who claims entitlement to such a credit to complete a form to be submitted with his return of the qualified tax against which the credit is claimed. On such form the taxpayer shall identify each of the other States (the liabilities to which were not subdivisions to which the taxpayer reported a liability for a tax giving rise to the credit, furnish the name or description of each such tax, state the amount of the liability so reported with respect to each such tax and the beginning and ending dates of the taxable period for which such liability was reported, and provide such other information as is requested in the form or in the instructions thereto. In addition, the taxpayer shall agree on such form to notify the Commissioner in the event that the amount of any tax liability (or portion thereof) which

is claimed as giving rise to a credit of the type described in subdivision (i) of this subparagraph is changed or adjusted, whether as a result of an amended return filed by the taxpayer, a determination by the jurisdiction imposing the tax, or in any other manner.

(2) *Credit or withheld qualified tax.* An individual from whose wages an amount is withheld on account of a qualified tax shall receive a credit for such amount against his aggregate liability for all such qualified taxes and the Federal income tax for the taxable year, whether or not such tax has been paid over to the Federal Government by the employer. The credit shall operate in the manner provided by section 31(a) of the Code and the regulations thereunder with respect to Federal income tax withholding.

(d) *Collection of qualified taxes at source on wages.*—(1) *In general.* Except as otherwise provided in subparagraph (2) of this paragraph, every employer making payment of wages to an employee described in such subparagraph shall deduct and withhold upon such wages the amount prescribed with respect to the qualified tax designated in such subparagraph. The amounts prescribed for withholding with respect to each such qualified tax shall be published in Circular E (Employer's Tax Guide) or other appropriate Internal Revenue Service publications. See paragraph (f)(1) of § 301.6362-7 with respect to civil and criminal penalties to which an employer shall be subject with respect to his responsibilities relating to qualified taxes.

(2) *Specific withholding requirements.* An employer shall deduct and withhold upon an employee's wages the amount prescribed with respect to a qualified tax with respect to which such employee is subject to the current collection provisions pursuant to paragraph (f) of § 301.6362-6, unless:

(i) In the case of a qualified resident tax, the employee's services giving rise to the wages are performed in another State, and such other State or a political subdivision thereof imposes a nonresident tax on such employee with respect to which the withholding amount exceeds the prescribed withholding amount with respect to such qualified resident tax, and the State imposing such qualified resident tax grants a credit against it for such nonresident tax.

(ii) In the case of a qualified nonresident tax, either:

(A) Residents of the State in which the employee resides are exempt from liability for the qualified nonresident tax imposed by the State from sources within which his wage income is derived, by reason of an interstate com-

pact or agreement to which the two States are parties, or

(B) The State in which the employee resides imposes a qualified resident tax on such employee with respect to which the prescribed withholding amounts exceed the prescribed withholding amounts with respect to the qualified nonresident tax imposed by the State from sources within which his wage income is derived, and the State in which he resides grants a credit against its qualified resident tax for such qualified nonresident tax.

If the nonresident tax described in subdivision (i) of this subparagraph is a qualified nonresident tax imposed by a State, then the reference in such subdivision to the State in which the services are performed shall be construed as a reference to the State from sources within which the wage income is derived, within the meaning of paragraph (d)(1) of § 301.6362-5.

(3) *Forms, procedures, and returns relating to withholding with respect to qualified taxes.*—(i) *Forms W-4 and W-4P.* Forms W-4 (Employee's Withholding Allowance Certificate) and W-4P (Annuitant's Request for Income Tax Withholding), shall include information as to the State in which the employee resides, and shall be used for purposes of withholding with respect to both Federal and qualified taxes. An employee shall show on his Form W-4 the State in which he resides for purposes of this paragraph, and shall file a new Form W-4 within 10 days after he changes his State of residence. An employee who fails to meet either of the requirements set forth in the preceding sentence, with the intent to evade the withholding tax imposed with respect to a qualified tax, shall be subject to the penalty provided in section 7205 of the Code. An employer shall be responsible for determining the State within which are located the sources from which the employee's wage income is derived for purposes of this paragraph; and, if the employee does not file a Form W-4, the employer shall assume for such purposes that the employee resides in that State. When an employer and an employee enter into a voluntary withholding agreement pursuant to § 31.3402(p)-1, the employer shall withhold the amount prescribed with respect to the qualified tax imposed by the State in which the employee resides, as indicated on Form W-4. Similarly, if an annuitant requests withholding with respect to his annuity payments pursuant to section 3402 (o)(1)(B) of the Code, the payer shall withhold the whole dollar amount specified by the annuitant with respect to a qualified resident tax, provided that the combined withholding with respect to Federal and qualified taxes on each annuity pay-

ment shall be a whole dollar amount not less than $5, and that the net amount of any annuity payment received by the payee shall not be reduced to less than $10.

(ii) *Forms W-2 and W-2P.* Forms W-2 (Wage and Tax Statement) and W-2P (the corresponding form for annuities) shall show:

(A) The total amount withheld with respect to the Federal income tax;

(B) The total amount withheld with respect to qualified taxes;

(C) The name of each State imposing a qualified tax in which the employee (or annuitant) resided during the taxable year, as shown on Form W-4 (or W-4P);

(D) The name of each State imposing a qualified nonresident tax within which were located sources from which the employee's wage income was derived during a period of the taxable year in which he was not shown as a resident of such State on Form W-4, and the amount of the employee's wage income so derived; and

(E) The name of each State or locality that imposes an income tax which is not a qualified tax and with respect to which the employer withheld on the employee's wage income for the taxable year, and the amount of wage income with respect to which the employer so withheld.

(iii) *Requirements relating to deposit and payment of withheld tax.* Rules relating to the deposit and remittance of withheld Federal income and FICA taxes, including those prescribed in section 6302 of the Code and the regulations thereunder, shall apply also to amounts withheld with respect to qualified taxes. Thus, an employer's liability with respect to the deposit and payment of withheld taxes shall be for the combined amount of withholding with respect to Federal and qualified taxes. The Federal Tax Deposit form shall separately indicate:

(A) The combined total amount of Federal income, FICA, and qualified taxes withheld;

(B) The combined total amount of qualified taxes withheld; and

(C) The total amount of qualified taxes withheld with respect to each electing State.

Data indicating the total amount of tax deposits processed by the Internal Revenue Service with respect to the qualified taxes of an electing State will be available to that State upon request on as frequent as a weekly basis. These data will be available no later than 10 working days after the end of the calendar week in which the deposits were processed by the Service.

(iv) *Employment tax returns.* Forms 941 (Employer's Quarterly Federal Tax Return), 941-E (Quarterly Return of Withheld Income Tax), 941-M (Employer's Monthly Federal Tax

Attachment A - page 7 of 21

Return), 942 (Employer's Quarterly Tax Return for Household Employees), and 943 (Employer's Annual Tax Return for Agricultural Employees), shall indicate the total amount withheld with respect to each qualified tax, as directed by such forms or their instructions.

(e) *Criminal penalties.* A criminal offense committed with respect to a qualified tax shall be treated as a separate offense from a similar offense committed with respect to the Federal tax. Thus, for example, if a taxpayer willfully attempts to evade both the Federal tax and a qualified tax by failing to report a portion of his income, he shall be considered as having committed two criminal offenses, each subject to a separate penalty under section 7201. See also §301.6362-7(f) with respect to criminal penalties.

(f) *Allocation of amounts collected with respect to tax and criminal fines*—(1) *In general.* The aggregate amount that has been collected from a taxpayer (including amounts collected by withholding) in respect of liability for both one or more qualified taxes and the Federal income tax for a taxable year shall be allocated among the Federal Government and the States imposing qualified taxes for which the taxpayer is liable in the proportion which the taxpayer's liability for each such tax bears to his aggregate liability for such year to all of such taxing jurisdictions with respect to such taxes. A reallocation shall be made either when an amount is collected from the taxpayer or his employer or is credited or refunded to the taxpayer, subsequent to the making of the initial allocation, or when a determination is made by the Commissioner that an error was made with respect to a previous allocation. However, any such allocation or reallocation shall not affect the amount of a taxpayer's or employer's liability to either jurisdiction, or the amount of the assessment and collection which may be made with respect to a taxpayer or employer. Accordingly, such allocations and reallocations shall not be taken into consideration for purposes of the application of statutes of limitation or provisions relating to interest, additions to tax, penalties, and criminal sanctions. See example (4) in subparagraph (4) of this paragraph. In addition, any such allocation or reallocation shall not affect the amount of the deduction to which a taxpayer is entitled under section 164 for a year in which he made payment (including payments made by withholding) of an amount which was designated as being in respect of his liability for a qualified tax. However, to the extent that an amount which was paid by a taxpayer and designated as being in respect of his liability for a qualified tax

is allocated or reallocated in such a manner as to apply it toward the taxpayer's liability for the Federal income tax, such allocation or reallocation shall be treated as a refund to the taxpayer of an amount paid in respect of a State income tax, and shall be included in the gross income of the taxpayer to the extent appropriate under section 111 and the regulations thereunder in the year in which the allocation or reallocation is made. See section 451 and the regulations thereunder. Similarly, to the extent that an amount which was paid by a taxpayer and designated as being in respect of his Federal income tax liability is allocated or reallocated in such a manner as to apply it toward his liability for a qualified tax, such allocation or reallocation shall be treated as a payment made by the taxpayer in respect of a State income tax, and shall be deductible under section 164 in the year in which the allocation or reallocation is made. The Internal Revenue Service shall notify the taxpayer in writing of any allocation or reallocation of tax liabilities in a proportion other than that of the respective tax liabilities shown on the taxpayer's returns.

(2) *Amounts of collections and liabilities.* For purposes of this paragraph the aggregate amount that has been collected from a taxpayer or his employer in respect of tax liability shall include the amounts of interest provided in chapter 67, and additions to tax and assessable penalties provided in chapter 68, which are collected with respect to such tax; but shall not include criminal fines provided in chapter 75, or in title 18 of the United States Code, which are collected with respect to offenses relating to such tax. (See subparagraph (3) of this paragraph with respect to the treatment of such criminal fines.) However, for purposes of this paragraph, the amount of the taxpayer's liability for each tax shall exclude his liability for such interest additions to tax, and assessable penalties with respect to such tax, and his liability for criminal fines imposed with respect to offenses relating to such tax. For purposes of this paragraph, the amount of the taxpayer's liability for each tax shall be computed by taking credits into account, except that there shall be no reduction for any amounts paid on account of such liability, whether by means of withholding, estimated tax payment, or otherwise.

(3) *Special rules relating to criminal fines.* (i) Except as otherwise provided in subdivision (ii) of this subparagraph, when a criminal charge is brought against a taxpayer with respect to a taxable year pursuant to chapter 75, or to title 18 of the United States Code, or to a corresponding provision of a qualified tax law, alleging

that an offense was committed against the United States with respect to the Federal income tax or against a State with respect to a qualified tax, and an amount of money is collected by the Federal Government as a fine as a result of such charge, then the Federal Government shall remit an amount to each State, if any, which is an affected jurisdiction. The amount remitted to each such State shall bear the same proportion to the total amount collected as a fine as the taxpayer's liability with respect to the qualified taxes of that State bears to the aggregate of the taxpayer's income tax liabilities to all affected jurisdictions for the taxable year, as determined under subparagraphs (1) and (2) of this paragraph. For purposes of this subparagraph, an affected jurisdiction is (A) a jurisdiction with respect to the tax of which a criminal charge described in the preceding sentence was brought for the taxable year, or (B) a jurisdiction with respect to the Federal income tax or the qualified tax of which the acts or omissions alleged in such a criminal charge would constitute the basis for the bringing of a criminal charge for the same taxable year. However, in no case shall the amount received by an affected State, or the amount of the excess of the amount received by the Federal Government over the amount of its remissions to States, with respect to a fine exceed the maximum fine prescribed by statute for the offense against that jurisdiction with respect to which a criminal charge was brought, or with respect to which the bringing of a criminal charge could have been supported on the basis of the acts or omissions alleged in a criminal charge brought. For purposes of this subparagraph, the amount collected as a fine as a result of a criminal charge shall include amounts paid in settlement of an actual or potential liability for a fine, amounts paid pursuant to a conviction and amounts paid pursuant to a plea of guilty or *nolo contendere.*

(ii) If a criminal charge described in the first sentence of subdivision (i) of this subparagraph is actually brought with respect to the income tax of every affected jurisdiction with respect to the taxable year, and if a Court adjudicates on the merits the taxpayer's liability for a fine to each such jurisdiction, and includes in its decree a direction of the amount, if any, to be paid as a fine to each such jurisdiction, then that decree shall govern the allocation of the amount of money collected by the Federal Government as a fine with respect to the taxable year.

