Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**

*Plaintiff*

v.

**Donald Louis Hymes**

*Defendant*

**4:02-cr-00019**

**Judicial Notice**

Comes now Donald Louis Hymes ("Hymes") with this Judicial Notice.

Judge Ralph R. Beistline ("Beistline") and Assistant U.S. Attorney Stephen Cooper ("Cooper"), in concert, in the District Court of the United States, have ***abused their discretion*** in this instant Case on each of the following with an ORDER to "file" a Form 1040 with OMB 1545-0074. That is *contrary to law*, to wit:

    1. District court ***does not apply the correct law*** or ***rests its decision on a clearly erroneous finding of a material fact***. See *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

    2. ***District court rules in an irrational manner***. See *Chang v. United States*, 327 F.3d 911, 925 (9th Cir. 2003).

    3. District court ***makes an error of law***. See *Koon v. United States*, 518 U.S. 81, 100 (1996); *United States v. Martin*, 278 F.3d 988,1001 (9th Cir. 2002) (applying *Koon*). Thus, the court abuses its discretion by ***erroneously interpreting a law***, *United States v. Beltran-Gutierrez*, 19 F.3d 1287, 1289 (9th Cir. 1994), or ***by resting its decision on an inaccurate view of the law***, *Richard S. v. Dept of Developmental Servs.*, 317 F.3d 1080, 1085-86 (9th Cir. 2003).

    4. ***Record contains no evidence to support district court's decision***. See *Oregon Natural Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995).

In the adjudged decision of *Klamath-Siskiyou Wildands Center v. Medford District of the bureau of Land Management*, 400 F.Supp.2d 1234, 1236 (USDC D.Ore 2005) citing the 9th Circuit, to wit:

> When a party objects to any portion of the Magistrate's Findings and Recommendation, the *district court must make a de novo determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B)*; McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir.1981), cert. denied,455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982). *[Emphasis added]*

Magistrate Hall ("Hall"), Beistline, Cooper and the IRS, each individually, have to date refused to provide any law, any regulation and any publication in the Federal Register to Hymes, who has repeatedly demanded, requested and pleaded to disclose to him wherein the duty lies for him to file a Form 1040 with OMB 1545-0074.

Congress mandates in 26 U.S.C. § 6011(a) " (a) General rule.--When *required by regulations prescribed by the Secretary* any person *made liable for any tax imposed by this title*, or *with respect to the collection* thereof, *shall make a return or statement according to the forms and regulations prescribed by the Secretary.*"

The two types of regulations being Part 301 (federal employees) and Part 1 (substantive regulations for private and public) published in the Federal Register in 67 FR 69673-69688 (2002), specifically at 67 FR 69675 in part 601 (Statement of Procedural Rules) under the statutory authority of *5 U.S.C. § 301* (federal employees) and *5 U.S.C. § 552* (private parties and the public). **Group 1 is *specifically only*** for federal employees and state employees piggybacked on the Federal Income Tax being *Part 301* (Administrative and Procedural Rules) specially under the statutory authority of 5 U.S.C. § 301 with the conclusive and legal evidence published in the Federal Register *Department of Justice* Final Rule excerpt being **Attachment A** 59 FR 39910 – 59 FR 39915 specially *at 39915* center column directly identified the holding in *Chrysler v.*

*Brown*, 441 U.S. 281 (1979) "housekeeping statute", i.e. part 301 regulations were under specifically under the statutory authority of 5 U.S.C. § 301 (federal employees).

The requirement for the filing for federal employees and state employees (part 301 regulation) is published in the Federal Register December 20, 1978 in 43 FR 59361-59376 *at 59371* for 26 CFR § ***301***.6361-1(b). Hymes is not a federal or state employee.

The requirement to file an Federal Individual Income Tax Form for ***part 1*** is published in the Federal Register November 10, 1970 as 35 FR 17329-17331 for a "citizen of the United States", "resident of the United States" or "alien bona fide resident of Puerto Rico" or other possessions were added by 73 FR 19350-19377 on April 9, 2008. Hymes is not a "citizen of the United States", as created as a fiction in law for the Negroes in 14 Stat. 27 memorialized in the 14th Amendment as codified today at 42 U.S.C. §§ 1981, 1982 & 1988 (Revised Statutes 1978 Title XXIV) to have the same rights as "enjoyed by white citizens." Hymes is a white citizen.

