NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:02-cr-00019-RRB-TWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PLAINTIFF'S SUPPLEMENTAL** |
| ) | **DISPOSITIONAL STATEMENT** |
| DONALD L. HYMES ) | **UPON REVOCATION OF** |
| ) | **SUPERVISED RELEASE** |
| Defendant. ) | |
| ) | |

As ordered, plaintiff, the United States of America, offers the following:

At the close of last week's hearing, plaintiff suggested placing defendant in the halfway house rather than prison, due solely to his medical condition. Plaintiff has since had an opportunity to check the veracity of what defendant reported. He contends that any imprisonment would injure his health, as he received substandard

treatment from an unqualified physician while he was at the Federal Medical Center at Rochester serving his sentence.

FMC Rochester has provided several enlightening facts that refute defendant's allegations and show that a sentence of imprisonment would not be injurious and probably would be beneficial to defendant. Plaintiff offers to prove the following by telephonic testimony if that is desired or necessary:

1. Defendant's medical records would shed light on his allegations, but they are in BOP Archives in Seattle and cannot be accessed before this hearing. His Transfer Summary from Rochester is available, and is lodged in court separately.

2. Defendant was at Rochester only from August 23, 2003, until September 16, 2004. He then transferred to FCI Sheridan because he was sufficiently recovered; he would not have been transferred if he had issues requiring further care or treatment.

3. FMC Rochester does not hire physicians without qualifying credentials. Rochester participates in the National Practitioner Databank; its physicians must maintain their licenses; they are supervised by the Clinical Director; all care is monitored by a quality control manager.

4. FMC Rochester is a qualified medical facility providing medical care that is fully consistent with community standards.

5. FMC Rochester has been certified by the same body that certifies all hospitals nationwide, i.e., the Joint Commission on the Accreditation of Hospital Organizations.

6. FMC Rochester is only one out of seven (7) Federal Medical Centers in the Bureau of Prisons, all of which meet the same standards as Rochester.

7. FMC Rochester treats in-house only the general family-practice type of complaints. All other problems requiring specialized care or treatment are referred out on contract to the Mayo Clinic located there in Rochester.

8. For its approximately 300 prisoners needing medical care, FMC Rochester makes annually about 3000 referrals to the Mayo Clinic, an average of 10 referrals per year to the Mayo Clinic for every medical prisoner at FMC Rochester. Defendant was among those referred to the Mayo Clinic on occasion (see Transfer Summary).

In light of these facts, it would be a mistake to refuse to consider a prison sentence only because of defendant's representations about substandard care or care-givers in the prison system. Rather, the sentence should be determined based on the factors set forth in 18 U.S.C. § 3553(a), as with any other defendant:

(1) the nature of the offense is a serious long-continued deliberate fraud scheme against the United States, resulting in defendant's substantial gain of stolen public

money; his current violations of supervised release consist of stone-walling both the Court and the IRS, and blanket refusal to comply with court-imposed conditions;

(2) the history and characteristics of the defendant: he refused, and still refuses, to accept responsibility for anything including his original fraud scheme and his present obstruction of the Court's lawful conditions of supervised release;

(3) there is a need to protect the public from defendant's further crimes in violating the tax laws (see plaintiff's reply to doc. #251) and this Court's orders; and to promote respect for the law; and to reflect the seriousness of both the original crime of fraud and the continuing violations of the remedial provisions of the sentence; as well as the need to enter a sentence that provides a just punishment;

(4) the guideline range, or rather (5) the policy statement, is 3 to 9 months;

(6) unwarranted sentencing disparities for such violators should be avoided;

(7) significant restitution has already been ordered and is unsatisfied.

Applying these factors, defendant's deliberate violations cannot be ignored without doing violence to the public interest, regardless of whether or not the defendant himself ever agrees or is rehabilitated.

The Court should revoke supervised release, and impose 6 months in prison followed by 3 years' supervised release on condition that he serve 6 months in the

halfway house, and on all the other conditions in the original judgment except that the 60-day provision in Condition #1 should be modified to state "within 30 days from the date of release from prison"; and that Condition #3 should be modified to state: "Defendant shall file accurate income tax returns for the applicable years assessed by the IRS and for all subsequent years through 2007 within 30 days from the date of release from prison"; provided that as soon as defendant has filed all tax returns and is cooperating with IRS as required, any unserved portion of the 6 months' halfway house time shall be suspended.

RESPECTFULLY SUBMITTED this 16th day of July, 2008, in Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

s/ Stephen Cooper
STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
stephen.cooper@usdoj.gov

**CERTIFICATE**
I certify that a true and correct copy of the foregoing is being sent to the following counsel of record on the filing date hereof, via court's electronic filing notice:
M. J. Haden, Anchorage, Alaska
 /s/ Stephen Cooper            , Office of the United States Attorney