NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:02-cr-00019-RRB-TWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPLY TO "JUDICIAL** |
| | ) | **NOTICE" DOC. #251** |
| DONALD L. HYMES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff replies herein to defendant's "Judicial Notice" filed Monday, July 14, 2008, as Document # 251.


Defendant has repeatedly asserted to this Court that he would file all required tax returns "in a heartbeat" if someone would only show him what law imposes that

duty upon him.

This is essentially the assertion he made at the evidentiary hearing.  There he said that we had not proved that he had met the minimum amount of income for each of the years - subsequent to the assessed years - to be required to file.  The United States responded with testimony showing his income met and exceeded the minimum amount in each of the said years.  A chart of those amounts showing defendant's filing requirement was set out and placed on the record.  It is located at page 7 of Document #217, filed May 6, 2008, entitled Plaintiff's Evidentiary Hearing Brief Re Petition to Revoke Supervised Release.

Further, that same brief does what defendant is now repeatedly asserting that no one has yet done: it states what law requires him to file:

> The filing requirement arises when defendant's income exceeds the amount of his personal exemption if married filing separately (26 U.S.C. § 6012(a)(1)(A)), or when the combined income of defendant and his wife exceeds their personal exemptions and the standard deduction if filing jointly (26 U.S.C. § 6012(a)(1)(A)(iv)), as those amounts are stated in Publication 17 (Your Federal Income Tax, relevant portions of which have been provided to the defense).  Publication 17 is available on the IRS' Forms & Publications website (http://www.irs.ustreas.gov/formspubs).  The filing requirement amount also varies depending on the defendant's age (here, over 65).

In short, if filing separately, the filing requirement arose at a minimum income of $3,050 to $3,300 in the years 2003 - 2006, and defendant's IRP-reported income was well over the filing requirement for all four of those years.  If filing jointly, the filing requirement arose at a minimum joint income of $16,550 to $17,900 in the years 2003 - 2006, and the IRP-reported income for defendant alone in 2003 and 2006, and the combination of his and his wife's income for 2005, were well over the filing requirement for those years.   The data are summarized in chart form as follows:

| Filing Status (Over 65 & Married) | Tax Year | Filing Requirement Amount | IRP Income (Donald Hymes) | Required To File |
|---|---|---|---|---|
| Separate Return | 2003 | $3,050 | $17,272 | YES |
| "          " | 2004 | 3,100 | 6,941 | YES |
| "          " | 2005 | 3,200 | 15,775 | YES |
| "          " | 2006 | 3,300 | 21,227 | YES |

| Filing Status (One Over 65 & Married) | Tax Year | Filing Requirement Amount | IRP Income (Donald/Rita)[1] | Required To File |
|---|---|---|---|---|
| Joint Return | 2003 | $16,550 | $17,272 (D) | YES |
|  |  |  | [Not Authorized]  (R) |  |
| "          " | 2004 | 16,850 | 6,941 (D) | NO |

---

[1] As of the time of this writing, the defendant's spouse, Rita M. Hymes, has not authorized the disclosure of her confidential tax information to either the court or the parties in this case.  Her certified IRP information was included in determining the defendant's requirements to file for 2004 and 2005.  Mrs. Hymes' income did not affect the defendant's requirements to file for 2003 or 2006 because his income alone exceeded the minimum legal filing amount for both 'married filing separate' and 'married filing joint.'

U.S. v Hymes
4:02-cr-00019-RRB

|     |     |      |        | [Not Authorized] (R) |     |
|-----|-----|------|--------|----------------------|-----|
| "   | "   | 2005 | 17,400 | 15,775 (D)           | YES |
|     |     |      |        | [Not Authorized] (R) |     |
| "   | "   | 2006 | 17,900 | 21,227 (D)           | YES |
|     |     |      |        | [Not Authorized] (R) |     |

There ends the quote from the May 6 Brief, doc. #217.

Defendant demands that a regulation also be furnished, notwithstanding the fact that the statutes just cited are of higher authority than the regulations.

The applicable regulations, not surprisingly, are those that correspond to the cited statutes, namely, 26 C.F.R. § 1.6011-1 and § 1.6012-1:

**Treasury Regulation § 1.6011-1 General requirement of return, statement, or list.**

**(a) General rule.** Every person subject to any tax, or required to collect any tax, under Subtitle A of the Code, shall make such returns or statements as are required by the regulations in this chapter. The return or statement shall include therein the information required by the applicable regulations or forms.

