Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA
*Plaintiff*

v.

Donald L. Hymes, personal capacity;
*Defendants*

A05-123-CV(RRB)

## Motion to Vacate Judgment Under 28 USC 2255 and MANDATORY JUDICIAL NOTICE, 28 USC, RULE 201

**Comes now** Donald Louis Hymes ( Hymes) with this Motion

law of necessity, pleading into a territorial  (legislative, but not Article I) court with all previous public record attachments and affidavits incorporated, of which this court shall take judicial Notice, being the United States District Court ("USDC").

And further, giving judicial Notice to Judge Ralph R. Beistline (Beistline) that Hymes has filed his Pleading *only* into a District Court of the United States arising

under Article III of the Federal Constitution in all Cases

in Law and Equity exercising the judicial Power of the

United States under the Authority of the United States being

only a constitutional court.


*"The term "District Courts of the United States," as used in the rules, without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a "District Court of the United States."*

The legitimate territorial court, designated as a United

States District Court, was defined by the Supreme Court in

Balzac v. Porto Rico in 1922:

*"The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court."*

Criminal jurisdiction of the United States, found at 18

U.S.C. § 3231, is vested in "district courts of the United

States", not "United States District Courts", and the

same is true in civil forums in title 28 of the United

States Code.  No Article III or Article I jurisdiction of

2

**the United States is vested in United States District Courts
situated in the Union of several States  are party to the
Constitution. They are not courts created by Congress --
they are private courts created by a judicial consortium**

1.  Hymes lives at 2340 Ravenwood Avenue, Fairbanks,
Alaska.  Hymes is a natural person and an individual.

2.  Hymes appears as a Pro-se individual and is entitled
to the consideration laid down by the United States Supreme
Court:

*"...allegations such as those asserted by petitioner, however in
artfully pleaded, are sufficient to  call for the opportunity
to offer supporting evidence.  We cannot say with assurance
that under the allegations of the pro-se complaint, which we
hold to less stringent standards than the formal pleadings
drafted by lawyers.."* Haines v. Kerner, 404 US 519 (1972).


## I.    PRAYER FOR RELIEF

3.    Hymes requests this Court to grant his Motion to Vacate
Judgment as follows:

a.  The case was filed with the UNITED STATES OF AMERICA
as plaintiff however:

In the adjudged Case of *Senate Select Committee on
Presidential Campaign Activities v. Nixon*, 366 F.Supp. 51,
56 (D.C. D.C. 1973), to wit:

> One of the four statutory bases of jurisdiction cited by plaintiffs is 28 U.S.C. § 1345
> which reads:
> *§ 1345. United States as plaintiff*
> Except as otherwise provided by Act of Congress, the district courts shall have original
> jurisdiction of all civil actions, suits or proceedings *commenced by the United States*, or

*3*

by any agency or officer thereof expressly authorized to sue by Act of Congress.
Plaintiffs have disclaimed any attempt to classify themselves as an "agency or officer"
within the meaning of this section. *Rather they purport to bring suit in the name of the
United States.* Reference, however, to common practice and related statutory provisions
belies the soundness of such a claim. Title 28 U.S.C. § 516, in language similar to that of
§ 1345, *reserves to the Attorney General and Department of Justice authority to litigate
as United States. § 516. Conduct of Litigation reserved to Department of Justice*
Except as otherwise authorized by law, the conduct of litigation in which the United
States, an agency, or officer thereof is a party, or is interested, and securing evidence
therefor, is reserved to officers of the Department of Justice, under the direction of the
Attorney General.

While this section does not require a congressional litigant to be represented by the
Justice Department, it does deny such a *litigant the right to sue as the United States*
when jurisdiction derives from § 1345.

In the adjudged decision of *U.S. v. American Tel. &*

*Tel. Co.*, 551 F.2d 384, 388, 389 (D.C. D.C. 1976):

"The complaint alleges jurisdiction under 28 U.S.C. s 1345,
which gives jurisdiction over suits brought by the United
States. Although this suit was brought in the **name of the United
States** against AT&T, . . ." citing *Nixon, supra.*

In the adjudged decision of *Brooks v. Nez Perce County*,

394 F.Supp. 869, 872 (D.C. Idaho 1975):

"the right to sue, does not alter the fact that this action
was not **'commenced by the United States'** . . ." citing *Nixon,
supra.*

This case clearly and succinctly states in plain

English "**commenced by the <u>United States</u>**" under 28 U.S.C. §

1345 or under 28 U.S.C. § 516 the "reserves to the Attorney

General and **Department of Justice authority to litigate as**

**<u>United States</u>**. § 516." *[Emphasis added]*

jurisdiction of all civil actions, suits or proceedings *commenced by the United
States,* or by any agency or officer thereof expressly authorized to sue by Act of
Congress. *[Emphasis added]*

Even though this is an "Act of Congress" and not a "Law

of the United States", it is indisputable that only "United

States" is a Plaintiff and not "UNITED STATES OF AMERICA" under 28 U.S.C. §§ 516 or 1345.

Therefore, as a *matter of law* this instant Case was not commenced by the "United States" under the statutory authority of Congress of 28 U.S.C. § 1345, which is mandatory, but with a "UNITED STATES OF AMERICA", without any statutory authority of Congress.  The true plaintiff was never disclosed.

FURTHER:

b.    (1) <u>Public Law 80-772</u> which purported to enact Title 18, United States Code, Act of June 25, 1948, Chapter 645, 62 Stat. 683 *et seq.*, and (2) more specifically, Section 3231 thereof, 62 Stat. 826, which purported to confer upon "the district courts of the United States … original jurisdiction of all offenses against the laws of the United States." These legislative Acts violated the Quorum, Bicameral and/or Presentment Clauses mandated respectively by Article I, § 5, Cl. 1, and Article I, § 7, Cls. 2 and 3, of the Constitution of the United States.  This federal district court which rendered judgment and ordered commitment of Hymes under Section 3231, lacked jurisdiction and, therefore, the judgment and commitment order is *void ab initio.*

The court's order to imprison and detain Hymes under *void* judgments and commitment orders was (and is)unconstitutional and unlawful.

4.  Hymes hereby challenges the personal and subject

 the conviction and sentencing of Hymes, as  being void from the beginning with no legal force or effect.  Such challenge is directed at the violation of Article III, section 1,  section 2,  Article VI, Article VIII, Article IX, and Article XI of the United States Constitution .

*"Decision is void on the face of the judgment roll when from four corners of that roll, it may be determined that at least one of three elements of jurisdiction was absent: (1) jurisdiction over parties,  (2) jurisdiction  over  subject matter, or (3) jurisdictional power to pronounce particular judgment that was rendered."*   B & C Investments, Inc. v. F & M Nat. Bank & Trust, 903 P. 2d 339 (Okla. App. Div. 3, 1995).

5. The Court is bound to answer the jurisdictional challenge and to place the challenge and response on the record.  In *Hagans  v. Lavine,* 415 US 528, at 533, 39  L. Ed. 577, 94 S. Ct, 1372 (N.Y. March 28, 1974) the U.S. Supreme Court ruled that when jurisdiction is

challenged, it must be proven, and  that the law requires proof of jurisdiction to appear on the proceedings.  In other words, jurisdiction may never be assumed, it must be proven. Similarly, in *State of Maine v. Thiboutot,*448 US 1,

100 S. Ct. 2502 (1980), the Court ruled that once

jurisdiction is challenged, it cannot be assumed, but must

be decided.