(4) *Examples.* The application of this paragraph may be illustrated by the following examples:

**59364**                                              **RULES AND REGULATIONS**

*Example (1).* The total combined amount of State X qualified tax and Federal income tax collected from A, a resident of State X, for the taxable year is $5,100. The amounts of A's liabilities for such taxes for that year are $800 to State X and $4,000 to the Federal Government. Since A's tax liability to State X is one-sixth of the combined tax liability ($4,800), one-sixth ($850) of the amount to be refunded to A ($300) is chargeable against State X's account, and five-sixths ($250) is chargeable against the Federal Government's account.

*Example (2).* Assume the same facts as in example (1) except that the total amount collected from A is $4,500. Since A's liabilities for the State X tax and the Federal tax are one-sixth and five-sixths, respectively, of the combined tax liability, the Federal Government shall pay over to State X one-sixth ($750) of the amount actually collected from A, and the Federal Government shall retain five-sixths ($3,750).

*Example (3).* The total amount of State X qualified tax, State Y qualified tax, and Federal income tax collected from B, a resident of State X who is employed in State Y, for the taxable year is $5,500. The amounts of B's liabilities for such taxes for that year are: $250 for the State X tax (after allowance of a credit for State Y's qualified tax), $750 for the State Y tax, and $4,000 for the Federal tax. Since B's liability for the State X tax ($250) is 5 percent of the combined tax liability ($5,000), his liability for the State Y tax ($750) is 15 percent of such combined liability, and his liability to the Federal tax ($4,000) is 80 percent of such combined liability, the total amount to be refunded to B ($500) shall be chargeable in the following manner: 5 percent ($25) against State X's account, 15 percent ($75) against State Y's account, and 80 percent ($400) against the Federal Government's account.

*Example (4).* C is liable for $2,000 in Federal income tax and $500 in State X qualified tax (a resident tax) for the taxable year. However, on his Federal income tax return for such year, C erroneously described himself as a resident of State Y (which does not have a qualified tax), and he filed with such return his declaration to the effect that he had no qualified tax liability for the year. Accordingly, C paid only $2,000 for his Federal tax liability, and such amount was retained in the account of the Federal Government. Subsequently, C's error is discovered. The amount collected by the Federal Government from C for such year must be allocated between the Federal Government and State X in proportion to C's tax liability to both. Accordingly, the Federal Government must pay over to State X the amount of $400 (which is ⅕ ($500/$2,500) of the $2,000 collected). If the Federal Government collects from C the additional $500 owed, it will retain $400 of such amount and pay the remaining $100 to State X. Similarly, if the Fed-

eral Government collects from C any interest, or any additions to tax or assessable penalties under chapter 68, ⅘ of the amount of such collections shall be retained by the Federal Government and ⅕ of such amount shall be paid over to State X. However, notwithstanding the allocation of the funds between the taxing jurisdictions, C's liability for the $500 retains its character as a liability for State X tax. Therefore, any interest, additions to tax, or assessable penalties imposed with respect to the State X tax shall be imposed with respect to C's full $500 liability for such tax, notwithstanding the fact that amounts collected with respect to such items shall be allocated ⅕ to the Federal Government.

*Example (5).* A criminal charge is brought against D pursuant to chapter 75, alleging that he willfully evaded the payment of Federal income tax by failing to report interest income derived from obligations of the United States. D enters a plea of non contendere to the charge and pays $2,500 as a fine to the Federal Government. The act alleged in the criminal charge would not support the bringing of a criminal charge under a State law corresponding to chapter 75, or to title 18 of the United States Code, with respect to the qualified tax of any State; accordingly, the United States is the only affected jurisdiction, and no remittances shall be made to any State with respect to the amount collected by the Federal Government as a fine.

*Example (6).* A criminal charge is brought against E pursuant to chapter 75, alleging that he willfully attempted to evade the assessment of liability for both Federal income tax and the qualified tax of State X by filing false and fraudulent income tax returns. E's case is settled upon the condition that he pay a fine in the amount of $5,000. As determined pursuant to subparagraph (2) of this paragraph, E's liabilities for the taxable year are in the amounts of $7,200 to the Federal Government and $800 to State X. Accordingly, after the Federal Government collects the fine, $500 ($5,000+$800×$6,000) is remitted to State X.

*Example (7).* Assume the same facts as in example (6), except that E is tried and convicted on both charges, and pursuant to court decree he pays to the United States a fine of $6,000 with respect to each charge, or a total of $12,000. Because a criminal charge was brought with respect to each affected jurisdiction, and the allocation of the total amount paid as a fine was specifically imposed by a court decree, the direction of the Court shall govern the allocation. Accordingly, after the Federal Government collects the fines it pays over $6,000 to the account of State X.

**§ 301.6361-2 Judicial and administrative proceedings; Federal representation of State interests.**

(a) *Civil proceedings—(1) General rule.* Any person shall have the same right to bring or contest a civil action, and to obtain a review thereof, with respect to a qualified tax (including the current collection thereof) in the

same court or courts which would be available to him, and pursuant to the same requirements and procedures to which he would be subject, under chapter 76 (relating to judicial proceedings), and under title 28 of the United States Code (relating to the judiciary and judicial procedure), if the tax were imposed by section 1 or chapter 24 of the Internal Revenue Code. For purposes of this section, the term "person" includes the Federal Government. Except as provided in subparagraph (2) of this paragraph, to the extent that the preceding sentence provides judicial procedures (including review procedures) with respect to any matter, such procedures shall replace civil judicial procedures under State law.

(2) *Exception.* The right or power of the courts of any State to pass on matters involving the constitution of such State is unaffected by any provision of this paragraph; however, the jurisdiction of a State court in such matters shall not extend beyond the issue of constitutionality. Thus, if in a case involving the validity of a qualified tax statute under the State constitution, the State court holds such statute constitutional, such court shall not proceed to decide the amount of the tax liability.

(b) *Criminal proceedings.* Only the Federal Government shall have the right to bring a criminal action with respect to a qualified tax (including the current collection thereof). Such an action shall be brought in the same court or courts which would be available to the Federal Government, and pursuant to the same requirements and procedures to which the Federal Government would be subject, if the tax were imposed by section 1 or chapter 24 of the Internal Revenue Code.

(c) *Administrative proceedings.* Any person shall have the same rights in administrative proceedings of the Internal Revenue Service with respect to a qualified tax (including the current collection thereof) which would be available to him, and shall be subject to the same administrative requirements and procedures to which he would be subject, if the tax were imposed by section 1 or chapter 24 of the Internal Revenue Code.

(d) *United States representation of State interests—(1) General rule.* Except as provided in subparagraphs (2) and (3) of this paragraph, the Federal Government shall appear on behalf of any State the qualified tax of which it collects (or did collect for the year in issue) and shall represent such State's interests in any administrative or judicial proceeding, either civil or criminal in nature, which relates to the administration and collection of such qualified tax, in the same manner as it represents the interests

of the United States in corresponding proceedings involving Federal income tax matters.

(2) *Exceptions.* The Federal Government shall not so represent a State's interests either—

(i) In proceedings in a State court involving the constitution of such State, to the extent of such constitutional issue, or

(ii) In proceedings in any court involving the relationship between the United States and the State, to the extent of the issue pertaining to such relationship, if either:

(A) The proceeding is one which is initiated by the United States against the State, or by the State against the United States, and no individual (except in his official capacity as a governmental official) is an original party to the proceeding, or

(B) The proceeding is not one described in (A), but the State elects to represent its own interests to the extent permissible under this subdivision.

(3) *Finality of Federal administrative determinations.* State and local government officials and employees may not review Federal administrative determinations concerning tax liabilities of, refunds owed to, or criminal prosecutions of, individuals with respect to qualified taxes. See, however, § 301.6363–3 relating to State administration of a qualified tax with respect to transition years. If requested by an electing State, the Commissioner or his delegate may, under terms and conditions set forth in an agreement with such State, permit such State to carry on operations supplementary to the Federal administration of the State's qualified tax (including supplemental audits or examinations of tax returns by State audit personnel), but all administrative determinations shall be made by the Federal Government without review by the State. An agreement which permits supplemental audits or examinations of tax returns by State audit personnel shall provide that the audits and examinations shall be conducted under the supervision and control of the Commissioner or his delegate, who shall have the authority to determine which returns shall be audited and when the audits shall occur. Also, such agreements shall provide that the results of any such supplemental audit shall be referred to the Commissioner or his delegate for final administrative determination. The Commissioner or his delegate shall, to the extent permitted by law, allow an electing State reasonable access to tax returns and other appropriate records and information relating to its qualified tax for the purpose of conducting any such supplemental operations. In addition, the Secretary or his delegate shall permit an electing

State to inspect the workpapers which are compiled in the course of verification by the Treasury Department of the correctness of the accounting by which the amounts of the actual net collections attributable to the electing State's qualified taxes are determined.

§ 301.6361–3   Transfers to States.

(a) *Periodic transfers.* In general, amounts collected by the Federal Government which are allocable to qualified taxes (including criminal fines which are required to be paid to a State, as determined under paragraph (f)(3) of § 301.6361–1) shall be promptly transferred to each State imposing such a tax. Transfers of such amounts, based on percentages of estimated Federal collections, shall be made not less frequently than every third business day unless the State agrees to accept transfers at less frequent intervals.

(b) *Determination of amounts of transfers.* The amounts allocable to the qualified taxes of each State for purposes of periodic transfer shall be determined as a percentage of the estimated aggregate net individual income tax collections made by the Federal Government. For purposes of this paragraph, the "aggregate net individual income tax collections" shall include amounts collected on account of the Federal individual income tax and all qualified taxes by all means (including withholding, tax returns, and declarations of estimated tax), and shall be reduced to the extent of any liability to taxpayers for credits or refunds by reason of overpayments of such taxes. The percentage of the estimated amount of such collections which is allocated to each State shall be based on an estimate which is to be made by the Office of Tax Analysis prior to the beginning of each calendar year as to what portion of the estimated aggregate net individual income tax collections for the forthcoming year will be attributable to the qualified taxes of that State. Each State will be notified prior to the beginning of each calendar year of the amount which it is estimated that the State will receive by application of that percentage for the year. However, the Office of Tax Analysis shall, from time to time throughout the calendar year, revise the percentage estimates when such a revision is, in the opinion of that office necessary to conform such estimates to the actual receipts. When such a revision is made, the payments to the State will be adjusted accordingly.