Published in the Federal Register for the federal and piggybacked state employees December 20, 1978 in 43 FR 59361-59376 *at 59372* for 301. 6362-7 "[T]axes imposed on the income of individuals by chapter 1 and on the wages of individuals by chapter 24"

26 U.S.C. Chapter 24 on ***Wages*** consists of six code sections being 26 U.S.C. §§§§§§ 3401, 3402, 3403, 3404, 3405 and 3406 ("26 U.S.C. Chapter 24"). 26 U.S.C. ***Chapter 24 has no part 301*** (**Group 1**) regulations (301.3401, 301.3402, 301.3403, 301.3404, 301.3405 or 301.3406) and ***has no part 1*** (**Group 2**) regulations (1.3401, 1.3402, 1.3403, 1.3404, 1.3405 or 1.3406). But in the substantive regulations table published under the enforcement Code of 26 U.S.C. § 7805 at C.F.R. T. 26, Ch. I, Subch. A, Pt. 1 there is a restricted statutory Authority of 26 U.S.C. § 3401(a)(6) "(6) for such

services, performed by a *nonresident alien individual*, as may be *designated by regulations* prescribed by the Secretary; or" for nine (9) part 1 regulations for Individual Income Taxes being strictly for *nonresident alien individuals and foreign corporations* (Hymes is not a Nonresident alien or foreign corporation), to wit:

1. 26 CFR § 1.1441-2 – Authority of 26 U.S.C. § 1441(c)(4) - Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,
2. 26 CFR § 1441-3 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6) and 26 U.S.C. § 7701(1) "(1) Person.--The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation."; and,
3. 26 CFR § 1.1441-4 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,
4. 26 CFR § 1441-5 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6) and 26 U.S.C. § 7701(b)(11) "(11) **Secretary of the Treasury and Secretary.–** (A) Secretary of the Treasury.--The term "Secretary of the Treasury" means the Secretary of the Treasury, personally, and shall not include any delegate of his. **(B) Secretary.--** The term "Secretary" means the Secretary of the Treasury or his delegate."; and,
5. 26 CFR § 1.441-6 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,
6. 26 CFR § 1.1441-7 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6) and 26 U.S.C. § 7701(1) "(1) Person.--The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation."; and,
7. 26 CFR § 1.1461-1 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,
8. 26 CFR § 1.1461-2 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,
9. 26 CFR § 1.1462-1 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6).

Therefore, Hall, Beistline and Cooper are coercing Hymes, by extensive additional incarceration, to file a Form 1040 under OMB 1545-0074 by contumaciously violating Hymes' constitutionally secured rights, refusing to put on the record what law, regulation and published Federal Register creates the duty for Hymes to file an Individual Income Tax Form. And further, said coercing is *contrary to law* and unconstitutional.

For Hymes to be coerced into signing a Form 1040 under OMB 1545-0074 undermines Case 08-35495 in the Circuit Court of the United States for the 9th Circuit. In

reality, Beistline has usurped the Appellant Jurisdiction of the 9th Circuit as the decision therein directly affects this current case.

And further, with all the pleadings and legal evidence submitted to date by Hymes, which to date have all been ignored by Hall, Beistline and Cooper operating in unison, there should be an evidentiary in front of Beistline wherein the specific duty of law, regulation and a published Federal Register has application to Hymes.

And further, Hymes objects to Hall's recommendation, specifically devoid of any law, regulation or Federal Register publication identifying any duty to file by Hymes.

And further, Hymes submits one Form 1040, **Attachment B**, signed and will sign others as mandated, but Hymes cannot fill in any other part of the Form 1040 as Hymes would be committing misdemeanors and felonies, and will defer to Cooper and Beistline to complete the Form 1040 as they see fit.

My Hand,

*[signature]*

**Certification**
This document has been mailed first class or personally delivered to the following parties, to wit:

Stephen Cooper
Assistant US Attorney
Fed. Building and US Courthouse
101 12th Avenue
Fairbanks, Alaska 99701

and by e-mail to

M.J. Haden
Federal Public Defender's Agency
mj_haden@fd.org

Date: July14, 2008

Rita MarNa Hymes
*[signature]*

**Judicial Notice**                Page 5 of 5