**(b) Use of prescribed forms.** Copies of the prescribed return forms will so far as possible be furnished taxpayers by district directors. A taxpayer will not be excused from making a return, however, by the fact that no return form has been furnished to him. Taxpayers not supplied with the proper forms should make application therefor to the district director in ample time to have their returns prepared, verified, and filed on or before the due date with the internal revenue office where such returns are required to be filed. Each taxpayer should carefully prepare his return and set forth fully and clearly the information required to be included therein. Returns which have

not been so prepared will not be accepted as meeting the requirements of the Code. In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return, provided that without unnecessary delay such a tentative return is supplemented by a return made on the proper form.

Many of the subsections and exceptions of 26 C.F.R. 1.6012-1 do not apply, but the regulation is set forth in full:

**Treasury Regulation § 1.6012-1 Individuals required to make returns of income.**

**(a) Individual citizen or resident--(1) In general.** Except as provided in subparagraph (2) of this paragraph, an income tax return must be filed by every individual for each taxable year beginning before January 1, 1973, during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he receives $750 or more of gross income, if such individual is:

**(i)** A citizen of the United States, whether residing at home or abroad,

**(ii)** A resident of the United States even though not a citizen thereof, or

**(iii)** An alien bona fide resident of Puerto Rico or any section 931 possession, as defined in § 1.931-1(c)(1), during the entire taxable year.

**(2) Special rules. (i)** For taxable years beginning before January 1, 1970, an individual who is described in subparagraph (1) of this paragraph and who has attained the age of 65 before the close of his taxable year must file an income tax return only if he receives $1,200 or more of gross income during his taxable year.

**(ii)** For taxable years beginning after December 31, 1969, and before January 1, 1973, an individual described in subparagraph (1) of this paragraph (other than an individual referred to in section 142(b)):

(a) Who is not married (as determined by applying section 143(a) and the regulations thereunder) must file an income tax return only if he receives $1,700 or more of gross income during his taxable year, except that if such an individual has attained the age of 65 before the close of his taxable year an income tax return must be filed by such individual only if he receives $2,300 or more of gross income during his taxable year.

(b) Who is entitled to make a joint return under section 6013 and the regulations thereunder must file an income tax return only if his gross income received during his taxable year, when combined with the gross income of his spouse received during his taxable year, is $2,300 or more. However, if such individual or his spouse has attained the age of 65 before the close of the taxable year an income tax return must be filed by such individual only if their combined gross income is $2,900 or more. If both the individual and his spouse have attained the age of 65 before the close of the taxable year such return must be filed only if their combined gross income is $3,500 or more. However, this subdivision (ii)(b) shall not apply if the individual and his spouse did not have the same household as their home at the close of their taxable year, if such spouse files a separate return for a taxable year which includes any part of such individual's taxable year, or if any other taxpayer is entitled to an exemption for such individual or his spouse under section 151(e) for such other taxpayer's taxable year beginning in the calendar year in which such individual's taxable year begins. For example, a married student more than half of whose support is furnished by his father must file an income tax return if he receives $600 or more of gross income during his taxable year.

**(iii)** For taxable years beginning after December 31, 1972, an individual described in subparagraph (1) of this paragraph (other than an individual referred to in section 142(b)):

(a) Who is not married (as determined by applying section 143(a) and the regulations thereunder) must file an income tax return only if he receives $1,750 or more of gross income during his taxable year, except that if such an individual has attained the age of 65 before the close of his taxable year

an income tax return must be filed by such individual only if he receives $2,500 or more of gross income during his taxable year.

(b) Who is entitled to make a joint return under section 6013 and the regulations thereunder must file an income tax return only if his gross income received during his taxable year, when combined with the gross income of his spouse received during his taxable year, is $2,500 or more. However, if such individual or his spouse has attained the age of 65 before the close of the taxable year an income tax return must be filed by such individual only if their combined gross income is $3,250 or more. If both the individual and his spouse attain the age of 65 before the close of the taxable year such return must be filed only if their combined gross income is $4,000 or more. However, this subdivision (iii)(b) shall not apply if the individual and his spouse did not have the same household as their home at the close of their taxable year, if such spouse files a separate return for a taxable year which includes any part of such individual's taxable year, or if any other taxpayer is entitled to an exemption for the taxpayer or his spouse under section 151(e) for such other taxpayer's taxable year beginning in the calendar year in which such individual's taxable year begins. For example, a married student more than half of whose support is furnished by his father must file an income tax return if he receives $750 or more of gross income during the taxable year.