*"Jurisdiction is essentially the authority conferred by
Congress to decide a given type of case one way or the other.
The Fair v. Kohler Die Co. , 228 U.S. 22, 25 (1913).
Here, 1343 (3) and 1983 unquestionably authorized federal
courts to entertain suits to redress the deprivation, under
color of  state law, of constitutional rights.  It is also
plain that the complaint formally alleged such a deprivation."*
**Hagen v. Lavine, 415 US 528, 39 L .Ed. 577, 94 S. Ct. 1372 (N.&.
March 28, 1974)**

6.  Hymes files this ***Motion To Vacate*** under the authority of

28 USC 2255:

*Sec. 2255, Federal custody; remedies on motion attacking
sentence.
A prisoner in custody under sentence  of a court established
by  Act of Congress claiming the right to be released  upon
the ground that the sentence was imposed in violation of the
Constitution or laws of the United States, or that the court
was  without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by law,  or
is otherwise subject to collateral attack, may move the court
which imposed the sentence to vacate, set aside or correct the
sentence.  Unless the motion and the files and records of the
case conclusively show that the prisoner is entitled  to  no
relief, the court shall cause notice thereof to be served upon
the United States attorney, grant a prompt hearing thereon,
determine the issues and make findings of fact and conclusions
of law with respect therein.  If the court finds that the
judgment was rendered without jurisdiction, or that the
sentence imposed was not
authorized by law or otherwise open to  collateral attack, or
that there has been such a denial or infringement of the
constitutional rights of the prisoner as to  render the
judgment vulnerable to collateral attack, the court  shall
vacate and set the judgment aside and shall discharge the
prisoner or re-sentence him or grant a new trial or correct the
sentence as may appear appropriate."*

*and*

under the authority  given to all persons by the United

States Supreme Court:

*"If this requirement is not complied with, the court no longer has jurisdiction to  proceed.  The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned hereunder may obtain releaser by habeas corpus."* Johnson v. Zerbst, 304 US 458, 468 (1938)


A *Motion to Vacate*, such as this Motion, may be filed at

any time, as stated in our common law and Supreme Court

rulings:

*"The question of Jurisdiction in the court either over the person, the subject matter or the place where the crime was committed can be raised at any stage of a criminal proceedings; it is never presumed but must be proved; and it is never waived by the defendant."* United States v. Roger,  23 F. 658 (W.D. Ark. 1885)

*"Void judgment is one which has no legal  force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed."*  City of Lufkin v. McVicker, 510 S.W.  2d 141 (Tex. Civ. App- Beaumont 1973)

*" A void judgment, as we all know,  grounds no rights, forms no defense to  actions taken there under, and is vulnerable  to any manner of collateral attack.  No statute of limitations  or repose  runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later , when  the memories may  have grown dim and rights long been regarded as vested, any  disgruntled litigant may reopen the old wound and once more probe its depths.  And it is then  as though trial and adjudication had never been."* 10/13/58 Fritts v. Krugh Supreme Court of Michigan, 92  N.W. 2d 604,  354 Mich. 97.

*"Void order which is one entered by  court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be*

7

***attacked at any time, in any court, either directly or
collaterally, provided that party  is properly before court."***
**People ex rel. Brzica v. Village of  Lake Barrington, 644 N.E.
2d 66 (Ill. App. 2 Dist. 1994).**

## IV.  STATEMENT OF FACTS

7.    Hymes was tried, convicted, sentenced, and committed into
Executive custody by order of the United States District Court,
acting   pursuant   to   the   grant   of   original   jurisdiction
purportedly created by Public Law 80-772, Title 18, United
States Code, Section 3231.   By virtue of the commitment orders,
Hymes  has  been  committed  into  the  custody  of  the  Attorney
General ,See 18 U.S.C. § 4082(a) (repealed) and § 3621(a)
(enacted Oct. 12, 1984, and effective Nov. 1, 1987).

The text of the bill, H.R. 3190 as amended, which became
Public Law 80-772 (enacting Title 18, United States Code, and
especially Section 3231), was passed only by the Senate and
never passed by the House of Representatives.   Moreover, that
bill was never certified as enrolled, and was surreptitiously
signed by the Speaker of the House and President pro tempore
of  the  Senate  under  purported  authority  of  a  concurrent
resolution agreed to by a Congress denounced by President Truman
as a "'body dominated by men with a dangerous lust for power
and privilege,'" 27 Encyclopedia Americana 175 (2005), without
quorums of the respective House's sitting.   Finally, that bill
was mistakenly signed by the President of the United States

after it was misrepresented to him by solitary Officers as a bill passed by both Houses, which was impossible since no Congress was in session.

For those reasons, Public Law 80-772 which purportedly enacted Title 18, United States Code, Act of June 25, 1948, Chapter 645, 62 Stat. 683 *et seq.* and Section 3231 thereof, 62 Stat. 826, purporting to confer upon "the district courts of the United States … original jurisdiction … of all offenses against the laws of the United States" violates Article I, § 5, Cl. 1, and Article I, § 7, Cls. 2 and 3, and are therefore unconstitutional and *void ab initio*. Each respective district court, which acted against each respective Petitioner, did so without jurisdiction, each judgment and commitment order is *void ab initio*, and each imprisonment there under is fundamentally unconstitutional and unlawful.

8. A void judgment must be set aside as a matter of law:

*"Judgment entered where court lacked either subject matter or personal jurisdiction, or that were otherwise in violation of due process of law, must be set aside."* **Jaffe and Asher v. Van Brunt, S.D.N.Y. 1994. 158 F.R.D. 278.**

### *FACTS OF THE CASE:*

a. On or about May 2, 2003 Hymes was convicted and sentenced.

b. The Complaint was filed in the name of "UNITED STATES OF AMERICA" ("USA")

*9*

c.   The Plaintiff was never identified.

**The initial Summons under Rule 4 of the Fed.R.Civ.P.   requires the Plaintiff to be**

**identified.**

**Judge John W. Sedwick of the District of Alaska,** issued a ruling directly opposing the actions of Beistline in this instant case,  supported and in accord with many cases of various circuits.

In the **unpublished case** of *Doe v. State of Alaska*, 122 F.3d 1070 (9th Cir. 1997), although not to be cited, but within same are some very enlightening issues that Beistline,  by his *ipse dixit* pronouncements in Hymes' Case, is in total opposition to same.