(c) *Adjustment of difference between actual collections and periodic transfers.* At least once annually the Secretary or his delegate shall determine the difference between the aggregate amount of the actual net collections

made (taking into account credits, refunds, and amounts received by withholding with respect to which a tax return is not filed) which is attributable to each State's qualified taxes during the preceding year and the aggregate amount actually transferred to such State based on estimates during such year. The amount of such difference, as so determined, shall be a charge against, or an addition to, the amounts otherwise determined to be payable to the State.

(d) *Recipient of transferred funds.* All funds transferred pursuant to section 6361(c) and paragraph (a) of this section shall be transferred by the Federal Government to the State official designated by the Governor to receive such funds in the State agreement pursuant to paragraph (d)(5) of § 301.6363–1, unless the Governor notifies the Secretary or his delegate in writing of the designation of a different State official to receive the funds.

§ 301.6361–4   Definitions.

For purposes of the regulations in this part under subchapter E of chapter 64 of the Internal Revenue Code of 1954, relating to collection and administration of State individual income taxes—

(a) *State agreement.* The term "State agreement" means an agreement between a State and the Federal Government which was entered into pursuant to section 6363 and the regulations thereunder, and which provides for the Federal collection and administration of the qualified tax or taxes of that State.

(b) *Qualified tax.* The term "qualified tax" means a tax which is a "qualified State individual income tax", as defined in section 6362 (including subsection (f)(1) thereof, which requires that a State agreement be in effect) and the regulations thereunder.

(c) *Chapters and subtitles.* References in regulations in this part under subchapter E to chapters and subtitles are to chapters and subtitles of the Internal Revenue Code of 1954, unless otherwise indicated.

(d) *Subchapter E.* The term "subchapter E" means subchapter E of chapter 64 of the Internal Revenue Code of 1954, relating to collection and administration of State individual income taxes, as amended from time to time.

§ 301.6361–5   Effective date of section 6361.

Section 6361 shall take effect on the first January 1 which is more than 1 year after the first date on which at least one State has filed a notice of election with the Secretary or his delegate to enter into a State agreement. For purposes of this section, a notice of election shall be deemed to have

**59366**                                    **RULES AND REGULATIONS**

been filed by a State only if there is no defect in either the State's notice of election or the State's tax law of which the Secretary notified the Governor pursuant to paragraph (c) of § 301.6363-1, and which has not been retroactively cured under the provisions of such paragraph.

§ 301.6362-1  Types of qualified tax.

(a) *In general.* A qualified tax may be either a "qualified resident tax" within the meaning of paragraph (b) of this section, or a "qualified nonresident tax" within the meaning of paragraph (c) of this section.

(b) *Qualified resident tax.* A tax imposed by a State on the income of individuals, estates, and trusts which are residents of such State within the meaning of section 6362(c) and § 301.6362-6 shall be a "qualified resident tax" if it is either:

(1) A tax based on Federal taxable income which meets the requirements of section 6362 (b), (e), and (f), and of §§ 301.6362-2, 301.6362-6, and 301.6362-7; or

(2) A tax which is a percentage of the Federal tax and which meets the requirements of section 6362 (c), (e), and (f), and of §§ 301.6362-3, 301.6362-6, and 301.6362-7.

(c) *Qualified nonresident tax.* A tax imposed by a State on the wage and other business income of individuals who are not residents of such State within the meaning of section 6362(e)(1) and paragraph (b) of § 301.6362-6 shall be a "qualified nonresident tax" if it meets the requirements of section 6362 (d), (e), and (f), and of §§ 301.6362-5, 301.6362-6, and 301.6362-7.

§ 301.6362-2  Qualified resident tax based on taxable income.

(a) *In general.* A tax meets the requirements of section 6362(b) and this section only if it is imposed on the amount of the taxable income, as defined in section 63, of the individual, estate, or trust, adjusted—

(1) By subtracting an amount equal to the amount of the taxpayer's interest on obligations of the United States which was included in his gross income for the taxable year;

(2) By adding an amount equal to the amount of the taxpayer's net State income tax deduction, as defined in paragraph (a) of § 301.6362-4, for the taxable year;

(3) By adding an amount equal to the amount of the taxpayer's net tax-exempt income, as defined in paragraph (b) of § 301.6362-4, for the taxable year; and

(4) If a credit is allowed against the tax in accordance with paragraph (b)(3) of this section for sales tax imposed by the State or a political subdivision thereof, by adding an amount

equal to the amount of the taxpayer's deduction under section 164(a)(4) for such sales tax.

The tax may provide for either a single rate or multiple rates which vary with the amount of taxable income, as adjusted.

(b) *Permitted adjustments.* A tax which otherwise meets the requirements of paragraph (a) of this section shall not be deemed to fail to meet such requirements solely because it provides for one or more of the following adjustments:

(1) A credit meeting the requirements of paragraph (c) of § 301.6362-4 is allowed against the tax for the taxpayer's income tax liability to another State or a political subdivision thereof.

(2) A tax is imposed on the amount taxed under section 56 (relating to the minimum tax for tax preferences).

(3) A credit is allowed against the tax for all or a portion of any general sales tax imposed by the State or a political subdivision thereof with respect to sales either to the taxpayer or to one or more of his dependents.

(c) *Method of making mandatory adjustments.* The mandatory adjustments provided in paragraph (a) of this section shall be made directly to taxable income. Except as provided in paragraph (c)(2) of § 301.6362-4, no account shall be taken of any reduction or increase in the Federal adjusted gross income which would result from the exclusion from, or inclusion in, gross income of the items which are the subject of the adjustments. Thus, for example, when for purposes of the calculation the taxpayer's Federal taxable income is adjusted to reflect the exclusion from gross income of interest on obligations of the United States, no change shall be made in the amount of the taxpayer's deduction for medical expenses, or in the amount of his charitable contribution base, even though such amounts would ordinarily depend upon the amount of adjusted gross income.

§ 301.6362-3  Qualified resident tax which is a percentage of Federal tax.

(a) *In general.* A tax meets the requirements of section 6362(c) and this section only if:

(1) The tax is imposed as a single specified percentage of the excess of the taxes imposed by chapter 1 over the sum of the credits allowable under part IV of subchapter A of chapter 1 (other than the credits allowable under sections 31 and 39), and

(2) The amount of the tax is decreased by the amount of the decrease in such liability which would result from excluding from the taxpayer's gross income an amount equal to the amount of interest on obligations of the United States which was included

in his gross income for the taxable year.

(b) *Permitted adjustments.* A tax which otherwise meets the requirements of paragraph (a) of this section shall not be deemed to fail to meet such requirements solely because it provides for one or more of the following three adjustments:

(1) The amount of a taxpayer's liability for tax is increased by the amount of the increase in such liability which would result from including in such taxpayer's gross income all of the following:

(i) An amount equal to the amount of his net State income tax deduction, as defined in paragraph (a) of § 301.6362-4, for the taxable year,

(ii) An amount equal to the amount of his net tax-exempt income, as defined in paragraph (b) of § 301.6362-4, for the taxable year, and

(iii) If a credit is allowed against the tax under paragraph (b)(3) of this section for sales tax imposed by the State or a political subdivision thereof, an amount equal to the amount of his deduction under section 164(a)(4) for such sales tax.

(2) A credit meeting the requirements of paragraph (c) of § 301.6362-4 is allowed against the tax for the income tax of another State or a political subdivision thereof.

(3) A credit is allowed against the tax for all or a portion of any general sales tax imposed by the State or a political subdivision thereof with respect to sales either to the taxpayer or to one or more of his dependents.

(c) *Method of making adjustments.* Except as specifically provided in paragraphs (a)(2) and (b)(1) of this section and in paragraph (c)(2) of § 301.6362-4, no account shall be taken of any reduction or increase in the Federal adjusted gross income which would result from the exclusion from, or inclusion in, gross income of the items which are the subject of the adjustments provided in those paragraphs. Thus, for example, when for purposes of the calculation the taxpayer's Federal income tax liability is adjusted to reflect the exclusion from gross income of interest on obligations of the United States, no change shall be made in the amount of the taxpayer's deduction for medical expenses, or in the amount of his charitable contribution base, even though such amounts would ordinarily depend upon the amount of adjusted gross income. Also, when calculating the adjusted Federal tax liability to which the rate of the State tax is to be applied, no adjustment shall be made in the amount of any credit against Federal tax to which a taxpayer is entitled.

**Attachment A - page 11 of 21**

§ 301.6362-4  Rules for adjustments relating to qualified resident taxes.

(a) *Net State income tax deduction.* For purposes of section 6362 (b)(1)(B) and (c)(3)(B), and §§ 301.6362-2 and 301.6362-3, the "net State income tax deduction" shall be the excess (if any) of (1) the amount deducted from income under section 164(a)(3) as taxes paid to a State or to a political subdivision thereof, over (2) the amounts included in income as recoveries of prior income taxes which were paid to a State or to a political subdivision thereof and which had been deducted under section 164(a)(3).

(b) *Net tax-exempt income.* For purposes of section 6362 (b)(1)(C) and (c)(3)(A) and §§ 301.6362-2 and 301.6362-3, the "net tax-exempt income" shall be the excess (if any) of:

(1) The sum of (i) the interest on obligations described in section 103 (a)(1) other than obligations of the State imposing the tax and the political subdivisions thereof, and (ii) the interest on obligations described in such section of such State and the political subdivisions thereof which under the law of the State is subject to the tax; over

(2) The sum of (i) the amount of deductions allocable to the interest described in subparagraph (1) (i) or (ii) of this paragraph which is disallowed pursuant to section 265 and the regulations thereunder, and (ii) the amount of the adjustment to basis allocable to such obligations which is required to be made for the taxable year under section 1016(a) (5) or (6).

For purposes of subparagraph (1)(ii) of this paragraph, a State may, at its option, subject to the tax the interest from all, none, or some of its section 103(a)(1) obligations and those of its political subdivisions. For example, a State may subject to tax all of such obligations other than those which it or its political subdivisions issued prior to a specified date, which may be the date that subchapter E became applicable to the State.

(c) *Credits for taxes of other jurisdictions*—(1) *In general.* A State tax law that provides for a credit, pursuant to section 6362(b)(2) (B) or (C) or section 6362(c)(4), and paragraph (b)(1) of § 301.6362-2 or paragraph (b)(2) of § 301.6362-3, for income tax of another State or a political subdivision thereof shall provide that, in the case of each taxpayer, the amount of the credit shall equal the amount of his liability with respect to such other jurisdiction's tax for the taxable year which runs concurrently with, or which ends in, the taxable year used by the taxpayer for purposes of the State tax which provides for the credit. Such a credit may be allowed with respect to every income tax (whether or not qualified) imposed on the taxpayer by another State or a political subdivision

thereof, or only with respect to certain of such taxes. However, for purposes of this paragraph, the amount which is treated as being the amount of the taxpayer's liability with respect to any such tax imposed by another jurisdiction shall not exceed the amount of liability for such tax which is both—

(A) Reported to the taxing authorities responsible for collecting such other jurisdiction's tax, and

(B) Substantiated pursuant to the requirements of paragraph (c)(1)(ii) of § 301.6361-1.

(2) *Limitation.* The amount of any credit allowed for the taxable year pursuant to this paragraph shall not exceed the product of the amount of the resident tax against which the credit is allowed, as computed without subtracting any such credit, multiplied by a fraction the numerator of which is the amount of income subject to tax by both the State imposing the resident tax against which the credit is allowed and the other jurisdiction whose tax is being credited, and the denominator of which is the amount of income subject to tax by the State imposing the resident tax against which the credit is allowed. For purposes of the preceding sentence, "income subject to tax" means the amount of the taxpayer's adjusted gross income which is taken into account for purposes of computing tax liability; in the case of a qualified resident tax, an appropriate modification shall be made to take into account any adjustments which are made pursuant to paragraph (a)(1) and (3) of § 301.6362-2, or pursuant to paragraph (a)(2) or (b)(1)(ii) of § 301.6362-3.