**(iv)** For purposes of section 6012(a)(1)(A)(ii) and subdivisions (ii)(b) and (iii)(b) of this subparagraph, an individual and his spouse are considered to have the same household as their home at the close of a taxable year if the same household constituted the principal place of abode of both the individual and his spouse at the close of such taxable year (or on the date of death, if the individual or his spouse died within the taxable year). The individual and his spouse will be considered to have the same household as their home at the close of the taxable year notwithstanding a temporary absence from the household due to special circumstances, as, for example, in the case of a nonpermanent failure on the part of the individual and his spouse to have a common abode by reason of illness, education, business, vacation, or military service. For example, A, a calendar-year individual under 65 years of age, is married to B, also under 65 years of age, and is a member of the Armed Forces of the United States. During 1970 A is transferred to an overseas base. A and B give up their home, which they had jointly occupied until that time; B moves to the home of her parents for the duration of A's absence. They fully intend to set up a new joint household

upon A's return. Neither A nor B must file a return for 1970 if their combined gross income for the year is less than $2,300 and if no other taxpayer is entitled to a dependency exemption for A or B under section 151(e).

**(v)** In the case of a short taxable year referred to in section 443(a)(1), an individual described in subparagraph (1) of this paragraph shall file an income tax return if his gross income received during such short taxable year equals or exceeds his own personal exemption allowed by section 151(b) (prorated as provided in section 443(c)) and, when applicable, his additional exemption for age 65 or more allowed by section 151(c)(1) (prorated as provided in section 443(c)).

**(vi)** For rules relating to returns required to be made by every individual who is liable for one or more qualified State individual income taxes, as defined in section 6362, for a taxable year, see paragraph (b) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

**(vii)** For taxable years beginning after December 31, 1978, an individual who receives payments during the calendar year in which the taxable year begins under section 3507 (relating to advance payment of earned income credit) must file an income tax return.

**(3) Earned income from without the United States and gain from sale of residence.** For the purpose of determining whether an income tax return must be filed for any taxable year beginning after December 31, 1957, gross income shall be computed without regard to the exclusion provided for in section 911 (relating to earned income from sources without the United States). For the purpose of determining whether an income tax return must be filed for any taxable year ending after December 31, 1963, gross income shall be computed without regard to the exclusion provided for in section 121 (relating to sale of residence by individual who has attained age 65). In the case of an individual claiming an exclusion under section 121, he shall attach Form 2119 to the return required under this paragraph and in the case of an individual claiming an exclusion under section 911, he shall attach Form 2555 to the return required under this paragraph.

**(4) Return of income of minor.** A minor is subject to the same requirements and elections for making returns of income as are other individuals. Thus, for example, for a taxable year beginning after December 31, 1972, a return must be made by or for a minor who has an aggregate of

$1,750 of gross income from funds held in trust for him and from his personal services, regardless of the amount of his taxable income. The return of a minor must be made by the minor himself or must be made for him by his guardian or other person charged with the care of the minor's person or property. See paragraph (b)(3) of § 1.6012-3. See § 1.73-1 for inclusion in the minor's gross income of amounts received for his personal services. For the amount of tax which is considered to have been properly assessed against the parent, if not paid by the child, see section 6201(c) and paragraph (c) of § 301.6201-1 of this chapter (Regulations on Procedure and Administration).

**(5) Returns made by agents.** The return of income may be made by an agent if, by reason of disease or injury, the person liable for the making of the return is unable to make it. The return may also be made by an agent if the taxpayer is unable to make the return by reason of continuous absence from the United States (including Puerto Rico as if a part of the United States) for a period of at least 60 days prior to the date prescribed by law for making the return. In addition, a return may be made by an agent if the taxpayer requests permission, in writing, of the district director for the internal revenue district in which is located the legal residence or principal place of business of the person liable for the making of the return, and such district director determines that good cause exists for permitting the return to be so made. However, assistance in the preparation of the return may be rendered under any circumstances. Whenever a return is made by an agent it must be accompanied by a power of attorney (or copy thereof) authorizing him to represent his principal in making, executing, or filing the return. A form 2848, when properly completed, is sufficient. In addition, where one spouse is physically unable by reason of disease or injury to sign a joint return, the other spouse may, with the oral consent of the one who is incapacitated, sign the incapacitated spouse's name in the proper place on the return followed by the words "By _____ Husband (or Wife)," and by the signature of the signing spouse in his own right, provided that a dated statement signed by the spouse who is signing the return is attached to and made a part of the return stating:

**(i)** The name of the return being filed,

**(ii)** The taxable year,

**(iii)** The reason for the inability of the spouse who is incapacitated to sign the return, and

**(iv)** That the spouse who is incapacitated consented to the signing of the return.

The taxpayer and his agent, if any, are responsible for the return as made and incur liability for the penalties provided for erroneous, false, or fraudulent returns.