In *State of Alaska, supra.,* we find first this under the "Analysis" of the use of pseudonyms: "We review for abuse of discretion whether to allow pseudonymous filing. *See James v. Jacobson,* 6 F.3d 233, 239 (4th Cir.1993); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992)." These are adjudged decisions from two other circuits, being the 4th Circuit and the 11th Circuit.  And further, in *State of Alaska, supra.*, "We [9th Circuit] will reverse if a court's decision is unsupported by the facts or the law", citing *In re Sternberg,* 85 F.3d 1400, 1405 (9th Cir.1996), to wit:

A trial court may abuse its discretion in several ways. **A trial court abuses its discretion if it fails to apply the correct**

*10*

*law or if it bases its decision on a clearly erroneous finding of a material fact. Cox,* 904 F.2d at 1401; *Engleson* v. *Burlington N. R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992). *A trial court also abuses its discretion if it applies the correct law to facts which are not clearly erroneous but rules in an irrational manner. Id.,* 972 F.2d at 1043. *[Emphasis added]*

And further in *State of Alaska, supra.,* there is a presumption that a Plaintiff must file in their true name with constitutional dimensions to assure fair factual findings and legal conclusions, to wit:

*There is a presumption that a plaintiff must file the complaint in his or her own name. Coe* v. *United States Dist. Court,* 676 F.2d 411, 415 (10th Cir.1982); Fed.R.Civ.P. 10(a). *The presumption has a constitutional dimension: the First Amendment gives the public a right of access to judicial processes and records. Richmond Newspapers, Inc.* v. *Virginia,* 448 U.S. 555, 576 (1980); *Doe* v. *Stegall,* 653 F.2d 180, 185 (5th Cir.1981). *This access helps to assure fair factual findings and legal conclusions; discourages corruption, bias and perjury; enhances public confidence in the administration of law;* and provides therapeutic and cathartic value to the community. *See* Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?,* 37 Hastings L.Rev. 1, 18-20 (1985). *[Emphasis added]*

And further in *State of Alaska, supra:*

"A litigant may overcome the presumption by demonstrating a social interest in favor of protecting his identity. *Coe,* 676 F.2d at 418; *Doe* v. *Goldman,* 169 F.R.D. 138, 139 (D.Nev.1996)", which, as a *matter of law,* can have no application to any lawful and legal government against an of the citizens of the several States. Of course a case could be made if the USA, who or whatever it is, by and with the assistance of the IRS, Auchterlonie, one of three of the "United States", yet to be disclosed, along with its relationship to the USA and Beistline would like to continue the raping and pillage of the people under the guise of a lawful and legal constitutional Republic to use a fictitious name.

*In the cited Case of Rowe v. Burton, 884 F.Supp. 1372 (D. Alaska 1994) by Judge John Sedwick we find that Beistline is in total opposition.*

In *Rowe, ibid. at 1385,* Sedwick pronounces that "Generally, a person is required to disclose one's identity

/ /

to commence a lawsuit" and  ". . . a party may initiate a
lawsuit by filing a complaint.  Fed. R.Civ.P."  And further
in *Rowe, ibid at 1385* "Rule 10(a) requires that the
complaint state the title of the action, which "shall
include the names of all the parties."

Sedwick continues in *Rowe, ibid at 1385* to state that
". . . lawsuits are public events and the public has a
legitimate interest in know the facts involved in them.
Among those facts is the identity of the parties." Citing
*Doe v. Deschamps,* 64 F.R.D. 652 (D.Mont. 1974).  Sedwick
continues that courts have recognized exceptions to the
requirement in limited "matters of a sensitive and highly
person nature" citing *Doe v.
Deschamps,* 64 F.R.D. at 653; *see also* **\*1386** *Southern
Methodist Univ. Ass'n of Women Law Students v. Wynne &
Jaffe,* 599 F.2d 707 (5th Cir.1979).

Sedwick continues on in *Rowe, ibid at 1386* to cite
issues that have been acceptable to use pseudonyms, to wit:

> Plaintiffs    have    been    allowed    to    proceed
> anonymously in matters involving **abortion,**[FN29] **birth
> control,**[FN30] **welfare    cases    involving    illegitimate
> children,**[FN31] and **homosexuality**[FN32]. Such situations share a
> need  to  shelter  the  anonymous  plaintiff  from  "*social
> stigmatization, real danger of physical harm, or where the
> injury litigated against would occur as a result of the
> disclosure of the plaintiff's identity.*" *Doe v. Hallock,* 119
> F.R.D. 640, 644 (S.D.Miss.1987).
>> FN29.*Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d
>> 147    (1973);    *Doe    v.    Deschamps,*    64    F.R.D.    652
>> (D.Mont.1974).
>> FN30.*Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d

/2

989 (1961).
FN31.*Doe v. Carleson,* 356 F.Supp. 753 (N.D.Cal.1973).
FN32.*Webster v. Doe,* 486 U.S. 592, 108 S.Ct. 2047, 100
L.Ed.2d 632 (1988); *Doe v. United Serv. Life Ins. Co.,*
123 F.R.D. 437 (S.D.N.Y.1988); *Doe v. Chafee,* 355 F.Supp.
112 (N.D.Cal.1973).

Hymes finds no issues of ***abortion, birth control, welfare
cases involving illegitimate children or homosexuality*** in
this case.  Is the USA involved in any of these or "***social
stigmatization***" by its unlawful and illegal actions against
 Hymes?

Is the USA or "United States" involved in issues of
 abortion, birth control, welfare cases involving
illegitimate children, homosexuality or social
stigmatization?

     Sedwick continues in *Rowe, ibid at 1386*  "These
interests are rendered meaningless if discarded when
controversial issues are raised by litigation.  For this
reason, courts are reluctant to grant a litigant a "cloak of
anonymity." Citing "*United States v.
Doe,* 655 F.2d 920, 922, n. 1 (9th Cir.1981); *Doe v. Rostker,*
89 F.R.D. 158, 162 (N.D.Cal.1981) ("There must be a strong
social interest in concealing the identity of the
plaintiff.")"

     Sedwick continues in *Rowe, ibid at 1386*, to wit:

**Courts      have      refused      requests      to      proceed
anonymously      in      actions      involving      economic
matters,[FN33]      challenges      to      selective      service**

13

registration,[FN34] sexual harassment under Title VII,[FN35] termination of employment due to alcoholism,[FN36] and AIDS [FN37].

FN33. *Doe v. Deschamps,* 64 F.R.D. 652 (D.Mont.1974).
FN34. *Doe v. Rostker,* 89 F.R.D. 158 (N.D.Cal.1981).
FN35. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707 (5th Cir.1979); *Doe v. Hallock,* 119 F.R.D. 640 (S.D.Miss.1987).
FN36. *Doe v. Frank,* 951 F.2d 320 (11th Cir.1992).
FN37. *Doe v. Prudential Ins. Co. of America,* 744 F.Supp. 40 (D.R.I.1990). *[Emphasis added]*

In the adjudged decision of *Roe v. State of New York*, 49 F.R.D. 279, 281, 282 (S.D. N.Y. 1970) *at 281* that under Fed. R. Civ. P. 3 provides:

"A civil action is commenced by filing a complaint with the court." And further *at 281*, Fed. R. Civ. P. 10(a) requires that in the complaint "the title of the action shall include the names of all of the parties."