(3) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example (1).* (i) A, a calendar-year, cash-basis taxpayer, is a resident of State X throughout the taxable year. For such year, his adjusted gross income for Federal income tax purposes consists of $24,000, consisting of $3,000 derived from employment in State X, $5,000 derived from employment in State Y, $15,000 derived from employment in State Z, and $1,000 in interest income from United States savings bonds. In addition, he received net tax-exempt income in the amount of $2,000. For the taxable year, he incurs liabilities of $200 for the State Y nonresident income tax, and $1,400 for the State Z nonresident income tax. State X, which has in effect a State agreement for the taxable year, imposes a resident tax against which credits are allowed for the nonresident taxes imposed by States Y and Z. Without taking any such credits into account, however, the amount of A's liability for such resident tax would be $1,500. A properly reports his nonresident income tax liabilities to States Y and Z at the same time that he files his return with respect to the State X tax, and he substantiates on such return his liabilities to States Y and Z.

(ii) The amount of A's income subject to tax in State X is $25,000 (his adjusted gross

income of $24,000, minus the United States savings bond income of $1,000, plus the net tax-exempt income of $2,000). The amount of the credit allowable against the State X resident tax for the amount of A's liability with respect to State Y nonresident tax is calculated as follows: The maximum amount of credit is the actual amount of his liability to Y, or $200. Under subparagraph (2) of this paragraph, the credit is limited to $300 ($1,500 × $5,000/$25,000). Thus, such limit has no effect, and the full $200 is allowable as a credit against A's liability for the resident tax of State X. The amount of the credit allowable against the State X resident tax for the amount of A's liability with respect to the State Z nonresident tax is calculated as follows: The maximum amount of the credit is the actual amount of his liability to Z, or $1,400. Under subparagraph (2) of this paragraph, the amount of the credit is limited to $900 ($1,500 × $15,000/$25,000). Thus, such limit has the effect of reducing to $900 the amount of the credit allowable for tax of State Z against A's liability for the resident tax of State X.

*Example (2).* (i) B, a calendar-year, cash-basis taxpayer, is a resident of State X employed in State Y through March 14, 1977. On March 15, 1977, B becomes a resident of State Z and remains a resident of such State through the remainder of 1977. For 1977, the amount of B's adjusted gross income for Federal income tax purposes is $20,000, consisting of $6,000 derived from employment in State Y which B held during the period of his residence in State X, $12,000 derived from employment in State Z which B held during the period of his residence in State Z, and $2,000 in interest income from various bank accounts. During 1977, B has no interest income from United States obligations, and no tax-exempt income. For 1977, B incurs a liability of $200 to State Y on account of its nonresident income tax imposed with respect to his $6,000 of income derived from sources within that State. State Z, which has in effect a State agreement for 1977, imposes a resident income tax on B which, if B had been a resident of State Z for all 1977, would amount to $1,200 prior to the allowance of any credits under this paragraph. However, by reason of paragraph (c)(1) of § 301.6362-6, B's liability for the resident tax of State Z, before taking into acount credits allowed under this paragraph, is reduced to $960 ($1,200 × ¹¹¹/₃₆₅, or ⅘). Furthermore, State Z allows a credit for the nonresident tax imposed by State Y.

(ii) The amount of the credit allowable against the State Z resident tax for the amount of B's liability with respect to the State Y nonresident tax is calculated as follows: The maximum amount of the credit is the amount of his actual liability to State Y, or $200. Under subparagraph (2) of this paragraph, the amount of the credit is limited to $288 ($960 × $6,000/$20,000). Thus, such limit has no effect, and the full $200 is allowable as a credit for tax of State Y against B's liability for the resident tax of State Z.

§ 301.6362-5  Qualified nonresident tax.

(a) *In general.* A tax meets the requirements of section 6362(d) and this section only if:

(1) The tax is imposed by a State which simultaneously imposes a resident tax meeting the requirements of

**59368**

**RULES AND REGULATIONS**

section 6362(b) and § 301.6362-2 or of section 6362(c) and § 301.6362-3;

(2) The tax is required to be computed in accordance with either the method prescribed in paragraph (b) of this section, or another method of which the Secretary or his delegate approves upon submission by the State of the laws pertaining to the tax;

(3) The tax is imposed only on the wage and other business income derived from sources within such State (as defined in paragraph (d) of this section), of all individuals each of whom derives 25 percent or more of his aggregate wage and other business income for the taxable year from sources within such State while he is neither (i) a resident of such State within the meaning of section 6362(e) and § 301.6362-6, nor (ii) exempt from liability for the tax by reason of a reciprocal agreement between such State and the State of which he is a resident within the meaning of those provisions;

(4) The amount of the tax imposed with respect to any individual does not exceed the amount of tax for which such individual would be liable under the qualified resident tax imposed by such State if he were a resident of the State for the period during which he earned wage or other business income from sources within the State, and if his taxable income for such period were an amount equal to the sum of the zero bracket amount (within the meaning of section 63(d) and determined as if he had been a resident of the State for such period) and the excess of:

(i) The amount of his wage and other business income derived from sources within the State, over

(ii) That portion of the sum of the zero bracket amount and the nonbusiness deductions (i.e., all deductions from adjusted gross income allowable in computing taxable income) taken into account for purposes of the State's qualified resident tax which bears the same ratio to such sum as the amount described in subdivision (i) of this subparagraph bears to his total adjusted gross income for the year; and

(5) For purposes of the tax, wage or other business income is considered as being the income of the individual whose income it is for purposes of section 61.

(b) *Approved method of computing liability for qualified nonresident tax.* A tax satisfies the requirement of paragraph (a)(2) of this section if the amount of the tax is computed either as a percentage of the excess of the amount described in paragraph (a)(4)(i) of this section over the amount described in paragraph (a)(4)(ii) of this section, or by applica-

tion of progressive rates to such excess.

(c) *Definition of wage and other business income.* For purposes of section 6362(d) and this section, the term "wage and other business income" means the following types of income:

(1) Wages, as defined in section 3401(a) and the regulations thereunder, but for these purposes:

(i) The amount of wages shall exclude amounts which are treated as wages under section 3402 (o) or (p) (relating to supplemental unemployment compensation benefits, annuity payments, and voluntary withholding agreements), and amounts which are treated as disability payments to the extent that they are excluded from gross income for Federal income tax purposes, pursuant to section 105(d), and

(ii) The amount of wages shall be reduced by those expenses which are directly related to the earning of such wages and with respect to which deductions are properly claimed from gross income in computing adjusted gross income;

(2) Net earnings from self-employment, as defined in section 1402(a); and

(3) The distributive share of income of any trade or business carried on by a trust, estate, or electing small business corporation (as defined in section 1371(a) and the regulations thereunder), to the extent that such share:

(i) Is includible in the gross income of the taxpayer for the taxable year, and

(ii) Would constitute net earnings from self-employment if the trade or business were carried on by a partnership.

For purposes of this subparagraph, "distributive share" includes the income of a trust or estate which is taxable to the taxpayer as a beneficiary under applicable Federal income tax rules, and the undistributed taxable income of an electing small business corporation which is taxable to the taxpayer as a shareholder under section 1373.

(d) *Income derived from sources within a State.*—(1) *Income attributable primarily to services.* Except as otherwise provided by Federal statute (see paragraphs (h), (i), and (j) of § 301.6362-7), wage income and other business income (net earnings from self-employment or distributive shares) which is attributable more to services performed by the taxpayer than to a capital investment of the taxpayer shall be considered to have been derived from sources within a State only if the services of the taxpayer which give rise to the income are performed in such State. If for a taxable year only a portion of the taxpayer's services giving rise to the

income from one employment, trade, or business is performed within a State, then it shall be presumed that the amount of income from such employment, trade, or business is derived from sources within that State equals that portion of the total income derived from such employment, trade, or business for the year which the amount of time spent by the taxpayer for such year performing services with respect to that employment, trade, or business in that State bears to the aggregate amount of time spent by the taxpayer for such year performing all of such services. However, the presumption stated in the preceding sentence may be rebutted in the event that the taxpayer proves, by use of detailed records, that the correct allocation of his income is otherwise.

(2) *Income attributable primarily to investment.* Except as otherwise provided by Federal statute (see paragraph (j) of § 301.6362-7), business income (net earnings from self-employment or distributive shares) which is attributable more to a capital investment of the taxpayer than to services performed by the taxpayer shall be considered to have been derived from sources within the State, if any, in which the significant activities of the trade or business are conducted. If for the taxable year only a portion of the significant activities conducted with respect to one trade or business is conducted within a certain State, then the portion of the taxpayer's total income for the year from such trade or business which is considered to be derived from sources within that State shall be computed as follows:

(i) *Allocation by records.* The portion of the taxpayer's total income from the trade or business which is considered to be derived from sources within the State shall be the portion which is allocable to such sources according to the records of the taxpayer or of the partnership, trust, estate, or electing small business corporation from which his income is derived, provided that the taxpayer establishes to the satisfaction of the district director, when requested to do so, that those records fairly and equitably reflect the income which is allocable to sources within the State. An allocation made pursuant to this subdivision shall be based on the location of the significant activities of the trade or business, and not on the location at which the taxpayer's personal services are performed.

(ii) *Allocation by formula.* If the taxpayer (or the trade or business) does not keep records meeting the requirements of subdivision (i) of this subparagraph, or if the taxpayer fails to meet the burden of proof set forth therein, then the amount of the taxpayer's income from the trade or busi-

ness which is considered to be derived from sources within the State shall be determined by multiplying the total of his income (as defined in paragraphs (c) (2) and (3) of this section) from the trade or business for the taxable year by the percentage which is the average of these three percentages:

(A) *Property percentage.* The percentage computed by dividing the average of the value, at the beginning and end of the taxable year, of real and tangible personal property connected with the taxpayer's trade or business and located within the State, by the average of the value, at the beginning and end of the taxable year, of all such property located both within and without the State. For this purpose, real property shall include real property rented to the taxpayer in connection with the trade or business, or rented to the trade or business.

(B) *Payroll percentage.* The percentage computed by dividing the total wages, salaries, and other compensation for personal services which is paid or incurred during the taxable year to employees in connection with the taxpayer's trade or business, and which would be treated as derived by such employees from sources within the State pursuant to subparagraph (1) of this paragraph, by the total of all such wages, salaries, and other compensation for personal services which is so paid or incurred without regard to whether such payments would be treated as derived by the employees from sources within the State. For purposes of this subdivision (ii), no amount paid as deferred compensation pursuant to a retirement plan to a former employee shall be taken into consideration.

(C) *Gross income percentage.* The percentage computed by dividing the gross sales or charges for services performed by or through an agency located within the State by the total of all gross sales or charges for services performed both within and without the State. The sales or charges to be allocated to the State shall include all sales which are negotiated, and charges which are for services performed, by an employee, agent, agency, or independent contractor chiefly situated at, or working principally out of an office located within, the State.

(3) *Income attributable to real estate investment.* Notwithstanding subparagraph (2) of this paragraph, income and deductions from the rental of real property, and gain and loss from the sale, exchange, or other disposition of real property, shall not be subject to allocation under subparagraph (2), but shall be considered as entirely derived from sources located within the State in which such property is located.

(4) *Treatment of losses.* A loss attributable to the taxpayer's employment, or to his conduct of, participation in, or investment in a trade or business, shall be allocated in the same manner as the income attributable to such employment or trade or business would be allocated pursuant to this paragraph.