**(6) Form of return.** Form 1040 is prescribed for general use in making the return required under this paragraph. Form 1040A is an optional short form which, in accordance with paragraph (a)(7) of this section, may be used by certain taxpayers. A taxpayer otherwise entitled to use Form 1040A as his return for any taxable year may not make his return on such form if he elects not to take the standard deduction provided in section 141, and in such case he must make his return on Form 1040. For taxable years beginning before January 1, 1970, a taxpayer entitled under section 6014 and § 1.6014-1 to elect not to show his tax on his return must, if he desires to exercise such election, make his return on Form 1040A. Form 1040W is an optional short form which, in accordance with paragraph (a)(8) of this section, may be used only with respect to taxable years beginning after December 31, 1958, and ending before December 31, 1961.

**(7)(i) Use of Form 1040A.** Form 1040A may be filed only by those individuals entitled to use such form as provided by and in accordance with the instructions for such form.

**(ii) Computation and payment of tax.** Unless a taxpayer is entitled to elect under section 6014 and § 1.6014-1 not to show the tax on Form 1040A and does so elect, he shall compute and show on his return on Form 1040A the amount of the tax imposed by subtitle A of the Code and shall, without notice and demand therefor, pay any unpaid balance of such tax not later than the date fixed for filing the return.

**(iii) Change of election to use Form 1040A.** A taxpayer who has elected to make his return on Form 1040A may change such election. Such change of election shall be within the time and subject to the conditions prescribed in section 144(b) and § 1.144-2 relating to change of election to take, or not to take the standard deduction.

**(8) Use of Form 1040W for certain taxable years--(i) In general.** An individual may use Form 1040W as his return for any taxable year beginning after December 31, 1958, and ending before December 31, 1961, in which the gross income of the individual, regardless of the amount thereof:

(a) Consists entirely of remuneration for personal services performed as an employee (whether or not such remuneration constitutes wages as defined in section 3401(a)), dividends, or interest, and

(b) Does not include more than $200 from dividends and interest.

For purposes of determining whether gross income from dividends and interest exceeds $200, dividends from domestic corporations are taken into account to the extent that they are includible in gross income. For purposes of this subparagraph, any reference to Form 1040 in §§ 1.4-2, 1.142-1, and 1.144-1 and this section shall also be deemed a reference to Form 1040W.

**(ii) Change of election to use Form 1040W.** A taxpayer who has elected to make his return on Form 1040W may change such election. Such change of election shall be within the time and subject to the conditions prescribed in section 144(b) and § 1.144-2, relating to change of election to take, or not to take, the standard deduction.

**(iii) Joint return of husband and wife on Form 1040W.** A husband and wife, eligible under section 6013 and the regulations thereunder to file a joint return for the taxable year, may, subject to the provisions of this subparagraph, make a joint return on Form 1040W for any taxable year beginning after December 31, 1958, and ending before December 31, 1961, in which the aggregate gross income of the spouses (regardless of amount) consists entirely of remuneration for personal services performed as an employee (whether or not such remuneration constitutes wages as defined in section 3401(a)), dividends, or interest, and does not include more than $200 from dividends and interest. For purposes of determining whether gross income from sources to which the $200 limitation applies exceeds such amount in cases where both spouses receive dividends from domestic corporations, the amount of such dividends received by each spouse is taken into account to the extent that such dividends are includible in gross income. See section 116 and §§ 1.116-1 and 1.116-2. If a joint return is made by husband and wife on Form 1040W, the liability for the tax shall be joint and several.

**(9) Items of tax preference.** For a taxable year ending after December 31, 1969, an individual shall attach Form 4625 to the return required by this paragraph if during the year the individual:

**(i)** Has items of tax preference (described in section 57) in excess of its minimum tax exemption (determined under § 1.58-1) or

**(ii)** Uses a net operating loss carryover from a prior taxable year in which it deferred minimum tax under section 56(b).