### *The "United States" is not listed in the Complaint as one of the parties.*

And further in *Roe, ibid. at 281* "It is concluded that no action has been commenced by the filing of this complaint and therefore that this Court has nothing before it on which to act." And further in *Roe, ibid. at 282* a fictitious party should notify the court and secure the court's consent with no harm being done to the public interest, to wit:

*To obviate any possibility that the parties and the issues raised are fictitious* and that the jurisdiction of the court is being invoked to decide moot questions, a plaintiff who desires to use a name other than his own should, *before the case is presented in court, acquaint the court of his desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases.* The *privilege of using fictitious names in actions* should be granted only in the rare case where *the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest*.' *[Emphasis added]*

Most conclusively, if this Complaint is founded from
the authority granted of the Federal Constitution and is
actually the real constitutional government in our
 constitutional Republic, there can absolutely be no claim
of protection of  it's identity under any circumstances.

d.  **NO** valid complaint was filed.  There was no complaint,
 nor was there an affidavit to either identify the
Plaintiff, or verify its allegations against Hymes.

e.  There was no evidence of a valid Grand Jury Indictment.
The indictment was signed by Assistant United States Attorney
Stephen Cooper on November 19, 2002, the same Stephen Cooper
who later admitted ion open court that there was no evidence
submitted to the grand jury regarding counts 38 to 44 and that
he had no idea when the violation of Count 25 took place.

The law in this circuit is quite clear.

> The grand jury was intended to shield individuals
> against unfounded accusations:
>
> Historically, [the grand jury] has been regarded as
> a primary security to the innocent against hasty,
> malicious and oppressive persecution; it serves the
> invaluable function in our society of standing
> between the accuser and the accused, whether the
> latter be an individual, minority group, or other,
> to determine whether a charge is founded upon reason
> or was dictated by an intimidating power or by malice
> and personal ill will.  Wood v. Georgia, 370 U.S.
> 375, 390 (1962).
>
> The Supreme Court has repeatedly emphasized that the

15

> grand jury protects the individual by requiring
> probable cause to indict.   See <u>United States v.
> Williams</u>, 504 U.S. 36, 47, 51 (1992) ("[T]he whole
> theory of [the grand jury's] function is that it .
> . . serve[s] as a kind of buffer or referee between
> the government and the people. . . . to assess whether
> there is adequate basis for bringing a criminal
> charge."); <u>United States v. Dionisio</u>, 410 U.S. 1,
> 16-17 (1973) (grand jury's "mission is to clear the
> innocent, no less than to bring to trial those who
> may be guilty"); <u>Branzburg v. Hayes</u>, 408 U.S. 665,
> 686-87 (1972) ("[t]he ancient role of the grand jury
> . . . has the dual function of determining if there
> is probable cause to believe that a crime has been
> committed and of protecting citizens against
> unfounded criminal prosecutions.").
>
> <u>United States v. Marcucci</u>, No. 01-50468 (9th Cir.
> 08/16/2002).

Ct. 2637 (1993), <u>Fasi v. Cayetano</u>, 752 F.Supp. 942, 952 (D.

Hawaii 1990).

Federal Rule of Criminal Procedure 6(e)(3)(C)(ii) provides that

grand jury transcripts may be disclosed "upon a showing that

grounds may exist for a motion to dismiss the indictment because

of matters occurring before the grand jury."

A party seeking disclosure of the grand jury transcripts

must demonstrate a "particularized need" for the disclosure.

<u>Dennis v. United States</u>, 384 U.S. 855, 870, 86 S.Ct. 1840, 16

L.Ed.2d 973 (1966); <u>United States v. Walczak</u>, 783 F.2d 852, 857

(9th Cir. 1986).

The standards the trial court should apply in granting

disclosure of the grand jury transcripts are "(1) that the

desired material will avoid a possible injustice, (2) that the

need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

Assistant United States Attorney Stephen Cooper's own responses demonstrate the "particularized need" in this action.

There also appears to be a "particularized need" that mandates that the grand jury transcripts requested herein should be exposed to the <u>public</u>.

The Assimilated Crimes Act authorizes federal prosecutions for crimes not contained in the United States Code where a criminal offense under state law is committed within a federal enclave or in an area under the exclusive jurisdiction of the United States. Under the Act, state substantive law is incorporated into the federal prosecution and the federal prosecutor "steps into the shoes" of the state prosecutor for purposes of the charged offense. <u>United States v. Kearney</u>, 750 F.2d 787 (9th Cir. 1984).

Only those portions of state law defining the elements of a crime and authorizing punishment are assimilated into federal law by the Act. <u>United States v. Roberts</u>, 845 F.2d 226, 228 (9th Cir.) (citing <u>United States v. Sain</u>, 795 F.2d 888, 890 (10th Cir. 1986)), <u>cert. denied</u>, 488 U.S. 845 (1988). Consequently,

federal procedural rules and not state procedural rules apply in prosecutions under the Assimilated Crimes Act. United States v. Wilmer, 799 F.2d 495, 500 (9th Cir. 1986), cert. denied, 481 U.S. 1004 (1987).

One of those Rules is Federal Rule of Criminal Procedure 6(a)(1), which provides:

> **Rule 6.  The Grand Jury**
>
> **(a)  Summoning Grand Juries.**
>
> > **(1)  Generally.** The court shall order one or more grand juries to be summoned at such time as the public interest requires. The grand jury shall consist of not less than 16 nor more than 23 members. The court shall direct that a sufficient number of legally qualified persons be summoned to meet this requirement.

Without an indictment or a presentment by a Grand Jury the

S.Ct. 935, 937 (1885).

The accused has a right of indictment by grand jury. United States v. Wellington, 754 F.2d 1457, 1462 (9th Cir. 1985). He has a right not to be prosecuted without indictment by grand jury. United States v. Wedermeyer, 51 F.3d 319, 324 (2nd Cir. 1995).

If an indictment is found in willful disregard of the rights of the accused, the court should interfere and quash the indictment. United States v. Farrington, 5 F. 343, 348

18

(D.C.N.Y. 1881).  The court failed to do so.

f.  MISDEMEANOR Charges filed as Criminal Charges

    Assistant United States Attorney Stephen Cooper  stated in open court that the violations of 18 U.S.C. § 641, counts 25-37, charged against Hymes were felonies. Later, again in open court on December 27, 2002 Cooper stated that those counts were misdemeanors.

g.  *No Bill of Particulars was presented- though requested.*

h.  *Prejudice and Bias and Vindictiveness of  Beistline*

> [U]ltimately, the guarantee of [our] rights is no stronger than the integrity and fairness of the judge to whom the trial is entrusted.
>
> *Bracy v. Gramley*, 81 F.3d 684, 703 (7th Cir. 1996) (dissent), *reversed*, 520 U. S. 899, 117 S.Ct. 1793 (1997).

The record shows that Beistline was neither fair nor unbiased in this case.

Beisline's vindictiveness is also obvious in his Parole stipulations for Hymes, in which he mandated that Hymes comply with a code- not a law or lawful regulation, as well that Hymes commit perjury.

Bias renders a trial fundamentally unfair.  *Sheppard v. Rees*, 909 F.2d 1234, 1237 (9th Cir. 1989).

    Denial of the right to an impartial judge requires automatic reversal.  *United States v. Escobar De Bright*, 742

19

F.2d 1196, 1201 (9th Cir. 1984).

A trial before an unbiased judge is essential to due process. *United States v. Bosch*, 951 F.2d 1546, 1555 (9th Cir. 1991) (dissent).

Bias always invalidates conviction. *Hegler v. Borg*, 50 F.3d 1472, 1476 (9th Cir. 1995).

i.   **The court refused to amend the jury instructions** as requested by Hymes.

j.   **Hymes  was denied a public defender** as he was afraid to fill out the 'required financial form', since Asst. U.S. Attorney Cooper threatened, in open court, to use any such form  at a future time against Hymes, 'as he knew Hymes would be lying on that form.".

k.   **Hymes  was denied assistance of counsel** of his choosing- he was only allowed 'standby counsel, which was pathetic and  absolutely useless.