(5) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example (1).* A, an employee who earns $10,000 in wage income attributable to services, and who has no other wage or other business income, spends 60 percent of his working time performing services for his employer in State X, 30 percent in State Y, and 10 percent in State Z. In the absence of the requisite proof to the contrary, A's wage income is considered to have been derived 60 percent from sources located within State X, 30 percent within State Y, and 10 percent within State Z. Assuming that A is a nonresident with respect to all three States, and that they all impose qualified nonresident taxes, then the qualified nonresident tax of State X is imposed on $6,000, the qualified nonresident tax of State Y is imposed on $3,000, and the qualified nonresident tax of State Z is not imposed on any of the income because A did not derive at least 25 percent of his wage and other business income from sources located within State Z.

*Example (2).* B, who earns no wage income but who has a total of $10,000 of other business income for the taxable year, all of which is net income from self-employment attributable primarily to services, spends 45 percent of his working time performing services in State X, 30 percent in State Y, and 25 percent in State Z. However, the rates that B is able to charge for his services and the business expenses which he incurs vary in the different States, and he is able to prove by detailed records that his net income from self-employment was in fact derived 50 percent from sources located within State X, 35 percent from sources located within State Y, and 15 percent from sources located within State Z. Assuming that B is a nonresident with respect to all three States, and that they all impose qualified nonresident taxes, then the qualified nonresident tax of State X is imposed on $5,000, the qualified nonresident tax of State Y is imposed on $3,500, and the qualified nonresident tax of State Z is not imposed on any of the income because B did not derive at least 25 percent of his wage and other business income from sources located within State Z.

*Example (3).* C is a partner in a profitable business concern, in which he has a substantial capital investment. His net earnings from self-employment attributable to his partnership interest are $75,000 for the taxable year. The fair market value of the services which C performs for the partnership during the taxable year is $30,000. C's income is therefore attributable primarily to his capital investment. The partnership business is carried on partially within and partially without State X. Neither C nor the partnership maintains records from which the portion of C's $75,000 income which is considered to be derived from sources within State X can be satisfactorily shown. As determined under subparagraph (2) of this paragraph, the partnership's "property

percentage" in State X is 70. Its "payroll percentage" therein is 60, and its "gross income percentage" therein is 56. The amount of C's partnership income considered to be derived from sources within State X is $48,500 ($75,000 · 62 percent). This result would obtain even if C's services for the partnership are performed entirely within State X.

*Example (4).* Assume the same facts as in (3), except that the records of the partnership of which C is a member indicate that the net profits of the partnership are derived 40 percent from business activities conducted in State X, and 60 percent from business activities conducted in State Y. C is requested to prove that those records fairly and equitably reflect the income which is allocable to sources within State X. The documentary evidence which he adduces in support of the allocation made by the records shows how such allocation results from a careful step-by-step tracing of the profitability of each phase and aspect of the partnership's operations, and shows the State in which each such phase and aspect of the operations is conducted. C's proof is satisfactory to show that the percentage allocation, and the amount of his partnership income considered to be derived from sources within State X is $30,000, or $75,000 multiplied by 40 percent. This result would obtain even if B's services for the partnership are performed entirely within State X.

§ 301.6362-6   Requirements relating to residence.

(a) *In general.* A tax imposed by a State meets the requirements of section 6362(e) and this section if in effect it provides that:

(1) The State of residence of an individual, estate, or trust is determined according to paragraph (1), (2), or (3) respectively, of section 6362(e), and according to paragraph (b), (c), or (d), respectively, of this section.

(2) The liability for a resident tax imposed by such State upon an individual or trust which changes residence to another State in the taxable year is determined according to section 6362(e)(4) and paragraph (e) of this section.

(3) The rules relating to current collection of tax apply as provided in section 6362(e)(5) and paragraph (f) of this section.

(b) *Residence of an individual.*—(1) *In general.* Except as otherwise provided in subparagraph (5) of this paragraph, an individual is treated as a resident of a State with respect to a taxable year only if:

(i) His principal place of residence (as defined in subparagraph (2) of this paragraph) is within such State for a period of at least 135 consecutive days, at least 30 days of which are in such taxable year; or

(ii) In the case of a citizen or resident of the United States who is not a resident of any State (determined as provided in subdivision (i) of this subparagraph) with respect to such taxable year, his domicile (as defined in subparagraph (3) of this paragraph) is

**59370**

in such State for at least 30 days during such taxable year.

With respect to an individual who is a resident (determined as provided in subdivision (i) of this subparagraph) of more than one State during a taxable year, see paragraph (e) of this section.

(2) *Principal place of residence—(i) Definition.*—For purposes of subparagraph (1)(i) of this paragraph and paragraph (d)(4) of this section, the term "principal place of residence" shall mean the place which is an individual's primary home. An individual's temporary absence from his primary home shall not effect a change with respect thereto. On the other hand, if an individual moves to another State, other than as a mere transient or sojourner, he shall be treated as having changed the location of his primary home.

(ii) *Examples.* The application of this subparagraph may be illustrated by the following examples:

*Example (1).* A has a city home and a country home. He resides in the city home for 7 months of the year and uses the address of that home as his legal residence for purposes of driver's license, automobile registration, and voter registration. He resides in the country home 5 months of the year. His city home is considered his principal place of residence.

*Example (2).* During the taxable year, B, a construction worker, is employed at several different locations in different States. The duration of each job on which he is employed ranges from a few weeks to several months, and he knows when he accepts a job what its approximate duration will be. He owns a house in State X which he uses as his legal residence for purposes of driver's license, automobile registration, and voter registration. In addition, his family lives there during the entire year, and B lives there during periods between jobs. However, the duration of the jobs and the distance between the job-sites and his house require him to live in the localities of the respective job-sites during the period of his employment, although occasionally he returns to his house in State X on weekends. B's house in State X is his principal place of residence during all of the taxable year.

*Example (3).* C, a dependent of his parents who are residents of State X, is a full-time student in a 4-year degree program at a college in State Y. During the 9-month academic year, C lives on the college campus, but he returns to his parents' home in State X for the summer recess. C gives the State Y as his residence for purposes of his driver's license and voter registration, but lists the address of his parents' home in State X as his "permanent address" on the records of the college which he attends. Although C's domicile remains at his parents' home in State X, his presence in State Y cannot be regarded as that of a mere transient or sojourner; accordingly, C's principal place of residence is in State Y for that portion of the taxable year during which he attends college.

*Example (4).* D loses his job in State X, where he lived and worked for many years. After a series of unsuccessful attempts to find other employment in State X, he accepts a job in State Y. D gives up his apartment in State X and moves to State Y upon commencing his new job; however, he intends to continue to explore available employment opportunities in State X so that he may return there as soon as an opportunity to do so arises. D changes his principal place of residence when he moves to State Y.

(3) *Domicile defined.* For purposes of subparagraph (1)(ii) of this paragraph and paragraph (d)(4) of this section, the term "domicile" shall mean an individual's fixed or permanent home. An individual acquires a domicile in a place by living there; even for a brief period of time, with no definite present intention of later removing therefrom. Residence without the requisite intention to remain indefinitely will not suffice to change domicile, nor will intention to change domicile effect such a change until accompanied by actual removal. A domicile, once acquired, is maintained until a new domicile is acquired.

(4) *Period of residence—(i) General rule.* An individual who becomes a resident of a State pursuant to subparagraph (1) of this paragraph, or who is at the beginning of a taxable year a resident of a State pursuant to such provision, shall be treated as continuing to be a resident of such State through the end of the taxable year, unless, prior thereto, such individual becomes a resident, under the principles of subparagraph (1), of another State or a possession or foreign country. In the event that the individual becomes a resident of such another jurisdiction prior to the end of the taxable year, his residence in such State shall be treated as ending on the day prior to the day on which he becomes a resident of such other jurisdiction pursuant to subparagraph (1).

(ii) *Examples.* The application of this subparagraph may be illustrated by the following examples:

*Example (1).* A, a calendar-year taxpayer, has his principal place of residence in State X from the beginning of 1976 through August 1, 1976, when he gives up permanently such principal place of residence. He spends the remainder of 1976 traveling outside of the United States, but does not become a resident of any other country. A is considered to be a resident of State X for the entire year 1976.

*Example (2).* Assume the same facts as in example (1), except that A ceases his traveling and establishes his principal place of residence in State Y on November 15, 1976. Assume, also, that A maintains that principal place of residence for more than 135 consecutive days. Under these circumstances, for his taxable year 1976, A is considered to be a resident of State X from January 1 through November 14, and a resident of State Y from November 15 through December 31.

(5) *Special rules.* (i) No provision of subchapter E or the regulations there-under shall be construed to require or authorize the treatment of a Senator, Representative, Delegate, or Resident Commissioner as a resident of a State other than the State which he represents in Congress.

(ii) For special rules relating to members of the Armed Forces, see paragraph (h) of § 301.6362-7.

(6) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example (1).* A, a calendar-year taxpayer, maintains his principal place of residence in State X from December 1, 1976, through April 15, 1977. Assuming that A was not a resident of any other jurisdiction at any time during 1976, A is treated as a resident of State X for the entire year 1976. Such result would obtain even if A was absent from State X on vacation for some portion of December 1976. Moreover, such result would obtain even if it is assumed that A was a domiciliary of State Y from January 1, 1976, through April 15, 1977, because an individual's domicile does not determine his residence so long as residence in one State for the taxable year can be determined from the general rule stated in the first sentence of paragraph (b)(1) of this section.

*Example (2).* Assume the same facts as in example (1) (including the fact of A's domicile in State Y), except that A maintained his principal place of residence in State Z from September 15, 1975, through January 31, 1976, inclusive. With respect to the year 1976, A is treated as a resident of State Z from January 1 through November 30, and as a resident of State X from December 1 through December 31. A's liability for the qualified taxes of the respective States for 1976 shall be determined pursuant to the provisions in paragraph (e) of this section.

(c) *Residence of an estate.* An estate of an individual is treated as a resident of the last State of which such individual was a resident, as determined under the rules of paragraph (b) of this section, prior to his death. However, the estate of an individual who was not a resident of any State (as determined without regard to the 30-day requirement in paragraph (b)(1) of this section) immediately prior to his death, and who was not a resident of any State at any time during the 3-year period ending on the date of his death, is not treated as a resident of any State. For purposes of determining the decedent's last State of residence, the rules of paragraph (b) shall be applied irrespective of whether subchapter E was in effect at the time the period of 135 consecutive days of residence began, or whether the decedent's last State of residence is a State electing to enter into an agreement pursuant to subchapter E. The determination of the State of residence of an estate pursuant to this paragraph shall not be governed by any determination under State law as to which State is treated as the residence or domicile of the decedent for purposes other than its individual income tax (such as liability for State inheritance

**Attachment A - page 15 of 21**

tax or jurisdiction of probate proceedings).

(d) *Residence of a trust*—(1) *In general.* (i) The State of residence of a trust shall be determined by reference to the circumstances of the individual who, by either an inter-vivos transfer or a testamentary transfer, is deemed to be the "principal contributor" to the trust under the provisions of subdivision (ii) of this subparagraph.

(ii) If only one individual has ever contributed assets to the trust, including the assets which were transferred to the trust at its inception, then such individual is the principal contributor to the trust. However, if on any **day** subsequent to the initial creation of the trust, such trust receives assets having a value greater than the aggregate value of all assets theretofore contributed to it, then the trust shall be deemed (for the limited purpose of determining the State of residence) to have been "created" anew, and the individual who on the day of such creation contributed more (in value) than any other individual contributed on that day shall become the principal contributor to the trust. When a trust is created anew, all references in this paragraph to the creation of the trust shall be construed as referring to the most recent creation. For purposes of this paragraph, the value of any asset shall be its fair market value on the day that it was contributed to the trust; any subsequent appreciation or depreciation in the value of the asset shall be disregarded.