**(b) Return of nonresident alien individual--(1) Requirement of return--(i) In general.** Except as otherwise provided in subparagraph (2) of this paragraph, every nonresident alien individual (other than one treated as a resident under section 6013(g) or (h)) who is engaged in trade or business in the United States at any time during the taxable year or who has income which is subject to taxation under subtitle A of the Code shall make a return on Form 1040NR. For this purpose it is immaterial that the gross income for the taxable year is less than the minimum amount specified in section 6012(a) for making a return. Thus, a nonresident alien individual who is engaged in a trade or business in the United States at any time during the taxable year is required to file a return on Form 1040 NR even though (a) he has no income which is effectively connected with the conduct of a trade or business in the United States, (b) he has no income from sources within the United States, or (c) his income is exempt from income tax by reason of an income tax convention or any section of the Code. However, if the nonresident alien individual has no gross income for the taxable year, he is not required to complete the return schedules but must attach a statement to the return indicating the nature of any exclusions claimed and the amount of such exclusions to the extent such amounts are readily determinable.

**(ii) Treaty income.** If the gross income of a nonresident alien individual includes treaty income, as defined in paragraph (b)(1) of § 1.871-12, a statement shall be attached to the return on Form 1040NR showing with respect to that income:

(a) The amounts of tax withheld,

(b) The names and post office addresses of withholding agents, and

(c) Such other information as may be required by the return form, or by the instructions issued with respect to the form, to show the taxpayer's entitlement to the reduced rate of tax under the tax convention.

**(2) Exceptions--(i) Return not required when tax is fully paid at source.** A nonresident alien individual (other than one treated as a resident under section 6013(g) or (h)) who at no time during the taxable year is engaged in a trade or business in the United States is not required to make a return for the taxable year if his tax liability for the taxable year is fully satisfied by the withholding of tax at source under chapter 3 of the Code. This subdivision does not apply to a nonresident alien individual who has income for the taxable year which is treated under section 871(c) or (d) and § 1.871-9 (relating to students or trainees) or § 1.871-10 (relating to real property income) as income which is effectively connected for the taxable year with the conduct of a trade or business in the United States by that individual, or to a nonresident alien individual making a claim under § 301.6402-3 of this chapter (Procedure and Administration Regulations) for the refund of an overpayment of tax for the taxable year. In addition, this subdivision does not apply to a nonresident alien individual who has income for the taxable year that is treated under section 871(b)(1) as effectively connected with the conduct of a trade or business within the United States by reason of the operation of section 897. For purposes of this subdivision, some of the items of income from sources within the United States upon which the tax liability will not have been fully satisfied by the withholding of tax at source under chapter 3 of the Code are:

(a) Interest upon so-called tax-free covenant bonds upon which, in accordance with section 1451 and § 1.1451-1, a tax of only 2 percent is required to be withheld at the source,

(b) In the case of bonds or other evidences of indebtedness issued after September 28, 1965, amounts described in section 871(a)(1)(C),

(c) Capital gains described in section 871(a)(2) and paragraph (d) of § 1.871-7, and

(d) Accrued interest received in connection with the sale of bonds between interest dates, which, in accordance with paragraph (h) of § 1.1441-4, is not subject to withholding of tax at the source.

**(ii) Return of individual for taxable year of change of U.S. citizenship or residence--**(a) If an alien individual becomes a citizen or resident of the United States during the taxable year and is a citizen or resident of the United States on the last day of such year, he must make a return on Form 1040 for the taxable year. However, a separate schedule is required to be attached to this return to show the income tax computation for the part of the taxable year during which the alien was neither a citizen nor resident of the United States, unless an election under section 6013(g) or (h) is in effect for the alien. A Form 1040NR, clearly marked "Statement" across the top, may be used as such a separate schedule.

(b) If an individual abandons his U.S. citizenship or residence during the taxable year and is not a citizen or resident of the United States on the last day of such year, he must make a return on Form 1040NR for the taxable year, even if an election under section 6013(g) was in effect for the taxable year preceding the year of abandonment. However, a separate schedule is required to be attached to this return to show the income tax computation for the part of the taxable year during which the individual was a citizen or resident of the United States. A Form 1040, clearly marked "Statement" across the top, may be used as such a separate schedule.

(c) A return is required under this subdivision (ii) only if the individual is otherwise required to make a return for the taxable year.