**"Petitioner, convicted and sentenced without the assistance of counsel, contends that he was ignorant of his right to counsel, and incapable of preserving his legal and constitutional rights during trial.  Urging that- after conviction- he was unable to obtain a lawyer; was ignorant  of the proceedings to obtain new trial and appeal and the time limits governing both; and that he did not possess the requisite skill or knowledge properly to conduct and appeal, he says that it was- as a practical matter- impossible for him to obtain relief by appeal. If these contentions be true in fact, it necessarily follows that no legal procedural remedy is available to grant relief for a violation of constitutional rights, unless the courts protect petitioner's rights by habeas corpus.  Of the contention that the law provides no effective remedy for such**

2٠

*a deprivation of rights affecting  life and liberty  it may
well be said- as in Mooney v. Holohan, 294  US. 103, 113, 55
S.Ct. 340, 342, 98 A.I.R. 406- that it 'falls with the premise'.
To deprive a citizen of his only effective remedy would not only
be  contrary to the 'rudimentary demands of Justice', but
destructive of a constitutionally  guaranty specifically
designed to prevent injustice."* **Johnson v. Zerbst  304 U.S.
458 (1938)**

**Defendant, proceeding pro se as his own counsel, is just as
entitled to appoint an assistant as any attorney.**

Laws must be even-handed as <u>actually</u> <u>applied</u>.  <u>McQueary</u>
<u>v. Blodgett</u>, 924 F.2d 829, 835 (9th Cir. 1991) (emphasis in
original).

The Equal protection Clause applies to government
through the Due Process Clause of the Fifth Amendment.  <u>In</u>
<u>re Crawford</u>, 194 F.3d 954, 960-961 (9th Cir. 1999).

All persons similarly situated must be treated alike.
<u>Heller v. Doe by Doe</u>, 113 S.Ct. 2637 (1993), <u>Fasi v. Cayetano</u>,
752 F.Supp. 942, 952 (D. Hawaii 1990).
Ct. 2637 (1993), <u>Fasi v. Cayetano</u>, 752 F.Supp. 942, 952 (D.
Hawaii 1990).

The Equal Protection Clause protects "persons, not groups
. . . subjected to detailed judicial inquiry to insure that the
<u>personal</u> right to equal protection of the laws has not been
infringed." <u>Monterey Mechanical Co. v. Wilson</u>, 125 F.3d 702,
712 (9th Cir. 1997) (citation omitted).

"Proof of discriminatory motive . . . can in some

21

situations be inferred from the mere fact of differences in treatment." Sischio-Nowrejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir. 1991) (citation omitted).

1.  ***The court was aware*** that Hymes was

A.) hearing impaired, and that the 'interpreter' provided by the court was insufficient at the least: How can anyone, especially an older person with the medical and hearing problems Hymes has, try to read the ever moving screen, make eye contact with the jury, reference to his notes and make his responses/statements?

B.) had extensive medical problems;

C.) had age related problems.

m.   The Government was three (3) weeks late in providing discovery- and the court did nothing.

n.   The court denied Hymes a weekend extension to call his witnesses- a request stemming from the fact that Cooper decided not to call his last 7 witnesses (witnesses, whose testimony would have been favorable for Hymes, and thus assuring that the case would go to the jury Friday afternoon. Hymes was only able to contact 2 of his witnesses to appear in the time allotted-which was from late Thursday to 'first thing Friday morning'.

9.  ***The violation of due process is not discretionary.*** *Wong*

22

*Wing Fai Co., S.A. v. United States,* 840 F.2d 1462, 1470 n. 18 (9th Cir. 1988).

A district court abuses its discretion when it makes an error of law or rests its decision on clearly erroneous findings of material fact. *United States v. Iverson*, 162 F.3d 1015, 1026 (9th Cir. 1998) (citation omitted).

and,

"[A] plain error, discretion not exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Poland v. Stewart*, 104 F.3d 1099, 1107 (9th Cir. 1996) (quoting 4 F.3d 819, 822 9th Cir. 1993).

10. Denial of the right to an impartial judge requires automatic reversal. *United States v. Escobar De Bright*, 742 F.2d 1196, 1201 (9th Cir. 1984).

A trial before an unbiased judge is essential to due process. *United States v. Bosch*, 951 F.2d 1546, 1555 (9th Cir. 1991) (dissent).

Bias always invalidates conviction. *Hegler v. Borg*, 50 F.3d 1472, 1476 (9th Cir. 1995).

## 11. **18 U.S.C. § 4001(a):** **§ 4001.**

**Limitation on detention; control of prisons**

*(a) No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.*

23

Since the Supreme Court has stipulated that an Act of Congress is locally applicable in the District of Columbia, Puerto Rico, or in a territory or an insular possession, the term "Act of Congress" used in 18 U.S.C. § 4001 must comply with the application the Supreme Court prescribed in Rule 54(c), F.R.Crim.P., or it is repealed by 28 U.S.C. § 2072(b). The right to imprison people is applicable only in the District of Columbia, Puerto Rico, a territory or insular possession of the United States. Since the Separation of Powers Doctrine prohibits one branch of government from performing constitutionally delegated powers to another, thereby prohibiting the Supreme Court from enacting or repealing legislation, the repeal power of rules authorized at 28 U.S.C. § 2072(b) must be delegated to the Supreme Court under Congress' Article IV plenary power in territory and insular possessions of the United States. Application of the term "Act of Congress" in Rule 54(c), F.R.Crim.P., and use of the term in 18 U.S.C. § 4001, are consistent with this conclusion. The further inescapable conclusion is that title 18 of the United States Code, the criminal code, is evidence of law applicable only in territories and possessions of the United States. For all practical purposes other than as sections of the Code might

apply to officers and employees of the United States, and admiralty and maritime jurisdiction of the United States, the Code is municipal law in territories and insular possessions of the United States. the delegation order at 28 CFR, Part 0.96b authorizes the Director to take custody of offenders from the United States of America under provisions specified in a treaty authorized by Public Law 95-144. The Director acts as agent of the United States in this transfer process. Under terms of Public Law 95-144, whoever is transferred from United States of America to United States custody must sign consent prior to transfer (see 18 U.S.C. § 4100(b)). Obviously, whenever the Assistant Attorney General over the Criminal Division of the Department of Justice, the Director of the Bureau of Prisons, or their respective delegates, including United States Attorneys, wardens, U.S. Marshals, etc., act against someone prosecuted in the name and by authority of the "United States of America" beyond provisions of Pub. L. 95-144 where there is no treaty in place, the victim has not been properly extradited from his or her home asylum State, and has not signed consent to be transferred from United States of America to United States custody, those responsible are respectively acting as de facto agents of a government foreign to the United States. Since they frequently proceed under actual or threatened

**force of arms, they engage in treason, as defined in the
United States Constitution.**

12.  With or without the intentionally vague regulation, the
Fifth Amendment due process clause speaks to the matter in
unequivocal terms: ***No person shall be deprived of life,
liberty or property without due process of law.*** Until such
time as the amendment is repealed, it serves as a
cornerstone to secure our republican form of government.
In *Ex parte Mulligan,* 71 U.S. 2, 18 L.Ed. 281, 4 Wall 2, at
104 (1866), the U.S. Supreme Court addressed this very
issue:

> ***"We submit that a person not in the military or naval service
> cannot be punished at all until he has had a fair, open, public
> trial before an impartial jury, in an ordained and established
> court, to which the jurisdiction has been given by law to try
> him for that specific offence."***

In *Wayman v. Southard*, supra, former Chief Justice John
Marshall undertook to answer two questions relating to
jurisdiction of federal courts: (1) What does the
Constitution empower Congress to do so far as implementing
Article III jurisdiction by way of legislation for courts
of the United States; and (2) What has Congress done? Almost
in passing, Marshall stated the obvious:

> ***With ratification of the Fifth, Sixth and Seventh
> Amendments,[15] Congress "had no choice." Where the judiciary
> act of 1789 did not definitively establish forms of action, the
> 1792 judiciary act, enacted subsequent to ratification of the***

26

*Bill of Rights, specified that all actions at law would proceed
in the course of the common law while equity, admiralty and
maritime cases would proceed in the course of the civil law.*

13.   The U.S. Supreme Court in 1993 via the *Buena Vista*
*decision*, 507 U.S. 111; 113 S.Ct. 1126; 122 L.Ed. 2d 469.
**The requirement for judicial due process is secured by the**
**Fourth, Fifth, Sixth and Seventh Amendments to the**
**Constitution of the United States and corresponding**
**provisions in Bills of Rights included in most state**
**constitutions. The Fourteenth Amendment effects universal**
**application throughout States of the Union. The Fourth**
**Amendment controls pre-judgment searches and seizures (there**
**must be a complaint under oath and a probable cause hearing**
**before a magistrate in a court of competent jurisdiction;**
**the exception is a criminal admiralty or maritime warrant,**
**which can be issued by a court clerk), and the Fifth**
**controls conversion: "No person shall be deprived of life,**
**liberty or property without due process of law."**
**there must be judicial due process under one of two**
**jurisdictional clauses in Article III § 2 of the U.S.**
**Constitution.[1]   In Miranda v. United States, 384 U.S. 436,**
**86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966),** former Chief Justice
Earle Warren penned the following:

*"As courts have been presented with the need to enforce
constitutional rights, they have found means of doing so. …
Where rights secured by the Constitution are involved, there*

*can be no rule making or legislation which would abrogate them."*
The inventory of due process rights secured by the Fifth, Sixth and Seventh Amendments mandate judicial due process. The legislative and/or executive branches cannot unilaterally or jointly exclude the judicial in order to deprive the American people of life, liberty or property. **However, another section of the Constitution rather than these amendments directly condemns the practice: Whenever a legislative enactment presupposes guilt and bypasses judicial process, the repugnant act is classified as a bill of attainder, which the Constitution forbids Congress and state legislatures from enacting.**

**The character of acts that suppose to bypass judicial process was articulated in United States v. Lovett (1946), 328 U.S. 303; 66 S. Ct. 1073; 90 L. Ed. 1252:**

"We hold that § 304 falls precisely within the category of congressional actions which the Constitution barred by providing that "No Bill of Attainder or ex post facto Law shall be

passed."

14.   Those who wrote our Constitution well knew the danger inherent in special legislative acts which take away the life, liberty, or property of particular named persons.
.
**They intended to safeguard the people of this country from punishment without trial by duly constituted courts.   See**

28

**Duncan v. Kahanamoku,** 327 U.S. 304.

*An accused in court must be tried by an impartial jury, has a right to be represented by counsel, he must be clearly informed of the charge against him, the law which he is charged with violating must have been passed before he committed the act charged, he must be confronted by the witnesses against him, he must not be compelled to incriminate himself, he cannot twice be put in jeopardy for the same offense....... See*

**Chambers v. Florida,** 309 U.S. 227, 235-238.

15.   Judicial due process characteristically falls either under the "arising under" clause (law and equity) or the admiralty and maritime jurisdiction clause, both of which are in Article III § 2 of the Constitution. Actions at law ("arising under" clause; Fifth, Sixth and Seventh Amendments) must proceed in the course of the common law; equity, admiralty and maritime actions follow the course of the civil law. See **Wayman v. Southard,** 23 U.S. 1, 6 L.Ed. 253, 10 Wheat 1, and the judiciary act of 1792. The relevant portion of Article III § 2, paragraph 1 is as follows:

*The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; -- to all Cases affecting Ambassadors, other public Ministers and Consuls; -- to all Cases of admiralty and maritime Jurisdiction...*
16.   There are essentials to any case or controversy, whether administrative or judicial, arising under the Constitution and laws of the United States (Article III § 2,

29

U.S. Constitution, "arising under" clause). See Federal
Maritime Commission v. South Carolina Ports Authority, 535
U.S. 743, 122 S. Ct. 1864; 152 L. Ed. 2d 962, decided March
28, 2002, and decisions cited therein. The following
elements are indispensable:

17. When challenged, standing, venue and all elements of
subject matter jurisdiction, including compliance with
substantive and procedural due process requirements, must be
established in record;

**That court proceedings must be within constitutional
provisions has been forcefully established by the Supreme
Court. Muskrat v United States, 219 US 346 (1911);
Smith v US, 360 US 1 (1958) .**

**: "A judgment rendered in violation of due process is void."
World Wide Volkswagen v Woodsen, 444 US 286, 291 (1980);
National Bank v Wiley, 195 US 257 (1904); Pennoyer v Neff, 95
US 714 (1878), and "...the requirements of due process must be
met before a court can properly assert in personam
jurisdiction." Wells Fargo v Wells Fargo, 556 F2d 406, 416
(1977). The legal encyclopedia Corpus Juris Secundum informs
us in volume 16D, section 1150 on Constitutional Law: "Only by
due process of law may courts acquire jurisdiction over
parties." 16D CJS Const. Law, §1150.**

**"If this requirement of the (Bill of Rights) is not complied
with, the court no longer has jurisdiction to proceed. The
judgment of conviction pronounced by a court without
jurisdiction is void, and one imprisoned there under may obtain
release by habeas corpus."
Johnson v Zerbst, 304 US 458, 468 (1938)**

*"No freeman shall be taken, or imprisoned, or disseised, or
outlawed, or exiled, or anywise destroyed, nor shall we go upon
him, nor send upon him, but by...the law of the land." **To be***

30

*sure, "due process" is the evolutionary heir to "law of the land."*
Buchalter v New York, 319 US 427 (1943); Bartkus v Illinois, 359 US 121 (1959); ref. The Constitution of the United States of America, United States Printing Office (1973), p 1137-1145.

*Due process is violated if a practice or rule offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.*
Snyder v Massachusetts, 291 US 97, 105 (1934).

*"We hold that § 304 falls precisely within the category of congressional actions which the Constitution barred by providing that "No Bill of Attainder or ex post facto Law shall be passed."*

In Cummings v. Missouri, 4 Wall. 277, 323, this Court said:

*"A bill of attainder is a legislative act which inflicts punishment without a judicial trial. If the punishment be less than death, the act is termed a bill of pains and penalties. Within the meaning of the Constitution, bills of attainder include bills of pains and penalties."* …

On the same day the Cummings case was decided, the Court,

in Ex parte Garland, 4 Wall. 333, also held invalid on the

same grounds an Act of Congress which required attorneys

practicing before this Court to take a similar oath. Neither

of these cases has ever been overruled.