(2) *Testamentary trust.* A trust with respect to which a deceased individual is the principal contributor by reason of property passing on his death is treated as a resident of the last State of which such individual was a resident, as determined under the rules of paragraph (b) of this section, before his death. However, if such deceased individual was not a resident of any State (as determined without regard to the 30-day requirement in paragraph (b)(1) of this section) immediately prior to his death, and was not a resident of any State at any time during the 3-year period ending on the date of his death, then a testamentary trust of which he is the principal contributor by reason of property passing on his death is not treated as a resident of any State. All property passing on the transferor's death is treated for this purpose as a contribution made to the trust on the date of death, regardless of when the property is actually paid over to the trust.

(3) *Nontestamentary trust.* A trust which is not a trust described in subparagraph (2) of this paragraph is treated as a resident of the State in which the principal contributor to the trust, during the 3-year period ending on the date of the creation of the

trust, had his principal place of residence for an aggregate number of days longer than the aggregate number of days he had his principal place of residence in any other State. However, if the principal contributor to such a trust was not a resident of any State at any time during such 3-year period, then the trust is not treated as a resident of any State.

(4) *Special rules.* If the application of the provisions of the foregoing subparagraphs of this paragraph results in a determination of more than one State of residence for a trust, or does not provide a rule by which the residence or nonresidence of the trust can be determined, then the determination of the State of residence of such trust shall be made according to the rules of the applicable subdivision of this subparagraph.

(i) If, at the time of creation of the trust, 50 percent or more in value of the trust corpus consists of real property, then the trust shall be treated as a resident of the State in which more of the real property (in value) which was in the trust at such time was located than any other State.

(ii) If, at the time of creation of the trust, less than 50 percent in value of the trust corpus consists of real property, then the trust shall be treated as a resident of the State in which, at such time, the trustee, if an individual, had his principal place of residence, or, if a corporation, had its principal place of business. If there were two or more trustees, then the foregoing sentence shall be applied by reference to the principal places of residence, or of business, of the majority of trustees who had authority to make investment and other management decisions for the trust.

(iii) If, after application of the provisions of subdivisions (i) and (ii) of this subparagraph, the State of residence of the trust still cannot be ascertained, then the Commissioner of Internal Revenue shall determine the State of residence of such trust for purposes of qualified taxes. Such determination shall be made by reference to the number of significant contacts each State had with the trust at the time of its creation. Significant contacts shall include the principal place of residence of the principal contributor or contributors to the trust, the principal place of residence or business of the trustee (or trustees), the situs of the assets of which the trust corpus was composed, and the location from which management decisions emanated with respect to the business and investment interests of the trusts.

(5) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example* (1). A created a trust in 1950 by transferring to it certain stock in a corpora-

tion. At the time of such transfer, the stock had a fair market value of $1,000. A at all relevant times had his principal place of residence in State X, and accordingly the trust is treated as a resident of such State for qualified tax purposes. As of January 1, 1977, the stock originally contributed by A, which was at all times the only property in the trust, has a fair market value of $3,000. On such date, B, who has had his principal place of residence in State Y for more than 3 years, contributes to the trust property having a fair market value of $1,200. For purposes of determining the identity of the principal contributor to the trust and the State of residence of the trust, the stock contributed by A in 1950 continues to be valued for such purposes at $1,000. Thus, the trust is treated as being created anew on January 1, 1977, with B as the principal contributor, and with State Y as its State of residence.

*Example* (2). C has his principal place of residence in State X continuously for many years, until August 1, 1978, when he establishes his principal place of residence in State Y. The change of residence is intended to be permanent, and C has no further contact with State X after such change. On January 1, 1980, C creates a nontestamentary trust. During the 3-year period ending on such date C had his principal place of residence in State X for 576 days, and in State Y for 519 days. Therefore, the trust is treated as a resident of State X.

(e) *Liability for tax on change of residence during taxable year*—(1) *In general.* If, under the principles contained in paragraph (b) or (d) of this section, an individual or trust becomes a resident, or ceases to be a resident, of a State, and is also a resident of another jurisdiction outside of such State during the same taxable year, the liability of such individual or trust for the resident tax of such State shall be determined by multiplying the amount which would be his or its liability for tax (computed after allowing the nonrefundable credits (i.e., credits not corresponding to the credits referred to in section 6401(b) available against the tax)) if he or it had been a resident of such State for the entire taxable year by a fraction, the numerator of which is the number of days he or it was a resident of such State during the taxable year, and the denominator of which is the total number of days in the taxable year. The preceding sentence shall not apply by reason of the fact that an individual is born or dies during the taxable year, or by reason of the fact that a trust comes into existence or ceases to exist during the taxable year.

(2) *Residence determined by domicile.* When an individual is treated as a resident of a State by reason of being domiciled in such State, pursuant to paragraph (b)(1)(ii) of this section, then the numerator of the fraction provided in subparagraph (1) of this paragraph shall be the number of days the individual was domiciled in the State during the taxable year.

**59372**

**RULES AND REGULATIONS**

(3) *Example.* The application of this paragraph may be illustrated by the following example:

*Example.* A, a calendar-year taxpayer, is a resident of State X continuously for many years prior to March 15, 1977. On such date, A retires and establishes a new principal place of residence in State Y. A earns $6,000 in 1977 prior to March 15, but receives no taxable income for the remainder of such year. If A had been a resident of State X for the entire taxable year 1977, his liability with respect to the qualified tax of such State (computed after allowing the nonrefundable credits available against the tax) would be $600. If he had been a resident of State Y for the entire taxable year 1977, his liability with respect to the qualified tax on that State (computed similarly) would be $400. Pursuant to the provisions in paragraph (e) of this section, A's liabilities for State qualified taxes for 1977 are as follows:

Liability for State X tax = $600 × 73/365 = $120

Liability for State Y Tax = $400 × 292/365 = $320.

(f) *Current collection of tax.* The State tax laws shall contain provisions for methods of current collection with respect to individuals which correspond to the provisions of the Internal Revenue Code of 1954 with respect to such current collection, including chapter 24 (relating to the collection of income tax at source on wages) and sections 6015, 6073, 6153, and other provisions of the Code relating to declarations (and amendments thereto) and payments of estimated income tax. Except as otherwise provided by Federal statute (see paragraphs (h), (i), and (j) of § 301.6362–7), in applying such provisions of the State tax laws:

(1) In the case of a resident tax, an individual shall be subject to the current collection provisions if either—

(i) He is a resident of the State within the meaning of paragraph (b) of this section, or

(ii) He has his principal place of residence (as defined in paragraph (b)(2) of this section) within the State,

and it is reasonable to expect him to have it within the State for 30 days or more during the taxable year.

(2) In the case of a nonresident tax, an individual shall be subject to the current collection provisions if he does not meet either description relating to an individual in subparagraph (1) of this paragraph, if he is not exempt from liability for the tax by reason of a reciprocal agreement between the State of which he is a resident and the State imposing the tax, and if it is reasonable to expect him to receive wage or other business income derived from sources within the State imposing the tax (as defined in paragraph (d) of § 301.6362–5) for services performed on 30 days or more of the taxable year.

For additional rules relating to withholding see paragraph (d) of § 301.6361–1.

§ 301.6362–7 *Additional requirements.*

A State tax meets the additional requirements of section 6362(f) and this section only if:

(a) *State agreement must be in effect for period concerned.* A State agreement, as defined in paragraph (a) of § 301.6361–4, is in effect with respect to such tax for the taxable period in question.

(b) *State laws must contain certain provisions.* Under the laws of such State, the provisions of subchapter E and the regulations thereunder, as in effect from time to time, are applicable for the entire period for which the State agreement is in effect. Any change made by the State in such tax (other than an adjustment in the State law which is made solely in order to comply with a change in the Federal Law or regulations) shall not apply to taxable years beginning in any calendar year for which the State agreement is in effect unless the change is enacted before November 1 of such year.

(c) *State individual income tax laws can be only of certain kinds.* Such State does not impose any tax on the income of individuals other than (1) a qualified resident tax, and (2) either or both a qualified nonresident tax and a separate tax on income which is not wage and other business income as defined in paragraph (c) of § 301.6362–5 and which is received or accrued by individuals who are domiciled in the State, but who are not residents of the State (as defined in paragraph (b) of § 301.6362–6). For purposes of this paragraph, a tax imposed on the amount taxed under section 56 (as permitted under § 301.6361–3(b)(2)) shall be treated as an adjustment to and a part of the qualified resident tax. Also, tax laws which were in effect prior to the effective date of a State agreement and which are not repealed, but which are made inapplicable for the period during which the State agreement is in effect, shall be disregarded.

(d) *Taxable years must coincide.* The taxable years of all individuals, estates, and trusts under such tax are required to coincide with their taxable years used for purposes of the taxes imposed by chapter 1. Accordingly, when subchapter E begins to apply to a State, a taxpayer whose taxable year for purposes of the Federal income tax is different from his taxable year for purposes of the State income tax which precedes the qualified tax may have one short taxable year for purposes of such State income tax, so that thereafter his taxable years for purposes of the qualified tax will coincide with the Federal taxable year.

(e) *Married individuals.* Individuals who are married within the meaning of section 143 of the Code are prohibited from filing (1) a joint return for

purposes of such State tax if they file separate Federal income tax returns, or (2) separate returns for purposes of such State tax if they file a joint Federal income tax return.

(f) *Penalties; no double jeopardy.* Under the laws of such State:

(1) Civil and criminal sanctions identical to those provided by subtitle F, and by title 18 of the United States Code (relating to crimes and criminal procedures), with respect to the taxes imposed on the income of individuals by chapter 1 and on the wages of individuals by chapter 24, apply to individuals and their employers who are subject to such State tax (and the collection and administration thereof, including the corresponding withholding tax imposed to implement the current collection of such State tax) as if such tax were imposed by chapter 1 or chapter 24, in the case of the withholding tax), except to the extent that the application of such sanctions is modified by regulations issued under subchapter E; and

(2) No other sanctions or penalties apply with respect to any act or omission to act in respect of such State tax.

See also paragraph (e) of § 301.6361–1 with respect to criminal penalties.

(g) *Partnerships, trusts, subchapter S corporations, and other conduit entities.* Under the laws of such State, the State tax treatment of—

(1) Partnerships and partners,

(2) Trusts and their beneficiaries,

(3) Estate and their beneficiaries,

(4) Electing small business corporations (within the meaning of section 1371(a) and their shareholders, and

(5) Any other entity and the individuals having beneficial interests therein (such as a cooperative corporation and its shareholders), to the extent that such entity is treated as a conduit for purposes of the taxes imposed by chapter 1,

corresponds to the tax treatment provided therefor with respect to the taxes imposed by chapter 1. For example, a subchapter S corporation shall not be subject to the State's corporate income tax on amounts which are includible in shareholders incomes which are subject to that State's individual income tax, except to the extent that the subchapter S corporation is subject to tax under Federal law. Similarly, a partnership shall not be subject to the State's unincorporated business income tax on amounts which are includible in partners' incomes which are subject to that State's individual income tax. However, the laws of the State which set forth the provisions of such State individual income tax shall authorize the Commissioner of Internal Revenue to require that the conduit entities described in this paragraph (or some of

them) supply information to the Federal Government with respect to the source of income, the State of residence, or the amount of income of a particular type, of an individual, estate, or trust holding a beneficial interest in such conduit entity.