**(iii) Beneficiaries of estates or trusts.** A nonresident alien individual who is a beneficiary of an estate or trust which is engaged in trade or business in the United States is not required to make a return for the taxable year merely because he is deemed to be engaged in trade or business within the United States under section 875(2). However, such nonresident alien beneficiary will be required to make a return if he otherwise satisfies the conditions of subparagraph (1)(i) of this paragraph for making a return.

**(iv) Certain alien residents of Puerto Rico.** This paragraph does not apply to a nonresident alien individual who is a bona fide resident of Puerto Rico during the taxable year. See section 876 and paragraph (a)(1)(iii) of this section.

**(3) Representative or agent for nonresident alien individual--(i) Cases where power of attorney is not required.** The responsible representative or agent within the United States of a nonresident alien

individual shall make on behalf of his nonresident alien principal a return of, and shall pay the tax on, all income coming within his control as representative or agent which is subject to the income tax under subtitle A of the Code. The agency appointment will determine how completely the agent is substituted for the principal for tax purposes. Any person who collects interest or dividends on deposited securities of a nonresident alien individual, executes ownership certificates in connection therewith, or sells such securities under special instructions shall not be deemed merely by reason of such acts to be the responsible representative or agent of the nonresident alien individual. If the responsible representative or agent does not have a specific power of attorney from the nonresident alien individual to file a return in his behalf, the return shall be accompanied by a statement to the effect that the representative or agent does not possess specific power of attorney to file a return for such individual but that the return is being filed in accordance with the provisions of this subdivision.

**(ii) Cases where power of attorney is required.** Whenever a return of income of a nonresident alien individual is made by an agent acting under a duly authorized power of attorney for that purpose, the return shall be accompanied by the power of attorney in proper form, or a copy thereof, specifically authorizing him to represent his principal in making, executing, and filing the income tax return. Form 2848 may be used for this purpose. The agent, as well as the taxpayer, may incur liability for the penalties provided for erroneous, false, or fraudulent returns. For the requirements regarding signing of returns, see § 1.6061-1. The rules of paragraph (e) of § 601.504 of this chapter (Statement of Procedural Rules) shall apply under this subparagraph in determining whether a copy of a power of attorney must be certified.

**(iii) Limitation.** A return of income shall be required under this subparagraph only if the nonresident alien individual is otherwise required to make a return in accordance with this paragraph.

**(4) Disallowance of deductions and credits.** For provisions disallowing deductions and credits when a return of income has not been filed by or on behalf of a nonresident alien individual, see section 874(a) and the regulations thereunder.

**(5) Effective date.** This paragraph shall apply for taxable years beginning after December 31, 1966, except that it shall not be applied to require (i)

the filing of a return for any taxable year ending before January 1, 1974, which, pursuant to instructions applicable to the return, is not required to be filed or (ii) the amendment of a return for such a taxable year which, pursuant to such instructions, is required to be filed. For corresponding rules applicable to taxable years beginning before January 1, 1967, see 26 CFR 1.6012- 1(b) (Revised as of January 1, 1967).

**(c) Cross reference.** For returns by fiduciaries for individuals, estates, and trusts, see § 1.6012-3.

Defendant asserts he is not a "citizen of the United States". The 14th Amendment of the Constitution shows this to be untrue:

> All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.

Defendant is also a self-admitted resident of Alaska.

The authority of the IRS to promulgate regulations is derived from 26 U.S.C. § 7805: " . . . [T]he Secretary shall prescribe all needful rules and regulations for the enforcement of this title." That authority is not derived from 5 U.S.C. § 301, which authorizes federal departments to make rules for the operation of their respective departments, and has nothing to do with issuance of the applicable tax regulations.

Defendant is fully informed of his filing requirement, and has been for some time now. He is not confused. He is not left without an answer to his contentions.

He has, and has had, all the information, legal and factual, that he needs in order to know his legal obligations.  With that knowledge and information, he has deliberately violated the lawful conditions to file tax returns in this case.

RESPECTFULLY SUBMITTED this 17th  day of July, 2008, in Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

s/ Stephen Cooper
STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
stephen.cooper@usdoj.gov

**CERTIFICATE**
I certify that a true and correct copy of the foregoing is being sent to the
following counsel of record on the filing date hereof, via court's electronic filing notice:
M. J. Haden, Anchorage, Alaska
/s/ Stephen Cooper         , Office of the United States Attorney