They stand for the proposition that legislative acts, no

matter what their form, that apply either to named

individuals or to easily ascertainable members of a group in

such a way as to inflict punishment on them without a

judicial trial are bills of attainder prohibited by the

Constitution. [*316] Adherence to this principle requires

invalidation of § 304. We do adhere to it.

31

18.   Sec. 1332.   Diversity of citizenship amount in

controversy; costs.; and is between-

(a)   *The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--*

*(1) citizens of different <u>States</u>;*
*(2)   citizens of <u>a State</u> and citizens or subjects of a foreign state;*
*(3)   citizens of different <u>States</u> and in which citizens or subjects of a foreign state are additional parties; and*
*(4) a foreign <u>state,</u> defined in section 1603(a) of this title, as plaintiff and citizens of a <u>State</u> or of  different <u>States.</u>*

The above was later modified to clear up confusion by the

following modification and the modification listed 7

categories of Citizens that are authorized to sue or be

sued:

**<u>"This section is intended to cover all diversity of</u>**

**<u>citizenship instances in civil actions</u>** *in accordance with*

*the judicial construction of the language in the original*

*section 41(1) of title 29 U.S.C. 1940 ed.   Therefore, the*

*revised language covers civil actions between-*

*   Citizens of a State, and citizens of other States and*

*foreign states or citizens or subjects thereof;*

* *Citizens of a territory or the District of Columbia, and*

*foreign states or citizens or subjects thereof;*

*   Citizens of different States;*

32

*  *Citizens of different Territories;*

*  *Citizens of a state or Territory, and citizens of the District of Columbia;*

*  *Citizens of a State and foreign states, or citizens or subjects thereof."*

19.  Hymes now knows that only a "Citizen" can sue in U.S. District Court, as provided by statute.  Further, it is the "United States of America" that has brought this civil suit.

The following questions now arise and need to be addressed by this Court:

20.  QUESTION:  Does this Court find that the "United States of America" is a "Citizen" for the purposes of this section? Please explain.

21.  QUESTION:  Which of the above six (6) categories of "citizens", does the "United States of America" belong to, as pertains to this criminal suit?

22.  QUESTION:  Which of the above six(6) categories  of "Citizens" do  the Defendants belong to, as pertains to this case?

23.  QUESTION:  Does this Curt find that the "United States of America" is the same entity as the "United States" with the same powers and authority as the "United States " government?

24.  QUESTION:  Does this Court find that the "United States

of America" is a "foreign state"?

25.  QUESTION:  Does this Court find that the "United States

of America" is acting as a corporation in this case?

If such is the case, where is it incorporated?

26.  QUESTION:  Does this Court find that the "United States

of America" is one of the States' defined in this section

(d)?Is that definition  expansive?

**_"(d) The word "States", as used in this_** section**_, includes the_**
**_Territories, the District of Columbia, and the Commonwealth of_**
**_Puerto Rico."_**

27.  QUESTION:  Is this Court acting as a "court of the

United States" or as a court of a "State" as mentioned in

subsection (d)?It is mentioned in (d) :

**_"In any action brought in a court of the United States or of_**
**_a State,_**
**_a foreign state, a political subdivision thereof, or an agency_**
**_or instrumentality of a foreign state…."._**

28. QUESTION:  The Statute lists the following judgment of

Philip F. Herrick as authoritative and applicable to this

 statute:

**_"The revised section conforms with the views of Philip F._**
**_Herrick, United States Attorney, Puerto Rico, who observed that_**
**_the act of April 20, 1940, permitted action between a citizen_**
**_of Hawaii and of Puerto Rice, but not between a citizen of New_**
**_York and Puerto Rico, in the district court."_**

29.  QUESTION:  Since permitted actions exclude an action n

U.S. District Court between a citizen of New York and a

34

citizen of Puerto Rico, does the same exclusion apply to Hymes, who is a citizen of Alaska, and the "United States of America"?  Was not the permitted action between a citizen of Hawaii and a citizen of Puerto Rico in 1940 due to the fact that Hawaii was not then one of the United States, but rather a "State" or "Territory" as defined in this section?

30.  QUESTION:  If the United States of America can be considered as a citizen for the purposes of this section, what "State" is it a citizen of?

31.  QUESTION:  Does this Court find that Alaska is defined as a "State" for purposes of this section?

32.  QUESTION:  Is this Court an inferior court of the United States?

33.  This Court is hereby judicially noticed that until this and the other jurisdictional questions are satisfactorily answered and decided, that the standards set by the Supreme Court of the United States in STATE OF RHODE ISLAND v. COM. MASSACHUSETTS, 37 U.S. 657,  are to be adhered to by the lower courts. This Court needs to respond to the questions before it can move one step further.

**STATE OF RHODE ISLAND v. COM. OF MASSACHUSETTS, 37 U.S. 657 (1838):**

35

*"The government of the United States may, therefore, exercise all, but no more than all the judicial power provided for it by the constitution."* 37 U.S. 657, 672.

*"However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy, between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial, with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties."* 37 U.S. 657, 718.

34. Does this Court find that it is limited to hearing cases that arise under a statute of the United States?  If so, please provide the statute, wherein this case has arisen.

**BROWN  v. VANKEUREN, 340 Ill. 118, 122 (1930):**

*"The petition required to put the court in motion and give it jurisdiction must be in conformity with the statute granting the right and must show all the facts necessary to authorize it to act.- I.e., it must contain all the statements which the statute says the petition shall state, - and if the petition fails to contain all of these essential elements the court is without jurisdiction."*

35.  28 USC 1340 is a simple jurisdictional statute authorizing the Court to have personal jurisdiction over a matter of controversy, whenever a controversy has arisen under a 'Cause of action."  28 USC 1340, cannot, logically, be a "Cause of action", *since that would give rise to a cause of action against everyone, even though they had not violated any law.  Please present the findings and conclusions as to the facts and the law.*

**STATE OF RHOSE ISLAND v. COM. OF MASSACHUSETTS, 37 U.S. 657 (1838):**

*"The government of the United States may, therefore, exercise all, but no more than all the judicial power provided for it by the constitution."  37 US 657, 672.*

36.  QUESTION:   In light of the following ruling, was this Court authorized to rule on this matter or hear any part of this matter until after all jurisdictional questions were answered? Of all the jurisdictional questions raised, how many were answered by Plaintiff or Plaintiff's attorney? How many were answered by this Court?

37. QUESTION:  Did this Court note any opposition by the Plaintiff to JURISDICTIONAL CHALLENGE-ONE, that had been filed by Hymes?  Is the Plaintiff the party claiming to have subject matter jurisdiction and the party who has the burden of proof?  (See Bidell v. City of Harvey, below). Has Counsel for the Plaintiff established that as a fact?