(h) *Members of armed forces.* The relief provided to any member of the Armed Forces by section 514 of the Soldiers' and Sailors' Civil Relief Act (50 U.S.C. App. sec. 574) is in no way diminished. Accordingly, for purposes of such State tax, an individual shall not be considered to have become a resident of a State solely because of his absence from his original State of residence under military order. Moreover, compensation for military service shall not be considered as income derived from a source within a State of which the individual earning such compensation is not a resident, within the meaning of paragraph (d) of § 301.6362–5. The preceding sentence shall not apply to nonmilitary compensation. Thus, for example, if an individual who is serving in State X as a member of the Armed Forces, and who is regarded as a resident of State Y under the Soldiers' and Sailors' Civil Relief Act, earns nonmilitary income in State X from a part-time job, such nonmilitary income may be subject to a qualified nonresident tax imposed by State X.

(i) *Withholding on compensation of employees of railroads, motor carriers, airlines, and water carriers.* There is no contravention of the provisions of section 26, 226A, or 324 of the Interstate Commerce Act, or of section 1112 of the Federal Aviation Act of 1958, with respect to the withholding of compensation to which such sections apply for purposes of the nonresident tax.

(j) *Income derived from interstate commerce.* There is no contravention of the provisions of the Act of September 14, 1959 (73 Stat. 555), with respect to the taxation of income derived from interstate commerce to which such statute applies.

§ 301.6363–1 State agreements.

(a) *Notice of election.* If a State elects to enter into a State agreement it shall file notice of such election with the Secretary or his delegate. The notice of election shall include the following:

(1) *Statement by the Governor.* A written statement by the Governor of the electing State:

(i) Requesting that the Secretary enter into a State agreement, and

(ii) Binding the Governor and his successors in office to notify the Secretary or his delegate immediately of the enactment, between the time of the filing of the notice of election and the time of the execution of the State agreement, of any law of that State which meets the description given in any of the subdivisions of subparagraph (2) of this paragraph, whether or not such law is intended to be administered by the United States pursuant to subchapter E.

(2) *Copy of State laws.* Certified copies of all laws of that State described in any of the following subdivisions of this subparagraph, and a specification of laws described in subdivision (i) of this subparagraph as "subchapter E laws", of laws described in subdivision (ii) as "other tax laws", of laws described in subdivision (iii) as "non-tax laws", and of laws described in subdivision (iv) as "interstate cooperation laws":

(i) All of the State individual income tax laws (including laws relating to the collection or administration of such taxes or to the prosecution of alleged civil or criminal violations with respect to such taxes) which the State would expect the United States to administer pursuant to subchapter E if the State agreement is executed as requested. In order to have a valid notice, the State must have a tax which would meet the requirements for qualification specified in section 6362 and the regulations thereunder if a State agreement were in effect with respect thereto, with no conditions attached to the effectiveness of such tax other than the execution of a State agreement. Such tax must be effective no later than the January 1 specified in the State's notice of election as the date as of which subchapter E is desired to become applicable to the electing State, except that such effective date shall be deferred to the date provided in the State agreement for the beginning of applicability of subchapter E to the State, if the latter date is different from the date specified in the notice of election.

(ii) All of the State income tax laws applicable to individuals (including laws relating to the collection or administration of such taxes or to the prosecution of alleged civil or criminal violations with respect to such taxes) which the State would not expect the United States to administer but which may be in effect simultaneously (for any period of time) with the State agreement.

(iii) All of the State laws other than individual income tax laws which provide for the making of any payments by the State based on one or more criteria which the State may desire to verify by reference to information contained in returns of qualified taxes.

(iv) All of the State laws which may be in effect simultaneously (for any period of time) with the State agreement and which provide for cooperation or reciprocal agreement between the electing State and another State

with respect to income taxes applicable to individuals.

(3) *Approval by legislature or authorization by constitutional amendment.* A certified copy of an Act or Resolution of the legislature of the electing State in which the legislature affirmatively expresses its approval of the State's entry into a State agreement, or a certified copy of an amendment to the constitution of such State by which the voters of the State affirmatively authorize such entry.

(4) *Opinion by State Attorney General or judgment of highest court.* A written statement by the State Attorney General to the effect that, in his opinion, no provision of the State's Constitution would be violated by the State law's incorporation by reference of the Federal individual income tax laws and regulations, as amended from time to time, by the Federal prosecution and trial of individuals who are alleged to have committed crimes with respect to the State's qualified tax (when it goes into effect as such), or by any other provision relating to such tax, considered as of the time it is being collected and administered by the Federal Government pursuant to subchapter E. However, if such a statement is not included in the notice of election, a judgment of the highest court of the State to the same effect may be submitted in its place.

(5) *Effective date.* A written specification of the January as of which subchapter E is desired to become applicable to the electing State.

(b) *Rules relating to time for filing notice of election.* An electing State must file its notice of election more than 6 months prior to the January 1 as of which the notice specifies that the provisions of subchapter E are desired to become applicable to such State. Thus, for example, if the date specified in the notice is January 1, 1979, the notice must be filed no later than June 30, 1978. However, because under the provisions of section 204(b) of the Federal-State Tax Collection Act of 1972 (86 Stat. 945), as amended by section 2116(a) of the Tax Reform Act of 1976 (90 Stat. 1910), the provisions of subchapter E will initially take effect on the first January 1 which is more than 1 year after the first date on which at least one State has filed a notice of its election (see § 301.6361–5), the notice of an election which causes subchapter E to initially take effect must be filed with the Secretary or his delegate more than 1 year prior to the January 1 as of which such notice specifies that the provisions of subchapter E are desired to become applicable to such State. Thus, for example, if such an initially electing State desires to elect subchapter E as of January 1, 1979, its notice must be filed no later than De-

**59374**                                **RULES AND REGULATIONS**

cember 31, 1977. For purposes of this section, if the notice of election is sent by either registered or certified mail to the Secretary of the Treasury, Washington, D.C. 20220, then it shall be deemed to be filed on the date of mailing; otherwise, the notice of election shall be deemed to be filed when it is received by the Secretary or his delegate.

(c) *Procedures relating to defects in notice or tax laws.* If a State has filed a notice of election, then the Secretary shall, within 90 days after the notice is filed, notify the Governor of such State in writing of any defect in the notice of election which prevents it from being valid, and of any defect in the State's tax laws which causes the tax submitted to fail to meet the requirements for qualification specified in section 6362 and the regulations thereunder, other than the fact that no State agreement is in effect with respect thereto. Any such defect of which the Secretary does not notify the Governor within such 90-day period is waived. The Secretary or his delegate may, in his discretion, permit any of such defects of which the Governor is timely notified to be cured retroactively to the date of the filing of the notice of election, by amendment of the notice or the State law. Judicial review of the Secretary's determination that the notice of election or the tax laws, or both, contain defects, may be obtained as set forth in section 6363(d) and § 301.6363-4.

(d) *Execution and contents of State agreement.* If the Secretary does not timely notify the Governor of a defect in the notice of election or in the State's tax laws, as provided in paragraph (c) of this section, or if, as provided in such paragraph, all such defects have been cured retroactively, then the Secretary shall enter into a State agreement. The agreement shall include the following elements:

(1) *Effective date.* The agreement shall specify the January, 1 as of which subchapter E will commence to be applicable to the State. Such date shall be the same as that specified in the notice of election pursuant to paragraph (a)(5) of this section, unless the parties agree to a different January 1, except that in no event shall a State agreement executed after November 1 specify the next January 1.

(2) *Obligation of Governor to notify the United States of changes in pertinent State laws.* The agreement shall require the Governor of the State, and his successors in office, to notify the Secretary or his delegate within 30 days of the enactment of any law of the State, after the execution of the agreement, of a type described in paragraph (a)(2) of this section.

(3) *Obligation of Governor to furnish to the United States information*

*needed to administer State tax laws.* The agreement shall require the Governor and his successors to furnish to the Secretary or his delegate any information needed by the Federal Government to administer the State tax laws. Such information shall include, for example, a list (which shall be maintained on a current basis) of those obligations of the State ·or its political subdivisions described in section 103(a)(1) from which the interest is not subject to the qualified taxes of the State.

(4) *Identification of State official to act as liaison with Federal Government.* The agreement shall include a designation by the Governor of the State official or officials with whom the Secretary or his delegate should coordinate in connection with any questions or problems which may arise during the period for which the State agreement is effective, including those which may result from changes or contemplated changes in pertinent State laws.

(5) *Identification of State official to receive transferred funds.* The agreement shall include a designation by the Governor of the State official who shall initially receive the funds on behalf of the State when they are transferred pursuant to section 6361(c) and § 301.6361-3.

(6) *Other obligations.* If the Secretary and the Governor both so agree, the agreement shall provide for additional obligations.

(e) *State agreement superseding certain other agreements.* For the period of its effectiveness, a State agreement shall supersede an otherwise effective agreement entered into by the State and the Secretary for the withholding of State income taxes from the compensation of Federal employees pursuant to 5 U.S.C. 5517 (or pursuant to 5 U.S.C. 5516, in the case of the District of Columbia).

§ 301.6363-2   Withdrawal from State agreements.

(a) *By notification.* If a State which has entered into a State agreement desires to withdraw from the agreement, its Governor shall file a notice of withdrawal with the Secretary or his delegate. A notice of withdrawal shall include the following documents:

(1) *Request by the Governor.* A request by the Governor of the State that the State agreement cease to be effective with respect to taxable years beginning on or after a specified January 1, except as provided in paragraph (b)(2) of § 301.6365-2 with respect to withholding in the case of fiscal year taxpayers.

(2) *Legislative approval of withdrawal.* A certified copy of an act or Resolution of the legislature of the State in which the legislature affirma-

tively expresses its approval of the State's withdrawal from the State agreement.

(3) *Identification of State official.* A written identification of the State official or officials with whom the Secretary or his delegate should coordinate in connection with the State's withdrawal from the State agreement.

(b) *By change in State law.* If any law of a State which has entered into a State agreement is enacted pertaining to individual income taxes (including the collection or administration of such taxes, and the prosecution of alleged civil or criminal violations with respect to such taxes), and if the Secretary or his delegate determines that as a result of such law the State no longer has a qualified tax, then such change in the State law shall be treated as a notification of withdrawal from the agreement. The Secretary shall notify the Governor in writing when a change is to be so treated. Such notification shall have the same effect as if, on the effective date of the disqualifying change in the law, the Governor had filed with the Secretary or his delegate a valid and sufficient notice of withdrawal requesting that the State agreement cease to be effective with respect to taxable years beginning on or after the first January 1 which is more than 6 months thereafter, subject to the exception with respect to withholding in the case of fiscal-year taxpayers. However, the cessation of effectiveness may be deferred to a subsequent January 1 if the Governor so requests and if the Secretary or his delegate in his discretion determines that the date of cessation provided in the preceding sentence would subject the State or its taxpayers to undue hardship. In addition, the Governor may request the Secretary or his delegate to permit the State's early withdrawal from the agreement, pursuant to paragraph (c)(2) of this section. Until the date of cessation of effectiveness of the State agreement, the change in State law which was treated as a notification of withdrawal, and any other such subsequent change that would be similarly treated, shall not be given effect for purposes of the Federal collection and administration of the State taxes. Similarly, such changes shall not be given effect for such purposes during the period of litigation if the State seeks judicial review of the action of the Secretary or his delegate pursuant to section 6363(d) or § 301.6363-4, even if such changes are ultimately found by the court not to disqualify the State's qualified tax. However, a change in State law which would be treated as a notice of withdrawal in the absence of this sentence shall not be so treated if, prior to the last November 1 preceding the January 1 on which the cessation

**RULES AND REGULATIONS**

of effectiveness of the State agreement is to occur, either such change in State law is retroactively repealed, or the State law is retroactively modified and the Secretary or his delegate determines that with such modification the State has a qualified tax.