*'Decision  is void on the face of the judgment roll when from four corners of that roll, it must be determined that at least one of three elements of jurisdiction was absent:  (1) jurisdiction over parties; (2) jurisdiction over subject matter, or (3) jurisdictional power to pronounce particular judgment that was rendered.  B 7 C INVESTMENTS, INC. v. F 7 M NAT. BANK 7 TRUST 903 P2d 339 (Okla. App. Div. 1995).*

*"In a court of limited jurisdiction, whenever a party denies that the court has subject matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject matter jurisdiction." BINDELL v. CITY OF HARVEY, 212 Ill. App. 3d 1042, 571 N.E, 2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests*

37

upon the party asserting it."); *LOOS  v., AMERICAN ENERGY SAVERS, INC. 168 Ill App. 3d 558, 522 N.E 2d 841 (1988)  ("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff.").*

38.  QUESTION:  Has there been any statement made by the

Plaintiff in this matter- at any time?

 Does this Court find that it is subject  to the limitations

of statements of counsel as stated in ADICKES?

*"This  finding of a continuing investigation, which forms the foundation of the majority opinion, comes from statements made during the appellate process.  As we have said of other un-sworn statements, which were not part of the record and therefore could not have been considered by the trial court:*
*"Manifestly, [such statements] cannot be properly  considered by us in the disposition of [a] case."*
*ADICKES v. KRESS & CO.,  398 U.S. 144, 157-158, n. 16*

<u>Where the court is without jurisdiction, it has no authority to do anything other than to dismiss the case."</u>
FONTENOT v. STATE, 932 S.W. 2d 185.

39. QUESTION:  Where, in the record, has the Plaintiff

Established, by sworn statement, the facts that were to be

considered by this Court?  Why did this Court make rulings

based on mere un-sworn statements of counsel for the united

States of America?  Does this Court find that it is not

subject to the ruling in ADICKES?  Did this Court overstep

its jurisdiction in so doing?

40.  QUESTION:  If a judge , who is presiding over a case,

can reasonably be shown to be biased and does not avoid even

the appearance of bias, does that judge lack personal

jurisdiction to hear the case, and the Court lacks personal

39

jurisdiction to hear the case until an unbiased judge is seated?

41. Question: Does this court disagree with the many Supreme Court cases that state when an agent of government steps outside of his authority, he can be sued in his personal capacity?

Does not fraud vitiate everything it enters into, as the courts have ruled?  Please provide the findings and conclusions on these questions

42.  This Court is hereby judicially noticed that until this and the other jurisdictional questions are satisfactorily answered and decided,  the standards set by the Supreme Court of the United States in STATE OF RHODE ISLNAD v. COM. MASSACHUSETTS, 37 U.S. 657,  are to be adhered to by the lower courts.

**STATE OF RHODE ISLAND v. COM. OF MASSACHUSETTS, 37 U.S. 657 (1838):**

*"The government of the United States may, therefore, exercise all, but no more than all the judicial power provided for it by the constitution." 37 U.S. 657, 672.*

*"However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.  Jurisdiction is the power to hear and determine the subject matter in controversy, between parties to a suit, to adjudicate or exercise any*

39

*judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial, with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties."* 37 U.S. 657, 718.

**WHEREFORE, *Donald Louis Hymes*, *requests*** that the judgment

 of the above referenced case be vacated, or in the

alternative, that the findings and conclusions of this Court

be presented to Donald Louis Hymes as his entitlement.

Donald Louis Hymes will act upon the findings and

conclusions of this Court, in accordance with the Supreme

Court directives and the determinations therein.

My Hand

Donald Louis Hymes

40

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**

*Plaintiff*

**v.**

**Donald Louis Hymes**

*Defendant*

**4:02-cr-00019**

**Motion to Reconsider Docket 231**

Comes now Donald Louis Hymes ("Hymes") with this Motion to Reconsider the

court's order at docket 231 denying Motion to Vacate under 28 USC 2255.

Under the Administrative Motion to Vacate under 28 USC 2255 in the United

States District Court ("USDC"), it is a mandate of Congress, which precludes the one

year limit being, to wit:

> (4) the date on which the facts supporting the claim or claims presented could have been
> discovered through the exercise of due diligence.

As Judge Ralph Beistline (sic) ("Beistline") has first hand knowledge, and having

refused to disqualify himself from the Civil Case of 3:05-cv-123 operating in parallel

with 4:02-cr-19, of the due diligence that Hymes has been forced through to discover the

truth as to the Filing of a Form 1040 as mandated by Beistline. Beistline and the Dockets

**Motion for Reconsideration**                    **Page 1 of 4**

of both Civil Case of 3:05-cv-123 and 4:02-cr-19 provide conclusive and legal evidence that Hymes has been attempting, with due diligence, to discover the statutory and regulatory scheme used by Congress, the Internal Revenue Service ("IRS"); and the USDC- being a bastardized court that does not arise under Article III in all Cases in Law and Equity exercising the judicial Power of the United States under the authority of the United States.

Hymes has in the last six (6) months, as evidenced by the pleadings into the civil case of 3:05-cv-123, been able to conclusively prove by extensive research and due diligence that the application of the filing of the mandated Form 1040 by Beistline, is forcing Hymes to commit more that one felony and to commit perjury.

The date of filing the 2255 is precluded from the one year limit if, by due diligence, the filing party discovers facts germane to his Case.   As pronounced in the *Hasan v. Galaza*, 254 F.3d 1150, 1154 FN3, (9th Cir. 2001) citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) "time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."

As Beistline has superior knowledge, then, would Beistline provide the following finding of facts and conclusions of law to Hymes, to wit:

1.  "That the United States District Court under the Federal Constitution, arises under Article III in all Cases in Law and Equity exercising the judicial Power of the United States under the authority of the United States;" and,

2.  What are the specific Acts of Congress (CODE) and substantive regulations that mandate Hymes file a Form 1040 with OMB number 1545-0074; and,

3. What are the specific Acts of Congress (CODE) and substantive regulations that create the duty and obligation upon Hymes to file a Form 1040 with OMB 1545-0074; and,

4. What statute authorized the Department of Justice (and the USDC) for Hymes to be prosecuted by the "UNITED STATES OF AMERICA" instead of the "United States" who is the real party of interest under 28 U.S.C. §§§§§§§ 515(a), 516, 533, 547, 509, 510, and 1345 as published in the Federal Register 59 FR 399915 of August 4, 1994 by then Janet Reno, the AG of the United States.

Clearly, Hymes documented the fact that the 2255 Denial by Beistline is bogus, a ruse, a sham and without any foundation under the Federal Constitution, the Bill of Rights, the Laws of the United States, the Federal Register, the Administrative Procedures Act and the Paperwork Reduction Act of 1995 with the applicable published Federal Register already plead.

*Therefore*, the ORDER on the 2255 should be vacated as Hymes qualifies under the due diligence of presenting and finding relevant facts that he has been searching for and presented in the last 6 months in both the civil and criminal cases. The MOTION TO VACATE JUDGMENT UNDER 28 USC 2255 should be granted.

My Hand,



**Certification**

This document has been mailed first class or
personally delivered to the following parties,
to wit:


Stephen Cooper
Assistant US Attorney
Federal Building and US Courthouse
101 12th Avenue
Room 310
Fairbanks, Alaska 99701

and E-mailed to:

M.J. Hadden
Federal Public Defender's Agency

MJ_Haden@fd.org


Date: June 19, 2008

Rita MariNa Hymes