(c) *Rules relating to time of withdrawal*—(1) *General rule.* Except as provided in subparagraph (2) of this paragraph, a notice of withdrawal shall not be valid unless the January 1 specified therein is not earlier than the first January 1 which is more than 6 months subsequent to the date on which the notice is received by the Secretary or his delegate. Thus, for example, if the notice specifies January 1, 1980, for withdrawal, the notice must be received no later than June 30, 1979.

(2) *Early withdrawal.* The Secretary or his delegate may, in his discretion and upon written request by a Governor of a State who has filed a notice of withdrawal, waive the 6-months requirement of section 6363(b)(1) and subparagraph (1) of this paragraph if the Secretary determines that:

(i) The State will suffer a hardship if required to meet such requirement, and

(ii) The early withdrawal requested by the Governor would be practicable from the standpoint of orderly collection of the qualified tax and administration of the State law by the Federal Government.

§ 301.6363-3 Transition years.

The State may by law provide for the transition to or from a qualified tax to the extent necessary to prevent double taxation or other unintended hardships, or to prevent unintended benefits, under State law. Generally, such provisions shall be administered by the State; but, if requested to do so by the Governor of the State, the Secretary or his delegate may in his discretion, agree to administer such provisions either solely or jointly with the State.

§ 301.6363-4 Judicial review.

(a) *General rule.* If the Secretary or his delegate determines pursuant to paragraph (c) of § 301.6363-1 that a State did not file a valid notice of election or does not have a tax which would meet the requirements for qualification specified in section 6362 and the regulations thereunder if a State agreement were in effect with respect thereto, or if he determines pursuant to paragraph (b) of § 301.6363-2 that a participating State has enacted a law as a result of which the State no longer has a qualified tax, such State may, within 60 days after its Governor has received notification of such determination, file a petition for the review of such determi-

nation with either the United States Court of Appeals for the circuit in which the State is located or the United States Court of Appeals for the District of Columbia. If a State files such a petition, the clerk of the court shall forthwith transmit a copy of the petition to the Secretary or his delegate, who in turn shall thereupon file in the court the record of proceedings on which the determination adverse to the State was based, as provided in section 2112 of title 28, United States Code.

(b) *Court of Appeals' jurisdiction.* The court of Appeals may affirm or set aside, in whole or in part, the action of the Secretary or his delegate; and (subject to the rules delaying the effectiveness of the change in State law provided in paragraph (b) of § 301.6363-2) the court may issue such other orders as may be appropriate with respect to taxable years which include any part of the period of litigation.

(c) *Review of Court of Appeals' judgment.* The judgment of the Court of Appeals shall be subject to review by the Supreme Court of the United States upon certiorari or certification sought by either party as provided in section 1254 of title 28, United States Code.

(d) *Effect of final judgment.* In a final judgment, rendered with respect to litigation involving a State's petition to review a determination of the Secretary or his delegate to the effect that the State's individual income tax laws included in its notice of election would not meet the requirements for qualification specified in section 6362 and the regulations thereunder if a State agreement were in effect with respect thereto, includes a determination that the State's tax would in fact meet such requirements, then the provisions of subchapter E shall apply to the State with respect to taxable years beginning on or after the first January 1 which is more than 6 months after the date of such final judgment. If a final judgment, rendered with respect to litigation involving a State's petition to review a determination of the Secretary or his delegate to the effect that the State's previously-qualified tax ceases to qualify because of a change in the State's law, includes a determination that the State's tax does in fact cease to qualify, then the provisions of subchapter E (other than section 6363) shall cease to apply to the State with respect to taxable years beginning on or after the first January 1 which is more than 6 months after the date of such final judgment. See paragraph (b) of § 301.6365-2 for special rules with respect to withholding in the case of fiscal-year taxpayers.

(e) *Expeditious treatment of judicial proceedings.* Under section 6363(d)(4),

any judicial proceedings to which a State and the United States are parties, and which are brought pursuant to section 6363, are entitled to receive a preference, and to be heard and determined as expeditiously as possible, upon request of the Secretary or the State.

§ 301.6365-1 Definitions.

(a) *State.* For purposes of subchapter E and the regulations thereunder, the term "State" shall include the District of Columbia, but shall not include the Commonwealth of Puerto Rico or any possession of the United States.

(b) *Governor.* For purposes of subchapter E and the regulations thereunder, the term "Governor" shall include the Mayor of the District of Columbia.

§ 301.6365-2 Commencement and cessation of applicability of subchapter E to individual taxpayers.

(a) *General rule.* Except for purposes of chapter 24 (relating to the collection of income tax at source on wages), whenever subchapter E begins or ceases to apply to any State (i.e., a State agreement begins or ceases to be effective) as of any January 1, such commencement or cessation of applicability shall apply to taxable years of individuals beginning on or after such date. For example, if subchapter E begins to apply to a particular State on January 1, 1980, it would become applicable for calendar year 1980 for calendar-year taxpayers in that State; but if a taxpayer in the State is using a fiscal year running from July 1 to June 30, the subchapter would begin to apply (except for purposes of chapter 24) to that taxpayer on July 1, 1980, for his taxable year ending June 30, 1981. Similarly, if the subchapter ceases to apply to such State on January 1, 1982, it would cease to apply to calendar-year taxpayers after the end of calendar year 1981; but it would cease to apply (except for purposes of chapter 24) to fiscal-year taxpayers at the end of their fiscal years which are in progress on January 1, 1982. The cessation of applicability of subchapter E to a State does not affect rights, duties, and liabilities with respect to any taxable year for which subchapter E does apply with respect to any taxpayer (or his employer).

(b) *Special rules pertaining to withholding*—(1) *Subchapter E beginning to apply.* The Federal withholding system provided in chapter 24 shall go into effect for State individual income tax purposes with respect to wages paid on or after the January 1 as of which subchapter E begins to apply to a State. If an employee is subject to a qualified tax imposed by the State, such withholding system shall apply

**Attachment A - page 20 of 21**

to his wages paid on or after that January 1, without regard to whether he is a calendar-year or fiscal-year taxpayer. See § 301.6363-3 with respect to transition-year rules.

(2) *Subchapter E ceasing to apply.* The Federal withholding system provided in chapter 24 shall cease to be effective for State tax purposes with respect to wages paid on or after the January 1 as of which subchapter E ceases to apply to the State, although fiscal-year taxpayers of that State continue to be subject to the other provisions of subchapter E for the remainder of their fiscal years then in progress. See § 301.6363-3 with respect to transition-year rules.

PAR. 22. Section 301.6405-1 is amended to read as follows:

§ 301.6405-1   Reports of refunds and credits.

Section 6405 requires that a report be made to the Joint Committee on Taxation of proposed refunds or credits in excess of $100,000 of any income tax (including any qualified State individual income tax collected by the Federal Government), war profits tax, excess profits tax, estate tax, or gift tax. An exception is provided under which refunds and credits made after July 1, 1972, and attributable to an election under section 165(h) to deduct a disaster loss for the taxable year in which the disaster occurred, may be made prior to the submission of such report to the Joint Committee on Taxation.

[FR Doc. 78-35389 Filed 12-19-78; 8:45 am]

[4830-01-M]

[T.D. 7576]

**PART 301—PROCEDURE AND ADMINISTRATION**

**Collection of Child Support Obligations**

AGENCY: Internal Revenue Service, Treasury.

ACTION: Final regulations.

SUMMARY: This document contains final regulations under section 6305 of the Internal Revenue Code of 1954, relating to the collection of child support obligations by the Internal Revenue Service. The addition of section 6305 to the Code was made by the Social Services Amendments of 1974.

DATE: These regulations are effective as of July 1, 1975, the date on which section 6305 of the Code was effective.

FOR FURTHER INFORMATION CONTACT:

Stephen J. Small of the Legislation and Regulations Division, Office of the Chief Counsel, Internal Revenue Service, 1111 Constitution Avenue, N.W., Washington, D.C. Attention: CC:LR:T, 202-566-3287, not a toll-free call.

SUPPLEMENTARY INFORMATION: On June 9, 1978, proposed amendments to the Regulations on Procedure and Administration (26 CFR Part 301) under section 6305 of the Internal Revenue Code of 1954 were published in the FEDERAL REGISTER (43 FR 25143). These amendments were proposed to conform the regulations to section 101(b)(1) of Part B of the Social Services Amendments of 1974 (88 Stat. 2358).

After consideration of all written comments received, the proposed regulation is adopted as herein revised. The only revision makes clear in § 301.6305-1(c)(1) that the regulation does not prohibit collection by the Internal Revenue Service of normal and reasonable costs incurred in the collection of certified amounts of delinquent court ordered child support payments. Most of the written comments were primarily concerned with the provisions of section 6305 of the Code and only secondarily with the proposed regulations.

The regulation will affect individuals only when an amount of overdue, judicially determined child support payments has been certified by the Department of Health, Education, and Welfare for collection by the Internal Revenue Service. The regulation states that the district director will be responsible for collection of a certified amount in the same manner and with the same powers exercised in the collection of an employment tax when collection would be jeopardized by delay, subject to the exceptions and restrictions specified in the regulation. Additionally, the regulation contemplates the establishment of a new revolving fund in the Department of the Treasury into which collected certified amounts are deposited from the general fund of the United States and from which withdrawals are made by the Department of Health, Education, and Welfare. The effectiveness of this regulation will be evaluated upon the basis of comments received from the public and the various offices of the Internal Revenue Service responsible for administration of the regulation and collection of certified amounts of overdue child support payments.

DRAFTING INFORMATION

The principal author of this regulation is Stephen J. Small of the Legislation and Regulations Division, Office of the Chief Counsel, Internal Revenue Service, 1111 Constitution Avenue, N.W., Washington, D.C. However, personnel from other offices of the Internal Revenue Service and the Treasury Department participated in

developing the regulation, both on matters of substance and style.

ADOPTION OF AMENDMENTS TO THE REGULATIONS

Accordingly, the amendments to the Regulations on Procedure and Administration (26 CFR Part 301), as proposed, are hereby adopted, subject to the revision of paragraph (c)(1) of § 301.6305-1 which is changed to read as follows:

§ 301.6305-1   *Assessment and collection of certain liability.*

*   *   *   *   *

(c) *Additional limitations and conditions*—(1) *Interest and penalties.* No interest, penalties, or additional amounts, other than normal and reasonable collection costs, may be assessed or collected in addition to the certified amount, other than the penalty imposed by section 6332 (c) (2) for failure to surrender property subject to levy and the penalty imposed by section 6657 for the tender of bad checks. Any such penalties and collection costs, if collected, will not be treated as part of the certified amount and will be retained by the United States as part of its general fund. No interest shall be allowed or paid on any overpayment of a certified amount.

*   *   *   *   *

This Treasury decision is issued under the authority contained in section 7805 of the Internal Revenue Code of 1954 (68A Stat. 917; 26 U.S.C. 7805).

JEROME KURTZ,
*Commissioner of Internal Revenue.*

Approved: December 4, 1978.

DONALD C. LUBICK,
*Assistant Secretary of the Treasury.*

§ 301.6305-1   *Assessment and collection of certain liability.*

(a) *Scope.* Section 6305(a) requires the Secretary of the Treasury or his delegate to assess and collect amounts which have been certified by the Secretary of Health, Education, and Welfare as representing delinquent court ordered child support obligations of an individual. These amounts are to be collected in the same manner and with the same powers exercised by the Secretary of the Treasury or his delegate in the collection of an employment tax which would be jeopardized by delay. However, where the assessment is the first assessment against an individual for a delinquent amount of court ordered support for a particular individual or individuals, the collection is to be stayed for a period of 60 days following notice and demand. In addition, no interest or penalties (with the exception of the penalties imposed by sections 6332(c)(2) and 6657) shall be

Attachment A - page 21 of 21